1
STEVEN H. GURNEE, ESQ. SB# 66056
DAVID M. DANIELS, ESQ. SB# 170315
GURNEE & DANIELS LLP
2
2240 Douglas Boulevard, Suite 150
Roseville, CA  95661-3805
3
Telephone    (916) 797-3100
Facsimile      (916) 797-3131
4

5
AMY E. DIAS (pro hac vice motion pending)
JONES DAY
500 Grant Street, Suite 3100
6
Pittsburg, PA 15219-2502
Telephone:   (412) 391-3939
7
Facsimile:    (412) 384-7959

8
MATTHEW W. LAMPE (pro hac vice motion pending)
JONES DAY
9
325 John H. McConnell Boulevard, Suite 600
Columbus, OH 43216-5017
10
Telephone:   (614) 469-3939
Facsimile:    (614) 461-4198
11

12
Attorneys for Defendants

13
SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY
PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER,
14
L.P. SCI WESTERN MARKET SUPPORT CENTER, L.P., SCI HOUSTON MARKET
SUPPORT CENTER, L.P., JANE D. JONES, GWEN PETTEWAY, THOMAS RYAN and
15
CURTIS BRIGGS

16

17
UNITED STATES DISTRICT COURT

18
NORTHERN DISTRICT OF CALIFORNIA

19

20
CLAUDE BRYANT, et al., on behalf of
themselves and all other employees and
former employees similarly situated,

21
                                                      )   No.
                                                      )
                                                      )
22                                                    )
                    Plaintiffs,                       )   **DEFENDANTS' NOTICE OF REMOVAL**
                                                      )   **OF CIVIL ACTION FROM STATE**
          vs.                                         )   **COURT [28 U.S.C. §§ 1332, 1441 (B)**
23                                                    )   **AND 1446]**
                                                      )
24
SERVICE CORPORATION                                   )
INTERNATIONAL et al.                                  )
                                                      )
25                                                    )
                    Defendants.                       )
26                                                    )
                                                      )
27                                                    )
                                                      )
28                                                    1

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

PLEASE TAKE NOTICE THAT Service Corporation International ("SCI"), SCI Funeral And Cemetery Purchasing Cooperative, Inc., ("SCI Coop"), SCI Eastern Market Support Center, L.P. ("SCI Eastern Market Support"), SCI Western Market Support Center, L.P. A/K/A SCI Western Market Support Center, Inc. ("SCI Western Market Support") , SCI Houston Market Support Center, L.P. (SCI Houston Market Support") Jane D. Jones ("Jones"), Gwen Petteway ("Petteway"), Thomas Ryan ("Ryan") and Curtis Briggs ("Briggs") (collectively "Defendants"), Defendants in the above-titled action hereby, jointly and severally, remove this matter to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. The grounds for removal are as follows:

## Compliance with Statutory Requirements

1.     On or about December 5, 2007, Plaintiffs filed a Class Action Complaint in the Superior Court of the State of California for the County of Alameda, Case No. RG07359593 ("Complaint"). Before the complaint was served, however, Plaintiffs filed an Amended Complaint on January 25, 2008. In their Amended Complaint, Plaintiffs assert claims for violation of California Labor Laws, violation of State Wage and Hour Laws (under the laws of 33 other states and territories), Unjust Enrichment (under the laws of 47 states and territories), Conversion (under the laws of 47 states and territories), Fraud and Deceit (under the laws of 47 states and territories), Misrepresentation (under the laws of 47 states and territories), Breach of Contract (under the laws of 47 states and territories), Breach of the Implied Covenant of Good Faith and Fair Dealing (under the laws of 47 states and territories), Quantum Meruit (under the laws of 47 states and territories), and Unfair Business Practices (California Business and Professional Code § 17200 et seq.).

2

2.      Plaintiffs served Defendants with the Summons ("Summons") and a copy of the Amended Complaint on or after January 28, 2008. Defendants' removal of this action is timely because Defendants are removing this matter within 30 days of being formally served with a Summons and a copy of the Amended Complaint. (*See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).) As required by 28 U.S.C. §1446(a), a true and correct copy of the Summons and Amended Complaint are attached as Exhibit "A" to this Notice of Removal.

3.      Attached as Exhibit "B" to this Notice of Removal are true and correct copies of the original Complaint, civil case cover sheet, ADR information package, notice of hearing for a complex determination and case management conference, minutes, orders, and any other papers that Defendants are presently aware of that exists in the state court file.

4.      Pursuant to 28 U.S.C. § 1446(d), Defendants promptly will provide written notice of removal of the action to Plaintiffs, and promptly will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Alameda.

5.      By removing this case, Defendants do not waive and are not estopped from raising any defenses that were available to it in state court. Specifically, Defendants do not waive any objection based on lack of service or personal jurisdiction by this notice.

**Intradistrict Assignment**

6.      Plaintiffs filed this case in the Superior Court of California, County of Alameda; therefore, this case properly may be removed to the Oakland or San Francisco Divisions of the Northern District of California. (*See* 28 U.S.C. § 1441(a); Civ. L. R. 3-2 (c), (d), 3-5(b).)

3

## Jurisdiction

7.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 14 ("CAFA").)   Under Section 1332(d), federal courts have original diversity jurisdiction over a class action whenever:   (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A), and (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," 28 U.S.C. § 1332(d)(2).  Both requirements are satisfied in this case.

8.     In this matter, diversity of citizenship exists because the Defendants and at least one proposed class member are citizens of different states.   *See* 28 U.S.C. § 1332(c)(1).  SCI is a corporation incorporated under the laws of the State of Texas and has its principal place of business in that State.  (Declaration of Janet Key ("Key Dec."), attached as Exhibit C, ¶¶ and 4; Amended Complaint Ex. A, ¶ 94.)  Plaintiff Claude Bryant was at the time Plaintiffs filed this action and still is a citizen of the State of California. (Key Dec. Ex. C, ¶ 6; Amended Complaint Ex. A, ¶¶ 18, 19.)

9.     Further, though Defendants concede neither liability on Plaintiffs' claims nor the propriety or breadth of the class as alleged by Plaintiffs, the Complaint places in controversy a sum greater than $5,000,000.  (*See* 28 U.S.C. § 1332(d)(2).)  Plaintiffs claim Defendants had a policy and practice of willfully not compensating them for all of their regular hours worked and overtime hours worked in excess of 8 hours a day and 40 hours a week.  (Amended Complaint Ex. A, ¶¶ 12, 229, 232, 242, and 247.)  The Amended Complaint does not allege a specific dollar amount in damages, but Plaintiffs seek unpaid wages, liquidated damages, compensatory damages, consequential damages, punitive damages and attorneys' fees on behalf of themselves and each of the purported class members.  (Amended Complaint Ex. A, Prayer 48:3 to 48:9.)  In addition,

4

the Amended Complaint does not represent that the class will neither seek nor accept more than $5 million in the aggregate.

10.     Plaintiffs' claims in this case establish an amount in controversy that exceeds $5,000,000. Specifically, as of September 1, 2007, while Defendant SCI is a holding company with no employees, Defendants and/or their affiliates employed approximately 16,000 non-exempt employees in the United States. (Key Dec. Ex. C, ¶ 5; *see also* Amended Complaint ¶ 230 alleging that "[t]he class size is believed to be more than 10,000 employees." Assuming an average hourly wage of $16.00 - by comparison, Plaintiffs Claude Bryant's and Craig Fulcher's most recent non-exempt wages were $15.30 and $23.56, respectively (Key Dec. Ex. C, ¶ 7), these individuals would need to average only 13 hours of overtime during the relevant statutory periods to meet the minimum amount in controversy.

11.     Moreover, the amount in controversy in this matter is substantially higher than $5,000,000. As noted, the information discussed in Ms. Key's declaration relates only to <u>current</u> employees. Thus, the calculations do not include claims by former employees of Defendants and/or their affiliates included within Plaintiffs' putative class definition, nor does it include potential damages related to Plaintiffs' claims for penalties and other types of damages under the laws of 47 states and territories or any of the other claims set forth in the Amended Complaint. (Amended Complaint, Ex. A, ¶¶ 262, 268, 274, 281, 290, 298, 304, and 308.)

12.     In asserting the basis for diversity jurisdiction, Defendants do not concede any of the allegations in the Amended Complaint, including that Plaintiffs are entitled to overtime pay or that Plaintiffs ever worked more than forty hours per workweek or more than eight hours per day. Nor do the Defendants concede that any or all non-exempt employees are class members or that any class could be certified.

1    13.    WHEREFORE, the above-entitled action is hereby removed to this Court

2  from the Superior Court of the State of California, County of Alameda.

3  Dated:  February 27, 2008.                              GURNEE & DANIELS LLP

4

5                                                    By _____

6                                                          STEVEN H. GURNEE, ESQ.
                                                           DAVID M. DANIELS, ESQ.
7                                                          NICHOLAS P. FORESTIERE, ESQ.
                                                           Attorneys for Defendants
8                                                          SERVICE CORPORATION
                                                           INTERNATIONAL, SCI FUNERAL AND
9                                                          CEMETERY PURCHASING
                                                           COOPERATIVE, INC., SCI EASTERN
10                                                         MARKET SUPPORT CENTER, L.P., SCI
                                                           WESTERN MARKET SUPPORT
11                                                         CENTER, L.P., SCI HOUSTON MARKET
                                                           SUPPORT CENTER, L.P., JANE D.
12                                                         JONES, GWEN PETTEWAY, THOMAS
                                                           RYAN and CURTIS BRIGGS
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                              6

**EXHIBIT A**

SUM-100

**FOR COURT USE ONLY**
(SOLO PARA USO DE LA CORTE)

FILED
ALAMEDA COUNTY

JAN 2 5 2008

CLERK OF THE SUPERIOR COURT
By _____ Deputy

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO):
Service Corporation International, SCI Funeral and Cemetery Purchasing
Cooperative, Inc., SCI Eastern Market Support Center, L.P., Additional
Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
Claude Bryant, Craig Fulcher, Sanford Levine, and Thomas Thompson,
on behalf of themselves and all other employees and former employees
similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org) o poniéndose en contacto con la corte o el colegio de abogados locales.

| CASE NUMBER: | |
| (Número del Caso): | RG073595... |

The name and address of the court is:
(El nombre y dirección de la corte es):
Superior Court of California, County of Alameda
1225 Fallon Street
Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Sanford Jay Rosen, Rosen, Bien & Galvan, LLP
315 Montgomery Street, 10th Floor, San Francisco, CA 94104

DATE:           **JAN 2 5 2008**          Clerk, by _____, Deputy
(Fecha)                                          (Secretario)                    (Adjunto)
(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.6...
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416...
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416...
          ☐ other (specify):
4. ☐ by personal delivery on (date):

[SEAL]



SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Bryant v. Service Corporation International | RG07359593 |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

SCI Western Market Support Center, L.P. a/k/a SCI Western Market Support Center, Inc., SCI Houston Market Support Center, L.P., Jane D. Jones, Gwen Petteway, Thomas Ryan, and Curtis Briggs.

Page  2  of  2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

RCD

1  Sanford Jay Rosen, State Bar No. 62566
   Maria V. Morris, State Bar No. 223903
2  Lori E. Rifkin, State Bar No. 244081
   ROSEN, BIEN & GALVAN, LLP
3  315 Montgomery Street, Tenth Floor
   San Francisco, CA 94104
4  Telephone: (415) 433-6830
   Facsimile: (415) 433-7104
5  srosen@rbg-law.com

6  [Additional Counsel Listed on Following Page]

7

8  Attorneys for Plaintiffs

9  SUPERIOR COURT OF THE STATE OF CALIFORNIA

   COUNTY OF ALAMEDA
10

11 CLAUDE BRYANT, JOSEPH BIERNACKI,   )   Case No. RG 07359593
   GORDON FARMER, RHEALYN             )
12 HOLLAND, JAMES STICKLE, ELEANOR    )   **CLASS ACTION**
   RIGGIO, FRANK ACUNA, RICHARD       )
13 LAMASTERS, KENNETH ALLEN, CRAIG    )   **AMENDED COMPLAINT**
   FULCHER, SANFORD LEVINE and        )
14 THOMAS THOMPSON, on behalf of      )   **(1)  VIOLATION OF CALIFORNIA**
   themselves and all other employees and former )        **LABOR LAWS**
15 employees similarly situated,      )   **(2)  STATE WAGE AND HOUR**
                                      )        **LAWS**
16              Plaintiffs,           )   **(3)  UNJUST ENRICHMENT/**
                                      )        **RESTITUTION**
17 v.                                 )   **(4)  CONVERSION**
                                      )   **(5)  FRAUD AND DECEIT**
18 SERVICE            CORPORATION)    )   **(6)  MISREPRESENTATION**
   INTERNATIONAL, SCI FUNERAL AND)    )   **(7)  BREACH OF CONTRACT**
19 CEMETERY            PURCHASING)    )   **(8)  BREACH OF IMPLIED**
   COOPERATIVE, INC., SCI EASTERN)    )        **COVENANT OF GOOD FAITH**
20 MARKET SUPPORT CENTER, L.P., SCI)  )        **AND FAIR DEALING**
   WESTERN MARKET SUPPORT CENTER,)    )   **(9)  QUANTUM MERUIT**
21 L.P. a/k/a SCI WESTERN MARKET)     )   **(10) UNLAWFUL BUSINESS**
   SUPPORT CENTER, INC., SCI HOUSTON) )        **PRACTICES**
22 MARKET SUPPORT CENTER, L.P., JANE) )
   D. JONES, GWEN PETTEWAY, THOMAS)   )
23 RYAN, and CURTIS BRIGGS,          )   **DEMAND FOR JURY TRIAL**
                                      )
24              Defendants.          )
   _____)

25

26

27

28

1

2   Additional Attorneys for Plaintiffs, who will
    submit applications for admission *pro hac vice*:

3
    J. Nelson Thomas, NY Attorney No. 2579159
4   Patrick J. Solomon, NY Attorney No. 2716660
    Michael J. Lingle, NY Attorney No. 3925765
5   Justin Cordello, NY Attorney No. 4131447
    Annette Gifford, NY Attorney No. 4105870
6   DOLIN, THOMAS & SOLOMON LLP
    693 East Avenue
7   Rochester, NY 14607
    Telephone: (585) 272-0540
8   Facsimile:  (585) 272-0574
    nthomas@theemploymentattorneys.com
9
    Charles H. Saul, PA State Bar No.19938
10  Liberty J. Weyandt, PA State Bar No. 87654
    Kyle T. McGee, PA State Bar No. 205661
11  MARGOLIS EDELSTEIN
    525 William Penn Place
12  Suite 3300
    Pittsburgh, PA 15219
13  Telephone: (412) 281-4256
    Facsimile: (412) 642-2380
14  csaul@margolisedelstein.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CLASS ACTION COMPLAINT

**AND NOW** come plaintiffs, on behalf of themselves and all others similarly situated, by and through their attorneys, Rosen, Bien & Galvan, LLP, Dolin, Thomas & Solomon LLP and Margolis Edelstein, and file the following Class Action Complaint:

## I.    INTRODUCTION AND PROCEDURAL HISTORY

1.     This is a proceeding for declaratory and injunctive relief and monetary damages to redress the deprivation of rights secured to plaintiffs individually, as well as all other employees similarly situated, under the laws of California and other laws of the various States in which defendants do business.

2.     On December 12, 2006, Service Corporation International ("SCI"), a named defendant in this action, was named in a complaint filed in the Western District of Pennsylvania.  That complaint also named Alderwoods Group, Inc. ("Alderwoods") as a defendant in that action.

3.     Prior to the filing of the Pennsylvania complaint, SCI had acquired Alderwoods and Alderwoods had become SCI's wholly-owned subsidiary.  After the merger, SCI continued to operate the vast majority of both its own funeral homes and those of Alderwoods.

4.     The Pennsylvania complaint was filed as a class and collective action alleging, *inter alia*, that employees who worked at defendants' funeral home locations were not properly paid for all the time they worked for defendants.  It asserted violations of both the Fair Labor Standards Act ("FLSA") and state wage and hour laws.

5.     The employees (whether they worked only at an Alderwoods location that became an SCI location, or at any other SCI location) shared a number of factual similarities: they suffered similar pay violations; SCI and/or its agents were their joint employers; SCI was liable for the violations of the entities it had acquired.

6.     Because of the overlapping legal liability of defendants, as well as the overlapping factual issues in the matter, plaintiffs believed it was legally appropriate and in the interests of judicial efficiency for defendants to be named in a common action.

7.     The Court in the Western District of Pennsylvania conditionally certified an

1 | FLSA class of employees and directed that notice be sent to those individuals who worked at

2 | an Alderwoods location.

3 |     8.    In response to that notice, hundreds of current and former employees opted-in to

4 | the Pennsylvania action.

5 |     9.    On or about June 8, 2007, the Court in the Western District of Pennsylvania

6 | declined to exercise supplemental jurisdiction over any of the state law claims alleged in that

7 | action.  Therefore, on or about July 9, 2007, the employees of SCI and Alderwoods reasserted

8 | their state law claims in a Class Action Complaint filed in the Superior Court of the State of

9 | California for the County of Alameda, Case No. RG 07334643 (the "Combined State Law

10 | Action").

11 |     10.    Subsequently, the Court in the Western District of Pennsylvania determined it

12 | would only hear claims on behalf of employees who worked only for Alderwoods, and that

13 | claims of employees who had worked only at other SCI locations should be heard in a separate

14 | action.

15 |     11.    Therefore, based on defendants' position that resulted in that ruling, the

16 | Combined State Law Action was voluntarily dismissed so that the state law claims of the

17 | employees who worked at locations managed by Alderwoods could be heard separately from

18 | those who worked at other SCI locations.

19 |     12.    In the instant action, employees who worked at funeral locations owned and

20 | managed by SCI and its subsidiaries and affiliates assert violations of various state laws based

21 | upon defendants' failure to pay employees their regular or statutorily required rate of pay for

22 | all hours worked.

23 |     13.    The plaintiffs in this lawsuit include employees who worked at all SCI funeral

24 | locations, including those employed at Alderwoods locations after the time SCI and its

25 | subsidiaries and affiliates assumed management of those locations.

26 | **II.    JURISDICTION AND VENUE**

27 |     14.    This Court has jurisdiction over defendants because defendants conduct business

28 | in this State.

15.    Venue is proper in this judicial district, pursuant to Code of Civil Procedure §
395.5 and Corporations Code § 2105.

16.    Upon information and belief, defendant Service Corporation International
("SCI") is a foreign corporation which has not obtained a certificate of qualification to do
business in California.

17.    Upon information and belief, defendant SCI Funeral and Cemetery Purchasing
Cooperative, Inc. is a foreign corporation which has not obtained a certificate of qualification
to do business in California.

18.    Venue is also proper in this judicial district because defendants maintain and
operate one or more business locations, transact business, and/or have agents in Alameda
County, as well as in other counties in the State of California, and are otherwise within this
Court's jurisdiction for purposes of service of process.  Obligations and/or liabilities of the
defendants arose in this County because defendants have contracted to employ or have
employed plaintiffs in Alameda County, as well as in other counties in the State of California.
Some of the claims in this matter arose from contracts for employment which were to be
performed, at least in part, in Alameda County, as well as in other counties in the State of
California.  Some of the unlawful acts alleged herein occurred in Alameda County, as well as
in other counties in the State of California, and have a direct effect on plaintiffs within
Alameda County and within the State of California.

III.    **PARTIES**

**A. Plaintiffs**

19.    The class members ("Class Members") are those employees and former
employees of defendants who were suffered or permitted to work by defendants and not paid
their regular or statutorily required rate of pay for all hours worked.  As more fully set forth in
the foregoing paragraphs, which Class Members incorporate by reference as if fully set forth
herein, Class Members' claims are connected to Alameda County as some of those claims
arose from contracts to be performed in Alameda County, some of the unlawful acts alleged

1  herein occurred in Alameda County, and some of those acts have a direct effect on Class

2  Members within Alameda County.

3  **B. Defendants**

4      20.    Defendants SCI, SCI Funeral and Cemetery Purchasing Cooperative, Inc. (the

5  "SCI Cooperative"), SCI Western Market Support Center, L.P. a/k/a SCI Western Market

6  Support Center, Inc. ("SCI Western"), SCI Eastern Market Support Center, L.P. ("SCI

7  Eastern"), and SCI Houston Market Support Center, L.P. ("SCI Houston") (collectively, SCI

8  Western, SCI Eastern and SCI Houston are referred to as the "SCI Support Centers"), are

9  enterprises engaged in interstate commerce with an annual gross volume of sales not less than

10  $500,000.

11  *The SCI Support Centers Are Liable to Class Members*

12      21.    SCI Western is a limited partnership or corporation which is owned, directly or

13  indirectly, by SCI.

14      22.    SCI Eastern is a limited partnership which is owned, directly or indirectly, by

15  SCI.

16      23.    SCI Houston is a limited partnership which is owned, directly or indirectly, by

17  SCI.

18      24.    The primary functions of the SCI Support Centers are to help facilitate the

19  execution of corporate strategies, coordinate communications between the field and corporate

20  offices, and serve as liaisons for the implementation of policies and procedures.

21      25.    The SCI Support Centers provide day-to-day human resources services and

22  support for individual locations, including all executive, management, administrative,

23  accounting, data processing, and human resources services for defendants' locations.

24      26.    On-site training at funeral homes and cemeteries is provided by field personnel

25  and training departments affiliated with the SCI Support Centers.

26      27.    Each SCI Support Center has an ownership interest in the SCI Cooperative and

27  together the SCI Support Centers collectively own a majority of the SCI Cooperative.

28

1    28.    The SCI Support Centers, through their controlling interest in the SCI

2    Cooperative, provide "Dignity University training programs" by which defendants ensure

3    uniform services at their nationwide locations, publish and maintain the weekly newsletter

4    "Frontline," and the "Global Village" intranet site, through which defendants communicate

5    with their nationwide employees, and administer benefit plans for employees and contract with

6    third-party benefit providers to respond to questions related to day-to-day benefits services.

7    29.    Additionally, the SCI Support Centers, through their controlling interest in the

8    SCI Cooperative, maintain a payroll department and database which centralize information

9    regarding Class Members, including employment records and payroll information.

10    30.    SCI and the entities it owns, directly or indirectly, including the SCI Support

11    Centers, employ a single line management model in an effort to streamline the organization

12    and ensure that operational efficiencies are achieved throughout the SCI network.

13    31.    The funeral home locations that SCI owns, directly or indirectly, are organized

14    into various regions and within each region the funeral home locations share common

15    resources including personnel, preparation services and vehicles.

16    32.    Upon information and belief, the SCI Support Centers, due in part to their role of

17    providing all human resources services for defendants' locations, in concert with others, are

18    actively involved in the creation of the illegal policies complained of in this case, including,

19    but not limited to, the On Call Pay Policy, Community Work Policy, Training Compensation

20    Policy, Pre-Needs Appointment Policy, Meal Break Deduction Policy, Pre-Approval for

21    Overtime Pay Policy, Unrecorded Work Time Policy, and the policy regarding the calculation

22    of Class Members' overtime.

23    33.    Upon information and belief, the SCI Support Centers, due in part to their role of

24    providing all human resources services for defendants' locations, in concert with others,

25    actively advise defendants' agents on the enforcement of the illegal policies complained of in

26    this case, including, but not limited to, the On Call Pay Policy, Community Work Policy,

27    Training Compensation Policy, Pre-Needs Appointment Policy, Meal Break Deduction Policy,

28    Pre-Approval for Overtime Pay Policy, Unrecorded Work Time Policy, and the policy

1    regarding the calculation of Class Members' overtime.

2        34.    Upon information and belief, the SCI Support Centers, due in part to their role of

3    providing all human resources services for defendants' locations, in concert with others,

4    actively ensure defendants' compliance or non-compliance with the state and common laws

5    asserted in this action.

6        35.    Upon information and belief, the SCI Support Centers, in concert with others,

7    play a central role in reviewing and counseling defendants regarding employment decisions,

8    including hiring and firing of Class Members.

9        36.    Upon information and belief, the SCI Support Centers, in concert with others,

10   have the authority to, and do, through their agents, make decisions that set employees'

11   schedules, hours and standard benefit levels.

12       37.    Upon information and belief, the SCI Support Centers, in concert with others,

13   have the authority to, and do, through their agents, make decisions that set standard pay scales.

14       38.    Upon information and belief, the SCI Support Centers, in concert with others,

15   determine and draft policies, answer questions regarding human resources issues and policies,

16   resolve issues regarding policies and their application, counsel locations on human resources

17   issues, and communicate with employees about company issues and human resources issues

18   and policies, including issues related to hours worked and payment for such hours worked.

19       39.    Upon information and belief, the SCI Support Centers, in concert with others,

20   have the authority to, and do, through their agents, provide employees with information

21   regarding benefit plans and providers, oversee the implementation and execution of benefit

22   plans, retain ultimate authority for providing information and responding to questions

23   regarding the benefit plans, maintain records regarding the benefit plans, make determinations,

24   either directly or indirectly, regarding the scope and amount of benefits available to employees,

25   and are responsible for providing employees, directly or indirectly, with information regarding

26   their benefits, including benefits statements and information regarding their 401(k) plans.

27

28

40.     Upon information and belief, the SCI Support Centers, in concert with others, have the authority to, and do, through their agents, make decisions concerning the issuance of payroll checks, directly or indirectly.

41.     Upon information and belief, the SCI Support Centers' primary function of facilitating the execution of corporate strategies includes maintaining and directing a single, integrated set of operations across the SCI network.

42.     Upon information and belief, the SCI Support Centers are responsible for, and subject to, centralized management directions and decisions.

43.     The SCI Support Centers are owned, directly or indirectly, by defendant SCI. Additionally, SCI maintains an ownership interest, directly or indirectly, in the SCI Cooperative that is owned by the SCI Support Centers.

44.     Upon information and belief, the SCI Support Centers are part of an extensive and complex network of corporations which SCI has created and owns in an effort to operate its nationwide locations in a unified, consistent manner.  This network promotes a fraud or injustice, in that it attempts to avoid liability for paying its common employees and prevents employees from accurately identifying their employers.

45.     Because the SCI Support Centers have authority to hire or fire employees, provide day-to-day support regarding human resources issues, including the hiring and firing of employees, and control the drafting and enforcement of the policies which govern the hiring and firing of employees, the SCI Support Centers have the power to hire and fire employees.

46.     Because the SCI Support Centers have authority to establish employees' work schedules and/or conditions of employment, provide day-to-day support regarding human resources issues, including employees' work schedules and/or conditions of employment, control the drafting and enforcement of the policies which govern employees' schedules and/or conditions of employment, and administer employees' benefit programs, the SCI Support Centers supervise and control employees' work schedules and/or conditions of employment.

47.     Because the SCI Support Centers have authority to establish employees' rate and method of payment and centrally control payroll functions, the SCI Support Centers determine

-7-

1 | the rate and method of employees' payment.

2 |    48.    Because the SCI Support Centers play a central role in the keeping of centralized

3 | records, including a database, regarding employees' employment records, the SCI Support

4 | Centers maintain employees' employment records.

5 |    49.    For all of the foregoing reasons, among others, including the SCI Support

6 | Centers' services and support with respect to all executive, management, administrative,

7 | accounting, data processing, and human resources services, training, and nationwide

8 | communications with employees, the SCI Support Centers provide centralized control over

9 | defendants' labor relations.

10 |    50.    Because the SCI Support Centers provide day-to-day support regarding human

11 | resources issues, including employees' work schedules and/or conditions of employment,

12 | control the drafting and enforcement of the policies which govern employees' schedules and/or

13 | conditions of employment, and administer employee's benefit programs, they are

14 | affirmatively, directly, and actively involved in operations of the defendants' business

15 | functions, particularly in relation to the employment of Class Members.

16 |    51.    Because the SCI Support Centers are actively involved in the creation of the

17 | illegal policies complained of in this case, actively advise defendants' agents on the

18 | enforcement of the illegal policies complained of in this case and actively ensure defendants'

19 | compliance or non-compliance with the state and common laws asserted in this action, the SCI

20 | Support Centers actively participate in the violations complained of this action.

21 |    52.    Because the SCI Support Centers, together with the SCI Cooperative, are owned

22 | by SCI, directly or indirectly, the SCI Support Centers and other defendants share common

23 | ownership.

24 |    53.    Because the SCI Support Centers are subject to centralized management

25 | directions and decisions that govern the entities owned by SCI, including a single line

26 | management model applicable to the entire SCI network, the SCI Support Centers and other

27 | defendants share common management.

28 |

1    54.    Because the SCI Support Centers are subject to a single line management model

2    applicable to the entire SCI network for the purpose of streamlining the organization and

3    achieving operational efficiencies, the SCI Support Centers and other defendants share

4    functional integration of operations.

5    55.    Because the SCI Support Centers control the drafting and enforcement of the

6    employment and human resources policies related to employees, centrally control the payroll

7    functions related to employees' employment, provide services and support with respect to all

8    executive, management, administrative, accounting, data processing, and human resources

9    services, training, and nationwide communications with employees, and are subject to a

10    network-wide single line management model, the SCI Support Centers are not completely

11    disassociated with respect to employees' employment.

12    56.    The SCI Support Centers may be deemed to share control of employees, directly

13    or indirectly, by reason of the fact that they are under common control with the SCI

14    Cooperative and the funeral home locations because they are all owned by SCI, directly or

15    indirectly, and because the SCI Support Centers control the drafting and enforcement of the

16    employment and human resources policies related to Class Members, centrally control the

17    payroll functions related to employees' employment, provide services and support with respect

18    to all executive, management, administrative, accounting, data processing, and human

19    resources services, training, and nationwide communications with employees, and are subject

20    to a network-wide single line management model.

21    57.    Because the SCI Support Centers are part of an extensive and complex network

22    through which SCI promotes a fraud or injustice in attempting to shield from liability itself and

23    other entities which are responsible for employees' employment and in preventing employees

24    from accurately determining the identity of their employers, the SCI Support Centers are an

25    alter ego of SCI and the other entities SCI owns.

26    58.    Based upon the foregoing, the SCI Support Centers are liable to Class Members

27    because of their active role in operating the business, their role in the violations complained of

28    in this action, their status as employer, joint employer, single employer, alter ego, or otherwise

-9-
AMENDED COMPLAINT-CLASS ACTION
*Bryant et al v. Service Corp. Int'l. et al - Case No. RG 07359593*

according to state statutory and common law.

***The SCI Cooperative Is Liable to Class Members***

     59.    The SCI Cooperative is a Delaware corporation which is owned, directly or indirectly, by SCI and the SCI Support Centers.

     60.    The SCI Cooperative, through agreements with the SCI Support Centers, provides additional human resources services and support for the funeral home locations.

     61.    On-site training at funeral homes and cemeteries is provided by field personnel and training departments affiliated with the SCI Cooperative.

     62.    The SCI Cooperative publishes and maintains the weekly newsletter "Frontline," and the "Global Village" intranet site, publications through which defendants communicate with their nationwide employees.

     63.    The SCI Cooperative administers benefits by contracting with third-party benefit providers to respond to questions related to day-to-day benefits services, such as local provider questions, access to online services, and benefits provider contact information. To the extent that those third-party providers cannot respond to questions, the SCI Cooperative will respond.

     64.    The SCI Cooperative maintains a payroll department and a database that contains information on current and former employees of SCI subsidiaries.

     65.    SCI and the entities it owns directly or indirectly, including the SCI Cooperative, employ a single line management model in an effort to streamline the organization and ensure that operational efficiencies are achieved throughout the SCI network.

     66.    The funeral home locations that SCI owns, directly or indirectly, are organized into various regions and within each region the funeral home locations share common resources including personnel, preparation services and vehicles.

     67.    Upon information and belief, the SCI Cooperative, due in part to its role of providing additional human resources services and support, in concert with others, is actively involved in the creation of the illegal policies complained of in this case, including, but not limited to, the On Call Pay Policy, Community Work Policy, Training Compensation Policy,

1 Pre-Needs Appointment Policy, Meal Break Deduction Policy, Pre-Approval for Overtime Pay

2 Policy, Unrecorded Work Time Policy, and the policy regarding the calculation of Class

3 Members' overtime.

4        68.    Upon information and belief, the SCI Cooperative, due in part to its role of

5 providing additional human resources services and support, in concert with others, actively

6 advises defendants' agents on the enforcement of the illegal policies complained of in this

7 case, including, but not limited to, the On Call Pay Policy, Community Work Policy, Training

8 Compensation Policy, Pre-Needs Appointment Policy, Meal Break Deduction Policy, Pre-

9 Approval for Overtime Pay Policy, Unrecorded Work Time Policy, and the policy regarding

10 the calculation of Class Members' overtime.

11        69.    Upon information and belief, the SCI Cooperative, due in part to its role of

12 providing additional human resources services and support, in concert with others, actively

13 ensures defendants' compliance or non-compliance with the state and common laws asserted in

14 this action.

15        70.    Upon information and belief, the SCI Cooperative, in concert with others, plays a

16 central role in reviewing and counseling defendants regarding employment decisions,

17 including hiring and firing of Class Members.

18        71.    Upon information and belief, the SCI Cooperative, in concert with others, has the

19 authority to, and does, through its agents, make decisions that set employees' schedules, hours,

20 and standard benefit levels.

21        72.    Upon information and belief, the SCI Cooperative, in concert with others, has the

22 authority to, and does, through its agents, make decisions that set standard pay scales.

23        73.    Upon information and belief, the SCI Cooperative determines and drafts policies,

24 answers questions regarding human resources issues and policies, resolves issues regarding

25 policies and their application, counsels locations on human resources issues, and

26 communicates with employees about company issues and human resources issues and policies,

27 including issues related to hours worked and payment for such hours worked.

28

74.   Upon information and belief, the SCI Cooperative provides employees with information regarding benefit plans and providers, oversees the implementation and execution of benefit plans, retains ultimate authority for providing information and responding to questions regarding the benefit plans, maintains records regarding the benefit plans, makes determinations, either directly or indirectly, regarding the scope and amount of benefits available to employees, and is responsible for providing employees, directly or indirectly, with information regarding their benefits, including benefits statements and information regarding their 401(k) plans.

75.   Upon information and belief, the SCI Cooperative maintains payroll records regarding employees and, in concert with others, the SCI Cooperative has the authority to, and does, through its agents, make decisions concerning the issuance of payroll checks, directly or indirectly.

76.   Upon information and belief, the SCI Cooperative's functions in providing services and support regarding human resources, training, benefits administration, and payroll include a function maintaining and directing a single, integrated set of operations across the SCI network.

77.   Upon information and belief, the SCI Cooperative is responsible for, and subject to, centralized management directions and decisions.

78.   The SCI Cooperative is owned, directly or indirectly, by defendants SCI and the SCI Support Centers.  Additionally, SCI owns the SCI Support Centers, directly or indirectly.

79.   Upon information and belief, the SCI Cooperative is part of an extensive and complex network of corporations which SCI has created and owns in an effort to operate its nationwide locations in a unified, consistent manner.  This network promotes a fraud or injustice, in that it attempts to avoid liability for paying its common employees and prevents employees from accurately identifying their employers.

80.   Because the SCI Cooperative has authority to hire or fire Class Members, provides day-to-day support regarding human resources issues, including the hiring and firing

1  of Class Members, and controls the drafting and enforcement of the policies which govern the

2  hiring and firing of employees, the SCI Cooperative has the power to hire and fire employees.

3      81.    Because the SCI Cooperative has authority to establish employees' work

4  schedules and/or conditions of employment, provides day-to-day support regarding human

5  resources issues, including employees' work schedules and/or conditions of employment,

6  controls the drafting and enforcement of the policies which govern employees' schedules

7  and/or conditions of employment, and administers employees' benefit programs, the SCI

8  Cooperative supervises and controls employees' work schedules and/or conditions of

9  employment.

10     82.    Because the SCI Cooperative has authority to establish employees' rate and

11 method of payment and centrally control payroll functions, the SCI Cooperative determines the

12 rate and method of employees' payment.

13     83.    Because the SCI Cooperative keeps centralized records, including a database,

14 regarding employees' employment records, the SCI Cooperative maintains employees'

15 employment records.

16     84.    For all of the foregoing reasons, among others, including the SCI Cooperative's

17 human resources services and support, training function, publication of communications across

18 the SCI network, administration of benefit programs, and maintenance of the payroll

19 department, the SCI Cooperative provides centralized control over defendants' labor relations.

20     85.    Because the SCI Cooperative provides day-to-day support regarding human

21 resources issues, including employees' work schedules and/or conditions of employment,

22 controls the drafting and enforcement of the policies which govern employees' schedules

23 and/or conditions of employment, and administers employees' benefit programs, it is

24 affirmatively, directly, and actively involved in operations of the defendants' business

25 functions, particularly as it relates to the employment of Class Members.

26     86.    Because the SCI Cooperative is actively involved in the creation of the illegal

27 policies complained of in this case, actively advises defendants' agents on the enforcement of

28 the illegal policies complained of in this case and actively ensures defendants' compliance or

1    non-compliance with the state and common laws asserted in this action, the SCI Cooperative

2    actively participates in the violations complained of in this action.

3          87.    Because the SCI Cooperative, together with the SCI Support Centers, is owned

4    by SCI, directly or indirectly, the SCI Cooperative and other defendants share common

5    ownership.

6          88.    Because the SCI Cooperative is subject to centralized management directions and

7    decisions that govern the entities owned by SCI, including a single line management model

8    applicable to the entire SCI network, the SCI Cooperative and other defendants share common

9    management.

10          89.    Because the SCI Cooperative is subject to a single line management model

11    applicable to the entire SCI network for the purpose of streamlining the organization and

12    achieving operational efficiencies, the SCI Cooperative and other defendants share functional

13    integration of operations.

14          90.    Because the SCI Cooperative controls the drafting and enforcement of the

15    employment and human resources policies related to employees, centrally controls the payroll

16    functions related to employees' employment, provides services and support with respect to

17    human resources, training, and nationwide communications with employees, and is subject to a

18    network-wide single line management model, the SCI Cooperative is not completely

19    disassociated with respect to employees' employment.

20          91.    The SCI Cooperative may be deemed to share control of employees, directly or

21    indirectly, by reason of the fact that it is under common control with the SCI Support Centers

22    and the funeral home locations because they are all owned by SCI, directly or indirectly, and

23    because the SCI Cooperative controls the drafting and enforcement of the employment and

24    human resources policies related to employees, centrally controls the payroll functions related

25    to employees' employment, provides services and support with respect to human resources,

26    training, and nationwide communications with employees, and is subject to a network-wide

27    single line management model.

28

92.     Because the SCI Cooperative is part of an extensive and complex network through which SCI promotes a fraud or injustice in attempting to shield from liability itself and other entities which are responsible for employees' employment and in preventing employees from accurately determining the identity of their employers, the SCI Cooperative is an alter ego of SCI and the other entities SCI owns.

93.     Based upon the foregoing, the SCI Cooperative is liable to Class Members because of its active role in operating the business, its role in the violations complained of in this action, its status as employer, joint employer, single employer, alter ego, or otherwise according to state statutory and common law.

***SCI Is Liable to Class Members***

94.     Defendant SCI is a corporation with its headquarters being at 1929 Allen Parkway, Houston, Texas 77019.

95.     SCI owns, directly or indirectly, various funeral home locations and various other companies or entities, including the SCI Cooperative and the SCI Support Centers, in a nationwide enterprise.

96.     SCI and the entities it owns directly or indirectly, including the SCI Cooperative and the SCI Support Centers, employ a single line management model in an effort to streamline the organization and ensure that operational efficiencies are achieved throughout the SCI network.

97.     The funeral home locations that SCI owns, directly or indirectly, are organized into various regions and within each region the funeral home locations share common resources including personnel, preparation services and vehicles.

98.     Upon information and belief, at all relevant times all functions at all entities in the SCI network, including the SCI Cooperative and the SCI Support Centers, reported to SCI, directly or indirectly.

99.     Upon information and belief, at all relevant times SCI maintained control and authority, directly or indirectly, over all functions at the entities in the SCI network, including the SCI Cooperative and the SCI Support Centers.

100.    Upon information and belief, SCI, in concert with others, has the authority to, and does, through its agents, make decisions concerning the creation of the illegal policies complained of in this case, including, but not limited to, the On Call Pay Policy, Community Work Policy, Training Compensation Policy, Pre-Needs Appointment Policy, Meal Break Deduction Policy, Pre-Approval for Overtime Pay Policy, Unrecorded Work Time Policy, and the policy regarding the calculation of Class Members' overtime.

101.    Upon information and belief, SCI, in concert with others, has the authority to, and does, through its agents, make decisions concerning advising defendants' agents on the enforcement of the illegal policies complained of in this case, including, but not limited to, the On Call Pay Policy, Community Work Policy, Training Compensation Policy, Pre-Needs Appointment Policy, Meal Break Deduction Policy, Pre-Approval for Overtime Pay Policy, Unrecorded Work Time Policy, and the policy regarding the calculation of Class Members' overtime.

102.    Upon information and belief, SCI, in concert with others, has the authority to, and does, through its agents, make decisions concerning defendants' compliance or non-compliance with the state and common laws asserted in this action.

103.    Upon information and belief, SCI, in concert with others, has the authority to, and does, through its agents, make decisions concerning reviewing and counseling defendants regarding employment decisions, including hiring and firing of Class Members.

104.    Upon information and belief, SCI, in concert with others, has the authority to, and does, through its agents, make decisions concerning employees' schedules, hours and standard benefit levels.

105.    Upon information and belief, SCI, in concert with others, has the authority to, and does, through its agents, make decisions concerning standard pay scales.

106.    Upon information and belief, SCI, in concert with others, has the authority to, and does, through its agents, make decisions concerning the determination and drafting of policies, answering questions regarding human resources issues and policies, resolving issues regarding policies and their application, counseling locations on human resources issues, and

1  communicating with employees about company issues and human resources issues and

2  policies, including issues related to hours worked and payment for such hours worked.

3      107.   Upon information and belief, SCI, in concert with others, has the authority to,

4  and does, through its agents, make decisions concerning providing employees with information

5  regarding benefit plans and providers, overseeing the implementation and execution of benefit

6  plans, providing information and responding to questions regarding the benefit plans,

7  maintaining records regarding the benefit plans, making determinations, either directly or

8  indirectly, regarding the scope and amount of benefits available to employees, and providing

9  employees, directly or indirectly, with information regarding their benefits, including benefits

10  statements and information regarding their 401(k) plans.

11      108.   Upon information and belief, SCI, in concert with others, has the authority to,

12  and does, through its agents, make decisions concerning the issuance of payroll checks,

13  directly or indirectly.

14      109.   SCI, in concert with others, has the authority to, and does, through its agents,

15  make decisions concerning maintaining and directing a single, integrated set of operations

16  across the SCI network.

17      110.   Upon information and belief, SCI, in concert with others, has the authority to,

18  and does, through its agents, make decisions concerning centralized management directions

19  and decisions.

20      111.   Upon information and belief, SCI is part of an extensive and complex network of

21  corporations which SCI has created and owns in an effort to operate its nationwide locations in

22  a unified, consistent manner. This network promotes a fraud or injustice, in that it attempts to

23  avoid liability for paying its common employees and prevents employees from accurately

24  identifying their employers.

25      112.   Because SCI, in concert with others, has the authority to, and does, through its

26  agents, make decisions concerning hiring or firing employees, providing support regarding

27  human resources issues, including the hiring and firing of Class Members, and controlling the

28

1  drafting and enforcement of the policies which govern the hiring and firing of employees, SCI

2  has the power to hire and fire employees.

3      113.   Because SCI, in concert with others, has the authority to, and does, through its

4  agents, make decisions concerning employees' work schedules and/or conditions of

5  employment, providing support regarding human resources issues, including Class Members'

6  work schedules and/or conditions of employment, controlling the drafting and enforcement of

7  the policies which govern employees' schedules and/or conditions of employment, and

8  administering employees' benefit programs, SCI supervises and controls employees' work

9  schedules and/or conditions of employment.

10     114.   Because SCI, in concert with others, has the authority to, and does, through its

11 agents, make decisions concerning employees' rate and method of payment and centrally

12 controlling payroll functions, SCI determines the rate and method of employees' payment.

13     115.   Because SCI, in concert with others, has the authority to, and does, through its

14 agents, make decisions concerning centralized records, including a database, regarding

15 employees' employment records, SCI maintains employees' employment records.

16     116.   For all of the foregoing reasons, among others, including SCI's authority and

17 exercise of authority with respect to human resources services and support, training function,

18 publication of communications across its network, administration of benefit programs, and

19 maintenance of the payroll department, SCI provides centralized control over defendants' labor

20 relations.

21     117.   Because SCI, in concert with others, has the authority to, and does, through its

22 agents, make decisions concerning human resources issues, including employees' work

23 schedules and/or conditions of employment, controlling the drafting and enforcement of the

24 policies which govern employees' schedules and/or conditions of employment, and

25 administering employees' benefit programs, it plays a central role in operations of defendants'

26 business functions, particularly in regards to the employment of Class Members.

27     118.   Because SCI, in concert with others, has the authority to, and does, through its

28 agents, make decisions concerning the illegal policies complained of in this case, advising of

1  defendants' agents on the enforcement of the illegal policies complained of in this case and

2  ensuring defendants' compliance or non-compliance with the state and common laws asserted

3  in this action, SCI plays a central role in the violations complained of in this action.

4      119.   Because SCI owns, directly or indirectly, the SCI Cooperative and the SCI

5  Support Centers, SCI and the other defendants share common ownership.

6      120.   Because SCI maintains and is subject to centralized management directions and

7  decisions that govern the entities it owns, directly or indirectly, including a single line

8  management model applicable to the entire SCI network, SCI and the other defendants share

9  common management.

10     121.   Because SCI maintains and is subject to a single line management model

11  applicable to the entire SCI network for the purpose of streamlining the organization and

12  achieving operational efficiencies, SCI and the other defendants share functional integration of

13  operations.

14     122.   Because SCI, in concert with others, has the authority to, and does, through its

15  agents, make decisions concerning drafting and enforcing employment and human resources

16  policies related to employees, centrally controlling the payroll functions related to employees'

17  employment, providing services and support with respect to human resources, training, and

18  nationwide communications with employees, and is subject to a network-wide single line

19  management model, SCI is not completely disassociated with respect to employees'

20  employment.

21     123.   SCI may be deemed to share control of employees, directly or indirectly, by

22  reason of the fact that it is under common control with the SCI Cooperative, the SCI Support

23  Centers and the funeral home locations, all of which are owned by SCI, directly or indirectly,

24  and because SCI plays a central role in the drafting and enforcement of the employment and

25  human resources policies related to employees, centrally controlling the payroll functions

26  related to employees' employment, providing services and support with respect to human

27  resources, training, and nationwide communications with employees, and maintains and is

28  subject to a network-wide single line management model.

124. Because SCI maintains and is part of an extensive and complex network through which it promotes a fraud or injustice in attempting to shield from liability itself and other entities which are responsible for employees' employment and in preventing employees from accurately determining the identity of their employers, SCI is an alter ego of the other defendants and the other entities it owns.

125. Based upon the foregoing, SCI is liable to employees because of its central role in operating the business, its role in the violations complained of in this action, its status as employer, joint employer, single employer, alter ego, or otherwise according to state statutory and common law.

***Jane D. Jones Is Liable to Class Members***

126. Defendant Jane D. Jones has acted as Vice President of Human Resources for SCI since 2005.

127. Ms. Jones oversees human resources, training and education, and payroll and commission services for approximately 20,000 employees in North America.

128. Upon information and belief, Ms. Jones is responsible for, provides direction and control over, and is authorized to direct all aspects of human resources functions across SCI's network.

129. Upon information and belief, due in part to her role of overseeing human resources, training and education, and payroll and commission services, in concert with others, Ms. Jones is actively involved in the creation of the illegal policies complained of in this case, including, but not limited to, the On Call Pay Policy, Community Work Policy, Training Compensation Policy, Pre-Needs Appointment Policy, Meal Break Deduction Policy, Pre-Approval for Overtime Pay Policy, Unrecorded Work Time Policy, and the policy regarding the calculation of Class Members' overtime.

130. Upon information and belief, due in part to her role of overseeing human resources, training and education, and payroll and commission services, in concert with others, Ms. Jones actively advises defendants' agents on the enforcement of the illegal policies complained of in this case, including, but not limited to, the On Call Pay Policy, Community

1  Work Policy, Training Compensation Policy, Pre-Needs Appointment Policy, Meal Break

2  Deduction Policy, Pre-Approval for Overtime Pay Policy, Unrecorded Work Time Policy, and

3  the policy regarding the calculation of Class Members' overtime.

4       131.   Upon information and belief, due in part to her role of overseeing human

5  resources, training and education, and payroll and commission services, in concert with others,

6  Ms. Jones actively ensures defendants' compliance or non-compliance with the state and

7  common laws asserted in this action.

8       132.   Upon information and belief, Ms. Jones, in concert with others, is actively

9  involved in reviewing and counseling defendants regarding employment decisions, including

10  hiring and firing of Class Members.

11       133.   Upon information and belief, Ms. Jones, in concert with others, is actively

12  involved in decisions that set employees' schedules, hours and standard benefit levels.

13       134.   Upon information and belief, Ms. Jones, in concert with others, is actively

14  involved decisions that set standard pay scales.

15       135.   Upon information and belief, Ms. Jones, in concert with others, is actively

16  involved in the determination and drafting of human resources policies, the resolution of issues

17  and disputes regarding policies and their application, the counseling locations receive

18  regarding human resources issues, and communications with employees about human

19  resources issues and policies.

20       136.   Upon information and belief, Ms. Jones, in concert with others, is actively

21  involved in defendants' employment and human resources records, including the systems for

22  keeping and maintaining those records.

23       137.   Upon information and belief, Ms. Jones, in concert with others, is actively

24  involved in training and education functions across SCI's network.

25       138.   Upon information and belief, Ms. Jones, in concert with others, is actively

26  involved in determining the type and scope of training employees must attend as well as any

27  compensation they receive for attending training.

28

1    139.    Upon information and belief, Ms. Jones, in concert with others, is actively

2  involved in payroll and commission functions across SCI's network.

3    140.    Upon information and belief, Ms. Jones, in concert with others, is actively

4  involved in the system for keeping and maintaining employees' payroll records, the timing and

5  method with which payment is conveyed to employees, and the manner and method in which

6  employees receive payroll information including their payroll checks.

7    141.    Upon information and belief, Ms. Jones, in concert with others, is actively

8  involved in benefit plans across SCI's network.

9    142.    Upon information and belief, Ms. Jones, in concert with others, is actively

10  involved in determining the type and scope of benefits available to employees, the method and

11  manner in which information regarding those plans is conveyed to employees, and the system

12  for keeping and maintaining records related to employees' benefits.

13    143.    Because Ms. Jones has authority to hire or fire employees, provide and direct

14  support regarding human resources issues, including the hiring and firing of employees, and

15  control the drafting and enforcement of the policies which govern the hiring and firing of

16  employees, Ms. Jones has the power to hire and fire employees.

17    144.    Because Ms. Jones has authority to establish work schedules and/or conditions of

18  employment, provide and direct support regarding human resources issues, including work

19  schedules and/or conditions of employment, control the drafting and enforcement of the

20  policies which govern employees' schedules and/or conditions of employment, establish the

21  type and scope of training employees receive, and administer employees' benefit programs,

22  including standard benefit levels and the type and scope of benefits available to employees,

23  Ms. Jones supervises and controls employees' work schedules and/or conditions of

24  employment.

25    145.    Because Ms. Jones has authority to establish employees' rate and method of

26  payment and centrally control payroll functions, including standard pay scales, the provision of

27  payroll information, and the timing of payment, Ms. Jones determines the rate and method of

28  employees' payment.

146.    Because Ms. Jones has authority with respect to defendants' centralized records, including a database regarding employees' employment records, and systems for keeping and maintaining payroll, benefits, and other employment-related records, Ms. Jones maintains employees' employment records.

147.    Because Ms. Jones provides day-to-day support regarding human resources issues, including employees' work schedules and/or conditions of employment, controls the drafting and enforcement of the policies which govern employees' schedules and/or conditions of employment, and administers employees' benefit programs, she is affirmatively, directly, and actively involved in operations of defendants' business functions, particularly in regards to the employment of Class Members.

148.    Because Ms. Jones is actively involved in the creation of the illegal policies complained of in this case, actively advises defendants' agents on the enforcement of the illegal policies complained of in this case and actively ensures defendants' compliance or non-compliance with the state and common laws asserted in this action, Ms. Jones actively participates in the violations complained of in this action.

149.    Based upon the foregoing, Ms. Jones is liable to Class Members because of her active role in operating the business, her role in the violations complained of in this action, her status as an employer, or otherwise according to state statutory and common law.

**Gwen Petteway Is Liable to Class Members**

150.    Defendant Gwen Petteway has acted as Human Resources Director of defendant SCI Houston since 2005.

151.    Ms. Petteway's job responsibilities include familiarity with the human resources services of the subsidiary and affiliate companies of SCI, as well as training and benefits provided to those companies.

152.    As Human resources Director, Ms. Petteway's job responsibilities include providing and/or supervising day-to-day human resources services and support for defendants' funeral home locations.

153.    Upon information and belief, due in part to her role as Human Resources

AMENDED COMPLAINT-CLASS ACTION
*Bryant et al v. Service Corp. Int'l. et al - Case No. RG 07359593*

1   Director, Ms. Petteway, in concert with others, is actively involved, and plays a central role, in

2   the creation of the illegal policies complained of in this case, including, but not limited to, the

3   On Call Pay Policy, Community Work Policy, Training Compensation Policy, Pre-Needs

4   Appointment Policy, Meal Break Deduction Policy, Pre-Approval for Overtime Pay Policy,

5   Unrecorded Work Time Policy, and the policy regarding the calculation of Class Members'

6   overtime.

7       154.   Upon information and belief, due in part to her role as Human Resources

8   Director, Ms. Petteway, in concert with others, actively, and in a central role, advises

9   defendants' agents on the enforcement of the illegal policies complained of in this case,

10   including, but not limited to, the On Call Pay Policy, Community Work Policy, Training

11   Compensation Policy, Pre-Needs Appointment Policy, Meal Break Deduction Policy, Pre-

12   Approval for Overtime Pay Policy, Unrecorded Work Time Policy, and the policy regarding

13   the calculation of Class Members' overtime.

14       155.   Upon information and belief, due in part to her role as Human Resources

15   Director, Ms. Petteway, in concert with others, is actively involved, and plays a central role, in

16   ensuring defendants' compliance or non-compliance with the state and common laws asserted

17   in this action.

18       156.   Upon information and belief, Ms. Petteway, in concert with others, is actively

19   involved, and plays a central role, in human resources functions across SCI's network.

20       157.   Upon information and belief, Ms. Petteway, in concert with others, is actively

21   involved, and plays a central role, in day-to-day human resources services and support.

22       158.   Upon information and belief, Ms. Petteway, in concert with others, is actively

23   involved, and plays a central role, in reviewing and counseling defendants regarding

24   employment decisions, including hiring and firing of Class Members.

25       159.   Upon information and belief, Ms. Petteway, in concert with others, is actively

26   involved, and plays a central role, in decisions that set employee's schedules, hours and

27   standard benefit levels.

28       160.   Upon information and belief, Ms. Petteway, in concert with others, is actively

1 | involved, and plays a central role, in decisions that set standard pay scales.

2 |     161.  Upon information and belief, Ms. Petteway, in concert with others, is actively
3 | involved, and plays a central role, in defendants' human resources policies, resolving issues
4 | and disputes regarding policies and their applications, counseling locations receive regarding
5 | human resources issues, providing day-to-day services and support regarding human resources
6 | issues, and communications with employees about human resources issues and policies.

7 |     162.  Upon information and belief, Ms. Petteway, in concert with others, is actively
8 | involved in defendants' employment and human resources records, including the systems for
9 | keeping and maintaining those records.

10 |     163.  Upon information and belief, Ms. Petteway, in concert with others, is actively
11 | involved, and plays a central role, in training and education functions across SCI's network.

12 |     164.  Upon information and belief, Ms. Petteway, in concert with others, is actively
13 | involved, and plays a central role, in decisions that determine the type and scope of training
14 | employees must attend as well as any compensation they receive for attending training.

15 |     165.  Upon information and belief, Ms. Petteway, in concert with others, is actively
16 | involved, and plays a central role, in payroll and commission functions across SCI's network.

17 |     166.  Upon information and belief, Ms. Petteway, in concert with others, is actively
18 | involved in the system for keeping and maintaining employees' payroll records, the timing and
19 | method with which payment is conveyed to employees, and the manner and method in which
20 | employees receive payroll information including their payroll checks.

21 |     167.  Upon information and belief, Ms. Petteway, in concert with others, is actively
22 | involved, and plays a central role, in defendants' benefit plans.

23 |     168.  Upon information and belief, Ms. Petteway, in concert with others, is actively
24 | involved, and plays a central role, in the type and scope of benefits available to employees, the
25 | method and manner in which information regarding those plans is conveyed to employees, and
26 | the system for keeping and maintaining records related to employees' benefits.

27 |     169.  Because Ms. Petteway has authority to hire or fire employees, provide and direct
28 | support regarding human resources issues, including the hiring and firing of Class Members,

1   and control the drafting and enforcement of the policies which govern the hiring and firing of

2   employees, Ms. Petteway has the power to hire and fire employees.

3       170.   Because Ms. Petteway has authority to establish work schedules and/or

4   conditions of employment, provide and direct support regarding human resources issues,

5   including work schedules and/or conditions of employment, control the drafting and

6   enforcement of the policies which govern employees' schedules and/or conditions of

7   employment, establish the type and scope of training employees receive, and administer

8   employees' benefit programs, including standard benefit levels and the type and scope of

9   benefits available to employees, Ms. Petteway supervises and controls employees' work

10  schedules and/or conditions of employment.

11      171.   Because Ms. Petteway has authority to establish employees' rate and method of

12  payment and centrally control payroll functions, including standard pay scales, the provision of

13  payroll information, and the timing of payment, Ms. Petteway determines the rate and method

14  of employees' payment.

15      172.   Because Ms. Petteway has authority with respect to defendants' centralized

16  records, including a database regarding employees' employment records, and systems for

17  keeping and maintaining payroll, benefits, and other employment-related records, Ms.

18  Petteway maintains employees' employment records.

19      173.   Because Ms. Petteway is actively involved, or plays a central role, in day-to-day

20  support regarding human resources issues, including employees' work schedules and/or

21  conditions of employment, controls the drafting and enforcement of the policies which govern

22  employees' schedules and/or conditions of employment, and administers employees' benefit

23  programs, she is affirmatively, directly, and actively involved in operations of defendants'

24  business functions, particularly in regards to the employment of Class Members.

25      174.   Because Ms. Petteway is actively involved, or plays a central role, in the creation

26  of the illegal policies complained of in this case, actively advises defendants' agents on the

27  enforcement of the illegal policies complained of in this case and actively ensures defendants'

28  compliance or non-compliance with the state and common laws asserted in this action, she

AMENDED COMPLAINT-CLASS ACTION
*Bryant et al v. Service Corp. Int'l. et al - Case No. RG 07359593*

1  actively participates, or plays a central role, in the violations complained of in this action.

2  175.  Based upon the foregoing, Ms. Petteway is liable to Class Members because of

3  her status as an employer according to state statutory and common law.

4  **Thomas Ryan Is Liable to Class Members**

5  176.  Defendant Thomas Ryan has acted as President and Chief Executive Officer of

6  SCI since in or around 2003.

7  177.  Upon information and belief, Mr. Ryan's responsibilities include actively

8  managing SCI and its network.

9  178.  Upon information and belief, in concert with others, Mr. Ryan has the authority

10  to, and does, make decisions that concern the policies defendants adopt and the implementation

11  of those policies.

12  179.  Upon information and belief, in concert with others, Mr. Ryan has the authority

13  to, and does, make decisions that concern defendants' operations, including functions related to

14  employment, human resources, training, payroll, and benefits.

15  180.  Upon information and belief, due in part to his role as President and Chief

16  Executive Officer, Mr. Ryan is actively involved in the creation of the illegal policies

17  complained of in this case, including, but not limited to, the On Call Pay Policy, Community

18  Work Policy, Training Compensation Policy, Pre-Needs Appointment Policy, Meal Break

19  Deduction Policy, Pre-Approval for Overtime Pay Policy, Unrecorded Work Time Policy, and

20  the policy regarding the calculation of Class Members' overtime.

21  181.  Upon information and belief, due in part to his role as President and Chief

22  Executive Officer, Mr. Ryan actively advises defendants' agents on the enforcement of the

23  illegal policies complained of in this case, including, but not limited to, the On Call Pay Policy,

24  Community Work Policy, Training Compensation Policy, Pre-Needs Appointment Policy,

25  Meal Break Deduction Policy, Pre-Approval for Overtime Pay Policy, Unrecorded Work Time

26  Policy, and the policy regarding the calculation of Class Members' overtime.

27  182.  Upon information and belief, due in part to his role as President and Chief

28  Executive Officer, Mr. Ryan actively ensures defendants' compliance or non-compliance with

the state and common laws asserted in this action.

183.  Upon information and belief, in concert with others, Mr. Ryan has the authority to, and does, make decisions that concern the reviewing and counseling of defendants regarding employment decisions, including hiring and firing of Class Members.

184.  Upon information and belief, in concert with others, Mr. Ryan has the authority to, and does, make decisions that concern employees' schedules, hours and standard benefit levels.

185.  Upon information and belief, in concert with others, Mr. Ryan has the authority to, and does, make decisions that concern standard pay scales.

186.  Upon information and belief, in concert with others, Mr. Ryan has the authority to, and does, make decisions that concern defendants' human resources policies, the resolution issues and disputes regarding policies and their applications, the counsel locations receive regarding human resources issues, and communications with employees about human resources issues and policies.

187.  Upon information and belief, in concert with others, Mr. Ryan has the authority to, and does, make decisions that concern defendants' employment and human resources records, including the systems for keeping and maintaining those records.

188.  Upon information and belief, in concert with others, Mr. Ryan has the authority to, and does, make decisions that concern training and education functions across SCI's network.

189.  Upon information and belief, in concert with others, Mr. Ryan has the authority to, and does, make decisions that concern the type and scope of training employees must attend as well as any compensation they receive for attending training.

190.  Upon information and belief, in concert with others, Mr. Ryan has the authority to, and does, make decisions that concern payroll and commission functions across SCI's network.

191.  Upon information and belief, in concert with others, Mr. Ryan has the authority to, and does, make decisions that concern the system for keeping and maintaining employees'

1 | payroll records, the timing and method with which payment is conveyed to employees, and the

2 | manner and method in which employees receive payroll information including their payroll

3 | checks.

4 |     192.   Upon information and belief, in concert with others, Mr. Ryan has the authority

5 | to, and does, make decisions that concern benefit plans across SCI's network.

6 |     193.   Upon information and belief, in concert with others, Mr. Ryan has the authority

7 | to, and does, make decisions that concern the type and scope of benefits available to

8 | employees, the method and manner in which information regarding those plans is conveyed to

9 | employees, and the system for keeping and maintaining records related to employees' benefits.

10 |     194.   Because Mr. Ryan has authority to hire or fire employees, provide and direct

11 | support regarding human resources issues, including the hiring and firing of Class Members,

12 | and control the drafting and enforcement of the policies which govern the hiring and firing of

13 | employees, Mr. Ryan has the power to hire and fire employees.

14 |     195.   Because Mr. Ryan has authority to establish work schedules and/or conditions of

15 | employment, provide and direct support regarding human resources issues, including work

16 | schedules and/or conditions of employment, control the drafting and enforcement of the

17 | policies which govern employees' schedules and/or conditions of employment, establish the

18 | type and scope of training employees receive, and administer employees' benefit programs,

19 | including standard benefit levels and the type and scope of benefits available to employees,

20 | Mr. Ryan supervises and controls employees' work schedules and/or conditions of

21 | employment.

22 |     196.   Because Mr. Ryan has authority to establish employees' rate and method of

23 | payment and centrally control payroll functions, including standard pay scales, the provision of

24 | payroll information, and the timing of payment, Mr. Ryan determines the rate and method of

25 | employees' payment.

26 |     197.   Because Mr. Ryan has authority with respect to defendants' centralized records,

27 | including a database regarding employees' employment records, and systems for keeping and

28 | maintaining payroll, benefits, and other employment-related records, Mr. Ryan maintains

employees' employment records.

198.  Because Mr. Ryan provides day-to-day support regarding human resources issues, including employees' work schedules and/or conditions of employment, controls the drafting and enforcement of the policies which govern employees' schedules and/or conditions of employment, and administers employees' benefit programs, he is affirmatively, directly, and actively involved in operations of the defendants' business functions, particularly in regards to the employment of Class Members.

199.  Because Mr. Ryan is actively involved in the creation of the illegal policies complained of in this case, actively advises defendants' agents on the enforcement of the illegal policies complained of in this case and actively ensures defendants' compliance or non-compliance with the state and common laws asserted in this action, he actively participates in the violations complained of in this action.

200.  Based upon the foregoing, Mr. Ryan is liable to Class Members because of his active role in operating the business, his status as an employer, or according to state statutory and common law.

***Curtis Briggs Is Liable to Class Members***

201.  Defendant Curtis Briggs is President and/or Vice President of various entities owned by SCI, some of which are also related to the SCI Cooperative and/or the SCI Support Centers.

202.  Mr. Briggs is Vice President for the General Partner of SCI Eastern; Vice President for the General Partner of SCI Houston; President and/or Vice President of the SCI Cooperative; President and/or Vice President of SCI Western.

203.  Additionally, Mr. Briggs has executed employment contracts with various executives in his role as Vice President of SCI Executive Services, Inc.

204.  Upon information and belief, Mr. Briggs's responsibilities include actively managing the entities for which he is an officer and the defendants' network.

205.  Upon information and belief, in concert with others, Mr. Briggs has the authority to, and does, make decisions that concern the policies defendants adopt and for the

-30-

implementation of those policies.

206.    Upon information and belief, in concert with others, Mr. Briggs has the authority to, and does, make decisions that concern defendants' operations, including functions related to employment, human resources, training, payroll, and benefits.

207.    Upon information and belief, due in part to his numerous roles, Mr. Briggs is actively involved in the creation of the illegal policies complained of in this case, including, but not limited to, the On Call Pay Policy, Community Work Policy, Training Compensation Policy, Pre-Needs Appointment Policy, Meal Break Deduction Policy, Pre-Approval for Overtime Pay Policy, Unrecorded Work Time Policy, and the policy regarding the calculation of Class Members' overtime.

208.    Upon information and belief, due in part to his numerous roles, Mr. Briggs actively advises defendants' agents on the enforcement of the illegal policies complained of in this case, including, but not limited to, the On Call Pay Policy, Community Work Policy, Training Compensation Policy, Pre-Needs Appointment Policy, Meal Break Deduction Policy, Pre-Approval for Overtime Pay Policy, Unrecorded Work Time Policy, and the policy regarding the calculation of Class Members' overtime.

209.    Upon information and belief, due in part to his numerous roles, Mr. Briggs actively ensures defendants' compliance or non-compliance with the state and common laws asserted in this action.

210.    Upon information and belief, in concert with others, Mr. Briggs has the authority to, and does, make decisions that concern the reviewing and counseling of defendants regarding employment decisions, including hiring and firing of Class Members.

211.    Upon information and belief, in concert with others, Mr. Briggs has the authority to, and does, make decisions that concern the setting of employees' schedules, hours and standard benefit levels.

212.    Upon information and belief, in concert with others, Mr. Briggs has the authority to, and does, make decisions that concern the setting of standard pay scales.

213.    Upon information and belief, in concert with others, Mr. Briggs has the authority

AMENDED COMPLAINT-CLASS ACTION
Bryant et al v. Service Corp. Int'l. et al - Case No. RG 07359593

1  to, and does, make decisions that concern defendants' human resources policies, issues and

2  disputes regarding policies and their applications, the counsel locations receive regarding

3  human resources issues, and communications with employees about human resources issues

4  and policies.

5      214.  Upon information and belief, in concert with others, Mr. Briggs has the authority

6  to, and does, make decisions that concern defendants' employment and human resources

7  records, including the systems for keeping and maintaining those records.

8      215.  Upon information and belief, in concert with others, Mr. Briggs has the authority

9  to, and does, make decisions that concern training and education functions across defendants'

10  network.

11      216.  Upon information and belief, in concert with others, Mr. Briggs has the authority

12  to, and does, make decisions that concern the type and scope of training employees must attend

13  as well as any compensation they receive for attending training.

14      217.  Upon information and belief, in concert with others, Mr. Briggs has the authority

15  to, and does, make decisions that concern payroll and commission functions across defendants'

16  network.

17      218.  Upon information and belief, in concert with others, Mr. Briggs has the authority

18  to, and does, make decisions that concern the system for keeping and maintaining employees'

19  payroll records, the timing and method with which payment is conveyed to employees, and the

20  manner and method in which employees receive payroll information including their payroll

21  checks.

22      219.  Upon information and belief, in concert with others, Mr. Briggs has the authority

23  to, and does, make decisions that concern benefit plans across defendants' network.

24      220.  Upon information and belief, in concert with others, Mr. Briggs has the authority

25  to, and does, make decisions that concern the type and scope of benefits available to

26  employees, the method and manner in which information regarding those plans is conveyed to

27  employees, and the system for keeping and maintaining records related to employees' benefits.

28      221.  Because Mr. Briggs has authority to hire or fire employees, provide and direct

1    support regarding human resources issues, including the hiring and firing of employees, and

2    control the drafting and enforcement of the policies which govern the hiring and firing of

3    employees, Mr. Briggs has the power to hire and fire employees.

4         222.   Because Mr. Briggs has authority to establish work schedules and/or conditions

5    of employment, provide and direct support regarding human resources issues, including work

6    schedules and/or conditions of employment, control the drafting and enforcement of the

7    policies which govern employees' schedules and/or conditions of employment, establish the

8    type and scope of training employees receive, and administer employees' benefit programs,

9    including standard benefit levels and the type and scope of benefits available to employees,

10   Mr. Briggs supervises and controls employees' work schedules and/or conditions of

11   employment.

12        223.   Because Mr. Briggs has authority to establish employees' rate and method of

13   payment and centrally control payroll functions, including standard pay scales, the provision of

14   payroll information, and the timing of payment, Mr. Briggs determines the rate and method of

15   employees' payment.

16        224.   Because Mr. Briggs has authority with respect to defendants' centralized records,

17   including a database regarding employees' employment records, and systems for keeping and

18   maintaining payroll, benefits, and other employment-related records, Mr. Briggs maintains

19   employees' employment records.

20        225.   Because Mr. Briggs provides support regarding human resources issues,

21   including employees' work schedules and/or conditions of employment, controls the drafting

22   and enforcement of the policies which govern employees' schedules and/or conditions of

23   employment, and administers employees' benefit programs, he is affirmatively, directly, and

24   actively involved in operations of defendants' business functions, particularly in regards to the

25   employment of Class Members.

26        226.   Because Mr. Briggs is actively involved in the creation of the illegal policies

27   complained of in this case, actively advises defendants' agents on the enforcement of the

28   illegal policies complained of in this case, and actively ensures defendants' compliance or non-



1  compliance with the state and common laws asserted in this action, Mr. Briggs actively

2  participates in the violations complained of in this action.

3      227.   Based upon the foregoing, Mr. Briggs is liable to Class Members because of his

4  active role in operating the business, his status as an employer, or according to state statutory

5  and common law.

6  **IV.    CLASS ACTION ALLEGATIONS**

7      228.   The claims arising under the state wage laws set forth below are properly

8  maintainable as a class action under Cal. Civ. Proc. § 382.

9      229.   Class Members are those employees and former employees of defendants who

10 were suffered or permitted to work by defendants and not paid their regular or statutorily

11 required rate of pay for all hours worked.

12     230.   The class size is believed to be over 10,000 employees, a significant percentage

13 of whom are within California.

14     231.   Common questions of law and fact predominate in this action because the claims

15 of all Class Members are based on whether defendants' practice of not paying nonexempt

16 employees their regular or statutorily required rate of pay for all hours worked violates

17 California state law and the state laws of the various other states in which defendants do

18 business.

19     232.   Common questions of law and fact include, but are not limited to, the following:

20         a.   Whether Class Members are entitled to payment for all of the time they
            worked for defendants.
21
22         b.   Whether Class Members are entitled to payment at overtime rates for all of
            the time they worked for defendants in excess of 40 hours per week and/or in
23         excess of 8 hours per day.

24         c.   Whether defendants' employment policies violated defendants' legal
            obligation to pay Class Members for all of the time they worked for
25         defendants.

26         d.   Whether defendants' employment policies violated defendants' legal
27         obligation to pay Class Members at overtime rates for all of the time they
            worked for defendants in excess of 40 hours per week and/or in excess of 8
28

-34-

1    hours per day.

2    233.   The named plaintiffs' claims are typical of, and concurrent to, the claims of Class

3    Members, because they are similarly situated.  The named plaintiffs and all Class Members

4    were subjected to defendants' policies and practices of failing to compensate employees for

5    overtime work.

6    234.   The named plaintiffs will fairly and adequately represent and protect the interests

7    of Class Members.  The class counsel, Rosen, Bien & Galvan, LLP, Dolin, Thomas &

8    Solomon LLP and Margolis Edelstein, are qualified and able to litigate Class Members'

9    claims.  The class counsel are experienced in employment litigation, and their attorneys are

10   experienced in class action litigation, including class actions arising under federal and state

11   wage and hour laws.

12   235.   There are no known conflicts of interest between and among Class Members.

13   236.   A class action is superior to other available means for the fair and efficient

14   adjudication of this controversy.  Individual joinder of all Class Members is not practicable,

15   and questions of law and fact common to the Class predominate over any questions affecting

16   only individual members of the Class.  Each Class Member has been damaged and is entitled

17   to recovery by reason of defendants' illegal policy and/or practice of permitting, suffering,

18   and/or failing to pay employees their regular or statutorily required rate of pay for all hours

19   worked.  Class action treatment will allow those similarly situated persons to litigate their

20   claims in the manner that is most efficient and economical for the parties and the judicial

21   system.

22

23

24

25   V.    FACTUAL BACKGROUND

26   237.   Class Members are those employees and former employees of defendants who

27   were suffered or permitted to work by defendants and not paid their regular or statutorily

28   required rate of pay for all hours worked.

-35-
AMENDED COMPLAINT-CLASS ACTION
*Bryant et al v. Service Corp. Int'l. et al - Case No. RG 07359593*

1    238.   Defendants' policy and/or practice was to not compensate Class Members their

2  regular or statutorily required rate of pay for work defendants suffered or permitted Class

3  Members to perform.

4    239.   Defendants knew Class Members were supposed to receive such wages,

5  however, defendants willfully failed to pay for all hours when Class Members worked.

6    240.   Defendants' practice is to be deliberately indifferent to violations of the statutory

7  overtime requirements.

8    241.   The failure to pay overtime is willful.

9    242.   Examples of defendants' policies and practices to deprive Class Members of

10  their earned wages and wage premiums are set forth below:

11      a.  Defendants implemented an "On Call Pay Policy."  Under the policy,
           employees were suffered or permitted to perform work by handling calls and
12          other work related issues after normal business hours, but defendants would
           not compensate employees for all work performed.
13

14      b.  Defendants implemented a "Community Work Policy."  Under the policy,
           defendants suffered or permitted their employees to perform "Community
15          Work" so as to increase revenues for defendants. Defendants did not
           compensate the employees for such time spent in Community Work in
16          furtherance of the employer's business under the "Community Work Policy."

17
        c.  Defendants' implemented a "Training Compensation Policy."  Under the
18          policy, defendants suffered or permitted their employees to take various types
           of training.  Defendants did not pay for such training, despite suffering or
19          permitting employees to perform such work.

20
        d.  Defendants implemented a "Pre-Needs Appointment Policy."  Defendants
21          suffered or permitted employees to meet with clients to discuss pre-need
           purchases.  To the degree that such appointments were not considered part of
22          the employees' schedule, the employees were suffered or permitted to
           continue the appointments, but were not paid for such time worked under the
23          "Pre-Needs Appointment Policy."  Defendants' management would
           sometimes attempt to justify this policy on the grounds that the employee
24          would likely receive a commission if the client purchased a pre-needs
25          product.

26
        e.  Defendants implemented a "Meal Break Deduction Policy."  Under the
27          policy, defendants did not pay for meal breaks.  Defendants did, however,
           suffer and permit employees to perform work during such meal breaks, but
28

pursuant to defendants' "Meal Break Deduction Policy," time spent on meal "breaks" was still deducted from the employee's pay even when defendants suffered or permitted work to be performed during such "breaks."

f.  Defendants implemented a "Pre-Approval for Overtime Pay Policy." Under this policy, defendants only permitted payments for overtime if the overtime was pre-approved. Defendants suffered or permitted employees to work overtime and therefore, employees were entitled to overtime payments. However, defendants refused to make the legally required payments because the time was not "pre-approved" as required under the "Pre-Approval for Overtime Pay Policy."

g.  Defendants implemented an "Unrecorded Work Time Policy." Under this policy, defendants suffered or permitted employees to perform work, but directed that such work not be recorded. Defendants then refused to pay for the time worked under the "Unrecorded Work Time Policy" because, even though defendants knew such time had been worked, it had not been "recorded."

h.  Defendants' policy was to not include all remuneration (such as bonuses and commissions) in the calculation of Class Members' overtime.

243.  Defendants also failed to make, keep and preserve adequate and accurate records of the employment of Class Members concerning their wages, hours and other conditions of employment.

244.  More specifically, the records kept by defendants failed to adequately and accurately disclose among other things, hours worked each work day, the total hours worked each work week and/or the total overtime compensation for each work week.

245.  Defendants failed to pay full compensation to Class Members who are no longer employed by defendants promptly after those Class Members were discharged, laid off or resigned. In fact, defendants' failure to fully compensate those Class Members is continuing.

## FIRST CAUSE OF ACTION

## VIOLATION OF CALIFORNIA LABOR LAWS (by all plaintiffs against all defendants)

246.  The preceding paragraphs are incorporated as if fully set forth herein.

**Failure to Pay Overtime Compensation**

247.    Defendants willfully violated their obligations under California law, including those under California Labor Code §1194, *et seq.*, by failing to pay Class Members the legal overtime compensation applicable to Class Members.

248.    As a direct and proximate cause of defendants' actions, Class Members have suffered damages.

**Failure to Immediately Pay Wages Upon Discharge/Layoff/Resignation**

249.    Defendants willfully violated their obligations under California law, including those under California Labor Code § 201, *et seq.*, by willfully failing to pay Class Members who have been discharged or laid off all wages earned and unpaid at the time of discharge or layoff.

250.    Defendants willfully violated their obligations under California law, including those under California Labor Code § 202, *et seq.*, by willfully failing to pay Class Members who have resigned all wages earned and unpaid at the time of resignation, or within 72 hours thereafter.

251.    Defendants did not pay Class Members who were discharged, were laid off or resigned their regular or statutorily required rate of pay for all hours worked, as required by California law. Defendants' failure to pay those amounts is ongoing.

252.    As a direct and proximate cause of defendants' actions, Class Members have suffered damages.

253.    Defendants are liable to Class Members for statutory penalties, pursuant to California Labor Code § 203, in the amounts set forth therein.

**Failure to Provide Required Meal and Rest Periods**

254.    Defendants willfully violated their obligations under California law, including those under California Labor Code §§ 226.7 and 512, *et seq.*, by willfully failing to provide Class Members with legally required meal and rest periods.

255.    Defendants repeatedly and regularly interrupted Class Members' meal and rest periods and/or required Class Members to forego their meal and rest periods.

256.    Defendants failed to compensate Class Members for missed meal and rest breaks.

257.    As a direct and proximate cause of defendants' actions, Class Members have suffered damages.

**Failure to Furnish Timely and Accurate Wage Statements**

258.    Defendants willfully violated their obligations under California law, including those under California Labor Code §§ 226(a) and 226.3, *et seq.*, by willfully failing to provide Class Members with timely and accurate wage statements as required by California law.

259.    As a direct and proximate cause of defendants' actions, Class Members have suffered damages.

260.    Wherefore, Class Members request relief as described below.

## SECOND CAUSE OF ACTION

**STATE WAGE AND HOUR LAWS (by all plaintiffs against all defendants)**

261.    The preceding paragraphs are incorporated as if fully set forth herein.

262.    Defendants willfully violated their obligations to properly compensate Class Members under the wage laws of the states in which defendants do business including:

    a.  Alaska Stat. § 23.10.050, *et seq.*;

    b.  Arizona Rev. Stat. § 23-201, *et seq.*;

    c.  Arkansas Code § 11-4-201, *et seq.*;

    d.  Colorado Rev. Stat. § 8-6-101, *et seq.*;  Colorado Code Regs. § 1103-1, *et seq.*;

    e.  Connecticut Gen. Stat. § 31-58, *et seq.*;

    f.  D.C. Code § 32-1001, *et seq.*;

    g.  820 Illinois Comp. Stat. 105/1, *et seq.*;  820 Illinois Comp. Stat. 105/12(a); 820 Illinois Comp. Stat. 115/1, *et seq.*;

    h.  Indiana Code § 22-2-2-1, *et seq.*;  Indiana Code § 22-2-2-4, *et seq.*;  Indiana Code § 22-2-5-1, *et seq.*;  Indiana Code § 22-2-9-2, *et seq.*;

    i.  Kansas Stat. § 44-1201, *et seq.*;

    j.  Kentucky Rev. Stat. § 337.010, *et seq.*;

    k.  Louisiana Rev. Stat. § 23:631, *et seq.*;

l.  Maine Rev. Stat. Tit. 26 § 665 *et seq.*;

m.  Maryland Code, Lab. & Empl. § 3-401, *et seq.*;

n.  Massachusetts Gen. Laws Ch. 151, § 1, *et seq.*;  Massachusetts Gen. Laws Ch. 149, § 148, *et seq.*;  Massachusetts Gen. Laws Ch. 149, § 100, *et seq.*;

o.  Michigan Comp. Laws § 408.381, *et seq.*;

p.  Minnesota Stat. § 177.21, *et seq.*;  Minnesota Stat. § 181.13, *et seq.*;

q.  Missouri Stat. § 290.500 *et seq.*;

r.  Montana Code § 39-3-401, *et seq.*;

s.  Nevada Rev. Stat. § 608.005, *et seq.*;

t.  New Hampshire Rev. Stat. § 279:1, *et seq.*;

u.  New Jersey Stat. § 34.11-56a, *et seq.*;

v.  New Mexico Stat. § 50-4-1, *et seq.*;

w.  New York Lab. Law § 160, *et seq.*;

x.  North Carolina Gen. Stat. § 95-25.1, *et seq.*;

y.  Ohio Rev. Code § 4111.01, *et seq.*;

z.  Oregon Rev. Stat. § 653.005, *et seq.*;

aa. 43 Pennsylvania Stat. § 333.101, *et seq.*;  43 Pennsylvania Stat. § 206.3, *et seq.*;

bb. 29 Laws of Puerto Rico §250, *et seq.*;

cc. Rhode Island Gen. Laws § 28-12-1, *et seq.*;

dd. South Carolina Code § 41-10-10, *et seq.*;

ee. Washington Rev. Code § 49.46.005, *et seq.*;

ff. West Virginia Code § 21-5C-1, *et seq.*;

gg. Wisconsin Stat. § 104.001, *et seq.*

263.  As a direct and proximate cause of defendants' violations of these statutes, Class Members have suffered damages.

264.    Wherefore, Class Members request relief as described below.

## THIRD CAUSE OF ACTION

### UNJUST ENRICHMENT/RESTITUTION (by all plaintiffs against all defendants)

265.    The preceding paragraphs are incorporated as if fully set forth herein.

266.    Defendants have received financial gain at the expense of Class Members.

267.    Defendants have received that financial gain under such circumstances that, in equity and good conscience, defendants ought not to be allowed to profit at the expense of Class Members.

268.    Defendants' willful failure to pay overtime wages for work performed for defendants has unjustly enriched defendants to the detriment of Class Members.  As a result of this conduct,  the common laws and state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, West Virginia, and Wisconsin, imply a contract obligating defendants to make restitution to Class Members, in the amount by which, in equity and good conscience, defendants have been unjustly enriched.

269.    As a direct and proximate cause of defendants' actions, Class Members have suffered damages.

270.    Wherefore, Class Members request relief as described below.

## FOURTH CAUSE OF ACTION

### CONVERSION (by all plaintiffs against all defendants)

271.    The preceding paragraphs are incorporated as if fully set forth herein.

272.    At all relevant times, defendants had and continued to have a legal obligation to pay Class Members all earnings and overtime due.  The wages belong to Class Members as of the time the labor and services were provided to defendants and, accordingly, the wages for

-41-

1 | services performed are the property of the Class Members.

2 |     273.   In refusing to pay wages and overtime to Class Members, defendants knowingly,

3 | unlawfully and intentionally took, appropriated and converted the wages and overtime earned

4 | by Class Members for defendants' own use, purpose and benefit.  At the time the conversion

5 | took place, Class Members were entitled to immediate possession of the amount of wages and

6 | overtime earned.  As a result, Class Members have been denied the use and enjoyment of their

7 | property and have been otherwise damaged in an amount to be proven at trial.  This conversion

8 | was willful, oppressive, malicious, and fraudulent and/or done with conscious disregard of the

9 | rights of the Class Members.  This conversion was concealed from Class Members.

10 |     274.   Defendants willfully violated their obligations under the common laws and the

11 | state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, District

12 | of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky,

13 | Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri,

14 | Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North

15 | Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina,

16 | Tennessee, Texas, Utah, Virginia, Washington, West Virginia, and Wisconsin and are liable to

17 | Class Members.

18 |     275.   As a result of defendants' actions, Class Members were damaged and are entitled

19 | to all funds converted by defendants with interest thereon, all profits resulting from such

20 | conversion, and punitive or exemplary damages.

21 |     276.   Wherefore, Class Members request relief as described below.

22 | **FIFTH CAUSE OF ACTION**

23 | **FRAUD AND DECEIT (by all plaintiffs against all defendants)**

24 |     277.   The preceding paragraphs are incorporated as if fully set forth herein.

25 |     278.   Defendants, through their corporate publications and through statements of their

26 | agents, represented that wages would be paid legally and in accordance with defendants'

27 | obligations pursuant to applicable federal and state laws.  For example, defendants falsely

28 | stated in their policy manuals that "[o]vertime is defined as any hours worked in excess of 40

1    hours per week as mandated by federal law. ... Nonexempt employees shall be paid at a rate of

2    one and one-half (1) times their hourly rate for all overtime hours worked."

3        279.    Defendants, however, at all times intended to violate applicable federal and state

4    laws by failing to pay Class Members their regular or statutorily required rate of pay for all

5    hours worked.

6        280.    These misrepresentations were material to the terms of Class Members'

7    employment contracts, and Class Members relied on the misrepresentations in agreeing to

8    accept and continue employment with defendants.  This reliance was reasonable, as Class

9    Members had every right to believe that defendants would abide by their obligations pursuant

10   to applicable federal and state law.

11       281.    Defendants willfully violated their obligations by committing fraud against Class

12   Members under the common laws and the state laws of Alabama, Alaska, Arizona, Arkansas,

13   California, Colorado, Connecticut, District of Columbia, Florida, Georgia, Hawaii, Idaho,

14   Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts,

15   Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire,

16   New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon,

17   Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Utah, Virginia,

18   Washington, West Virginia, and Wisconsin and are liable to Class Members.

19       282.    As a direct and proximate cause of the fraud committed by defendants, Class

20   Members did not receive the statutorily mandated wages for overtime and suffered damages.

21       283.    Defendants acted maliciously when they committed the wrongful acts which

22   constitute this cause of action such that it warrants the imposition of punitive and exemplary

23   damages.

24       284.    Wherefore, Class Members request relief as described below.

25                                **SIXTH CAUSE OF ACTION**

26           **MISREPRESENTATION (by all plaintiffs against all defendants)**

27       285.    The preceding paragraphs are incorporated as if fully set forth herein.

28

286.    In particular, Class Members incorporate and refer to paragraphs 278 through 280 above, regarding the material misrepresentations made by defendants.

287.    When defendants hired Class Members, they represented to Class Members that they would be fully compensated for all services performed, as more fully set forth above.

288.    There was no reasonable basis for defendants to believe these representations because defendants had a continuing practice and policy of failing to pay their employees their regular or statutorily required rate of pay for all hours worked.

289.    Class Members relied upon defendants' representations by performing work and services for defendants. This reliance was reasonable, as Class Members had every right to believe that defendants would abide by their obligations pursuant to applicable federal and state law.

290.    Defendants willfully violated their obligations under the common laws and the state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, West Virginia, and Wisconsin by misrepresenting to Class Members that they would be fully compensated for all services performed and are liable to Class Members.

291.    As a result of their reliance upon defendants' misrepresentations, Class Members suffered damages because they were not appropriately compensated with the regular or statutorily required rate of pay for all hours worked.

292.    As a direct and proximate result of defendants' negligent misrepresentation, Class Members suffered damages.

293.    Wherefore, Class Members request relief as described below.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SEVENTH CAUSE OF ACTION

**BREACH OF CONTRACT (by all plaintiffs against all defendants)**

294.    The preceding paragraphs are incorporated as if fully set forth herein.

295.    By entering into an employment relationship, defendants and each Class Member entered into a contract for employment.

296.    Each such contract included an implied or express term that defendants agreed to fulfill all of their obligations pursuant to applicable state and federal law.

297.    Defendants willfully breached the implied contract term by failing to pay Class Members for all of the time Class Members worked and by failing to pay Class Members their regular or statutorily required rate of pay for all hours worked.

298.    Defendants willfully violated their obligations under the common laws and the state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, West Virginia, and Wisconsin and are liable to Class Members.

299.    As a direct and proximate cause of defendants' breach of their contracts with Class Members, Class Members have suffered damages.

300.    Wherefore, Class Members request relief as described below.

## EIGHTH CAUSE OF ACTION

**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

**(by all plaintiffs against all defendants)**

301.    The preceding paragraphs are incorporated as if fully set forth herein.

302.    The unwritten contract for at-will employment between Class Members and defendants contained an implied covenant of good faith and fair dealing, which obligated defendants to perform the terms and conditions of the employment contract fairly and in good

-45-

AMENDED COMPLAINT-CLASS ACTION

*Bryant et al v. Service Corp. Int'l. et al - Case No. RG 07359593*

1 faith and to refrain from doing any act that would violate any state or federal law governing the

2 employment relationship or any act that would deprive Class Members of the benefits of the

3 contract.

4     303.   Defendants breached the implied covenant of good faith and fair dealing by

5 failing to pay Class Members the wages and overtime that was due to Class Members.

6     304.   Defendants willfully violated their obligations under the common laws and the

7 state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, District

8 of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky,

9 Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri,

10 Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North

11 Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina,

12 Tennessee, Texas, Utah, Virginia, Washington, West Virginia, and Wisconsin and are liable to

13 Class Members.

14     305.   As a direct and proximate cause of defendants' breach of the implied covenant of

15 good faith and fair dealing, Class Members have suffered damages.

16     306.   Wherefore, Class Members request relief as described below.

17 <div align="center">**NINTH CAUSE OF ACTION**</div>

18 <div align="center">**QUANTUM MERUIT (by all plaintiffs against all defendants)**</div>

19     307.   The preceding paragraphs are incorporated as if fully set forth herein.

20     308.   Defendants willfully violated their obligations by failing to pay Class Members

21 for the reasonable value of the services performed by Class Members for defendants under the

22 common laws and the state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado,

23 Connecticut, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa,

24 Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota,

25 Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New

26 Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico,

27 Rhode Island, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, West Virginia,

28 and Wisconsin and are liable to Class Members under quantum meruit.

309.   As a direct and proximate cause of defendants' failure to pay Class Members for the reasonable value of services performed by Class Members for defendants, Class Members suffered damages.

310.   Wherefore, Class Members request relief as described below.

### TENTH CAUSE OF ACTION

### UNLAWFUL BUSINESS PRACTICES (by all plaintiffs against all defendants)

311.   The preceding paragraphs are incorporated as if fully set forth herein.

312.   Defendants' failure to pay Class Members for all time worked constitutes unfair competition and unlawful, unfair, and fraudulent business acts and practices in violation of California Business and Professional Code § 17200, *et seq.*

313.   The conduct of defendants in failing to pay Class Members for all time worked constitutes and was intended to constitute unfair competition and unlawful unfair and fraudulent business acts and practices within the meaning of California Business and Professional Code § 17200, *et seq.*

314.   As a result of defendants' violations of California Business and Professional Code § 17200, *et seq.*, defendants have unjustly enriched themselves at the expense of Class Members.

315.   To prevent their unjust enrichment, defendants should be required, pursuant to California Business and Professional Code §§ 17203 and 17204, to disgorge their illegal gains for purpose of making full restitution to all injured Class Members.  Defendants should also be permanently enjoined from continuing their violations of California Business and Professional Code § 17200, *et seq.*

316.   Defendants willfully violated their obligations under the California Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.) and are liable to Class Members.

317.   Wherefore, Class Members request relief as described below.

### PRAYER FOR RELIEF

**WHEREFORE**, Class Members demand judgment against defendants in their favor and that they be given the following relief:

(a)    an order preliminarily and permanently restraining defendants from engaging in the aforementioned pay violations;

(b)    an award of the value of Class Members' unpaid wages;

(c)    liquidated, compensatory, consequential and punitive damages;

(d)    an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating Class Members' rights;

(e)    an award of pre- and post-judgment interest; and

(f)    such other and further legal or equitable relief as this Court deems to be just and appropriate.

## JURY DEMAND

Class Members demand a jury to hear and decide all issues of fact.

Respectfully Submitted,

ROSEN, BIEN & GALVAN, LLP

By: _____

Date: January 25, 2008

Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830

DOLIN, THOMAS & SOLOMON LLP
J. Nelson Thomas, NY Attorney No. 2579159
Patrick J. Solomon, NY Attorney No. 2716660
Michael J. Lingle, NY Attorney No. 3925765
Justin Cordello, NY Attorney No. 4131447
Annette Gifford, NY Attorney No. 4105870
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540

MARGOLIS EDELSTEIN
Charles H. Saul, PA State Bar No.19938
Liberty J. Weyandt, PA State Bar No. 87654
Kyle T. McGee, PA State Bar No. 205661
525 William Penn Place, Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256
Attorneys for Plaintiffs

-48-

AMENDED COMPLAINT-CLASS ACTION

*Bryant et al v. Service Corp. Int'l. et al - Case No. RG 07359593*

**EXHIBIT B**

*5929379*

1  Sanford Jay Rosen, State Bar No. 62566
   Maria V. Morris, State Bar No. 223903
2  Lori E. Rifkin, State Bar No. 244081
   ROSEN, BIEN & GALVAN, LLP
3  315 Montgomery Street, Tenth Floor
   San Francisco, CA 94104
4  Telephone: (415) 433-6830
   Facsimile: (415) 433-7104
5  srosen@rbg-law.com

6  [Additional Counsel Listed on Following Page]

7
   Attorneys for Plaintiffs
8
                 SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                          COUNTY OF ALAMEDA
10
    CLAUDE BRYANT, CRAIG FULCHER,      )  Case No. AG 07359593
11  SANFORD LEVINE and THOMAS          )
    THOMPSON, on behalf of themselves and all )  **CLASS ACTION**
12  other employees and former employees  )
    similarly situated,                 )  **COMPLAINT**
13                                       )
                  Plaintiffs,            )  **(1) VIOLATION OF CALIFORNIA**
14                                       )      **LABOR LAWS**
    v.                                   )  **(2) STATE WAGE AND HOUR LAWS**
15                                       )  **(3) UNJUST ENRICHMENT/**
    SERVICE CORPORATION                  )      **RESTITUTION**
16  INTERNATIONAL, SCI FUNERAL AND       )  **(4) CONVERSION**
    CEMETERY          PURCHASING         )  **(5) FRAUD AND DECEIT**
17  COOPERATIVE,  INC.,  SCI  EASTERN    )  **(6) MISREPRESENTATION**
    MARKET SUPPORT CENTER, L.P., SCI     )  **(7) BREACH OF CONTRACT**
18  WESTERN  MARKET  SUPPORT  CENTER,    )  **(8) BREACH OF IMPLIED COVENANT**
    L.P.  a/k/a  SCI  WESTERN  MARKET    )      **OF GOOD FAITH AND FAIR**
19  SUPPORT CENTER, INC., SCI HOUSTON    )      **DEALING**
    MARKET SUPPORT CENTER, L.P., JANE    )  **(9) QUANTUM MERUIT**
20  D. JONES and THOMAS RYAN,            )  **(10)   UNLAWFUL BUSINESS**
                                         )      **PRACTICES**
21                Defendants.            )

22  _____      **DEMAND FOR JURY TRIAL**

23

24

25

26

27

28

                          COMPLAINT-CLASS ACTION
                          JURY TRIAL DEMANDED

FILED
ALAMEDA COUNTY

DEC - 5 2007

CLERK OF THE SUPERIOR COURT
By _____
                    Deputy

**SUMMONS ISSUED**

1  Additional Attorneys for Plaintiffs, who will
2  submit applications for admission *pro hac vice*:

3  J. Nelson Thomas, NY Attorney No. 2579159
   Patrick J. Solomon, NY Attorney No. 2716660
   Michael J. Lingle, NY Attorney No. 3925765
4  Justin Cordello, NY Attorney No. 4131447
   Annette Gifford, NY Attorney No. 4105870
5  DOLIN, THOMAS & SOLOMON LLP
   693 East Avenue
6  Rochester, NY 14607
   Telephone: (585) 272-0540
7  Facsimile:  (585) 272-0574
   nthomas@theemploymentattorneys.com
8
   Charles H. Saul, PA State Bar No. 19938
9  Liberty J. Weyandt, PA State Bar No. 87654
   Kyle T. McGee, PA State Bar No. 205661
10 MARGOLIS EDELSTEIN
   525 William Penn Place
11 Suite 3300
   Pittsburgh, PA 15219
12 Telephone: (412) 281-4256
   Facsimile: (412) 642-2380
13 csaul@margolisedelstein.com

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CLASS ACTION COMPLAINT**

**AND NOW** come plaintiffs, on behalf of themselves and all others similarly situated, by and through their attorneys, Rosen, Bien & Galvan, LLP, Dolin, Thomas & Solomon LLP and Margolis Edelstein, and file the following Class Action Complaint:

## I.    INTRODUCTION

1.    This is a proceeding for declaratory and injunctive relief and monetary damages to redress the deprivation of rights secured to plaintiffs individually, as well as all other employees similarly situated, under the laws of California and other laws of the various States in which defendants do business.

2.    Plaintiffs' state law claims asserted herein were initially filed together with claims under the Fair Labor Standards Act in an action pending in the United States District Court for the Western District of Pennsylvania (the "FLSA Action").

3.    The FLSA Action initially named as defendants Alderwoods Group, Inc. ("Alderwoods") and its parent corporation Service Corporation International ("SCI"). Two groups of individuals opted-in to the FLSA action: (1) those who had worked only for Alderwoods, both prior to and after its acquisition by SCI (the "Alderwoods Employees"); and (2) those who worked at funeral locations owned by SCI or its subsidiaries or affiliates *other than* Alderwoods (the "SCI Employees").

4.    On or about June 8, 2007, the Court presiding over the FLSA Action declined to exercise supplemental jurisdiction over any of the state law claims alleged in that action. Therefore, on or about July 9, 2007, both the Alderwoods Employees and the SCI Employees reasserted their state law claims in a Class Action Complaint filed in the Superior Court of the State of California for the County of Alameda, Case No. RG 07334642 (the "Combined State Law Action").

5.    Subsequently, the Court in the FLSA Action ruled that it would not hear claims of the SCI Employees, dismissing those claims from the FLSA Action.

6.    Based on the defendants' position that resulted in that ruling, the Combined State Law Action was voluntarily dismissed so that the state law claims of the Alderwoods

1  Employees who are asserting FLSA claims in the FLSA Action may be heard separately from
2  those of the other employees.

3        7.      In the instant action, the SCI Employees assert violations of various state laws
4  based upon defendants' failure to pay the SCI Employees their regular or statutorily required
5  rate of pay for all hours worked.

6  **II.    JURISDICTION AND VENUE**

7        8.      This Court has jurisdiction over defendants because defendants conduct business
8  in this State.

9        9.      Venue as to each defendant is proper in this judicial district, pursuant to Code of
10  Civil Procedure § 395.5 and Corporations Code § 2105.

11        10.     Upon information and belief, defendant Service Corporation International, Inc. is
12  a foreign corporation which has not obtained a certificate of qualification to do business in
13  California.

14        11.     Upon information and belief, defendant Alderwoods Group, Inc. is a foreign
15  corporation which has obtained a certificate of qualification to do business in California, but
16  which has not designated a principal place of business within the State of California.

17        12.     Venue is also proper in this judicial district because defendants maintain and
18  operate one or more business locations, transact business, and/or have agents in Alameda
19  County, as well as in other counties in the State of California, and are otherwise within this
20  Court's jurisdiction for purposes of service of process.  Obligations and/or liabilities of the
21  defendants arose in this County because defendants have contracted to employ or have
22  employed plaintiffs in Alameda County, as well as in other counties in the State of California.
23  Some of the claims in this matter arose from contracts for employment which were to be
24  performed, at least in part, in Alameda County, as well as in other counties in the State of
25  California.  Some of the unlawful acts alleged herein occurred in Alameda County, as well as
26  in other counties in the State of California, and have a direct effect on plaintiffs within
27  Alameda County and within the State of California.

28

### III.    PARTIES

#### A. Plaintiffs

13.    The class members ("Class Members") are those employees and former employees of defendants who were suffered or permitted to work by defendants and not paid their regular or statutorily required rate of pay for all hours worked. As more fully set forth in paragraphs 8 and 12, which Class Members incorporate by reference as if fully set forth herein, Class Members' claims are connected to Alameda County as some of those claims arose from contracts to be performed in Alameda County, some of the unlawful acts alleged herein occurred in Alameda County, and some of those acts have a direct effect on Class Members within Alameda County.

#### B. Defendants

14.    Defendant Service Corporation International ("SCI") is a corporation with its headquarters being at 1929 Allen Parkway, Houston, Texas 77019, which does business in the State of California, and in the County of Alameda.

15.    Defendant SCI Funeral and Cemetery Purchasing Cooperative, Inc. (the "SCI Cooperative") is a Delaware corporation which is owned by SCI.

16.    Defendant SCI Eastern Market Support Center, L.P. ("SCI Eastern") is a limited partnership which is owned by SCI.

17.    Defendant SCI Western Market Support Center, L.P. a/k/a SCI Western Market Support Center, Inc. ("SCI Western") is a limited partnership or corporation which is owned by SCI.

18.    Defendant SCI Houston Market Support Center, L.P. ("SCI Houston") is a limited partnership which is owned by SCI.

19.    Defendants SCI Eastern, SCI Western and SCI Houston are referred to herein collectively as the "SCI Support Centers." The SCI Support Centers and the SCI Cooperative are referred to herein collectively as the "SCI Managing Entities."

20.    Upon information and belief, the SCI Managing Entities conduct human resources and other employment-related functions for defendants and their funeral locations.

1    21.    Upon information and belief, the SCI Support Centers provide all executive,

2  management, administrative, accounting, data processing, and human resources services for

3  defendants and their funeral locations.

4    22.    Upon information and belief, the field personnel and training departments of the

5  SCI Managing Entities provide on-site training for defendants and their funeral locations.

6    23.    Upon information and belief, the SCI Cooperative, through agreements with the

7  SCI Support Centers, provides additional human resources services and support for defendants

8  and their funeral locations.

9    24.    Upon information and belief, the SCI Cooperative creates and distributes

10  employee handbooks for defendants and their funeral locations.

11    25.    Upon information and belief, the SCI Cooperative provides Dignity University

12  training for defendants and their funeral locations.

13    26.    Upon information and belief, the SCI Cooperative produces communications to

14  employees of defendants and their funeral locations, including the weekly newsletter

15  "Frontline," and the intranet site "Global Village."

16    27.    Upon information and belief, the SCI Cooperative administers benefit plans for

17  the employees and has contracted with third-party benefit providers to respond to questions

18  related to day-to-day benefits services, such as local provider questions, access to online

19  services, and benefits provider contact information.

20    28.    Upon information and belief, the SCI Managing Entities facilitate

21  implementation of corporate strategies, policies and procedures.

22    29.    Upon information and belief, the SCI Managing Entities are directly involved in

23  the operations of defendants' business with respect to plaintiffs' employment.

24    30.    Upon information and belief, the SCI Managing Entities exercise or have

25  exercised managerial responsibilities and substantial control over the terms of plaintiffs'

26  employment.

27    31.    Upon information and belief, the SCI Managing Entities provided management

28  services to SCI and its affiliates in relation to plaintiffs' employment.

-4-
COMPLAINT-CLASS ACTION
JURY TRIAL DEMANDED

1    32.    Upon information and belief, the SCI Managing Entities are not completely
2    disassociated from SCI and its affiliates with respect to plaintiffs' employment.

3    33.    Upon information and belief, the SCI Managing Entities are controlled by or are
4    under common control with SCI and its affiliates.

5    34.    Defendant Jane D. Jones has acted as Vice President of Human Resources for
6    defendant SCI since 2005.

7    35.    Upon information and belief, Ms. Jones oversees human resources, training and
8    education, and payroll and commission services for approximately 20,000 employees in North
9    America.

10    36.    Defendant Thomas Ryan has acted as President and Chief Executive Officer of
11    SCI since in or around 2003.

12    37.    Upon information and belief, Mr. Ryan's responsibilities include actively
13    managing SCI.

14    38.    Defendants maintain and operate one or more business locations, transact
15    business and/or have agents in Alameda County. Defendants' obligations and/or liabilities
16    arose in this County, defendants employ or have employed Class Members in Alameda
17    County, as well as in other counties in California. Defendants employed Class Members
18    pursuant to contracts for employment which were to be performed, at least in part, in Alameda
19    County, as well as in other counties in California. Some the unlawful acts alleged herein
20    occurred in Alameda County, as well as in other counties in the State of California, and have a
21    direct effect on Class Members within Alameda County and within the State of California.

22    39.    At all relevant times, defendants have suffered or permitted Class Members to
23    perform work for them.

24    **Defendants Are Liable to All Class Members**
25    40.    At all relevant times, defendants have suffered or permitted Class Members to
26    perform work for defendants at their funeral service locations.

27

28

41.    Class Members are or have been employed by defendants and their funeral service locations and/or have been jointly employed by defendants and their funeral service locations.

42.    Defendants operate locations, either directly or through their affiliates, and therefore are the employers of Class Members who are or were employed at all locations.

43.    At all relevant times, defendants have suffered or permitted Class Members to perform work for them.

44.    Business operations of the funeral service locations are centrally controlled by defendants.

45.    At all relevant times, defendants maintain centralized control of employment relations.

46.    At all relevant times, the human resource functions of the funeral service locations report directly or indirectly to defendants.

47.    In addition to centralized control of employment relations, defendants exercise common management of their various funeral service locations.

48.    Further, SCI owns all of defendants' funeral service locations and exercises financial control over the business operations of those locations.

49.    Class Members are informed and believe, and therefore allege, that defendants operate interrelated business operations.

50.    Class Members are informed and believe, and therefore allege, that defendants exercise central control of labor relations.

51.    Class Members are informed and believe, and therefore allege, that defendants operate under common management.

52.    Class Members are informed and believe, and therefore allege that defendants have common ownership and financial control.

53.    In light of the economic realities of the enterprise operated by defendants, defendants are joint employers of all Class Members for purposes of state laws.

54.    Collectively, defendants and all of their funeral service locations, comprise a single, integrated enterprise, as they perform related activities through common control for a common business purpose.

## IV.    CLASS ACTION ALLEGATIONS

55.    The claims arising under the state wage laws set forth below are properly maintainable as a class action under Cal. Civ. Proc. § 382.

56.    Class Members are those employees and former employees of defendants who were suffered or permitted to work by defendants and not paid their regular or statutorily required rate of pay for all hours worked.

57.    The class size is believed to be over 10,000 employees, a significant percentage of whom are within California.

58.    Common questions of law and fact predominate in this action because the claims of all Class Members are based on whether defendants' practice of not paying nonexempt employees their regular or statutorily required rate of pay for all hours worked violates California state law and the state laws of the various other states in which defendants do business.

59.    Common questions of law and fact include, but are not limited to, the following:

    a.    Whether Class Members are entitled to payment for all of the time they worked for defendants.

    b.    Whether Class Members are entitled to payment at overtime rates for all of the time they worked for defendants in excess of 40 hours per week and/or in excess of 8 hours per day.

    c.    Whether defendants' employment policies violated defendants' legal obligation to pay Class Members for all of the time they worked for defendants.

    d.    Whether defendants' employment policies violated defendants' legal obligation to pay Class Members at overtime rates for all of the time they worked for defendants in excess of 40 hours per week and/or in excess of 8 hours per day.

60.    The named plaintiffs' claims are typical of, and concurrent to, the claims of Class Members, because they are similarly situated. The named plaintiffs and all Class Members were subjected to defendants' policies and practices of failing to compensate employees for overtime work.

61.    The named plaintiffs will fairly and adequately represent and protect the interests of Class Members. The class counsel, Rosen, Bien & Galvan, LLP, Dolin, Thomas & Solomon LLP and Margolis Edelstein, are qualified and able to litigate Class Members' claims. The class counsel are experienced in employment litigation, and their attorneys are experienced in class action litigation, including class actions arising under federal and state wage and hour laws.

62.    There are no known conflicts of interest between and among Class Members.

63.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class Member has been damaged and is entitled to recovery by reason of defendants' illegal policy and/or practice of permitting, suffering, and/or failing to pay employees their regular or statutorily required rate of pay for all hours worked. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

## V.    FACTUAL BACKGROUND

64.    Class Members are those employees and former employees of defendants who were suffered or permitted to work by defendants and not paid their regular or statutorily required rate of pay for all hours worked.

65.    Defendants' policy and/or practice was to not compensate Class Members their regular or statutorily required rate of pay for work defendants suffered or permitted Class Members to perform.

1    66.    Defendants knew Class Members were supposed to receive such wages,

2    however, defendants willfully failed to pay for all hours when Class Members worked.

3    67.    Defendants' practice is to be deliberately indifferent to violations of the statutory

4    overtime requirements.

5    68.    The failure to pay overtime is willful.

6    69.    Examples of defendants' policies and practices to deprive Class Members of

7    their earned wages and wage premiums are set forth below:

8    a.    Defendants implemented a "Community Work Policy." Under the policy,

9    defendants suffered or permitted their employees to perform "Community
     Work" so as to increase revenues for defendants. Defendants did not

10   compensate the employees for such time spent in Community Work in
     furtherance of the employer's business under the "Community Work Policy."

11

12   b.    Defendants implemented an "On Call Pay Policy." Under the policy,
     employees were suffered or permitted to perform work by handling calls and

13   other work related issues after normal business hours, but defendants would
     not compensate employees for work performed outside the regular workday,

14   off-site from the funeral home.

15   c.    Defendants' policy required that certain hourly employees train for and obtain

16   certain licenses. Defendants did not pay for the training, test taking and
     continuing education requirements for those licenses despite suffering or

17   permitting employees to perform such work.

18   d.    Defendants' policy required that certain hourly employees take other types of

19   training. Defendants did not pay for such training, despite suffering or
     permitting employees to perform such work.

20

21   e.    Defendants implemented a "Pre-Needs Appointment Policy." Defendants
     suffered or permitted employees to meet with clients to discuss pre-need

22   purchases. To the degree that such appointments were beyond the
     employees' schedule, the employees were suffered or permitted to continue

23   the appointments, but were not to be paid for such time worked under the
     "Pre-Needs Appointment Policy." Defendants' management would

24   sometimes attempt to justify this policy on the grounds that the employee
     would likely receive a commission if the client purchased a pre-needs

25   product.

26

27   f.    Defendants implemented a "Meal Break Deduction Policy." Under the
     policy, defendants no longer paid for lunch breaks. Defendants did, however,

28   suffer and permit its employees to perform work during such meal breaks, but

-9-
COMPLAINT-CLASS ACTION
JURY TRIAL DEMANDED

pursuant to defendant's "Meal Break Deduction Policy" time spent on meal "breaks" was still to be deducted from the employee's pay even when defendants suffered or permitted work to be performed during such "breaks."

g. Defendants implemented a "Pre-Approval for Overtime Pay Policy." Under this policy, defendants only permitted payments for overtime if the overtime was pre-approved. Defendants suffered or permitted their employees to work overtime and therefore, the employees were entitled to overtime payments. However, defendants refused to make the legally required payments because the time was not "pre-approved" as required under the "Pre-Approval for Overtime Pay Policy."

h. Defendants implemented an "Unrecorded Work Time Policy." Under this policy, defendants suffered or permitted Class Members to perform work, but directed that such work not be recorded. Defendants then refused to pay for the time worked under the "Unrecorded Work Time Policy" because, even though defendants knew that such time had been worked, it had not been "recorded."

i. Defendants' policy was to not include all remuneration (such as bonuses and commissions) in the calculation of the Class Members' overtime.

70. Defendants also failed to make, keep and preserve adequate and accurate records of the employment of Class Members concerning their wages, hours and other conditions of employment.

71. More specifically, the records kept by defendants failed to adequately and accurately disclose among other things, hours worked each work day, the total hours worked each work week and/or the total overtime compensation for each work week.

72. Defendants failed to pay full compensation to Class Members who are no longer employed by defendants promptly after those Class Members were discharged, laid off or resigned. In fact, defendants' failure to fully compensate those Class Members is continuing.

## FIRST CAUSE OF ACTION

**VIOLATION OF CALIFORNIA LABOR LAWS (by all plaintiffs against all defendants)**

73. Class Members hereby incorporate by reference paragraphs 1 through 72 of this Complaint as if fully set forth herein.

**Failure to Pay Overtime Compensation**

74.    Defendants willfully violated their obligations under California law, including those under California Labor Code §1194, *et seq.*, by failing to pay Class Members the legal overtime compensation applicable to Class Members.

75.    As a direct and proximate cause of defendants' actions, Class Members have suffered damages.

**Failure to Immediately Pay Wages Upon Discharge/Layoff/Resignation**

76.    Defendants willfully violated their obligations under California law, including those under California Labor Code § 201, *et seq.*, by willfully failing to pay Class Members who have been discharged or laid off all wages earned and unpaid at the time of discharge or layoff.

77.    Defendants willfully violated their obligations under California law, including those under California Labor Code § 202, *et seq.*, by willfully failing to pay Class Members who have resigned all wages earned and unpaid at the time of resignation, or within 72 hours thereafter.

78.    Defendants did not pay Class Members who were discharged, were laid off or resigned their regular or statutorily required rate of pay for all hours worked, as required by California law.  Defendants' failure to pay those amounts is ongoing.

79.    As a direct and proximate cause of defendants' actions, Class Members have suffered damages.

80.    Defendants are liable to Class Members for statutory penalties, pursuant to California Labor Code § 203, in the amounts set forth therein.

**Failure to Provide Required Meal  and Rest Periods**

81.    Defendants willfully violated their obligations under California law, including those under California Labor Code §§ 226.7 and 512, *et seq.*, by willfully failing to provide Class Members with legally required meal and rest periods.

82.    Defendants repeatedly and regularly interrupted Class Members' meal and rest periods and/or required Class Members to forego their meal and rest periods.

83.    Defendants failed to compensate Class Members for missed meal and rest breaks.

84.    As a direct and proximate cause of defendants' actions, Class Members have suffered damages.

**Failure to Furnish Timely and Accurate Wage Statements**

85.    Defendants willfully violated their obligations under California law, including those under California Labor Code §§ 226(a) and 226.3, *et seq.*, by willfully failing to provide Class Members with timely and accurate wage statements as required by California law.

86.    As a direct and proximate cause of defendants' actions, Class Members have suffered damages.

87.    Wherefore, Class Members request relief as described below.

<div align="center">

**SECOND CAUSE OF ACTION**

**STATE WAGE AND HOUR LAWS (by all plaintiffs against all defendants)**

</div>

88.    Class Members hereby incorporate by reference paragraphs 1 through 87 of this Complaint as if fully set forth herein.

89.    Defendants willfully violated their obligations to properly compensate Class Members under the wage laws of the states in which defendants do business including:

    a.  Alaska Stat. § 23.10.050, *et seq.*;

    b.  Arizona Rev. Stat. § 23-201, *et seq.*;

    c.  Arkansas Code § 11-4-201, *et seq.*;

    d.  Colorado Rev. Stat. § 8-6-101, *et seq.*;  Colorado Code Regs. § 1103-1, *et seq.*;

    e.  Connecticut Gen. Stat. § 31-58, *et seq.*;

    f.  820 Illinois Comp. Stat. 105/1, *et seq.*;  820 Illinois Comp. Stat. 105/12(a); 820 Illinois Comp. Stat. 115/1, *et seq.*;

    g.  Indiana Code § 22-2-2-1, *et seq.*;  Indiana Code § 22-2-2-4, *et seq.*;  Indiana Code § 22-2-5-1, *et seq.*;  Indiana Code § 22-2-9-2, *et seq.*;

    h.  Kansas Stat. § 44-1201, *et seq.*;

    i.  Louisiana Rev. Stat. § 23:631, *et seq.*;

<div align="center">

-12-
COMPLAINT-CLASS ACTION
JURY TRIAL DEMANDED

</div>

j.  Maryland Code, Lab. & Empl. § 3-401, *et seq.*;

k.  Massachusetts Gen. Laws Ch. 151, § 1, *et seq.*;  Massachusetts Gen. Laws Ch. 149, § 148, *et seq.*;  Massachusetts Gen. Laws Ch. 149, § 100, *et seq.*;

l.  Michigan Comp. Laws § 408.381, *et seq.*;

m.  Minnesota Stat. § 177.21, *et seq.*;  Minnesota Stat. § 181.13, *et seq.*;

n.  Montana Code § 39-3-401, *et seq.*;

o.  Nevada Rev. Stat. § 608.005, *et seq.*;

p.  New Jersey Stat. § 34.11-56a, *et seq.*;

q.  New Mexico Stat. § 50-4-1, *et seq.*;

r.  New York Lab. Law § 160, *et seq.*;

s.  North Carolina Gen. Stat. § 95-25.1, *et seq.*;

t.  Ohio Rev. Code § 4111.01, *et seq.*;

u.  Oregon Rev. Stat. § 653.005, *et seq.*;

v.  43 Pennsylvania Stat. § 333.101, *et seq.*;  43 Pennsylvania Stat. § 206.3, *et seq.*;

w.  29 Laws of Puerto Rico §250, *et seq.*;

x.  Rhode Island Gen. Laws § 28-12-1, *et seq.*;

y.  South Carolina Code § 41-10-10, *et seq.*;

z.  Washington Rev. Code § 49.46.005, *et seq.*;

aa. West Virginia Code § 21-5C-1, *et seq.*;

bb. Wisconsin Stat. § 104.001, *et seq.*

90.  As a direct and proximate cause of defendants' violations of these statutes, Class Members have suffered damages.

91.  Wherefore, Class Members request relief as described below.

### THIRD CAUSE OF ACTION

**UNJUST ENRICHMENT/RESTITUTION (by all plaintiffs against all defendants)**

92.    Class Members hereby incorporate by reference paragraphs 1 through 91 of this Complaint as if fully set forth herein.

93.    Defendants have received financial gain at the expense of Class Members.

94.    Defendants have received that financial gain under such circumstances that, in equity and good conscience, defendants ought not to be allowed to profit at the expense of Class Members.

95.    Defendants' willful failure to pay overtime wages for work performed for defendants has unjustly enriched defendants to the detriment of Class Members.  As a result of this conduct,  the common laws and state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, and West Virginia, imply a contract obligating defendants to make restitution to Class Members, in the amount by which, in equity and good conscience, defendants have been unjustly enriched.

96.    As a direct and proximate cause of defendants' actions, Class Members have suffered damages.

97.    Wherefore, Class Members request relief as described below.

### FOURTH CAUSE OF ACTION

**CONVERSION (by all plaintiffs against all defendants)**

98.    Class Members hereby incorporate by reference paragraphs 1 through 97 of this Complaint as if fully set forth herein.

99.    At all relevant times, defendants had and continued to have a legal obligation to pay Class Members all earnings and overtime due.  The wages belong to Class Members as of

1  the time the labor and services were provided to defendants and, accordingly, the wages for

2  services performed are the property of the Class Members.

3      100.   In refusing to pay wages and overtime to Class Members, defendants knowingly,

4  unlawfully and intentionally took, appropriated and converted the wages and overtime earned

5  by Class Members for defendants' own use, purpose and benefit.  At the time the conversion

6  took place, Class Members were entitled to immediate possession of the amount of wages and

7  overtime earned.  As a result, Class Members have been denied the use and enjoyment of their

8  property and have been otherwise damaged in an amount to be proven at trial.  This conversion

9  was willful, oppressive, malicious, and fraudulent and/or done with conscious disregard of the

10  rights of the Class Members.  This conversion was concealed from Class Members.

11      101.   Defendants willfully violated their obligations under the common laws and the

12  state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida,

13  Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Massachusetts,

14  Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Jersey, New Mexico,

15  New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode

16  Island, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, and West Virginia and

17  are liable to Class Members.

18      102.   As a result of defendants' actions, Class Members were damaged and are entitled

19  to all funds converted by defendants with interest thereon, all profits resulting from such

20  conversion, and punitive or exemplary damages.

21      103.   Wherefore, Class Members request relief as described below.

22               **FIFTH CAUSE OF ACTION**

23      **FRAUD AND DECEIT (by all plaintiffs against all defendants)**

24      104.   Class Members hereby incorporate by reference paragraphs 1 through 103 of this

25  Complaint as if fully set forth herein.

26      105.   Defendants, through their corporate publications and through statements of their

27  agents, represented that wages would be paid legally and in accordance with defendants'

28  obligations pursuant to applicable federal and state laws.

106.   Defendants, however, at all times intended to violate applicable federal and state laws by failing to pay Class Members their regular or statutorily required rate of pay for all hours worked.

107.   These misrepresentations were material to the terms of Class Members' employment contracts, and Class Members relied on the misrepresentations in agreeing to accept and continue employment with defendants. This reliance was reasonable, as Class Members had every right to believe that defendants would abide by their obligations pursuant to applicable federal and state law.

108.   Defendants willfully violated their obligations by committing fraud against Class Members under the common laws and the state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, and West Virginia and are liable to Class Members.

109.   As a direct and proximate cause of the fraud committed by defendants, Class Members did not receive the statutorily mandated wages for overtime and suffered damages.

110.   Defendants acted maliciously when they committed the wrongful acts which constitute this cause of action such that it warrants the imposition of punitive and exemplary damages.

111.   Wherefore, Class Members request relief as described below.

### SIXTH CAUSE OF ACTION

### MISREPRESENTATION (by all plaintiffs against all defendants)

112.   Class Members hereby incorporate by reference paragraphs 1 through 111 of this Complaint as if fully set forth herein.

113.   In particular, Class Members incorporate and refer to paragraphs 105 through 107 above, regarding the material misrepresentations made by defendants.

114.   When defendants hired Class Members, they represented to Class Members that they would be fully compensated for all services performed, as more fully set forth above.

115.   There was no reasonable basis for defendants to believe these representations because defendants had a continuing practice and policy of failing to pay their employees their regular or statutorily required rate of pay for all hours worked.

116.   Class Members relied upon defendants' representations by performing work and services for defendants. This reliance was reasonable, as Class Members had every right to believe that defendants would abide by their obligations pursuant to applicable federal and state law.

117.   Defendants willfully violated their obligations under the common laws and the state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, and West Virginia by misrepresenting to Class Members that they would be fully compensated for all services performed and are liable to Class Members.

118.   As a result of their reliance upon defendants' misrepresentations, Class Members suffered damages because they were not appropriately compensated with the regular or statutorily required rate of pay for all hours worked.

119.   As a direct and proximate result of defendants' negligent misrepresentation, Class Members suffered damages.

120.   Wherefore, Class Members request relief as described below.

## SEVENTH CAUSE OF ACTION

### BREACH OF CONTRACT (by all plaintiffs against all defendants)

121.   Class Members hereby incorporate by reference paragraphs 1 through 120 of this Complaint as if fully set forth herein.

122.    By entering into an employment relationship, defendants and each Class Member entered into a contract for employment.

123.    Each such contract included an implied or express term that defendants agreed to fulfill all of their obligations pursuant to applicable state and federal law.

124.    Defendants willfully breached the implied contract term by failing to pay Class Members for all of the time Class Members worked and by failing to pay Class Members their regular or statutorily required rate of pay for all hours worked.

125.    Defendants willfully violated their obligations under the common laws and the state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, and West Virginia and are liable to Class Members.

126.    As a direct and proximate cause of defendants' breach of their contracts with Class Members, Class Members have suffered damages.

127.    Wherefore, Class Members request relief as described below.

## EIGHTH CAUSE OF ACTION

### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### (by all plaintiffs against all defendants)

128.    Class Members hereby incorporate by reference paragraphs 1 through 127 of this Complaint as if fully set forth herein.

129.    The unwritten contract for at-will employment between Class Members and defendants contained an implied covenant of good faith and fair dealing, which obligated defendants to perform the terms and conditions of the employment contract fairly and in good faith and to refrain from doing any act that would violate any state or federal law governing the employment relationship or any act that would deprive Class Members of the benefits of the contract.

-18-
COMPLAINT-CLASS ACTION
JURY TRIAL DEMANDED

130.   Defendants breached the implied covenant of good faith and fair dealing by failing to pay Class Members the wages and overtime that was due to Class Members.

131.   Defendants willfully violated their obligations under the common laws and the state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, and West Virginia and are liable to Class Members.

132.   As a direct and proximate cause of defendants' breach of the implied covenant of good faith and fair dealing, Class Members have suffered damages.

133.   Wherefore, Class Members request relief as described below.

## NINTH CAUSE OF ACTION

### QUANTUM MERUIT (by all plaintiffs against all defendants)

134.   Class Members hereby incorporate by reference paragraphs 1 through 133 of this Complaint as if fully set forth herein.

135.   Defendants willfully violated their obligations by failing to pay Class Members for the reasonable value of the services performed by Class Members for defendants under the common laws and the state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, and West Virginia and are liable to Class Members under quantum meruit.

136.   As a direct and proximate cause of defendants' failure to pay Class Members for the reasonable value of services performed by Class Members for defendants, Class Members suffered damages.

137.   Wherefore, Class Members request relief as described below.

**TENTH CAUSE OF ACTION**

**UNLAWFUL BUSINESS PRACTICES (by all plaintiffs against all defendants)**

138.    Class Members hereby incorporate by reference paragraphs 1 through 137 of this Complaint as if fully set forth herein.

139.    Defendants' failure to pay Class Members for all time worked constitutes unfair competition and unlawful, unfair, and fraudulent business acts and practices in violation of California Business and Professional Code § 17200, *et seq.*

140.    The conduct of defendants in failing to pay Class Members for all time worked constitutes and was intended to constitute unfair competition and unlawful unfair and fraudulent business acts and practices within the meaning of California Business and Professional Code § 17200, *et seq.*

141.    As a result of defendants' violations of California Business and Professional Code § 17200, *et seq.*, defendants have unjustly enriched themselves at the expense of Class Members.

142.    To prevent their unjust enrichment, defendants should be required, pursuant to California Business and Professional Code §§ 17203 and 17204, to disgorge their illegal gains for purpose of making full restitution to all injured Class Members.  Defendants should also be permanently enjoined from continuing their violations of California Business and Professional Code § 17200, *et seq.*

143.    Defendants willfully violated their obligations under the California Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.) and are liable to Class Members.

144.    Wherefore, Class Members request relief as described below.

**PRAYER FOR RELIEF**

**WHEREFORE,** Class Members demand judgment against defendants in their favor and that they be given the following relief:

(a)    an order preliminarily and permanently restraining defendants from engaging in the aforementioned pay violations;

(b)    an award of the value of Class Members' unpaid wages;

(c)    liquidated, compensatory, consequential and punitive damages;

(d)    an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating Class Members' rights;

(e)    an award of pre- and post-judgment interest; and

(f)    such other and further legal or equitable relief as this Court deems to be just and appropriate.

## JURY DEMAND

Class Members demand a jury to hear and decide all issues of fact.

Respectfully Submitted,

ROSEN, BIEN & GALVAN, LLP

Date: December 5, 2007        By: _____

Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830

DOLIN, THOMAS & SOLOMON LLP
J. Nelson Thomas, NY Attorney No. 2579159
Patrick J. Solomon, NY Attorney No. 2716660
Michael J. Lingle, NY Attorney No. 3925765
Justin Cordello, NY Attorney No. 4131447
Annette Gifford, NY Attorney No. 4105870
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540

MARGOLIS EDELSTEIN
Charles H. Saul, PA State Bar No.19938
Liberty J. Weyandt, PA State Bar No. 87654
Kyle T. McGee, PA State Bar No. 205661
525 William Penn Place, Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256
Attorneys for Plaintiffs

*5929375*

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Service Corporation International,
SCI Funeral and Cemetery Purchasing Cooperative, Inc.,
SEE ATTACHED LIST OF ADDITIONAL DEFENDANTS

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Claude Bryant, Craig Fulcher, Sanford Levine, and Thomas Thompson,
on behalf of themselves and all other employees and former employees
similarly situated

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |

**FILED**
ALAMEDA COUNTY

DEC - 5 2007

CLERK OF THE SUPERIOR COURT
By _____ Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.    A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California, County of Alameda
1225 Fallon Street
Oakland, CA 94612

| CASE NUMBER |
| *(Número del Caso):* |
| 07359593 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sanford Jay Rosen, Rosen, Bien & Galvan, LLP
315 Montgomery Street, 10th Floor, San Francisco, CA 94104

Executive Officer/Clerk of the Superior Court

DATE: DEC - 5 2007    PAT S. SWEETEN    Clerk, by _____, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

**Additional Defendants:**

SCI Eastern Market Support Center, L.P.,

SCI Western Market Support Center, L.P. a/k/a SCI Western Market Support Center, Inc.,

SCI Houston Market Support Center, L.P.,

Jane D. Jones, and

Thomas Ryan

*5929383*

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Sanford Jay Rosen (62566)
Rosen, Bien & Galvan, LLP
315 Montgomery Street, 10th Floor
San Francisco, CA 94104
TELEPHONE NO.: (415) 433-6830    FAX NO.: (415) 433-7104
ATTORNEY FOR *(Name):* Plaintiffs

FOR COURT USE ONLY

FILED
ALAMEDA COUNTY

DEC - 5 2007

CLERK OF THE SUPERIOR COURT
By _____
                                    Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson

CASE NAME:
Bryant, et al. v. Service Corporation International, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: RG 07359593 |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder | | JUDGE: |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [✓] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* 10
5. This case [✓] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 5, 2007
Sanford Jay Rosen (62566)
_____
(TYPE OR PRINT NAME)                    ▶                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

 

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                                CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**ALTERNATIVE DISPUTE RESOLUTION
INFORMATION PACKAGE
Effective April 15, 2005**

**Instructions to Plaintiff / Cross-Complainant**

> In all general civil cases filed in the trial courts after June 30, 2001, the plaintiff is required to serve a copy of this ADR information package on each defendant.

California Rules of Court, Rule 201.9 (Excerpt)

(a) Each court must make available to the plaintiff, at the time of filing of the complaint, an Alternative Dispute Resolution (ADR) information package that includes, at a minimum, all of the following:

>(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes . . .

>(2) Information about the ADR programs available in that court . . .

>(3) In counties that are participating in the Dispute Resolution Programs Act (DRPA), information about the availability of local dispute resolution programs funded under the DRPA . . .

>(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) Court may make package available on Web site . . .

**(c) The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR information package on any new parties to the action along with the cross-complaint.**

## GENERAL INFORMATION ABOUT ADR

### Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

### Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

### Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### *Mediation*

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

### *Arbitration*

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

### *Neutral Evaluation*

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.


## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.co.alameda.ca.us/courts/adr.htm.

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediati1.htm

  You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lin/2bar.htm.

  If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- **Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators."**

- **Automotive Repair, Smog Check:** The **California Bureau of Automotive Repair** (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/mediation.htm or call 800-952-5210.

- **Attorney Fees:** The **State Bar of California** administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

Rev 4/05

# DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

**Mediation Services**
**222278 Redwood Road, Castro Valley, CA 94546**
Phone: (510) 733-4940   fax: (510) 733-4945
Provides a panel of mediators to assist in the process of reaching an agreement in the areas of Neighborhood Disputes, Child Custody, Divorce, Parent/Teel Conflicts, Home Owners Association, Business, Real Estate, Employer/Employee, and Fremont Rent Increases.

**East Bay Community Mediation**
**1968 San Pablo Avenue, Berkeley, CA 94702-1612**
Phone: (510) 548-2377   fax: (510) 548-4051
EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and Conciliation Forums of Oakland. EBCM offers counseling on options and approaches to resolving a dispute, mediation, large-group conflict facilitation, and conflict resolution skills workshops.

**Catholic Charities of the East Bay: Oakland – Main Office**
**433 Jefferson Street, Oakland, CA 94607**
Phone: (510) 768-3100  fax: (510) 451-6998
Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement. Also provide free workshops in anger management and mediation.

**Center for Community Dispute Settlement**
**1789 Barcelona Street, Livermore, CA 94550**
Phone: (925) 373-1035
Provides services in Tri-Valley for all of Alameda County. Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

**California Lawyers for the Arts: Oakland Office**
**1212 Broadway Street, Suite 837, Oakland, CA 94612**
Phone: (510) 444-6351  fax: (510) 444-6352
This program increases the resolution of arts related disputes such as artistic control, ownership of intellectual property, credit for work performed or produced and contract issues, through the use of alternative dispute resolution. It also increases the capacity to provide services for counseling, conciliation and administration of mediation, arbitration and meeting facilitation.

Rev 4/05

# ALAMEDA COUNTY SUPERIOR COURT
## ADR PROGRAM

### ADR Program Administrator

Pursuant to California Rule of Court 1580.3, the presiding judge of the Superior Court of California, County of Alameda has designated Benjamin D. Stough, Berkeley Trial Court Administrator, to serve as ADR program administrator.

A Plaintiff may elect, the parties may stipulate or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration Program Coordinator may be contacted at (510) 670-6646.

### The Judicial Arbitration Process

#### Appointment of Arbitrator (must be appointed within 30 days after referral per *CRC 1605*).
⇒ Parties mailed list of five names from which to select. (List mailed within 5-10 business days after receipt of referral).

⇒ Each party may reject one of the names listed (10 calendar days per *CRC 1605a*)

⇒ The administrator randomly appoints the arbitrators from the names remaining on the list. If only one remains then is deemed appointed.

#### Assignment of Case (*CRC 1605a(4)*)
⇒ Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

#### Hearings (*CRC 1611*)
⇒ Shall be scheduled so as to be completed not less than 35 days nor more than 90 days from the date the arbitrator was assigned. For good cause shown, the case may be continued an additional 90 days by the Case Management Judge.

#### Award of Arbitrator (*CRC 1615b & c*)
⇒ Arbitrator must file an award within 10 days after conclusion of the arbitration hearing. The court may allow 20 additional days upon application of arbitrator is cases of unusual length or complexity.

⇒ Within 30 days of the filing of the award the parties may file a Request for Trial de Novo. The clerk shall enter the award as a judgment after 30 days provided a Trial de Novo has not been filed.

#### Return of Case to Court
⇒ Upon Filing of Trial de Novo the action is returned to Case Management Judge for further proceedings. (*CRC 1616 & Local Rule 6.4*)

⇒ If Trial de Novo is not filed then judgment is entered and the Case Management Judge is notified (*CRC 1615c & Local Rule 6.6*)

⇒ If parties indicate a settlement then case is returned to Case Management Judge and case is continued 45 days for an Order to Show Cause RE filing a dismissal. (*Local Rule 6.6*)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| Allen E. Broussard Justice Center<br>600 Washington Street, Oakland, CA 94707 | Berkeley Courthouse<br>2000 Center Street, 2nd Fl., Berkeley, CA 94704 | George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 |
| Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 | Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 |
| Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |

Plaintiff

vs.

Case No.: _____

**STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Defendant

The parties by and through their attorneys of record hereby stipulate to submit the within

controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

### ORDER

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev 4/05

Rosen, Bien & Galvan, LLP
Attn: Rosen, Sanford Jay
315 Montgomery Street, Tenth Floor
San Francisco, CA  94104

Service Corporation International

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

---

| | |
|---|---|
| Bryant | No. <u>RG07359593</u> |
|           Plaintiff/Petitioner(s) | |
| VS. | |
| Service Corporation International | NOTICE OF HEARING |
|         Defendant/Respondent(s) | |
|      (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Complex Determination Hearing

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 01/24/2008    TIME: 02:00 PM    DEPARTMENT: 20
LOCATION:  Administration Building, Fourth Floor
            1221 Oak Street, Oakland

Complex Determination Hearing:
DATE: 02/28/2008    TIME: 02:00 PM    DEPARTMENT: 20
LOCATION:  Administration Building, Fourth Floor
            1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 4.2 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 20 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6936.  Please consult Appendix E to Local Rules 4 and 5 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 20.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be

scheduled for hearing in Department 20.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 20 by e-mail at Dept.20@alameda.courts.ca.gov or by phone at (510) 267-6936.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  12/07/2007

Executive Officer / Clerk of the Superior Court

By      _digital_

                 Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 12/07/2007.

By      _digital_

                 Deputy Clerk

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| **Bryant** | **No. RG07359593** |
| Plaintiff/Petitioner(s) | |
| VS. | **Minutes** |
| **Service Corporation International** | |
| Defendant/Respondent(s) | |
| **(Abbreviated Title)** | |

Department    20          Honorable   Robert Freedman          , Judge
Reporter       Shirley Walker  CSR# 2449

Cause called for: Complex Determination Hearing on January 24, 2008.

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. The matter is assigned for all purposes to Department 20 of the Alameda County Superior Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq.

Courtesy (bench) copies of all filing should be delivered directly to Dept. 20 and may be left in the drop box when court is in session. The Court may also direct that certain filings be supplemented by an electronic copy (via e-mail to Dept.20@alameda.courts.ca.gov or by CD-ROM lodged with the clerk in Dept. 20). Any such electronic copy of documents shall be in Microsoft Word readable form  (Microsoft Word, Word Perfect, a TIF or JPEG file inserted into a Word file, or any other format that can be saved in a Microsoft Word document).  Each separate document (notice, points and authorities, declarations, requests for judicial notice, et al) must be in a separate file in the diskette and the computer files must be identified in a fashion to permit accurate identification by Court personnel (e.g. "Notice.doc," "Points and Authorities.doc," "Li Declaration.doc," "Johnson Declaration.doc," and "Proof of Service.doc," NOT "Quashnot.doc," "briefdraft3.doc," "Defdecl.doc," "Decl2revised.doc," or "Form5.doc.") Electronic media submitted will not be returned.

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/.

All motions and ex parte applications shall be noticed for hearing in Department 20. The parties shall reserve hearing dates and times by contacting the Department 20 courtroom clerk via email at Dept.20@alameda.courts.ca.gov. The courtroom clerk can also be contacted by phone at (510) 267-6936, but phone contact should be used very sparingly. E-mail is the preferred method of communication.

At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both factually and legally, as well as the projected management of the case at each stage.  This is not a perfunctory exercise.  The primary objective of the CCMC is to develop a comprehensive plan for a just, speedy and economical determination of the litigation.

The CCMC statements must address the following issues when applicable:

A. A brief factual summary to assist the Court in understanding the background of the case, a statement of the issues presented, including each theory of liability and defense and a summary of the facts supporting each position taken, and the relief sought, including an estimate of damages.

B.  The number of parties and their posture, including a proposed structure of representation, (e.g., liaison/lead counsel or by committee) if applicable;

C.  Deadlines and limits on joinder of parties and amended or additional pleadings;

D.  Class discovery and class certification;

E.  A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a plan for hearing remaining law and motion, and a projected trial date;

F.  An identification of all potential evidentiary issues involving confidentiality or protected evidence;

G.  A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:

    (1)  unserved parties and the reasons for the failure to serve;

    (2)  unserved and/or unfiled cross-complaints;

    (3)  related actions pending in any jurisdiction and the potential for coordination or consolidation;

    (4)  any possible jurisdictional or venue issues that may arise;

    (5)  the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;

    (6)  unresolved law and motion matters;

    (7)  requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;

    (8)  severance of issues for trial; and

    (9)  calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date;  and

H.  Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel [for plaintiff(s) and/or defendant(s)] to streamline service of process and/or management of discovery, the use of e-filing, and the use of a web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda.

Minutes of    01/24/2008
Entered on    01/24/2008

Executive Officer / Clerk of the Superior Court

By    _Hollie M Adams_                 
                             Deputy Clerk

Rosen, Bien & Galvan, LLP
Attn: Rosen, Sanford Jay
315 Montgomery Street, Tenth Floor
San Francisco, CA  94104

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Bryant<br><br>                           Plaintiff/Petitioner(s)<br><br>VS.<br><br><br>Service Corporation International<br>                           Defendant/Respondent(s)<br>             (Abbreviated Title) | No. <u>RG07359593</u><br><br>Order<br><br>Complaint - Other Employment |

The Complex Determination Hearing was set for hearing on 01/24/2008 at 02:00 PM in Department 20 before the Honorable Robert Freedman.  The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court.  The matter is assigned for all purposes to Department 20 of the Alameda County Superior Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq.

Courtesy (bench) copies of all filing should be delivered directly to Dept. 20 and may be left in the drop box when court is in session. The Court may also direct that certain filings be supplemented by an electronic copy (via e-mail to Dept.20@alameda.courts.ca.gov or by CD-ROM lodged with the clerk in Dept. 20). Any such electronic copy of documents shall be in Microsoft Word readable form (Microsoft Word, Word Perfect, a TIF or JPEG file inserted into a Word file, or any other format that can be saved in a Microsoft Word document).  Each separate document (notice, points and authorities, declarations, requests for judicial notice, et al) must be in a separate file in the diskette and the computer files must be identified in a fashion to permit accurate identification by Court personnel (e.g. "Notice.doc," "Points and Authorities.doc," Li Declaration.doc," "Johnson Declaration.doc," and "Proof of Service.doc," NOT "Quashnot.doc," "briefdraft3.doc," "Defdecl.doc," "Decl2revised.doc," or "Form5.doc.")  Electronic media submitted will not be returned.

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/.

All motions and ex parte applications shall be noticed for hearing in Department 20. The parties shall reserve hearing dates and times by contacting the Department 20 courtroom clerk via email at Dept.20@alameda.courts.ca.gov. The courtroom clerk can also be contacted by phone at (510) 267-6936, but phone contact should be used very sparingly. E-mail is the preferred method of communication.

At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both factually and legally, as well as the projected management of the case at each stage.  This is not a perfunctory exercise.  The primary objective of the CCMC is to develop a comprehensive plan for a just, speedy and economical determination of the litigation.

The CCMC statements must address the following issues when applicable:

A.    A brief factual summary to assist the Court in understanding the background of the case, a statement of the issues presented, including each theory of liability and defense and a summary of the facts supporting each position taken, and the relief sought, including an estimate of damages.

B.  The number of parties and their posture, including a proposed structure of representation, (e.g., liaison/lead counsel or by committee) if applicable;

C.  Deadlines and limits on joinder of parties and amended or additional pleadings;

D.  Class discovery and class certification;

E.  A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a plan for hearing remaining law and motion, and a projected trial date;

F.  An identification of all potential evidentiary issues involving confidentiality or protected evidence;

G.  A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:

   (1)  unserved parties and the reasons for the failure to serve;

   (2)  unserved and/or unfiled cross-complaints;

   (3)  related actions pending in any jurisdiction and the potential for coordination or consolidation;

   (4)  any possible jurisdictional or venue issues that may arise;

   (5)  the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;

   (6)  unresolved law and motion matters;

   (7)  requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;

   (8)  severance of issues for trial; and

   (9)  calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date;  and

H.  Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel [for plaintiff(s) and/or defendant(s)] to streamline service of process and/or management of discovery, the use of e-filing, and the use of a web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda.

Dated:  01/24/2008

_____
Judge Robert Freedman

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number:  RG07359593
Order After Hearing Re: of 01/24/2008

## DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the
foregoing document was mailed first class, postage prepaid, in a sealed envelope,
addressed as shown on the foregoing document or on the attached, and that the
mailing of the foregoing and execution of this certificate occurred at
1225 Fallon Street, Oakland, California.

Executed on 01/24/2008.

Executive Officer / Clerk of the Superior Court

By  *Hollie M Adams*

Deputy Clerk

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Sanford Jay Rosen
**Rosen, Bien & Galvan LLP**
315 Montgomery Street, 10th Floor
San Francisco, CA 94104

TELEPHONE NO.: 415/433-6830    FAX NO. *(Optional):*  415/433-7104
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

PLAINTIFF/PETITIONER: Claude Byrant, Craig Fulcher, et al.

DEFENDANT/RESPONDENT: Service Corporation International, et al.

**PROOF OF SERVICE OF SUMMONS**

FILED
ALAMEDA COUNTY

JAN 3 1 2008

CLERK OF THE SUPERIOR COURT
By                                    Deputy

CASE NUMBER:
RG07359593

Ref. No. or File No.:

---

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:
    a.  [x] summons Amended
    b.  [x] complaint Amended
    c.  [x] Alternative Dispute Resolution (ADR) package
    d.  [x] Civil Case Cover Sheet *(served in complex cases only)*
    e.  [ ] cross-complaint
    f.  [x] other *(specify documents):* Notice of Complex Determination Hearing

3.  a. Party served *(specify name of party as shown on documents served):* SCI Western Market Support Center, L.P., a/k/a Western Market Support Center, Inc.
    b.  [x] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):* CSC-Lawyers Incorporating Service by: Steve Cassidy, Receptionist, Authorized to Accept Service.

4.  Address where the party was served: 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA 95833

5.  I served the party *(check proper box)*
    a.  [x] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 1/28/07  (2) at *(time):* 11:40 AM
    b.  [ ] **by substituted service.** On *(date):*  at *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

        (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*  from *(city):*  or [ ] a declaration of mailing is attached.

        (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure, § 417.10



| PLAINTIFF/PETITIONER: Claude Byrant, Craig Fulcher, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Service Corporation International, et al. | RG07359593 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the
       address shown in item 4, by first-class mail, postage prepaid,

       (1) on *(date):*                              (2) from *(city):*

       (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed
            to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)*  (Code Civ. Proc., § 415.30.)

       (4)  ☐  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

    d.  ☐  **by other means** *(specify means of service and authorizing code section):*

       ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

    a.  ☐  as an individual defendant.

    b.  ☐  as the person sued under the fictitious name of *(specify):*

    c.  ☐  as occupant.

    d.  ☒  On behalf of *(specify):*  SCI Western Market Support Center, L.P., a/k/a Western Market Support Center, Inc.

       under the following Code of Civil Procedure section:

       ☒ 416.10 (corporation)                        ☐ 415.95 (business organization, form unknown)
       ☐ 416.20 (defunct corporation)                ☐ 416.60 (minor)
       ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)
       ☐ 416.40 (association or partnership)         ☐ 416.90 (authorized person)
       ☐ 416.50 (public entity)                      ☐ 415.46 (occupant)
                                                     ☐ other:

7.  **Person who served papers**

    a. Name: Jill E. Williamson

    b. Address: 3000 T Street, Ste. 200, Sacramento, CA 95816

    c. Telephone number: 916/451-3697

    d. **The fee** for service was: $ 45.00

    e. I am:

       (1)  ☐  not a registered California process server.

       (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

       (3)  ☒  registered California process server:

          (i)  ☐ owner    ☒ employee    ☐ independent contractor.

          (ii)  Registration No.: 2006-28

          (iii)  County: Sacramento

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 1/28/08

Jill E. Williamson
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶  _____
(SIGNATURE )



*6048578*

SUPERIOR COURT OF THE STATE OF CALIFORNIA FILED

COUNTY OF ALAMEDA

ALAMEDA COUNTY

JAN 3 1 2008

CLAUDE BRYANT, et al., ,

        Plaintiffs,

v.

SERVICE               CORPORATION
INTERNATIONAL, et al.,

        Defendants.

Case No. 0735959 CLERK OF THE SUPERIOR COURT

**AFFIDAVIT OF SERVICE**

By _____
                                 Deputy

TO: Curtis Briggs

BEFORE ME, the undersigned authority, on this day appeared, *ROBERT LEHEW*, personally before me and stated under oath as follows:

1. My name is *ROBERT LEHEW*. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am an authorized private process server licensed by and through the Supreme Court of Texas, am in all ways competent to make this affidavit, and this affidavit is based on personal knowledge. The facts stated herein are true and correct.

2. The documents referenced in this affidavit are:

   • Summons
   • Amended Complaint
   • Notice of Hearing
   • Civil Case Cover Sheet
   • Alternative Dispute Resolution Information Package

3. ON ___January 25, 2008, @ 9:00am___ - CAME TO HAND. ON ___January 29, 2008 @ 2:40pm___ - THE ABOVE NAMED DOCUMENTS

WERE DELIVERED TO:    ROBERT MADEIRA, WHO REPRESENTED

THAT HE WAS AUTHORIZED TO ACCEPT SERVICE ON BEHALF OF

CURTIS BRIGGS, 1929 ALLEN PARKWAY, HOUSTON, TX 77019.

4. FURTHER AFFIANT SAYETH NOT.


_____
ROBERT LEHEW, AFFIANT
(ID #SCH1496)

Before me personally appeared the above-named affiant, who, being first duly sworn, stated upon oath that the above-stated facts are true and correct and within his or her personal knowledge, and subscribed the same on this 29 day of _____, 2008.

DORINDA MCKENZIE
Notary Public, State of Texas
My Commission Expires
April 10, 2011

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS



SUPERIOR COURT OF THE STATE OF CALIFORNIA F I L E D

COUNTY OF ALAMEDA                          ALAMEDA COUNTY

CLAUDE BRYANT, et al., ,                )                    JAN 3 1 2008
                                        )   Case No. 0735959? CLERK OF THE SUPERIOR COURT
            Plaintiffs,                 )   By _____
                                        )                                   Deputy
v.                                      )
                                        )   **AFFIDAVIT OF SERVICE**
SERVICE              CORPORATION)
INTERNATIONAL, et al.,                  )
                                        )
            Defendants.                 )
_____)

TO: Gwen Petteway

**BEFORE ME**, the undersigned authority, on this day appeared, ***ROBERT LEHEW***,

personally before me and stated under oath as follows:

1.  My name is ***ROBERT LEHEW***.  I am over the age of eighteen (18), I am not a

    party to this case, and have no interest in its outcome.  I am an authorized private

    process server licensed by and through the Supreme Court of Texas, am in all

    ways competent to make this affidavit, and this affidavit is based on personal

    knowledge.  The facts stated herein are true and correct.

2.  The documents referenced in this affidavit are:

    - Summons
    - Amended Complaint
    - Notice of Hearing
    - Civil Case Cover Sheet
    - Alternative Dispute Resolution Information Package

3.  ON _January 29, 2008 @ 9:00AM_ - CAME TO HAND.  ON

    _January 29, 2008, 02:40PM_ - THE ABOVE NAMED DOCUMENTS

WERE DELIVERED TO:        ROBERT MADEIRA, WHO REPRESENTED

THAT HE WAS AUTHORIZED TO ACCEPT SERVICE ON BEHALF OF

GWEN PETTEWAY, 1929 ALLEN PARKWAY, HOUSTON, TX 77019.

4. **FURTHER AFFIANT SAYETH NOT.**


_Robert Lehew SCH1496_
ROBERT LEHEW, AFFIANT
(ID #SCH1496)


Before me personally appeared the above-named affiant, who, being first duly
sworn, stated upon oath that the above-stated facts are true and correct and within
his or her personal knowledge, and subscribed the same on this 29 day of
_January_, 2008.

DORINDA MCKENZIE
Notary Public, State of Texas
My Commission Expires
April 10, 2011

_Dorinda McKenzie_
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS



*6048570*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

F I L E D
ALAMEDA COUNTY

JAN 3 1 2008

CLERK OF THE SUPERIOR COURT
By_____
Deputy

CLAUDE BRYANT, et al., ,          )
                                  )
          Plaintiffs,             )  Case No. 07359593
                                  )
v.                                )  **AFFIDAVIT OF SERVICE**
                                  )
SERVICE          CORPORATION      )
INTERNATIONAL, et al.,            )
                                  )
          Defendants.             )
                                  )
_____)

TO: Jane D. Jones

**BEFORE ME**, the undersigned authority, on this day appeared, ***ROBERT LEHEW***,

personally before me and stated under oath as follows:

1. My name is ***ROBERT LEHEW***. I am over the age of eighteen (18), I am not a

    party to this case, and have no interest in its outcome. I am an authorized private

    process server licensed by and through the Supreme Court of Texas, am in all

    ways competent to make this affidavit, and this affidavit is based on personal

    knowledge. The facts stated herein are true and correct.

2. The documents referenced in this affidavit are:

    - Summons
    - Amended Complaint
    - Notice of Hearing
    - Civil Case Cover Sheet
    - Alternative Dispute Resolution Information Package

3. ON _January 29, 2008 @ 9:00 AM_ - CAME TO HAND. ON

    _January 29, 2008 @ 2:40PM_ - **THE ABOVE NAMED DOCUMENTS**

**WERE DELIVERED TO:**     ROBERT MADEIRA, WHO REPRESENTED

THAT HE WAS AUTHORIZED TO ACCEPT SERVICE ON BEHALF OF

JANE D. JONES, 1929 ALLEN PARKWAY, HOUSTON, TX 77019.

4.  **FURTHER AFFIANT SAYETH NOT.**


_Robert Lehew Sch 1496_
**ROBERT LEHEW, AFFIANT**
**(ID #SCH1496)**


Before me personally appeared the above-named affiant, who, being first duly
sworn, stated upon oath that the above-stated facts are true and correct and within
his or her personal knowledge, and subscribed the same on this 29 day of
_January_, 2008.


DORINDA MCKENZIE
Notary Public, State of Texas
My Commission Expires
April 10, 2011

_Dorinda McKenzie_
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

*604856*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

F I L E D
ALAMEDA COUNTY

COUNTY OF ALAMEDA

JAN 3 1 2008

CLAUDE BRYANT, et al., ,

        Plaintiffs,

v.

SERVICE           CORPORATION
INTERNATIONAL, et al.,

        Defendants.

Case No. 0735959S CLERK OF THE SUPERIOR COURT
By_____
                             Deputy

**AFFIDAVIT OF SERVICE**

TO: Service Corporation International

**BEFORE ME,** the undersigned authority, on this day appeared, ***ROBERT LEHEW***,

personally before me and stated under oath as follows:

1. My name is ***ROBERT LEHEW***. I am over the age of eighteen (18), I am not a

    party to this case, and have no interest in its outcome. I am an authorized private

    process server licensed by and through the Supreme Court of Texas, am in all

    ways competent to make this affidavit, and this affidavit is based on personal

    knowledge. The facts stated herein are true and correct.

2. The documents referenced in this affidavit are:

    • Summons
    • Amended Complaint
    • Notice of Hearing
    • Civil Case Cover Sheet
    • Alternative Dispute Resolution Information Package

3. ON January 29, 2008 @ 9:00AM    - CAME TO HAND. ON

    January 29, 2008 @ 2:40PM - THE ABOVE NAMED DOCUMENTS

**WERE DELIVERED TO:**    ROBERT MADEIRA, WHO REPRESENTED

THAT HE WAS AUTHORIZED TO ACCEPT SERVICE ON BEHALF OF

JAMES M. SHELGER, REGISTERED AGENT FOR SERVICE

CORPORATION INTERNATIONAL, 1929 ALLEN PARKWAY, HOUSTON,

TX 77019.

4. **FURTHER AFFIANT SAYETH NOT.**


_Robert Lehew SCH1496_
**ROBERT LEHEW, AFFIANT**
**(ID #SCH1496)**


Before me personally appeared the above-named affiant, who, being first duly sworn, stated upon oath that the above-stated facts are true and correct and within his or her personal knowledge, and subscribed the same on this 29 day of _January_ , 2008.


DORINDA MCKENZIE
Notary Public, State of Texas
My Commission Expires
April 10, 2011

_Dorinda McKenzie_
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS



SUPERIOR COURT OF THE STATE OF CALIFORNIA FILED
COUNTY OF ALAMEDA      ALAMEDA COUNTY

JAN 31 2008

CLAUDE BRYANT, et al., ,                    )
                                            )   Case No. 07359593
            Plaintiffs,                     )   CLERK OF THE SUPERIOR COURT
                                            )   By_____
v.                                          )                       Deputy
                                            )   **AFFIDAVIT OF SERVICE**
SERVICE               CORPORATION)
INTERNATIONAL, et al.,                      )
                                            )
            Defendants.                     )
_____    )

TO: SCI Funeral and Cemetery Purchasing Cooperative, Inc.

**BEFORE ME,** the undersigned authority, on this day appeared, *ROBERT LEHEW,*

personally before me and stated under oath as follows:

1. My name is *ROBERT LEHEW.*  I am over the age of eighteen (18), I am not a

   party to this case, and have no interest in its outcome.  I am an authorized private

   process server licensed by and through the Supreme Court of Texas, am in all

   ways competent to make this affidavit, and this affidavit is based on personal

   knowledge.  The facts stated herein are true and correct.

2. The documents referenced in this affidavit are:

   - Summons
   - Amended Complaint
   - Notice of Hearing
   - Civil Case Cover Sheet
   - Alternative Dispute Resolution Information Package

3. ON January 29, 2008 @ 9:00am  - CAME TO HAND. ON January 29, 200

   at 2:40 PM  - THE ABOVE NAMED DOCUMENTS

**WERE DELIVERED TO:**    ROBERT MADEIRA, WHO REPRESENTED

THAT HE WAS AUTHORIZED TO ACCEPT SERVICE ON BEHALF OF

JAMES M. SHELGER, REGISTERED AGENT FOR SCI FUNERAL AND

CEMETERY PURCHASING COOPERATIVE, INC., 1929 ALLEN

PARKWAY, HOUSTON, TX 77019.

4.  **FURTHER AFFIANT SAYETH NOT.**


_Robert Lehew_ SCH1496
**ROBERT LEHEW, AFFIANT**
**(ID #SCH1496)**


**Before me personally appeared the above-named affiant, who, being first duly
sworn, stated upon oath that the above-stated facts are true and correct and within
his or her personal knowledge, and subscribed the same on this 29 day of
January , 2008.**


DORINDA MCKENZIE
Notary Public, State of Texas
My Commission Expires
April 10, 2011

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

*604872-0*

FILED
ALAMEDA COUNTY

JAN 31 2008

CLERK OF THE SUPERIOR COURT
By_____
Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| CLAUDE BRYANT, et al., ,<br><br>    Plaintiffs,<br><br>v. .<br><br>SERVICE CORPORATION<br>INTERNATIONAL, et al.,<br><br>    Defendants. | ) Case No. 0735939<br>)<br>)<br>)<br>) **AFFIDAVIT OF SERVICE**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

TO: SCI Houston Market Support Center, L.P.

**BEFORE ME**, the undersigned authority, on this day appeared, ***ROBERT LEHEW***, personally before me and stated under oath as follows:

1. My name is ***ROBERT LEHEW***. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am an authorized private process server licensed by and through the Supreme Court of Texas, am in all ways competent to make this affidavit, and this affidavit is based on personal knowledge. The facts stated herein are true and correct.

2. The documents referenced in this affidavit are:

   - Summons
   - Amended Complaint
   - Notice of Hearing
   - Civil Case Cover Sheet
   - Alternative Dispute Resolution Information Package

3. ON _January 29, 2008 @ 9:00 AM_ CAME TO HAND. ON _January 29, 2008 @ 2:40pm_ THE ABOVE NAMED DOCUMENTS

WERE DELIVERED TO:    ROBERT MADEIRA, WHO REPRESENTED

THAT HE WAS AUTHORIZED TO ACCEPT SERVICE ON BEHALF OF

JAMES M. SHELGER, REGISTERED AGENT FOR SCI HOUSTON MARKET

SUPPORT CENTER, L.P., 1929 ALLEN PARKWAY, HOUSTON, TX 77019.

4.  **FURTHER AFFIANT SAYETH NOT.**

*Robert Lehew SCH 1496*
ROBERT LEHEW, AFFIANT
(ID #SCH1496)

Before me personally appeared the above-named affiant, who, being first duly sworn, stated upon oath that the above-stated facts are true and correct and within his or her personal knowledge, and subscribed the same on this 29 day of
January , 2008.

DORINDA MCKENZIE
Notary Public, State of Texas
My Commission Expires
April 10, 2011

*Dorinda McKenzie*
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

F I L E D
ALAMEDA COUNTY

JAN 3 1 2008

CLERK OF THE SUPERIOR COURT
By _Emil Chilton_
Deputy

CLAUDE BRYANT, et al., ,

      Plaintiffs,

v.

SERVICE          CORPORATION
INTERNATIONAL, et al.,

      Defendants.

Case No. 07359593

**AFFIDAVIT OF SERVICE**

TO: Thomas Ryan

**BEFORE ME**, the undersigned authority, on this day appeared, **ROBERT LEHEW,**

personally before me and stated under oath as follows:

1.  My name is **ROBERT LEHEW.** I am over the age of eighteen (18), I am not a

    party to this case, and have no interest in its outcome. I am an authorized private

    process server licensed by and through the Supreme Court of Texas, am in all

    ways competent to make this affidavit, and this affidavit is based on personal

    knowledge. The facts stated herein are true and correct.

2.  The documents referenced in this affidavit are:

    -   Summons
    -   Amended Complaint
    -   Notice of Hearing
    -   Civil Case Cover Sheet
    -   Alternative Dispute Resolution Information Package

3.  ON _January 29, 2008 @ 9:00 AM_ - CAME TO HAND. ON

    _January 29, 2008 @ 2:40 PM_ - **THE ABOVE NAMED DOCUMENTS**

WERE DELIVERED TO:    ROBERT MADEIRA, WHO REPRESENTED

THAT HE WAS AUTHORIZED TO ACCEPT SERVICE ON BEHALF OF

THOMAS RYAN, 1929 ALLEN PARKWAY, HOUSTON, TX 77019.

4. FURTHER AFFIANT SAYETH NOT.


_Robert Lehew SCH1496_
ROBERT LEHEW, AFFIANT
(ID #SCH1496)

Before me personally appeared the above-named affiant, who, being first duly sworn, stated upon oath that the above-stated facts are true and correct and within his or her personal knowledge, and subscribed the same on this 29 day of ____January____, 2008.

```
┌─────────────────────────────┐
│  ★   DORINDA MCKENZIE        │
│      Notary Public, State of │
│      Texas                   │
│      My Commission Expires   │
│      April 10, 2011          │
└─────────────────────────────┘
```

_Dorinda McKenzie_
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

*6191295*

1 | Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
2 | Lori E. Rifkin, State Bar No. 244081
ROSEN, BIEN & GALVAN, LLP
3 | 315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
4 | Telephone: (415) 433-6830
Facsimile: (415) 433-7104
5 | srosen@rbg-law.com

6 | [Additional Counsel Listed on Following Page]

7

Attorneys for Plaintiffs

8

9 SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

10

11 | CLAUDE BRYANT, JOSEPH BIERNACKI, ) Case No. RG 07359593
GORDON FARMER, RHEALYN )
HOLLAND, JAMES STICKLE, ELEANOR ) **CLASS ACTION**
12 | RIGGIO, FRANK ACUNA, RICHARD )
LAMASTERS, KENNETH ALLEN, CRAIG ) **AFFIDAVIT OF SERVICE**
13 | FULCHER, SANFORD LEVINE and )
THOMAS THOMPSON, on behalf of )
14 | themselves and all other employees and former )
employees similarly situated, )
15 | )
Plaintiffs, )
16 | )
v. )
17 | )
SERVICE                    CORPORATION )
18 | INTERNATIONAL, SCI FUNERAL AND )
CEMETERY              PURCHASING )
19 | COOPERATIVE, INC., SCI EASTERN )
MARKET SUPPORT CENTER, L.P., SCI )
20 | WESTERN MARKET SUPPORT CENTER, )
L.P. a/k/a SCI WESTERN MARKET )
21 | SUPPORT CENTER, INC., SCI HOUSTON )
MARKET SUPPORT CENTER, L.P., JANE )
22 | D. JONES, GWEN PETTEWAY, THOMAS )
RYAN, and CURTIS BRIGGS, )
23 | )
Defendants. )
24 | _____ )

25

26

27

28

1

2  Additional Attorneys for Plaintiffs, who will
   submit applications for admission *pro hac vice*:

3

4  J. Nelson Thomas, NY Attorney No. 2579159
   Patrick J. Solomon, NY Attorney No. 2716660
   Michael J. Lingle, NY Attorney No. 3925765

5  Justin Cordello, NY Attorney No. 4131447
   Annette Gifford, NY Attorney No. 4105870

6  DOLIN, THOMAS & SOLOMON LLP
   693 East Avenue

7  Rochester, NY 14607
   Telephone: (585) 272-0540

8  Facsimile: (585) 272-0574
   nthomas@theemploymentattorneys.com

9
   Charles H. Saul, PA State Bar No.19938

10 Liberty J. Weyandt, PA State Bar No. 87654
   Kyle T. McGee, PA State Bar No. 205661

11 MARGOLIS EDELSTEIN
   525 William Penn Place

12 Suite 3300
   Pittsburgh, PA 15219

13 Telephone: (412) 281-4256
   Facsimile: (412) 642-2380

14 csaul@margolisedelstein.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF ALAMEDA

CLAUDE BRYANT, JOSEPH BIERNACKI, GORDON FARMER, RHEALYN )
HOLLAND, JAMES STICKLE, ELEANOR RIGGIO, FRANK ACUNA, RICHARD )
LAMASTERS, KENNETH ALLEN, CRAIG FULCHER, SANFORD LEVINE and )
THOMAS THOMPSON, on behalf of themselves and all other employees )
similarly situated )
    Plaintiff, )
     )
vs )
SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND )
CEMETRY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET )
SUPPORT CENTER, L.P., SCI WESTERN MARKET SUPPORT CENTER, LP )
aka SCI WESTERN MARKET SUPPORT CENTER, INC., SCI HOUSTON )
MARKET SUPPORT CENTER, LP, JANE D. JONES, GWEN PETTEWAY, )
THOMAS RYAN, and CURTIS BRIGGS )
    Defendants. )

Case No. RG07359593

## RETURN

Came to hand:  01/29/2008  , at  10:00  o'clock  A.M.

- **Summons**
- **Amended Complaint**
  1) Violation of California Labor Laws
  2) State Wage and Hour Laws
  3) Unjust Enrichment/Restitution
  4) Conversion
  5) Fraud and Deceit
  6) Misrepresentation
  7) Breach of Contract
  8) Breach of Implied covenant of Good Faith and Fair Dealing
  9) Quantum Meruit
  10) Unlawful Business Practices
- **Demand for Jury Trial**
- **Notice of Hearing**
- **Civil Case Cover Sheet**
- **Alternative Dispute Resolution Information Package**

Executed on:  1/29/2008  , at  2:46  o'clock  P.M.

Executed at:  701 BRAZOS STREET, AUSTIN, TX 78701
County of:  TRAVIS

By delivering to SCI EASTERN MARKET SUPPORT CENTER, LP, by delivering to its registered agent,
CORPORATION SERVICE COMPANY dba CSC-LAWYERS INCORPORATING SERVICE COMPANY, by delivering to
authorized agent, VERONICA CORDELL        , in person, a true copy of the above specified civil process having
first endorsed on such copy the date of delivery.

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit.

Authorized Person: MATTHEW MURSKI
Assured Civil Process Agency
600 Sabine St, Ste. 100, Austin, Tx 78701

STATE OF TEXAS  }

## VERIFICATION

DANA L. MCMICHAEL
Notary Public, State of Texas
My Commission Expires
April 23, 2008

Before me, a notary public, on this day personally appeared the above named Authorized person, known to me to be
the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that
the statements therein contained are true and correct. Given under my hand and seal of office on this the 29th
day of  January        , 2008.

Notary Public Signature

*6049353*

```
1   Sanford Jay Rosen, SBN 62566
2   Maria V. Morris, SBN 223903
    Lori E. Rifkin, SBN 244081
3   ROSEN, BIEN & GALVAN, LLP
    315 Montgomery Street, Tenth Floor
4   San Francisco, CA 94104
    Telephone: (415) 433-6830;
5   Facsimile: (415) 433-7104
    srosen@rbg-law.com
6
    [Additional Counsel Listed on Following Page]
7
    Attorneys for Plaintiffs
8
```

FILED
ALAMEDA COUNTY

FEB 0 7 2008

CLERK OF THE SUPERIOR COURT

By _____ Deputy

```
9            SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                       COUNTY OF ALAMEDA
11
12   CLAUDE BRYANT, JOSEPH BIERNACKI,
     GORDON FARMER, RHEALYN HOLLAND,
13   JAMES STICKLE, ELEANOR RIGGIO,
     FRANK ACUNA, RICHARD LAMASTERS,
14   KENNETH ALLEN, CRAIG FULCHER,
     SANFORD LEVINE and THOMAS
15   THOMPSON, on behalf of themselves and all
     other employees and former employees similarly
16   situated,
17            Plaintiffs,
18   v.
19   SERVICE                 CORPORATION
     INTERNATIONAL,  SCI  FUNERAL  AND
20   CEMETERY PURCHASING COOPERATIVE,
     INC., SCI EASTERN MARKET SUPPORT
21   CENTER, L.P.,  SCI  WESTERN  MARKET
     SUPPORT CENTER, L.P. a/k/a SCI WESTERN
22   MARKET SUPPORT CENTER, INC., SCI
     HOUSTON MARKET SUPPORT CENTER,
23   L.P., JANE D. JONES, GWEN PETTEWAY,
     THOMAS RYAN, and CURTIS BRIGGS,
24
              Defendants.
25
26
27
28
```

Case No. RG07359593

Assigned to Department 20, The Hon.
Robert Freedman, For All Purposes

Hearing Date:  March 21, 2008
Hearing Time:  2:00 PM
Location: Administration Bldg. 4th Floor
          1221 Oak St., Oakland, CA
Reservation Number: R797113

**NOTICE OF MOTION OF ANNETTE
GIFFORD TO APPEAR AS COUNSEL
*PRO HAC VICE***

NOTICE OF MOTION OF ANNETTE GIFFORD TO APPEAR AS COUNSEL PRO HAC VICE

1    Additional Attorneys for Plaintiffs:

2    J. Nelson Thomas, NY Attorney No. 2579159 [PRO HAC VICE]
     Annette Gifford, NY Attorney No. 4105870 [PRO HAC VICE]
3    DOLIN, THOMAS & SOLOMON LLP
     693 East Avenue, Rochester, NY 14607
4    Telephone: (585) 272-0540;
5    Facsimile:  (585) 272-0574
     nthomas@theemploymentattorneys.com
6
     Additional Attorneys for Plaintiffs, who will submit applications
7    for admission *pro hac vice*:

8    Charles H. Saul, PA SBN 19938
     Liberty J. Weyandt, PA SBN 87654
9    Kyle T. McGee, PA SBN 205661
     MARGOLIS EDELSTEIN
10   525 William Penn Place, Suite 3300
     Pittsburgh, PA 15219
11   Telephone: (412) 281-4256;
12   Facsimile: (412) 642-2380
     csaul@margolisedelstein.com
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    -2-

1    PLEASE TAKE NOTICE that on March 21, 2008 at 2:00 P.M., or as soon

2    thereafter as the matter may be heard in the above-titled Court, Plaintiffs will appear

3    before the Alameda County Superior Court to request that the Court consider the

4    Application of Annette Gifford to appear as counsel *pro hac vice*. The Application is

5    presented pursuant to the provisions of California Rule of Court 9.40, and is based on this

6    Notice, the accompanying Application, documents on file with the Court, and evidence

7    that may be presented at the hearing.

9    Dated:  February 6, 2008           Respectfully submitted,
                             ROSEN, BIEN & GALVAN, LLP

                           By:                                 
                                LORI E. RIFKIN
                                Attorneys for Plaintiffs

NOTICE OF MOTION OF ANNETTE GIFFORD TO APPEAR AS COUNSEL PRO HAC VICE



```
*6049380*
```

1  Sanford Jay Rosen, SBN 62566
   Maria V. Morris, SBN 223903
2  Lori E. Rifkin, SBN 244081
   ROSEN, BIEN & GALVAN, LLP
3  315 Montgomery Street, Tenth Floor
   San Francisco, CA 94104
4  Telephone: (415) 433-6830;
   Facsimile: (415) 433-7104
5  srosen@rbg-law.com

6
   [Additional Counsel Listed on Following Page]
7
   Attorneys for Plaintiffs
8

9
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
                          COUNTY OF ALAMEDA
11

12  CLAUDE BRYANT, JOSEPH BIERNACKI,        Case No. RG07359593
    GORDON FARMER, RHEALYN HOLLAND,
13  JAMES STICKLE, ELEANOR RIGGIO,
    FRANK ACUNA, RICHARD LAMASTERS,         Assigned to Department 20, The Hon.
14  KENNETH ALLEN, CRAIG FULCHER,           Robert Freedman, For All Purposes
    SANFORD LEVINE and THOMAS
15  THOMPSON, on behalf of themselves and all
    other employees and former employees similarly   Hearing Date:  March 21, 2008
16  situated,                               Hearing Time:  2:00 PM
                                            Location: Administration Bldg. 4th Floor
17                  Plaintiffs,                       1221 Oak St., Oakland, CA
                                            Reservation Number: R797113
18  v.

19  SERVICE CORPORATION INTERNATIONAL,
    SCI    FUNERAL    AND    CEMETERY       **MOTION OF ANNETTE GIFFORD
20  PURCHASING  COOPERATIVE,  INC.,  SCI    TO APPEAR AS COUNSEL *PRO
    EASTERN MARKET SUPPORT CENTER, L.P.,    HAC VICE***
21  SCI WESTERN MARKET SUPPORT CENTER,
    L.P. a/k/a SCI WESTERN MARKET SUPPORT
22  CENTER,  INC.,  SCI  HOUSTON  MARKET
    SUPPORT  CENTER,  L.P.,  JANE  D.  JONES,
23  GWEN  PETTEWAY,  THOMAS  RYAN,  and
    CURTIS BRIGGS,
24
                  Defendants.
25

26

27

28
```

1 | Additional Attorneys for Plaintiffs:

2 | J. Nelson Thomas, NY Attorney No. 2579159 [PRO HAC VICE]
Annette Gifford, NY Attorney No. 4105870 [PRO HAC VICE]
3 | DOLIN, THOMAS & SOLOMON LLP
693 East Avenue, Rochester, NY 14607
4 | Telephone: (585) 272-0540;
Facsimile: (585) 272-0574
5 | nthomas@theemploymentattorneys.com

6 | Additional Attorneys for Plaintiffs, who will submit applications
7 | for admission *pro hac vice*:

8 | Charles H. Saul, PA SBN 19938
Liberty J. Weyandt, PA SBN 87654
9 | Kyle T. McGee, PA SBN 205661
MARGOLIS EDELSTEIN
10 | 525 William Penn Place, Suite 3300
Pittsburgh, PA 15219
11 | Telephone: (412) 281-4256;
Facsimile: (412) 642-2380
12 | csaul@margolisedelstein.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    I, Annette Gifford, declare as follows:

2    1.   By this application, I seek permission to appear as counsel pro hac vice for the

3    purpose of participating in all phases of this action.

4    2.   I am a resident of New York and a member of the law firm of Dolin, Thomas &

5    Solomon LLP, located at 693 East Avenue, Rochester, New York, 14607.

6    3.   This application is supported by counsel of record in the present action, Sanford Jay

7    Rosen, Maria V. Morris, and Lori E. Rifkin, of Rosen, Bien & Galvan, LLP, 315

8    Montgomery Street, Tenth Floor, San Francisco, all of whom are active members in good

9    standing with the State Bar of California.

10    4.   I am not a resident of California, nor am I regularly employed or engaged in

11    substantial business, professional, or other activities in the State of California.

12    5.   I am a member in good standing in the Bar of the State of New York, and was

13    admitted to practice in the State of New York in 2003.  In addition, I have been admitted to

14    practice, and am currently in good standing, before the United States Court of Appeals for

15    the Second Circuit (2007), United States Court of Appeals for the Eleventh Circuit (2006),

16    United States District Court for the Northern District of New York (2004), United States

17    District Court for the Southern District of New York (2004), United States District Court for

18    the Eastern District of New York (2004), and United States District Court for the Western

19    District of New York (2004).

20    6.   I am not currently suspended or disbarred in any court.

21    7.   In the preceding two years, I have filed two other applications to appear *pro hac vice*

22    in California.  First, I submitted an application in the matter *Helm et al. v. Service*

23    *Corporation International*, RG07334642.  There was no ruling on that application before

24    the case was removed to federal Court, and the case was subsequently dismissed without

25    prejudice.   Second, concurrently with filing this application, I am also submitting an

26    application in the matter *Helm et al. v. Alderwoods Group, Inc.*, RG07359602.

27    8.   I am aware of, and will comply with, my duty to familiarize myself with the

28    standards of professional conduct required by members of the State Bar of California.  I am

1  also aware that, by appearing as counsel *pro hac vice*, I shall be subject to the disciplinary

2  jurisdiction of the State Bar with respect to any of my acts occurring in the course of my

3  appearance before the courts of this state.

4

5      I declare under penalty of perjury under the laws of the State of California that the

6  foregoing is true and correct, and that this declaration was executed in Rochester, New York

7  on this 24th day of January, 2008.

8                                                  _Annette Gifford_

9                                              _____
                                                   Annette Gifford

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLICATION OF ANNETTE GIFFORD TO APPEAR AS COUNSEL PRO HAC VICE




*6049376*

1  Sanford Jay Rosen, SBN 62566
   Maria V. Morris, SBN 223903
2  Lori E. Rifkin, SBN 244081
   ROSEN, BIEN & GALVAN, LLP
3  315 Montgomery Street, Tenth Floor
   San Francisco, CA 94104
4  Telephone: (415) 433-6830;
   Facsimile: (415) 433-7104
5  srosen@rbg-law.com

6  [Additional Counsel Listed on Following Page]

7  Attorneys for Plaintiffs

8

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF ALAMEDA

11

12  CLAUDE BRYANT, JOSEPH BIERNACKI,          | Case No. RG07359593
    GORDON FARMER, RHEALYN HOLLAND,           |
13  JAMES STICKLE, ELEANOR RIGGIO,            |
    FRANK ACUNA, RICHARD LAMASTERS,           | Assigned to Department 20, The Hon.
14  KENNETH ALLEN, CRAIG FULCHER,             | Robert Freedman, For All Purposes
    SANFORD LEVINE and THOMAS                 |
15  THOMPSON, on behalf of themselves and all |
    other employees and former employees similarly | Hearing Date: March 21, 2008
16  situated,                                 | Hearing Time: 2:00 PM
                                              | Location: Administration Bldg. 4th Floor
17                Plaintiffs,                  |           1221 Oak St., Oakland, CA
                                              | Reservation Number: R797113
18  v.                                        |

19  SERVICE CORPORATION INTERNATIONAL,        | [PROPOSED] ORDER GRANTING
    SCI  FUNERAL   AND    CEMETERY            | MOTION OF ANNETTE GIFFORD
20  PURCHASING   COOPERATIVE,   INC.,   SCI   | TO APPEAR AS COUNSEL *PRO*
    EASTERN MARKET SUPPORT CENTER, L.P.,      | *HAC VICE*
21  SCI WESTERN MARKET SUPPORT CENTER,        |
    L.P. a/k/a SCI WESTERN MARKET SUPPORT     |
22  CENTER, INC., SCI HOUSTON MARKET          |
    SUPPORT CENTER, L.P., JANE D. JONES,      |
23  GWEN PETTEWAY, THOMAS RYAN, and           |
    CURTIS BRIGGS,                            |
24                Defendants.                  |

25

26

27

28

1    Additional Attorneys for Plaintiffs:

2    J. Nelson Thomas, NY Attorney No. 2579159 [PRO HAC VICE]
     Annette Gifford, NY Attorney No. 4105870 [PRO HAC VICE]

3    DOLIN, THOMAS & SOLOMON LLP
     693 East Avenue, Rochester, NY 14607

4    Telephone: (585) 272-0540;
     Facsimile:  (585) 272-0574

5    nthomas@theemploymentattorneys.com

6    Additional Attorneys for Plaintiffs, who will submit applications

7    for admission *pro hac vice*:

8    Charles H. Saul, PA SBN 19938
     Liberty J. Weyandt, PA SBN 87654

9    Kyle T. McGee, PA SBN 205661
     MARGOLIS EDELSTEIN

10   525 William Penn Place, Suite 3300
     Pittsburgh, PA 15219

11   Telephone: (412) 281-4256;
     Facsimile: (412) 642-2380

12   csaul@margolisedelstein.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-   [PROPOSED] ORDER GRANTING MOTION OF ANNETTE GIFFORD TO APPEAR AS
      COUNSEL PRO HAC VICE

1      IT IS HEREBY ORDERED that the *Pro Hac Vice* Application of Annette Gifford

2  for permission to appear and participate in the above-entitled action on behalf of Plaintiffs

3  Helm et al. is GRANTED.

4

5  DATED:   _____, 2008

6

7                                 The Honorable Robert Freedman
                                   Alameda County Superior Court Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING MOTION OF ANNETTE GIFFORD TO APPEAR AS COUNSEL PRO HAC VICE

*6049349*

1  Sanford Jay Rosen, SBN 62566
   Maria V. Morris, SBN 223903
2  Lori E. Rifkin, SBN 244081
   ROSEN, BIEN & GALVAN, LLP
3  315 Montgomery Street, Tenth Floor
   San Francisco, CA 94104
4  Telephone: (415) 433-6830;
   Facsimile: (415) 433-7104
5  srosen@rbg-law.com

6  [Additional Counsel Listed on Following Page]

7  Attorneys for Plaintiffs

8

FILED
ALAMEDA COUNTY

FEB 0 7 2008

CLERK OF THE SUPERIOR COURT
By_____

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                          COUNTY OF ALAMEDA

11

12  CLAUDE BRYANT, JOSEPH BIERNACKI,
    GORDON FARMER, RHEALYN HOLLAND,
13  JAMES STICKLE, ELEANOR RIGGIO,
    FRANK ACUNA, RICHARD LAMASTERS,
14  KENNETH ALLEN, CRAIG FULCHER,
    SANFORD LEVINE and THOMAS
15  THOMPSON, on behalf of themselves and all
    other employees and former employees similarly
16  situated,

17              Plaintiffs,

18  v.

19  SERVICE                CORPORATION
    INTERNATIONAL,  SCI  FUNERAL  AND
20  CEMETERY PURCHASING COOPERATIVE,
    INC., SCI EASTERN MARKET SUPPORT
21  CENTER, L.P., SCI WESTERN MARKET
    SUPPORT CENTER, L.P. a/k/a SCI WESTERN
22  MARKET  SUPPORT  CENTER,  INC.,  SCI
    HOUSTON MARKET SUPPORT CENTER,
23  L.P., JANE D. JONES, GWEN PETTEWAY,
    THOMAS RYAN, and CURTIS BRIGGS,

24              Defendants.

25

26

27

28

Case No. RG07359593

Assigned to Department 20, The Hon.
Robert Freedman, For All Purposes

Hearing Date: March 21, 2008
Hearing Time: 2:00 PM
Location: Administration Bldg. 4th Floor
          1221 Oak St., Oakland, CA
Reservation Number: R797112

**NOTICE OF MOTION OF J. NELSON
THOMAS TO APPEAR AS COUNSEL**
*PRO HAC VICE*

Depu

ORIGINAL

-1-

1    Additional Attorneys for Plaintiffs:

2    J. Nelson Thomas, NY Attorney No. 2579159 [PRO HAC VICE]
     Annette Gifford, NY Attorney No. 4105870 [PRO HAC VICE]
3    DOLIN, THOMAS & SOLOMON LLP
     693 East Avenue, Rochester, NY 14607
4    Telephone: (585) 272-0540;
     Facsimile:  (585) 272-0574
5    nthomas@theemploymentattorneys.com

6    Additional Attorneys for Plaintiffs, who will submit applications
7    for admission *pro hac vice*:

8    Charles H. Saul, PA SBN 19938
     Liberty J. Weyandt, PA SBN 87654
9    Kyle T. McGee, PA SBN 205661
     MARGOLIS EDELSTEIN
10   525 William Penn Place, Suite 3300
     Pittsburgh, PA 15219
11   Telephone: (412) 281-4256;
     Facsimile: (412) 642-2380
12   csaul@margolisedelstein.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION OF J. NELSON THOMAS TO APPEAR AS COUNSEL PRO HAC VICE

1    PLEASE TAKE NOTICE that on March 21, 2008 at 2:00 P.M., or as soon

2  thereafter as the matter may be heard in the above-titled Court, Plaintiffs will appear

3  before the Alameda County Superior Court to request that the Court consider the

4  Application of J. Nelson Thomas to appear as counsel *pro hac vice*.  The Application is

5  presented pursuant to the provisions of California Rule of Court 9.40, and is based on this

6  Notice, the accompanying Application, documents on file with the Court, and evidence

7  that may be presented at the hearing.

8

9  Dated:  February 6, 2008                    Respectfully submitted,

10                                             ROSEN, BIEN & GALVAN, LLP

11                                             By:

12                                             LORI E. RIFKIN

13                                             Attorneys for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION OF J. NELSON THOMAS TO APPEAR AS COUNSEL PRO HAC VICE



1 | Sanford Jay Rosen, SBN 62566
Maria V. Morris, SBN 223903
2 | Lori E. Rifkin, SBN 244081
ROSEN, BIEN & GALVAN, LLP
3 | 315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
4 | Telephone: (415) 433-6830;
Facsimile: (415) 433-7104
5 | srosen@rbg-law.com

6

7 | [Additional Counsel Listed on Following Page]

8 | Attorneys for Plaintiffs

FILED
ALAMEDA COUNTY

FEB 0 7 2008

CLERK OF THE SUPERIOR COURT

_____ Deputy

9

SUPERIOR COURT OF THE STATE OF CALIFORNIA

10

COUNTY OF ALAMEDA

11

12 | CLAUDE BRYANT, JOSEPH BIERNACKI, GORDON FARMER, RHEALYN HOLLAND,
13 | JAMES STICKLE, ELEANOR RIGGIO, FRANK ACUNA, RICHARD LAMASTERS,
14 | KENNETH ALLEN, CRAIG FULCHER, SANFORD LEVINE and THOMAS
15 | THOMPSON, on behalf of themselves and all other employees and former employees similarly
16 | situated,

17 | Plaintiffs,

18 | v.

19 | SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY
20 | PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P.,
21 | SCI WESTERN MARKET SUPPORT CENTER, L.P. a/k/a SCI WESTERN MARKET SUPPORT
22 | CENTER, INC., SCI HOUSTON MARKET SUPPORT CENTER, L.P., JANE D. JONES,
23 | GWEN PETTEWAY, THOMAS RYAN, and CURTIS BRIGGS,

24 | Defendants.

25

Case No. RG07359593

Assigned to Department 20, The Hon. Robert Freedman, For All Purposes

Hearing Date: March 21, 2008
Hearing Time: 2:00 PM
Location: Administration Bldg. 4th Floor
1221 Oak St., Oakland, CA
Reservation Number: R797112

**MOTION OF J. NELSON THOMAS TO APPEAR AS COUNSEL *PRO HAC VICE***

ORIGINAL

26

27

28

MOTION OF J. NELSON THOMAS TO APPEAR AS COUNSEL PRO HAC VICE

1 | Additional Attorneys for Plaintiffs:

2 | J. Nelson Thomas, NY Attorney No. 2579159 [PRO HAC VICE]
Annette Gifford, NY Attorney No. 4105870 [PRO HAC VICE]
3 | DOLIN, THOMAS & SOLOMON LLP
693 East Avenue, Rochester, NY 14607
4 | Telephone: (585) 272-0540;
Facsimile: (585) 272-0574
5 | nthomas@theemploymentattorneys.com

6
7 | Additional Attorneys for Plaintiffs, who will submit applications
for admission *pro hac vice*:

8 | Charles H. Saul, PA SBN 19938
Liberty J. Weyandt, PA SBN 87654
9 | Kyle T. McGee, PA SBN 205661
MARGOLIS EDELSTEIN
10 | 525 William Penn Place, Suite 3300
Pittsburgh, PA 15219
11 | Telephone: (412) 281-4256;
Facsimile: (412) 642-2380
12 | csaul@margolisedelstein.com

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION OF J. NESLON THOMAS TO APPEAR AS COUNSEL PRO HAC VICE

1    I, J. Nelson Thomas, declare as follows:

2       1.  By this application, I seek permission to appear as counsel pro hac vice for the

3    purpose of participating in all phases of this action.

4       2.  I am a resident of New York and a member of the law firm of Dolin, Thomas &

5    Solomon LLP, located at 693 East Avenue, Rochester, New York, 14607.

6       3.  This application is supported by counsel of record in the present action, Sanford Jay

7    Rosen, Maria V. Morris, and Lori E. Rifkin, of Rosen, Bien & Galvan, LLP, 315

8    Montgomery Street, Tenth Floor, San Francisco, all of whom are active members in good

9    standing with the State Bar of California.

10      4.  I am not a resident of California, nor am I regularly employed or engaged in

11   substantial business, professional, or other activities in the State of California.

12      5.  I am a member in good standing in the Bar of the State of New York, and was

13   admitted to practice in the State of New York in 1994.  In addition, I have been admitted to

14   practice, and am currently in good standing, before the United States Court of Appeals for

15   the Second Circuit (1997), United States District Court for the Northern District of New

16   York (1998), and United States District Court for the Western District of New York (1994).

17      6.  I am not currently suspended or disbarred in any court.

18      7.  In the preceding two years, I have filed two other applications to appear *pro hac vice*

19   in California.  First, I submitted an application in the matter *Helm et al. v. Service*

20   *Corporation International*, RG07334642.  There was no ruling on that application before

21   the case was removed to federal Court, and the case was subsequently dismissed without

22   prejudice.  Second, concurrently with filing this application, I am also submitting an

23   application in the matter *Helm et al. v. Alderwoods Group, Inc.*, RG07359602.

24      8.  I am aware of, and will comply with, my duty to familiarize myself with the

25   standards of professional conduct required by members of the State Bar of California.  I am

26   also aware that, by appearing as counsel *pro hac vice*, I shall be subject to the disciplinary

27   jurisdiction of the State Bar with respect to any of my acts occurring in the course of my

28   appearance before the courts of this state.

1 | ///

2 | ///

3

4     I declare under penalty of perjury under the laws of the State of California that the

5 foregoing is true and correct, and that this declaration was executed in Rochester, New York

6 on this 24th day of January, 2008.

7

8                            J. Nelson Thomas

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



*6049368*

1  Sanford Jay Rosen, SBN 62566
2  Maria V. Morris, SBN 223903
   Lori E. Rifkin, SBN 244081
3  ROSEN, BIEN & GALVAN, LLP
   315 Montgomery Street, Tenth Floor
4  San Francisco, CA 94104
   Telephone: (415) 433-6830;
5  Facsimile: (415) 433-7104
   srosen@rbg-law.com
6
   [Additional Counsel Listed on Following Page]
7
   Attorneys for Plaintiffs
8

F I L E D
ALAMEDA COUNTY

FEB 0 7 2008

CLERK OF THE SUPERIOR COURT
By_____
                        Deputy

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                     COUNTY OF ALAMEDA
11

| 12 | CLAUDE BRYANT, JOSEPH BIERNACKI, GORDON FARMER, RHEALYN HOLLAND, | Case No. RG07359593 |
|---|---|---|

12  CLAUDE BRYANT, JOSEPH BIERNACKI,
    GORDON FARMER, RHEALYN HOLLAND,
13  JAMES STICKLE, ELEANOR RIGGIO, FRANK
    ACUNA, RICHARD LAMASTERS, KENNETH
14  ALLEN, CRAIG FULCHER, SANFORD
    LEVINE and THOMAS THOMPSON, on behalf
15  of themselves and all other employees and former
    employees similarly situated,
16
17                      Plaintiffs,
18  v.
19  SERVICE CORPORATION INTERNATIONAL,
    SCI    FUNERAL    AND    CEMETERY
20  PURCHASING  COOPERATIVE,  INC.,  SCI
    EASTERN MARKET SUPPORT CENTER, L.P.,
21  SCI WESTERN MARKET SUPPORT CENTER,
    L.P. a/k/a SCI WESTERN MARKET SUPPORT
22  CENTER, INC., SCI HOUSTON MARKET
    SUPPORT CENTER, L.P., JANE D. JONES,
23  GWEN PETTEWAY, THOMAS RYAN, and
    CURTIS BRIGGS,
24                      Defendants.
25
26
27
28

Case No. RG07359593

Assigned to Department 20, The Hon.
Robert Freedman, For All Purposes

Hearing Date: March 21, 2008
Hearing Time: 2:00 PM
Reservation Numbers: R797112
                      R797113

**PROOF OF SERVICE**

ORIGINAL

PROOF OF SERVICE

1    Additional Attorneys for Plaintiffs:

2    J. Nelson Thomas, NY Attorney No. 2579159 [PRO HAC VICE]
     Annette Gifford, NY Attorney No. 4105870 [PRO HAC VICE]

3    DOLIN, THOMAS & SOLOMON LLP
     693 East Avenue, Rochester, NY 14607

4    Telephone: (585) 272-0540;
     Facsimile: (585) 272-0574

5    nthomas@theemploymentattorneys.com

6    Additional Attorneys for Plaintiffs, who will submit applications

7    for admission *pro hac vice*:

8    Charles H. Saul, PA SBN 19938
     Liberty J. Weyandt, PA SBN 87654

9    Kyle T. McGee, PA SBN 205661
     MARGOLIS EDELSTEIN

10   525 William Penn Place, Suite 3300
     Pittsburgh, PA 15219

11   Telephone: (412) 281-4256;
     Facsimile: (412) 642-2380

12   csaul@margolisedelstein.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    I, Sofia Millham, declare that I am a resident of the State of California, am over the

2    age of eighteen years and am not a party to the within action. I am employed with Rosen,

3    Bien & Galvan LLP, whose address is 315 Montgomery Street, Tenth Floor, San Francisco,

4    California 94104. On February 6, 2008, I served the following documents:

5    **NOTICE OF MOTION OF J. NELSON THOMAS TO APPEAR AS COUNSEL *PRO HAC VICE***

6    **MOTION OF J. NELSON THOMAS TO APPEAR AS COUNSEL *PRO HAC***

7    ***VICE***

8    **[PROPOSED] ORDER GRANTING MOTION OF J. NELSON THOMAS TO APPEAR AS COUNSEL *PRO HAC VICE***

9    **NOTICE OF MOTION OF ANNETTE GIFFORD TO APPEAR AS COUNSEL *PRO HAC VICE***

10   

11   **MOTION OF ANNETTE GIFFORD TO APPEAR AS COUNSEL *PRO HAC VICE***

12   **[PROPOSED] ORDER GRANTING MOTION OF ANNETTE GIFFORD TO APPEAR AS COUNSEL *PRO HAC VICE***

13   

14   Additionally, an application fee of $50.00 was paid to the State Bar of California for

15   each of the above Applications to Appear as Counsel Pro Hac Vice.

16   I served the documents on the persons listed below, as follows:

17   | [  ] | **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons listed below and providing them to a professional messenger service for service. (A declaration by the messenger is attached hereto as a separate document.) |
|---|---|
18   

19   | [ X ] | **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons listed below and placed the envelope or package for collection and mailing in accordance with our ordinary business practices. I am readily familiar with my firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California. |
20   
21   
22   
23   
24   

25   | [  ] | **By overnight delivery.** I enclosed the documents in a sealed envelope or package provided by Federal Express and addressed it to the persons listed below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier and I arranged to pay for all fees for delivery. |
26   
27   

28   | [  ] | **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the |

-1-    PROOF OF SERVICE

| | fax numbers listed below from Rosen Bien & Galvan's facsimile transmission telephone number, (415) 433-7104.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission, which I printed out, is attached. |
|---|---|
| [  ] | **By e-mail or electronic transmission.**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addressed listed below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

**All documents were sent to the following persons in the following manner:**

The State Bar of California
Office of Special Admissions and
Specialization
180 Howard Street
San Francisco, CA 94105

SCI Eastern Market Support Center,
L.P.
c/o Corporation Service Company,
d/b/a/ CSC-Lawyers Incorporating
Service Company, registered agent
701 Brazos St
Austin, TX  78701

Thomas Ryan
1929 Allen Parkway
Houston, TX  77019

Curtis Briggs
1929 Allen Parkway
Houston, TX  77019

Jane D. Jones
1929 Allen Parkway
Houston, TX  77019

Gwen Petteway
1929 Allen Parkway
Houston, TX  77019

Service Corporation International
c/o James M. Shelger
P.O. Box 13548
1929 Allen Parkway
Houston, TX  77019

SCI Western Market Support Center,
L.P. AKA Western Market Support
Center, Inc.
c/o CSC-Lawyers Incorporating
Service
2730 Gateway Oaks Drive, Suite 100
Sacramento, CA  95833

SCI Funeral and Cemetary
Purchasing Cooperative, Inc.
c/o James M. Shelger
P.O. Box 13548
1929 Allen Parkway
Houston, TX  77019

SCI Houston Market Support Center,
L.P.
c/o James M. Shelger
P.O. Box 13548
1929 Allen Parkway
Houston, TX  77019

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Proof of Service was executed on this 6th day of February, 2008 at San Francisco, California.

Sofia Millham

PROOF OF SERVICE



1 | Sanford Jay Rosen, SBN 62566
  | Maria V. Morris, SBN 223903
2 | Lori E. Rifkin, SBN 244081
  | ROSEN, BIEN & GALVAN, LLP
3 | 315 Montgomery Street, Tenth Floor
  | San Francisco, CA 94104
4 | Telephone: (415) 433-6830;
  | Facsimile: (415) 433-7104
5 | srosen@rbg-law.com

6 | [Additional Counsel Listed on Following Page]

7 | Attorneys for Plaintiffs

8 |

9 |               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 |                            COUNTY OF ALAMEDA

11 |

12 | CLAUDE BRYANT, JOSEPH BIERNACKI,          Case No. RG07359593
   | GORDON FARMER, RHEALYN HOLLAND,
13 | JAMES STICKLE, ELEANOR RIGGIO,
   | FRANK ACUNA, RICHARD LAMASTERS,          Assigned to Department 20, The Hon.
14 | KENNETH ALLEN, CRAIG FULCHER,            Robert Freedman, For All Purposes
   | SANFORD LEVINE and THOMAS
15 | THOMPSON, on behalf of themselves and all
   | other employees and former employees similarly   Hearing Date:  March 21, 2008
16 | situated,                                 Hearing Time:  2:00 PM
   |                                           Location: Administration Bldg. 4th Floor
17 |                    Plaintiffs,                      1221 Oak St., Oakland, CA
   |                                           Reservation Number: R797112
18 | v.

19 | SERVICE CORPORATION INTERNATIONAL,
   | SCI    FUNERAL    AND    CEMETERY         [PROPOSED] ORDER GRANTING
20 | PURCHASING    COOPERATIVE,    INC.,  SCI  MOTION OF J. NELSON THOMAS
   | EASTERN MARKET SUPPORT CENTER, L.P.,     TO APPEAR AS COUNSEL *PRO*
21 | SCI WESTERN MARKET SUPPORT CENTER,       *HAC VICE*
   | L.P. a/k/a SCI WESTERN MARKET SUPPORT
22 | CENTER, INC., SCI HOUSTON MARKET
   | SUPPORT CENTER, L.P., JANE D. JONES,
23 | GWEN PETTEWAY, THOMAS RYAN, and
   | CURTIS BRIGGS,
24 |
   |                    Defendants.
25 |

26 |

27 |

28 |

[PROPOSED] ORDER GRANTING MOTION OF J. NELSON THOMAS TO APPEAR AS COUNSEL PRO HAC VICE

1  | Additional Attorneys for Plaintiffs:

2  | J. Nelson Thomas, NY Attorney No. 2579159 [PRO HAC VICE]
   | Annette Gifford, NY Attorney No. 4105870 [PRO HAC VICE]
3  | DOLIN, THOMAS & SOLOMON LLP
   | 693 East Avenue, Rochester, NY 14607
4  | Telephone: (585) 272-0540;
5  | Facsimile: (585) 272-0574
   | nthomas@theemploymentattorneys.com

6  | Additional Attorneys for Plaintiffs, who will submit applications
7  | for admission *pro hac vice*:

8  | Charles H. Saul, PA SBN 19938
   | Liberty J. Weyandt, PA SBN 87654
9  | Kyle T. McGee, PA SBN 205661
   | MARGOLIS EDELSTEIN
10 | 525 William Penn Place, Suite 3300
11 | Pittsburgh, PA 15219
   | Telephone: (412) 281-4256;
12 | Facsimile: (412) 642-2380
   | csaul@margolisedelstein.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING MOTION OF J. NELSON THOMAS TO APPEAR AS
COUNSEL PRO HAC VICE

1        IT IS HEREBY ORDERED that the *Pro Hac Vice* Application of J. Nelson Thomas

2    for permission to appear and participate in the above-entitled action on behalf of Plaintiffs

3    Helm et al. is GRANTED.

4

5    DATED: _____, 2008

6

7                                        The Honorable Robert Freedman
                            Alameda County Superior Court Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING MOTION OF J. NELSON THOMAS TO APPEAR AS
COUNSEL PRO HAC VICE

RCD

●                          ●

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
*6166719*

1 │ Sanford Jay Rosen, SBN 62566
  │ Maria V. Morris, SBN 223903
2 │ Lori E. Rifkin, SBN 244081
  │ ROSEN, BIEN & GALVAN, LLP
3 │ 315 Montgomery Street, Tenth Floor
  │ San Francisco, CA 94104
4 │ Telephone: (415) 433-6830;
  │ Facsimile: (415) 433-7104
5 │ srosen@rbg-law.com
6
7 │ [Additional Counsel Listed on Following Page]

  │ Attorneys for Plaintiffs
8

9

10

11

F I L E D
ALAMEDA COUNTY

FEB 1 3 2008

CLERK OF THE SUPERIOR COURT
By_____
                    Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| 12  CLAUDE BRYANT, JOSEPH BIERNACKI,<br>GORDON FARMER, RHEALYN HOLLAND,<br>13  JAMES STICKLE, ELEANOR RIGGIO, FRANK<br>ACUNA, RICHARD LAMASTERS, KENNETH<br>14  ALLEN, CRAIG FULCHER, SANFORD<br>LEVINE and THOMAS THOMPSON, on behalf<br>15  of themselves and all other employees and former<br>employees similarly situated,<br>16<br>17                    Plaintiffs,<br>18  v.<br>19  SERVICE CORPORATION INTERNATIONAL,<br>SCI     FUNERAL     AND     CEMETERY<br>20  PURCHASING     COOPERATIVE,     INC.,     SCI<br>EASTERN MARKET SUPPORT CENTER, L.P.,<br>20  SCI WESTERN MARKET SUPPORT CENTER,<br>L.P. a/k/a SCI WESTERN MARKET SUPPORT<br>21  CENTER, INC., SCI HOUSTON MARKET<br>SUPPORT CENTER, L.P., JANE D. JONES,<br>22  GWEN PETTEWAY, THOMAS RYAN, and<br>CURTIS BRIGGS,<br>23<br>24                    Defendants. | Case No. RG07359593<br><br>Assigned to Department 20, The Hon.<br>Robert Freedman, For All Purposes<br><br>Hearing Date: March 21, 2008<br>Hearing Time: 2:00 PM<br>Reservation Numbers: R797112<br>                              R797113<br><br>**AMENDED PROOF OF SERVICE** |

25

26

27

28

1 | Additional Attorneys for Plaintiffs:

2 | J. Nelson Thomas, NY Attorney No. 2579159 [PRO HAC VICE]
Annette Gifford, NY Attorney No. 4105870 [PRO HAC VICE]

3 | DOLIN, THOMAS & SOLOMON LLP
693 East Avenue, Rochester, NY 14607

4 | Telephone: (585) 272-0540;
Facsimile: (585) 272-0574

5 | nthomas@theemploymentattorneys.com

6 | Additional Attorneys for Plaintiffs, who will submit applications

7 | for admission *pro hac vice*:

8 | Charles H. Saul, PA SBN 19938
Liberty J. Weyandt, PA SBN 87654

9 | Kyle T. McGee, PA SBN 205661

10 | MARGOLIS EDELSTEIN
525 William Penn Place, Suite 3300

11 | Pittsburgh, PA 15219
Telephone: (412) 281-4256;

12 | Facsimile: (412) 642-2380
csaul@margolisedelstein.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I, Sofia Millham, declare that I am a resident of the State of California, am over the age of eighteen years and am not a party to the within action. I am employed with Rosen, Bien & Galvan LLP, whose address is 315 Montgomery Street, Tenth Floor, San Francisco, California 94104. We originally served the following documents on defendant SCI Eastern Market Support Center, L.P. by mail on February 6, 2008. However, we have now gathered additional information about defendant's address and are re-serving the documents to this more specific address. On February 12, 2008, I served the following documents:

**NOTICE OF MOTION OF J. NELSON THOMAS TO APPEAR AS COUNSEL** *PRO HAC VICE*

**MOTION OF J. NELSON THOMAS TO APPEAR AS COUNSEL** *PRO HAC VICE*

**[PROPOSED] ORDER GRANTING MOTION OF J. NELSON THOMAS TO APPEAR AS COUNSEL** *PRO HAC VICE*

**NOTICE OF MOTION OF ANNETTE GIFFORD TO APPEAR AS COUNSEL** *PRO HAC VICE*

**MOTION OF ANNETTE GIFFORD TO APPEAR AS COUNSEL** *PRO HAC VICE*

**[PROPOSED] ORDER GRANTING MOTION OF ANNETTE GIFFORD TO APPEAR AS COUNSEL** *PRO HAC VICE*

Additionally, an application fee of $50.00 was paid to the State Bar of California for each of the above Applications to Appear as Counsel Pro Hac Vice.

I served the documents on the persons listed below, as follows:

| | |
|---|---|
| [ ] | **By messenger service**. I served the documents by placing them in an envelope or package addressed to the persons listed below and providing them to a professional messenger service for service. (A declaration by the messenger is attached hereto as a separate document.) |
| [ X ] | **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons listed below and placed the envelope or package for collection and mailing in accordance with our ordinary business practices. I am readily familiar with my firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California. |
| | |

-1-     AMENDED PROOF OF SERVICE

| | |
|---|---|
| [ ] | **By overnight delivery**.  I enclosed the documents in a sealed envelope or package provided by Federal Express and addressed it to the persons listed below.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier and I arranged to pay for all fees for delivery. |
| [ ] | **By fax transmission**.  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below from Rosen Bien & Galvan's facsimile transmission telephone number, (415) 433-7104.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission, which I printed out, is attached. |
| [ ] | **By e-mail or electronic transmission**.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addressed listed below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

SCI Eastern Market Support Center, L.P.
c/o Corporation Service Company, d/b/a/ CSC-Lawyers Incorporating Service Company, registered agent
701 Brazos St, Suite 1050
Austin, TX  78701


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Proof of Service was executed on this 3th day of February, 2008 at San Francisco, California.

Sofia Millham

AMENDED PROOF OF SERVICE



1  Sanford Jay Rosen, SBN 62566
   Maria V. Morris, SBN 223903
2  Lori E. Rifkin, SBN 244081
   ROSEN, BIEN & GALVAN, LLP
3  315 Montgomery Street, Tenth Floor
   San Francisco, CA 94104
4  Telephone: (415) 433-6830;
   Facsimile: (415) 433-7104
5  srosen@rbg-law.com
6
   [Additional Counsel Listed on Following Page]
7
   Attorneys for Plaintiffs
8

9
              SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
                       COUNTY OF ALAMEDA
11

12  CLAUDE BRYANT, JOSEPH BIERNACKI,          | Case No. RG07359593
    GORDON FARMER, RHEALYN HOLLAND,           |
13  JAMES STICKLE, ELEANOR RIGGIO, FRANK      | Assigned to Department 20, The Hon.
    ACUNA, RICHARD LAMASTERS, KENNETH         | Robert Freedman, For All Purposes
14  ALLEN, CRAIG FULCHER, SANFORD             |
    LEVINE and THOMAS THOMPSON, on behalf     | Hearing Date: March 21, 2008
15  of themselves and all other employees and former | Hearing Time: 2:00 PM
    employees similarly situated,             | Reservation Numbers: R797112
16                                            |                      R797113
17              Plaintiffs,                   |
18  v.                                        | **PROOF OF SERVICE**
19  SERVICE CORPORATION INTERNATIONAL,        |
    SCI   FUNERAL   AND   CEMETERY            |
20  PURCHASING   COOPERATIVE,   INC.,   SCI   |
    EASTERN MARKET SUPPORT CENTER, L.P.,      |
21  SCI WESTERN MARKET SUPPORT CENTER,        |
    L.P. a/k/a SCI WESTERN MARKET SUPPORT     |
22  CENTER, INC., SCI HOUSTON MARKET          |
    SUPPORT CENTER, L.P., JANE D. JONES,      |
23  GWEN PETTEWAY, THOMAS RYAN, and           |
    CURTIS BRIGGS,                            |
24                                            |
                Defendants.                   |
25
26
27
28

PROOF OF SERVICE

1 | Additional Attorneys for Plaintiffs:

2 | J. Nelson Thomas, NY Attorney No. 2579159 [PRO HAC VICE]
Annette Gifford, NY Attorney No. 4105870 [PRO HAC VICE]
3 | DOLIN, THOMAS & SOLOMON LLP
693 East Avenue, Rochester, NY 14607
4 | Telephone: (585) 272-0540;
Facsimile:  (585) 272-0574
5 | nthomas@theemploymentattorneys.com

6 | Additional Attorneys for Plaintiffs, who will submit applications
7 | for admission *pro hac vice*:

8 | Charles H. Saul, PA SBN 19938
Liberty J. Weyandt, PA SBN 87654
9 | Kyle T. McGee, PA SBN 205661
MARGOLIS EDELSTEIN
10 | 525 William Penn Place, Suite 3300
Pittsburgh, PA 15219
11 | Telephone: (412) 281-4256;
12 | Facsimile: (412) 642-2380
csaul@margolisedelstein.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1      I, Sofia Millham, declare that I am a resident of the State of California, am over the

2  age of eighteen years and am not a party to the within action. I am employed with Rosen,

3  Bien & Galvan LLP, whose address is 315 Montgomery Street, Tenth Floor, San Francisco,

4  California 94104. On February 6, 2008, I served the following documents:

5  **PLAINTIFFS' INITIAL COMPLEX CASE MANAGEMENT CONFERENCE**

6  **STATEMENT**

7      I served the documents on the persons listed below, as follows:

| | |
|---|---|
| [   ] | **By messenger service**. I served the documents by placing them in an envelope or package addressed to the persons listed below and providing them to a professional messenger service for service. (A declaration by the messenger is attached hereto as a separate document.) |
| [ X ] | **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons listed below and placed the envelope or package for collection and mailing in accordance with our ordinary business practices. I am readily familiar with my firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California. |
| [   ] | **By overnight delivery**. I enclosed the documents in a sealed envelope or package provided by Federal Express and addressed it to the persons listed below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier and I arranged to pay for all fees for delivery. |
| [   ] | **By fax transmission**. Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below from Rosen Bien & Galvan's facsimile transmission telephone number, (415) 433-7104. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached. |
| [   ] | **By e-mail or electronic transmission**. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addressed listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

1  | All documents were sent to the following persons in the following manner:

2  SCI Houston Market Support Center, L.P.            SCI Eastern Market Support Center, L.P.
3  c/o James M. Shelger                              c/o Corporation Service Company,
   P.O. Box 13548                                    d/b/a/ CSC-Lawyers Incorporating
4  1929 Allen Parkway                                Service Company, registered agent
   Houston, TX  77019                                701 Brazos St
5                                                    Austin, TX  78701

6  Thomas Ryan                                       Curtis Briggs
   1929 Allen Parkway                                1929 Allen Parkway
7  Houston, TX  77019                                Houston, TX  77019

8  Jane D. Jones                                     Gwen Petteway
   1929 Allen Parkway                                1929 Allen Parkway
9  Houston, TX  77019                                Houston, TX  77019

10 Service Corporation International                  SCI Western Market Support Center,
   c/o James M. Shelger                              L.P. AKA Western Market Support
11 P.O. Box 13548                                    Center, Inc.
   1929 Allen Parkway                                c/o CSC-Lawyers Incorporating
12 Houston, TX  77019                                Service
                                                     2730 Gateway Oaks Drive, Suite 100
13                                                   Sacramento, CA  95833

14 SCI Funeral and Cemetary
   Purchasing Cooperative, Inc.
15 c/o James M. Shelger
   P.O. Box 13548
16 1929 Allen Parkway
   Houston, TX  77019
17

18

19    I declare under penalty of perjury under the laws of the State of California that the

20 foregoing is true and correct, and that this Proof of Service was executed on this 21st day of

21 February, 2008 at San Francisco, California.

22
                                              Sofia Millham
23

24

25

26

27

28



*6177662*

Compl. Ex

1   Sanford Jay Rosen, State Bar No. 62566
    Maria V. Morris, State Bar No. 223903
2   Lori E. Rifkin, State Bar No. 244081
    ROSEN, BIEN & GALVAN, LLP
3   315 Montgomery Street, Tenth Floor
    San Francisco, CA 94104
4   Telephone: (415) 433-6830
    Facsimile: (415) 433-7104
5   srosen@rbg-law.com

6   [Additional Counsel Listed on Following Page]

7

8   Attorneys for Plaintiffs

F I L E D
ALAMEDA COUNTY

FEB 2 2 2008

CLERK OF THE SUPERIOR COURT
By _____ Deputy

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                          COUNTY OF ALAMEDA

11  CLAUDE BRYANT, JOSEPH BIERNACKI,    )  Case No. RG07359593
    GORDON FARMER, RHEALYN              )
12  HOLLAND, JAMES STICKLE, ELEANOR     )  **PLAINTIFFS' CORRECTED INITIAL**
    RIGGIO, FRANK ACUNA, RICHARD        )  **COMPLEX CASE MANAGEMENT**
13  LAMASTERS, KENNETH ALLEN, CRAIG     )  **CONFERENCE STATEMENT**
    FULCHER, SANFORD LEVINE and         )
14  THOMAS THOMPSON, on behalf of       )
    themselves and all other employees and former )  2-28-08
15  employees similarly situated,       )       200 pm
                                        )       D 20
16                   Plaintiffs,        )
                                        )
17  v.                                  )
                                        )
18  SERVICE CORPORATION INTERNATIONAL,  )
    SCI FUNERAL AND CEMETERY            )
19  PURCHASING COOPERATIVE, INC., SCI   )
    EASTERN MARKET SUPPORT CENTER, L.P., )
20  SCI WESTERN MARKET SUPPORT CENTER,  )
    L.P. a/k/a SCI WESTERN MARKET SUPPORT )
21  CENTER, INC., SCI HOUSTON MARKET    )
    SUPPORT CENTER, L.P., JANE D. JONES, )
22  GWEN PETTEWAY, THOMAS RYAN, and     )
    CURTIS BRIGGS,                      )
23                                      )
                     Defendants.        )
24  _____ )

25

26

27

28

---
PLAINTIFFS' CORRECTED INITIAL COMPLEX CASE MANAGEMENT CONFERENCE STATEMENT - Case No. RG07334642

1    Additional Attorneys for Plaintiffs, who have
     submitted applications for admission *pro hac vice*:
2
3    J. Nelson Thomas, NY Attorney No. 2579159
     Patrick J. Solomon, NY Attorney No. 2716660
     Michael J. Lingle, NY Attorney No. 3925765
4    Justin Cordello, NY Attorney No. 4131447
     Annette Gifford, NY Attorney No. 4105870
5    DOLIN, THOMAS & SOLOMON LLP
     693 East Avenue
6    Rochester, NY 14607
     Telephone: (585) 272-0540
7    Facsimile:  (585) 272-0574
8    nthomas@theemploymentattorneys.com

9    Charles H. Saul, PA State Bar No.19938
     Liberty J. Weyandt, PA State Bar No. 87654
10   MARGOLIS EDELSTEIN
     525 William Penn Place
11   Suite 3300
     Pittsburgh, PA 15219
12   Telephone: (412) 281-4256
     Facsimile: (412) 642-2380
13   csaul@margolisedelstein.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Defendants because Defendants conduct business in this State.  Plaintiffs allege that venue as to

2   each defendant is proper in this judicial district pursuant to Code of Civil Procedure § 395.5 and

3   Corporations Code § 2105.  Plaintiffs also allege that Defendants maintain and operate one or

4   more business locations, transact business, and/or have agents in Alameda County, as well as in

5   other counties in the State of California, and are otherwise within this Court's jurisdiction for

6   purposes of service of process.  Obligations and/or liabilities of the Defendants arose in this

7   county because Defendants have contracted to employ or have employed Plaintiffs in Alameda

8   County and some of the claims in this matter arose from contracts for employment which were to

9   be performed, at least in part, in Alameda County.

10          The Complaint sets out Plaintiffs' claims pursuant to the state statutory and common laws

11  of California and the various states where Plaintiffs were employed.  Plaintiffs seek to represent a

12  proposed class of current and former employees of Defendants who were employed by Defendants

13  and subject to Defendants' improper pay policies.

14          Plaintiffs contend that Defendants systematically failed to pay wages and overtime and

15  failed to pay employees for either meal breaks and/or rest breaks as prescribed by the Labor Code

16  and the state laws of the various states where Plaintiffs were employed, failed to immediately pay

17  wages, failed to provide accurate wage statements, and failed to maintain proper records.

18          The Complaint sets forth ten causes of action: The First Cause of Action asserts claims for

19  violations of California Labor Laws, in particular failure to pay overtime compensation, failure to

20  immediately pay wages, failure to pay required meal and rest periods and failure to furnish timely

21  and accurate wage statements.  The Second Cause of Action asserts claims for violations of the

22  relevant wage and hour laws of the various states where plaintiffs were employed. The Third

23  Cause of Action asserts claims for violations of the relevant wage and hour laws of the various

24  states where plaintiffs were employed.  The Third through Ninth Causes of Action assert claims

25  for various common law violations arising out of defendants' policies and the related facts alleged

26  in the Complaint, including unjust enrichment/restitution, conversion, fraud and deceit,

27  misrepresentation, breach of contract, breach of implied covenant of good faith and fair dealing

28

and quantum meruit. The Tenth Cause of Action asserts claims for Unlawful Business Practices under California law.

Plaintiffs believe it is premature to estimate damages at this stage of the litigation.

**B.     Number Of Parties And Their Posture**

This case presents hundreds of Plaintiffs nationwide who were employed at Defendants' various locations across the nation. Some, but not all, of the currently named Plaintiffs were employed in California. It is estimated that the putative class exceeds 5,000 persons. This case presents nine Defendants.

**C.     Deadlines And Limits On Joinder Of Parties And Amended Or Additional Pleadings**

Plaintiffs anticipate completing pre-certification discovery by June 1, 2008. Pre-certification discovery may impact the class definition currently proposed by Plaintiffs. In such case, Plaintiffs propose July 1, 2008, deadline for amended or additional pleadings.

**D.     Class Discovery And Class Certification**

Plaintiffs propose an August 1, 2008, class certification motion deadline for claims presented. Plaintiffs anticipate that significant time will be required by Defendants to identify and produce relevant electronic time and payroll records, and to analyze such records to assess class wide liability and damages, and to examine Defendants' witnesses.

**E.     Proposed Litigation Schedule**

Plaintiffs propose the following schedule and deadlines:

| | | |
|---|---|---|
| 1. | Pleading motion filing deadline: | April 1, 2008 |
| 2. | Class certification motion filing deadline: | August 1, 2008 |
| 3. | Non-expert discovery cut-off: | September 1, 2008 |
| 4. | Expert disclosure deadline: | October 1, 2008 |
| 5. | Expert discovery cut-off: | November 3, 2008 |
| 6. | Discovery motion filing deadline: | November 17, 2008 |
| 7. | Summary Judgment motion filing deadline: | December 16, 2008 |
| 8. | Summary Judgment hearings: | March 2, 2009 |

-3-

1          9.    Trial                                    April 1, 2009

2      F.    **Evidentiary Issues Involving Confidentially Or Protective Evidence**

3          Plaintiffs' proposed class presents wage and hour claims based upon violations arising out

4   of defendants' failure to pay required wages, including overtime wages, failure to immediately pay

5   wages, failure to pay required meal and rest periods, and other violations described above.

6   Proposed class claims require production of employee payroll records which may be subject to a

7   limited right to privacy.  Plaintiffs assert that any limited right to privacy which may apply to

8   relevant payroll records is outweighed by the direct relevance of said records and the

9   unavailability of said evidence from any other source and, in any event, any such issue may be

10  resolved through the use of a limited protective order.  Further, the production of such information

11  is in the interest of the class members so they can recover their unpaid wages.

12     G.    **Procedural Posture.**

13         1.    Defendants have not yet filed an answer to the amended complaint.  Other than

14               SCI Western Market Support Center, LP, Defendants' time to do so expires

15               February 28, 2008.  Defendant SCI Western Market Support Center, LP's time

16               to file an answer expires February 27, 2008.

17         2.    Plaintiffs are unaware of any unfiled or unserved cross-complaints pending.

18         3.    Plaintiffs may have claims for overtime wages, pursuant to federal law, in

19               federal actions pending in the United States District Court for the District of

20               Arizona and/or the United States District Court for the District of Pennsylvania.

21         4.    Plaintiffs are unaware of any possible jurisdictional or venue issues that may

22               arise.

23         5.    Discovery has not yet commenced.

24         6.    No unresolved law and motion matters are pending.

25         7.    Plaintiffs are amenable to participation in an early mediation of this dispute.

26         8.    Plaintiffs have not identified at this time issues to be severed for trial.

27         9.    Plaintiffs and their counsel are unaware of calendar conflicts which may affect

28               the setting of a trial date.

-4-

1
2
3      **H.      Suggestions For Streamlining Litigation**
4           Plaintiffs present a proposed class and class claims regarding overtime wages and missed
5      meal and rest period breaks which can be expeditiously and efficiently litigated and tried due to
6      the factual and legal issues presented by the proposed class definition.  Consequently, Plaintiffs do
7      not anticipate the need for streamlining procedures.
8
9
10                                             Respectfully Submitted,
11
                                              ROSEN, BIEN & GALVAN, LLP
12
       Date: February 22, 2008
13                                            By_____ for Maw Morris
                                              Sanford Jay Rosen, State Bar No. 62566
14                                            Maria V. Morris, State Bar No. 223903
                                              Lori E. Rifkin, State Bar No. 244081
15                                            315 Montgomery Street, Tenth Floor
                                              San Francisco, CA 94104
16                                            Telephone: (415) 433-6830
17                                            DOLIN, THOMAS & SOLOMON LLP
                                              J. Nelson Thomas, NY Attorney No. 2579159
18                                            Patrick J. Solomon, NY Attorney No. 2716660
                                              Michael J. Lingle, NY Attorney No. 3925765
19                                            Justin Cordello, NY Attorney No. 4131447
                                              Annette Gifford, NY Attorney No. 4105870
20                                            693 East Avenue
                                              Rochester, NY 14607
21                                            Telephone: (585) 272-0540
22                                            MARGOLIS EDELSTEIN
                                              Charles H. Saul, PA State Bar No.19938
23                                            Liberty J. Weyandt, PA State Bar No. 87654
                                              525 William Penn Place, Suite 3300
24                                            Pittsburgh, PA 15219
                                              Telephone: (412) 281-4256
25                                            Attorneys for Plaintiffs
26
27
28
                                         -5-

PLAINTIFFS' CORRECTED INITIAL COMPLEX CASE MANAGEMENT CONFERENCE STATEMENT - Case No. RG07334642

●                              ●                    *6177666*

1  Sanford Jay Rosen, SBN 62566
   Maria V. Morris, SBN 223903
2  Lori E. Rifkin, SBN 244081
   ROSEN, BIEN & GALVAN, LLP
3  315 Montgomery Street, Tenth Floor
   San Francisco, CA 94104
4  Telephone: (415) 433-6830;
   Facsimile: (415) 433-7104
5  srosen@rbg-law.com
6
   [Additional Counsel Listed on Following Page]
7
   Attorneys for Plaintiffs
8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF ALAMEDA

11

12  CLAUDE BRYANT, JOSEPH BIERNACKI,          Case No. RG07359593
    GORDON FARMER, RHEALYN HOLLAND,
13  JAMES STICKLE, ELEANOR RIGGIO, FRANK      Assigned to Department 20, The Hon.
    ACUNA, RICHARD LAMASTERS, KENNETH         Robert Freedman, For All Purposes
14  ALLEN, CRAIG FULCHER, SANFORD
    LEVINE and THOMAS THOMPSON, on behalf     Hearing Date:  March 21, 2008
15  of themselves and all other employees and former   Hearing Time:  2:00 PM
    employees similarly situated,             Reservation Numbers: R797112
16                                                                  R797113
                   Plaintiffs,
17
    v.
18                                            **PROOF OF SERVICE**
    SERVICE CORPORATION INTERNATIONAL,
19  SCI   FUNERAL   AND   CEMETERY
    PURCHASING  COOPERATIVE,  INC.,  SCI
20  EASTERN MARKET SUPPORT CENTER, L.P.,
    SCI WESTERN MARKET SUPPORT CENTER,
21  L.P. a/k/a SCI WESTERN MARKET SUPPORT
    CENTER, INC., SCI HOUSTON MARKET
22  SUPPORT CENTER, L.P., JANE D. JONES,
    GWEN PETTEWAY, THOMAS RYAN, and
23  CURTIS BRIGGS,

24                 Defendants.

25

26

27

28

───────────────────────────────────────
PROOF OF SERVICE

FILED
ALAMEDA COUNTY
FEB 2 2 2008
CLERK OF THE SUPERIOR COURT
By_____ Deputy

1    Additional Attorneys for Plaintiffs:

2    J. Nelson Thomas, NY Attorney No. 2579159 [PRO HAC VICE]
     Annette Gifford, NY Attorney No. 4105870 [PRO HAC VICE]
3    DOLIN, THOMAS & SOLOMON LLP
     693 East Avenue, Rochester, NY 14607
4    Telephone: (585) 272-0540;
     Facsimile:  (585) 272-0574
5    nthomas@theemploymentattorneys.com

6
     Additional Attorneys for Plaintiffs, who will submit applications
7    for admission *pro hac vice*:

8    Charles H. Saul, PA SBN 19938
     Liberty J. Weyandt, PA SBN 87654
9    Kyle T. McGee, PA SBN 205661
     MARGOLIS EDELSTEIN
10   525 William Penn Place, Suite 3300
     Pittsburgh, PA 15219
11   Telephone: (412) 281-4256;
     Facsimile: (412) 642-2380
12   csaul@margolisedelstein.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    I, Sofia Millham, declare that I am a resident of the State of California, am over the

2    age of eighteen years and am not a party to the within action. I am employed with Rosen,

3    Bien & Galvan LLP, whose address is 315 Montgomery Street, Tenth Floor, San Francisco,

4    California 94104. On February 22, 2008, I served the following documents:

5    **PLAINTIFFS' CORRECTED INITIAL COMPLEX CASE MANAGEMENT**

6    **CONFERENCE STATEMENT**

7    I served the documents on the persons listed below, as follows:

| | |
|---|---|
| [ ] | **By messenger service**. I served the documents by placing them in an envelope or package addressed to the persons listed below and providing them to a professional messenger service for service. (A declaration by the messenger is attached hereto as a separate document.) |
| [ X ] | **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons listed below and placed the envelope or package for collection and mailing in accordance with our ordinary business practices. I am readily familiar with my firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California. |
| [ ] | **By overnight delivery**. I enclosed the documents in a sealed envelope or package provided by Federal Express and addressed it to the persons listed below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier and I arranged to pay for all fees for delivery. |
| [ ] | **By fax transmission**. Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below from Rosen Bien & Galvan's facsimile transmission telephone number, (415) 433-7104. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached. |
| [ ] | **By e-mail or electronic transmission**. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addressed listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

1 | **All documents were sent to the following persons in the following manner:**

2 
SCI Houston Market Support Center, L.P.
c/o James M. Shelger
P.O. Box 13548
1929 Allen Parkway
Houston, TX 77019

SCI Eastern Market Support Center, L.P.
c/o Corporation Service Company,
d/b/a/ CSC-Lawyers Incorporating
Service Company, registered agent
701 Brazos St
Austin, TX 78701

Thomas Ryan
1929 Allen Parkway
Houston, TX 77019

Curtis Briggs
1929 Allen Parkway
Houston, TX 77019

Jane D. Jones
1929 Allen Parkway
Houston, TX 77019

Gwen Petteway
1929 Allen Parkway
Houston, TX 77019

Service Corporation International
c/o James M. Shelger
P.O. Box 13548
1929 Allen Parkway
Houston, TX 77019

SCI Western Market Support Center, L.P. AKA Western Market Support Center, Inc.
c/o CSC-Lawyers Incorporating Service
2730 Gateway Oaks Drive, Suite 100
Sacramento, CA 95833

SCI Funeral and Cemetary
Purchasing Cooperative, Inc.
c/o James M. Shelger
P.O. Box 13548
1929 Allen Parkway
Houston, TX 77019

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Proof of Service was executed on this 22nd day of February, 2008 at San Francisco, California.

Sofia Millham

-2-    PROOF OF SERVICE

Rosen, Bien & Galvan, LLP
Attn: Rosen, Sanford Jay
315 Montgomery Street, Tenth Floor
San Francisco, CA  94104

Service Corporation International

## Superior Court of California, County of Alameda
### Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Bryant<br><br>Plaintiff/Petitioner(s)<br>VS.<br><br>Service Corporation International<br>Defendant/Respondent(s)<br>(Abbreviated Title) | No. RG07359593<br><br><br>NOTICE OF HEARING |

**RECEIVED**

DEC 1 1 2007

Rosen, Bien & Galvan

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Complex Determination Hearing

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 01/24/2008   TIME: 02:00 PM   DEPARTMENT: 20
LOCATION: Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Complex Determination Hearing:
DATE: 02/28/2008   TIME: 02:00 PM   DEPARTMENT: 20
LOCATION: Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 4.2 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 20 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6936. Please consult Appendix E to Local Rules 4 and 5 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 20.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 20.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 20 by e-mail at Dept.20@alameda.courts.ca.gov or by phone at (510) 267-6936.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 12/07/2007

Executive Officer / Clerk of the Superior Court

By _____

_____
Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 12/07/2007.

By _____

_____
Deputy Clerk

1  Sanford Jay Rosen, State Bar No. 62566
   Maria V. Morris, State Bar No. 223903
2  Lori E. Rifkin, State Bar No. 244081
   ROSEN, BIEN & GALVAN, LLP
3  315 Montgomery Street, Tenth Floor
   San Francisco, CA 94104
4  Telephone: (415) 433-6830
   Facsimile:  (415) 433-7104
5  srosen@rbg-law.com

6  [Additional Counsel Listed on Following Page]

7

8  Attorneys for Plaintiffs

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    COUNTY OF ALAMEDA

11 CLAUDE BRYANT, JOSEPH BIERNACKI,      ) Case No. RG07334642
   GORDON FARMER, RHEALYN               )
12 HOLLAND, JAMES STICKLE, ELEANOR      ) **PLAINTIFFS' INITIAL COMPLEX**
   RIGGIO, FRANK ACUNA, RICHARD         ) **CASE MANAGEMENT CONFERENCE**
13 LAMASTERS, KENNETH ALLEN, CRAIG      ) **STATEMENT**
   FULCHER, SANFORD LEVINE and          )
14 THOMAS THOMPSON, on behalf of        )
   themselves and all other employees and former )
15 employees similarly situated,        )
                                        )
16             Plaintiffs,              )
                                        )
17 v.                                   )
                                        )
18 SERVICE CORPORATION INTERNATIONAL, )
   SCI FUNERAL AND CEMETERY             )
19 PURCHASING COOPERATIVE, INC., SCI    )
   EASTERN MARKET SUPPORT CENTER, L.P., )
20 SCI WESTERN MARKET SUPPORT CENTER, )
   L.P. a/k/a SCI WESTERN MARKET SUPPORT )
21 CENTER, INC., SCI HOUSTON MARKET     )
   SUPPORT CENTER, L.P., JANE D. JONES, )
22 GWEN PETTEWAY, THOMAS RYAN, and      )
   CURTIS BRIGGS,                       )
23                                      )
             Defendants.               )
24 _____ )

25

26

27

28

PLAINTIFFS' INITIAL COMPLEX CASE MANAGEMENT CONFERENCE STATEMENT - Case No. RG07334642

1    Additional Attorneys for Plaintiffs, who have
      submitted applications for admission *pro hac vice*:
2

3    J. Nelson Thomas, NY Attorney No. 2579159
      Patrick J. Solomon, NY Attorney No. 2716660
4    Michael J. Lingle, NY Attorney No. 3925765
      Justin Cordello, NY Attorney No. 4131447
5    Annette Gifford, NY Attorney No. 4105870
      DOLIN, THOMAS & SOLOMON LLP
6    693 East Avenue
      Rochester, NY 14607
7    Telephone: (585) 272-0540
      Facsimile:  (585) 272-0574
8    nthomas@theemploymentattorneys.com

9    Charles H. Saul, PA State Bar No.19938
      Liberty J. Weyandt, PA State Bar No. 87654
10   MARGOLIS EDELSTEIN
      525 William Penn Place
11   Suite 3300
      Pittsburgh, PA 15219
12   Telephone: (412) 281-4256
      Facsimile: (412) 642-2380
13   csaul@margolisedelstein.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

PLAINTIFFS' INITIAL COMPLEX CASE MANAGEMENT CONFERENCE STATEMENT - Case No. RG07334642

A.   **Statement Of Issues Presented**

Plaintiffs Claude Bryant, Joseph Biernacki, Gordon Farmer, Rhealyn Holland, James Stickle, Eleanor Riggio, Frank Acuna, Richard Lamasters, Kenneth Allen, Craig Fulcher, Sanford Levine and Thomas Thompson, on behalf of themselves and other employees similarly situated ("Plaintiffs") were employed by defendants Service Corporation International ("SCI"), SCI Funeral and Cemetery Purchasing Cooperative, Inc., SCI Eastern Market Support Center, L.P., SCI Western Market Support Center, L.P. a/k/a SCI Western Market Support Center, Inc., SCI Houston Market Support Center, L.P., Jane D. Jones, Gwen Petteway, Thomas Ryan and Curtis Briggs (collectively, "Defendants"). Plaintiffs allege that, while they were employed by Defendants, Defendants failed to pay Plaintiffs wages, including overtime, for all hours worked, failed to immediately pay wages upon discharge, layoff or resignation, failed to provide off-duty rest and meal period breaks, and failed to provide accurate wage statements. Plaintiffs further allege that these failures resulted in Defendants' violation of a variety of state laws and entitle Plaintiffs to relief under several causes of action.

Defendants have been served, but have not yet answered the amended complaint or otherwise appeared. Currently, the parties are also engaged in litigation in federal court, which is described below.

On December 8, 2006, Plaintiffs filed a Class Action Complaint in Federal District Court for the Western District of Pennsylvania alleging that SCI violated the federal Fair Labor Standards Act and the relevant state laws of the various states in which Plaintiffs were employed. On June 8, 2007, the federal court declined to exercise discretionary jurisdiction over Plaintiffs' state law claims. At that time, the statute of limitations applicable to Plaintiffs' state law claims was tolled pursuant to 28 U.S.C. § 1367, as well as the tolling rules applied to class actions. Further, the federal court later determined that claims against the Defendants named in this action should be brought in a separate action. Thus, the federal law claims have been filed in the United States District Court for the District of Arizona.

On December 5, 2007, Plaintiffs filed a Class Action Complaint, followed by an Amended Complaint filed on January 25, 2008. Plaintiffs allege that this court has jurisdiction over

1   Defendants because Defendants conduct business in this State.  Plaintiffs allege that venue as to

2   each defendant is proper in this judicial district pursuant to Code of Civil Procedure § 395.5 and

3   Corporations Code § 2105.  Plaintiffs also allege that Defendants maintain and operate one or

4   more business locations, transact business, and/or have agents in Alameda County, as well as in

5   other counties in the State of California, and are otherwise within this Court's jurisdiction for

6   purposes of service of process.  Obligations and/or liabilities of the Defendants arose in this

7   county because Defendants have contracted to employ or have employed Plaintiffs in Alameda

8   County and some of the claims in this matter arose from contracts for employment which were to

9   be performed, at least in part, in Alameda County.

10          The Complaint sets out Plaintiffs' claims pursuant to the state statutory and common laws

11  of California and the various states where Plaintiffs were employed.  Plaintiffs seek to represent a

12  proposed class of current and former employees of Defendants who were employed by Defendants

13  and subject to Defendants' improper pay policies.

14          Plaintiffs contend that Defendants systematically failed to pay wages and overtime and

15  failed to pay employees for either meal breaks and/or rest breaks as prescribed by the Labor Code

16  and the state laws of the various states where Plaintiffs were employed, failed to immediately pay

17  wages, failed to provide accurate wage statements, and failed to maintain proper records.

18          The Complaint sets forth ten causes of action: The First Cause of Action asserts claims for

19  violations of California Labor Laws, in particular failure to pay overtime compensation, failure to

20  immediately pay wages, failure to pay required meal and rest periods and failure to furnish timely

21  and accurate wage statements.  The Second Cause of Action asserts claims for violations of the

22  relevant wage and hour laws of the various states where plaintiffs were employed. The Third

23  Cause of Action asserts claims for violations of the relevant wage and hour laws of the various

24  states where plaintiffs were employed.  The Third through Ninth Causes of Action assert claims

25  for various common law violations arising out of defendants' policies and the related facts alleged

26  in the Complaint, including unjust enrichment/restitution, conversion, fraud and deceit,

27  misrepresentation, breach of contract, breach of implied covenant of good faith and fair dealing

28

-2-

1  and quantum meruit. The Tenth Cause of Action asserts claims for Unlawful Business Practices

2  under California law.

3      Plaintiffs believe it is premature to estimate damages at this stage of the litigation.

4  **B.**    **Number Of Parties And Their Posture**

5      This case presents hundreds of Plaintiffs nationwide who were employed at Defendants'

6  various locations across the nation.  Some, but not all, of the currently named Plaintiffs were

7  employed in California.  It is estimated that the putative class exceeds 5,000 persons.  This case

8  presents nine Defendants.

9

10  **C.**    **Deadlines And Limits On Joinder Of Parties And Amended Or Additional Pleadings**

11      Plaintiffs anticipate completing pre-certification discovery by June 1, 2008.  Pre-

12  certification discovery may impact the class definition currently proposed by Plaintiffs.  In such

13  case, Plaintiffs propose July 1, 2008, deadline for amended or additional pleadings.

14  **D.**    **Class Discovery And Class Certification**

15      Plaintiffs propose an August 1, 2008, class certification motion deadline for claims

16  presented.  Plaintiffs anticipate that significant time will be required by Defendants to identify and

17  produce relevant electronic time and payroll records, and to analyze such records to assess class

18  wide liability and damages, and to examine Defendants' witnesses.

19  **E.**    **Proposed Litigation Schedule**

20      Plaintiffs propose the following schedule and deadlines:

21      1.    Pleading motion filing deadline:    April 1, 2008

22      2.    Class certification motion filing deadline:    August 1, 2008

23      3.    Non-expert discovery cut-off:    September 1, 2008

24      4.    Expert disclosure deadline:    October 1, 2008

25      5.    Expert discovery cut-off:    November 3, 2008

26      6.    Discovery motion filing deadline:    November 17, 2008

27      7.    Summary Judgment motion filing deadline:    December 16, 2008

28      8.    Summary Judgment hearings:    March 2, 2009

PLAINTIFFS' INITIAL COMPLEX CASE MANAGEMENT CONFERENCE STATEMENT - Case No. RG07334642

9. Trial April 1, 2009

**F. Evidentiary Issues Involving Confidentially Or Protective Evidence**

Plaintiffs' proposed class presents wage and hour claims based upon violations arising out of defendants' failure to pay required wages, including overtime wages, failure to immediately pay wages, failure to pay required meal and rest periods, and other violations described above. Proposed class claims require production of employee payroll records which may be subject to a limited right to privacy. Plaintiffs assert that any limited right to privacy which may apply to relevant payroll records is outweighed by the direct relevance of said records and the unavailability of said evidence from any other source and, in any event, any such issue may be resolved through the use of a limited protective order. Further, the production of such information is in the interest of the class members so they can recover their unpaid wages.

**G. Procedural Posture.**

1. Defendants have not yet filed an answer to the amended complaint. Other than SCI Western Market Support Center, LP, Defendants' time to do so expires February 28, 2008. Defendant SCI Western Market Support Center, LP's time to file an answer expires February 27, 2008.
2. Plaintiffs are unaware of any unfiled or unserved cross-complaints pending.
3. Plaintiffs may have claims for overtime wages, pursuant to federal law, in federal actions pending in the United States District Court for the District of Arizona and/or the United States District Court for the District of Pennsylvania.
4. Plaintiffs are unaware of any possible jurisdictional or venue issues that may arise.
5. Discovery has not yet commenced.
6. No unresolved law and motion matters are pending.
7. Plaintiffs are amenable to participation in an early mediation of this dispute.
8. Plaintiffs have not identified at this time issues to be severed for trial.
9. Plaintiffs and their counsel are unaware of calendar conflicts which may affect the setting of a trial date.

1

2

3    **H.    Suggestions For Streamlining Litigation**

4        Plaintiffs present a proposed class and class claims regarding overtime wages and missed

5    meal and rest period breaks which can be expeditiously and efficiently litigated and tried due to

6    the factual and legal issues presented by the proposed class definition.  Consequently, Plaintiffs do

7    not anticipate the need for streamlining procedures.

8

9

10                                    Respectfully Submitted,

11                                    ROSEN, BIEN & GALVAN, LLP

12
     Date: February 21, 2008
13                                    By: _Maria Morris_
                                     Sanford Jay Rosen, State Bar No. 62566
14                                    Maria V. Morris, State Bar No. 223903
                                     Lori E. Rifkin, State Bar No. 244081
15                                    315 Montgomery Street, Tenth Floor
                                     San Francisco, CA 94104
16                                    Telephone: (415) 433-6830

17                                    DOLIN, THOMAS & SOLOMON LLP
                                     J. Nelson Thomas, NY Attorney No. 2579159
18                                    Patrick J. Solomon, NY Attorney No. 2716660
                                     Michael J. Lingle, NY Attorney No. 3925765
19                                    Justin Cordello, NY Attorney No. 4131447
                                     Annette Gifford, NY Attorney No. 4105870
20                                    693 East Avenue
                                     Rochester, NY 14607
21                                    Telephone: (585) 272-0540

22                                    MARGOLIS EDELSTEIN
                                     Charles H. Saul, PA State Bar No.19938
23                                    Liberty J. Weyandt, PA State Bar No. 87654
                                     525 William Penn Place, Suite 3300
24                                    Pittsburgh, PA 15219
                                     Telephone: (412) 281-4256
25                                    Attorneys for Plaintiffs

26

27

28

-5-

1   Sanford Jay Rosen, SBN 62566
    Maria V. Morris, SBN 223903
2   Lori E. Rifkin, SBN 244081
    ROSEN, BIEN & GALVAN, LLP
3   315 Montgomery Street, Tenth Floor
    San Francisco, CA 94104
4   Telephone: (415) 433-6830;
    Facsimile: (415) 433-7104
5   srosen@rbg-law.com

6   [Additional Counsel Listed on Following Page]

7   Attorneys for Plaintiffs

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                          COUNTY OF ALAMEDA

11

12  CLAUDE BRYANT, JOSEPH BIERNACKI,          Case No. RG07359593
    GORDON FARMER, RHEALYN HOLLAND,
13  JAMES STICKLE, ELEANOR RIGGIO, FRANK      Assigned to Department 20, The Hon.
    ACUNA, RICHARD LAMASTERS, KENNETH         Robert Freedman, For All Purposes
14  ALLEN, CRAIG FULCHER, SANFORD
    LEVINE and THOMAS THOMPSON, on behalf     Hearing Date:  March 21, 2008
15  of themselves and all other employees and former   Hearing Time:  2:00 PM
    employees similarly situated,             Reservation Numbers: R797112
16                                                                 R797113
17                 Plaintiffs,

18  v.                                        PROOF OF SERVICE

19  SERVICE CORPORATION INTERNATIONAL,
    SCI     FUNERAL     AND     CEMETERY
20  PURCHASING    COOPERATIVE,    INC.,   SCI
    EASTERN MARKET SUPPORT CENTER, L.P.,
21  SCI WESTERN MARKET SUPPORT CENTER,
    L.P. a/k/a SCI WESTERN MARKET SUPPORT
22  CENTER,    INC.,   SCI   HOUSTON   MARKET
    SUPPORT CENTER, L.P., JANE D. JONES,
23  GWEN PETTEWAY, THOMAS RYAN, and
    CURTIS BRIGGS,
24
                   Defendants.
25

26

27

28

PROOF OF SERVICE

1  Additional Attorneys for Plaintiffs:

2  J. Nelson Thomas, NY Attorney No. 2579159 [PRO HAC VICE]
    Annette Gifford, NY Attorney No. 4105870 [PRO HAC VICE]

3  DOLIN, THOMAS & SOLOMON LLP
    693 East Avenue, Rochester, NY 14607

4  Telephone: (585) 272-0540;

5  Facsimile:  (585) 272-0574
    nthomas@theemploymentattorneys.com

6
    Additional Attorneys for Plaintiffs, who will submit applications

7  for admission *pro hac vice*:

8  Charles H. Saul, PA SBN 19938
    Liberty J. Weyandt, PA SBN 87654

9  Kyle T. McGee, PA SBN 205661
    MARGOLIS EDELSTEIN

10  525 William Penn Place, Suite 3300

11  Pittsburgh, PA 15219
    Telephone: (412) 281-4256;

12  Facsimile: (412) 642-2380
    csaul@margolisedelstein.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1     I, Sofia Millham, declare that I am a resident of the State of California, am over the

2 age of eighteen years and am not a party to the within action.  I am employed with Rosen,

3 Bien & Galvan LLP, whose address is 315 Montgomery Street, Tenth Floor, San Francisco,

4 California 94104.  On February 6, 2008, I served the following documents:

5 **PLAINTIFFS' INITIAL COMPLEX CASE MANAGEMENT CONFERENCE**

6 **STATEMENT**

7     I served the documents on the persons listed below, as follows:

| | |
|---|---|
| [ ] | **By messenger service**.  I served the documents by placing them in an envelope or package addressed to the persons listed below and providing them to a professional messenger service for service.  (A declaration by the messenger is attached hereto as a separate document.) |
| [ X ] | **By United States mail**.  I enclosed the documents in a sealed envelope or package addressed to the persons listed below and placed the envelope or package for collection and mailing in accordance with our ordinary business practices.  I am readily familiar with my firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at San Francisco, California. |
| [ ] | **By overnight delivery**.  I enclosed the documents in a sealed envelope or package provided by Federal Express and addressed it to the persons listed below.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier and I arranged to pay for all fees for delivery. |
| [ ] | **By fax transmission**.  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below from Rosen Bien & Galvan's facsimile transmission telephone number, (415) 433-7104.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission, which I printed out, is attached. |
| [ ] | **By e-mail or electronic transmission**.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addressed listed below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

1    **All documents were sent to the following persons in the following manner:**

2    SCI Houston Market Support Center,     SCI Eastern Market Support Center,
L.P.                                        L.P.

3    c/o James M. Shelger                 c/o Corporation Service Company,
P.O. Box 13548                    d/b/a/ CSC-Lawyers Incorporating

4    1929 Allen Parkway                 Service Company, registered agent
Houston, TX 77019                 701 Brazos St

5                                                Austin, TX 78701

6    Thomas Ryan                       Curtis Briggs
1929 Allen Parkway                 1929 Allen Parkway

7    Houston, TX 77019                 Houston, TX 77019

8    Jane D. Jones                      Gwen Petteway
1929 Allen Parkway                 1929 Allen Parkway

9    Houston, TX 77019                 Houston, TX 77019

10    Service Corporation International     SCI Western Market Support Center,
L.P. AKA Western Market Support

11    c/o James M. Shelger                 Center, Inc.
P.O. Box 13548

12    1929 Allen Parkway                 c/o CSC-Lawyers Incorporating
Houston, TX 77019                 Service

13                                              2730 Gateway Oaks Drive, Suite 100
Sacramento, CA 95833

14 

15    SCI Funeral and Cemetary
Purchasing Cooperative, Inc.

16    c/o James M. Shelger
P.O. Box 13548

17    1929 Allen Parkway
Houston, TX 77019

18 

19      I declare under penalty of perjury under the laws of the State of California that the

20    foregoing is true and correct, and that this Proof of Service was executed on this ___ day of

21    February, 2008 at San Francisco, California.

22                                  _____
Sofia Millham

23 

24 

25 

26 

27 

28

**EXHIBIT C**

STEVEN H. GURNEE, ESQ. SB# 66056
DAVID M. DANIELS, ESQ. SB# 170315
GURNEE & DANIELS LLP
2240 Douglas Boulevard, Suite 150
Roseville, CA  95661-3805
Telephone    (916) 797-3100
Facsimile     (916) 797-3131

Attorneys for Defendants
SERVICE CORPORATION INTERNATIONAL,
SCI FUNERAL AND CEMETERY
PURCHASING COOPERATIVE, INC., SCI
EASTERN MARKET SUPPORT CENTER,
L.P., SCI WESTERN MARKET SUPPORT
CENTER, L.P., SCI HOUSTON MARKET
SUPPORT CENTER, L.P., JANE D. JONES,
GWEN PETTEWAY, THOMAS RYAN and
CURTIS BRIGGS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE BRYANT, et al., on behalf of themselves and all other employees and former employees similarly situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>SERVICE CORPORATION INTERNATIONAL et al.<br><br>          Defendants. | No.<br><br>**DECLARATION OF JANET KEY IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** |

I, Janet Key, hereby specially appear in this matter in support of Defendants' Notice of Removal of Civil Action from State Court and submit the following declaration under penalty of perjury:

1

1.    I am employed by SCI Funeral & Cemetery Purchasing Cooperative, Inc. as Senior Legal Assistant, and am also its Corporate Secretary. As part of my job duties, I am familiar with the corporate structure of Service Corporation International ("SCI").

2.    SCI is a publicly held Texas corporation whose stock is traded on the New York Stock Exchange.

3.    SCI has no employees; rather, it is a holding company only.

4.    SCI's corporate headquarters and only offices are located in Houston, Texas.

5.    In order to prepare this declaration, I received information from the payroll records maintained by SCI Funeral & Cemetery Purchasing Cooperative, Inc. regarding the number of current employees who hold non-exempt positions. As of September 1, 2007, Alderwoods Group, Inc., and Service Corporation International's subsidiaries collectively employed approximately 15,966 non-exempt employees in the United States.

6.    Also, In order to prepare this declaration, I received information from the payroll records maintained by SCI Funeral & Cemetery Purchasing Cooperative, Inc. regarding the last known address of Plaintiff Claude Bryant. As of February 26, 2008, Mr. Bryant's residence address was listed as 5031 E. Dana Ave., Stockton, CA 93215, and his work address was listed as 445 North American Street, Stockton, CA 95202.

7.    In order to prepare this declaration, I received information from the payroll records maintained by SCI Funeral & Cemetery Purchasing Cooperative, Inc. regarding the most recent non-exempt wages of Plaintiffs Claude Bryant and Craig Fulcher. As of December 19, 2007, Claude Bryant's non-exempt wage rate was approximately $15.30 per hour. As of February 26, 2008, Craig Fulcher's non-exempt wage rate was approximately $23.56 per hour.

8.    I make this declaration based upon my own personal knowledge. If called upon to testify about the matters set forth herein, I could and would do so.

This declaration is made in accordance with 28 U.S.C. §1746 and I declare under

///

2

**DECLARATION OF JANET KEY IN SUPPORT OF DEFENDANTS NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

1  penalty of perjury under the laws of the United States that the foregoing is true and

2  correct and that this declaration was signed on February 27, 2008, at Houston, Texas.

3

4  _____

5  JANET KEY

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3