1  STEVEN H. GURNEE, ESQ. SB# 66056
   DAVID M. DANIELS, ESQ. SB# 170315
2  NICHOLAS P. FORESTIERE, ESQ. SB# 125118
   GURNEE & DANIELS LLP
3  2240 Douglas Boulevard, Suite 150
   Roseville, CA  95661-3805
4  Telephone     (916) 797-3100
   Facsimile     (916) 797-3131
5
   Attorneys for Defendants
6
   SCI FUNERAL AND CEMETERY
7  PURCHASING COOPERATIVE, INC. and
   SCI WESTERN MARKET SUPPORT CENTER,
8  L.P.

9                  UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                    (SAN FRANCISCO DIVISION)

12  CLAUDE BRYANT, JOSEPH BIERNACKI,   )
    GORDON FARMER, RHEALYN HOLLAND,)   Case No. **C 08-1190 JSW**
13  JAMES STICKLE, ELEANOR RIGGIO,     )
14  FRANK ACCUNA, RICHARD              )   **DEFENDANTS SCI FUNERAL AND**
    LAMASTERS, KENNETH ALLEN, CRAIG    )   **CEMETERY PURCHASING**
15  FULCHER, SANFORD LEVINE and        )   **COOPERATIVE, INC. AND SCI**
                                       )   **WESTERN MARKET SUPPORT**
16  THOMAS THOMPSON, on behalf of      )   **CENTER, L.P.'S NOTICE OF MOTION**
    themselves and all other employees and former )   **AND MOTION TO DISMISS AMENDED**
17  employees similarly situated,      )   **COMPLAINT PURSUANT TO FRCP**
                                       )   **12(b)(6) (FAILURE TO STATE A CLAIM**
18                                     )   **UPON WHICH RELIEF CAN BE**
                  Plaintiffs,          )   **GRANTED), AND MOTION TO DISMISS**
19            vs.                      )   **OR STRIKE PORTIONS OF AMENDED**
                                       )   **COMPLAINT PURSUANT TO FRCP**
20  SERVICE CORPORATION                )   **12(b)(6) OR FRCP 12(f)**
21  INTERNATIONAL, SCI FUNERAL AND     )
    CEMETERY PURCHASING                )   Date:        April 25, 2008
22  COOPERATIVE, INC., SCI EASTERN     )   Time:        9:00 a.m.
    MARKET SUPPORT CENTER, L.P. SCI    )   Dept:        2
23  WESTERN MARKET SUPPORT CENTER,     )
24  L.P. a/k/a SCI WESTERN MARKET      )
    SUPPORT CENTER, INC., SCI HOUSTON  )   Trial Date:   NONE SET
25  MARKET SUPPORT CENTER, L.P. JANE D.)
    JONES, GWEN PETTEWAY, THOMAS       )
26  RYAN and CURTIS BRIGGS,            )
                                       )
27                                     )
                  Defendants.          )
28  _____)

DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT                    1
Case No.: 08-01190 JSW

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on April 25, 2008 at 9:00 a.m. or as soon thereafter as the matter may be heard in Department 2 of the United States District Court, Northern District of California, San Francisco Division, located at U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, California, Defendants SCI Funeral And Cemetery Purchasing Cooperative, Inc. ("COOP") and SCI Western Market Support Center, L.P. ("Western Market Support") (hereafter collectively referred to as the "Moving Defendants") will move the Court for an order to dismiss the Amended Complaint based on Plaintiffs' failure to state a claim upon which relief can be granted (FRCP 12(b)(6).)[1]   In addition, Moving Defendants will move the Court for an order dismissing or striking the class action allegations in the Amended Complaint pursuant to FRCP 12(b)(6) or FRCP 12(f).

All of the defendants should be dismissed from this action because they have never been the "employers" of any of the Plaintiffs.    The allegations in the Amended Complaint that defendants are, in fact, Plaintiffs' employers are deficient as a matter of law and are contrary to repeated rulings in a similar case brought by Plaintiffs' counsel in Pennsylvania (the "Penn Action.")   The claims for conversion and unjust enrichment should be dismissed because as a matter of law they cannot be used to recover unpaid wages, missed meal periods, missed rest periods or any other alleged wage and hour violations.   The part of the claim in the First Cause of Action for failure to furnish timely and accurate wage statements should be dismissed because Plaintiffs have failed to comply and plead the pre-filing conditions and exhaustion of administrative remedies required for asserting such a claim in this action.   The Court should also dismiss pursuant to 12(b)(6) or strike pursuant to FRCP 12(f) the Amended Complaint's class

---

[1] Defendants respectfully suggest that before reviewing and considering the instant Motion, the Court first read the Motion to Dismiss filed by the other co-defendants in this case:   Service Corporatioin International, SCI Easter Market Support Center, SCI Houston Market Support Center, Jane D. Jones, Gwen Petteway, Thomas Ryan and Curtis Briggs.   That Motion, which is incorporated herein by reference, includes background information, names and terms that are important for the consideration of the instant motion.   These co-defendants have further joined this motion to avoid unnecessarily repeating law and asserting arguments which apply to all of the defendants.

DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT                      2
Case No.: 08-01190 JSW

action allegations because they fail to meet the requirements of FRCP 23.

This Motion will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, the Declaration of Liana Jensen, Request for Judicial Notice, and the pleadings, records and files in this action, and upon such other and further evidence and argument as may be presented at the time of the hearing.

Dated:    March 5, 2008.                              GURNEE & DANIELS LLP


                                                 By _____
                                                    STEVEN H. GURNEE, ESQ.
                                                    DAVID M. DANIELS, ESQ.
                                                    NICHOLAS P. FORESTIERE, ESQ.
                                                    Attorneys for Defendants
                                                    SCI FUNERAL AND CEMETERY
                                                    PURCHASING COOPERATIVE, INC., and
                                                    SCI WESTERN MARKET SUPPORT
                                                    CENTER, L.P.

DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT                          3
Case No.:  08-01190 JSW

STEVEN H. GURNEE, ESQ. SB# 66056
DAVID M. DANIELS, ESQ. SB# 170315
GURNEE & DANIELS LLP
2240 Douglas Boulevard, Suite 150
Roseville, CA  95661-3805
Telephone     (916) 797-3100
Facsimile      (916) 797-3131

Attorneys for Defendants

SCI FUNERAL AND CEMETERY
PURCHASING COOPERATIVE, INC. and
SCI WESTERN MARKET SUPPORT CENTER,
L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| CLAUDE BRYANT, JOSEPH BIERNACKI, GORDON FARMER, RHEALYN HOLLAND, JAMES STICKLE, ELEANOR RIGGIO, FRANK ACCUNA, RICHARD LAMASTERS, KENNETH ALLEN, CRAIG FULCHER, SANFORD LEVINE and THOMAS THOMPSON, on behalf of themselves and all other employees and former employees similarly situated,<br><br>        Plaintiffs,<br><br>   vs.<br><br>SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P. SCI WESTERN MARKET SUPPORT CENTER, L.P. a/k/a SCI WESTERN MARKET SUPPORT CENTER, INC., SCI HOUSTON MARKET SUPPORT CENTER, L.P. JANE D. JONES, GWEN PETTEWAY, THOMAS RYAN and CURTIS BRIGGS,<br><br>        Defendants. | Case No. **C 08-1190 JSW**<br><br>**DEFENDANTS SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC. AND SCI WESTERN MARKET SUPPORT CENTER, L.P.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6) (FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED), AND MOTION TO DISMISS OR STRIKE PORTIONS OF AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6) OR FRCP 12(f)**<br><br>Date:       April 25, 2008<br>Time:     9:00 a.m.<br>Dept:     2<br><br><br>Trial Date:   NONE SET |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
AMENDED COMPLAINT
Case No.: 08-01190 JSW

TABLE OF CONTENTS

I.   ALL OF THE CLAIMS AGAINST ALL OF THE DEFENDANTS
     SHOULD BE DISMISSED BECAUSE THEY CONSIST OF LEGALLY
     INSUFFICIENT, CONCLUSORY ALLEGATIONS THAT THE
     DEFENDANTS WERE THE PLAINTIFFS' EMPLOYERS AND
     BECAUSE SUCH ALLEGATIONS WERE PREVIOUSLY DETERMINED
     AS A MATTER OF LAW TO BE DEFICIENT ............................................................1

II.  THE CLAIMS FOR CONVERSION AND UNJUST ENRICHMENT
     SHOULD BE DISMISSED BECAUSE AS A MATTER OF LAW
     THEY CANNOT BE USED TO RECOVER UNPAID WAGES ................................4

III. THE CLAIM FOR FAILURE TO FURNISH TIMELY AND ACCURATE
     WAGE STATEMENTS SHOULD BE DISMISSED BECAUSE
     PLAINTIFFS FAILED TO COMPLY AND PLEAD COMPLIANCE WITH
     THE PRE-FILING CONDITIONS AND EXHAUSTION OF
     ADMINISTRATIVE REMEDIES REQUIRED FOR ASSERTING
     SUCH CLAIM ..........................................................................................................6

IV.  PLAINTIFFS' CLASS ACTION ALLEGATIONS AND CERTIFICATION
     REQUEST SHOULD BE DISMISSED OR STICKEN FOR FAILURE
     TO SATISFY THE REQUIREMENTS OF RULE 23 ..................................................6

     A.   Plaintiffs Cannot Certify A Class Under Rule 23 Because They
          Cannot Establish  that There Are Common Issues Or That
          Common Issues Predominate Where the Court Would Be
          Required to Apply The Laws of 47 Jurisdictions...................................................7

     B.   Plaintiffs Cannot Certify A Class Under Rule 23(b)(1) Because
          They Cannot Establish A Risk Of Inconsistent Judgments Nor
          That There Is A Limited Pool of Funds ............................................................10

     C.   Plaintiffs Cannot Certify A Class Under Rule 23(b)(2) Because
          Monetary Relief Predominates Over Any Request for Injunctive
          Relief  ................................................................................................................12

V.   CONCLUSION .........................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Allison v. Citgo Pet. Corp.*, 151 F.3d 402, 411 (5th Cir. 1998)................................................. 12

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).................................................. 1, 3

*Caliber Bodyworks, Inc, v. Superior Court*, (2005) 134 Cal.App.4th 365 .......................................... 5

*Church v. Consolidated Freightways, Inc.*, No. C-90-2290, 1991 WL 284083

    (N.D. Cal. June 14, 1991) ....................................................................................................... 8, 10

*Cole v. General Motors Corp.*, 484 F.3d 717 (5th Cir. 2007) .......................................................... 9

*Coleman v. General Motors Acceptance Corp.*, 296 F.3d 443, 448 (6th Cir. 2002 ....................... 12

*Cumis Ins. Soc'y, Inc. v. Merrick Bank Corp.*, No. CIV 07-374-TUC-CKJ, 2008 WL 215844, at *2

    (D. Ariz. Jan. 22, 2008).............................................................................................................. 1

*Edwards v. City of Long Beach*, No. CV 05-8990, 2006 U.S. Dist. LEXIS 93141 at *10 (C.D. Cal.

    Dec. 12, 2006)............................................................................................................................ 6

F.R.C.P. Section 216(b) ..................................................................................................................... 6

F.R.C.P. Rule 12(b)(6)................................................................................................................. 6, 13

*Glewwe v. The Eastman Kodak Co.*, 2006 WL 1455476 (W.D.N.Y. May 25, 2006) ................... 7, 8

*Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 653-54 (C.D. Cal. Dec. 12, 1996) ................................ 9

*Herring v. Hewitt Assoc., Inc.*, No. 06-267, 2006 U.S. Dist. LEXIS 56189

    (D. N.J. Aug. 11, 2006).............................................................................................................. 6

*Himmelman v. Continental Cas. Co.*, No. 06-166, 2006 U.S. Dist. LEXIS 56187, at *5 (D.N.J.

    Aug. 11, 2006) ........................................................................................................................... 6

*In re Currency Conversion Fee Antitrust Litigation*, 230 F.R.D. 303, 312 (S.D.N.Y. 2004) ........... 9

*In re Syncor ERISA Litig.*, 227 F.R.D. 338, 346 (C.D. Cal. 2005) ................................................. 11

*In re: Paxil Litigation*, 212 F.R.D. 539 (C.D. Cal. Jan. 10, 2003) ................................................... 9

*Jones v. Gregory*, 137 Cal.App.4th 798, 803-804 (2006)............................................................. 1, 2

*Kamm v. California City Dev. Co.*, 509 F.2d 205 (9th Cir. 1975)..................................................... 6

*Letouzel v. The Eastman Kodak Co.*, 2006 WL 1455478 (W.D.N.Y. May 25, 2006).................. 7, 8

*Luciano v. The Eastman Kodak Co.*, 2006 WL 1455477 (W.D.N.Y. May 25, 2006) .................. 7, 8

DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT
Case No.:  08-01190 JSW

*McDonnell Douglas Corp. v. U.S. Dist. Ct., C.D. Cal.,* 523 F.2d 1083, 1086
(9th Cir. 1975)............................................................................................ 11

*Nelsen v. King Cty.*, 895 F.2d 1248, 1255 (9th Cir. 1990). ............................................ 12

*Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 841 (1999) ....................................................... 11

*Otto v. Pocono Health Sys.,* 457 F.Supp.2d 522 (M.D. Pa. 2006 .................................... 6

*Parks Automotive Group, Inc. v. General Motors Corp.*, 237 F.R.D. 567 (D. S.C. 2006)................ 9

*Perry v. Upper Deck, LLC.* 2007 WL 1449797 (S.D.Cal.) at \*3 ...................................... 4

**Reynolds v. Bement**, 36 Cal.4th 1075 (2005).............................................................. 1, 2

*Sepulveda v. Wal-Mart Stores, Inc.*, 245 F.R.D. 229, 245 (C.D. Cal. 2006) ................................. 10

*Singh v. 7-Eleven, Inc.*, No. C-05-04534, 2007 WL 715488, at \*6
(N.D. Cal. Mar. 8, 2007) ............................................................................. 1

*Stevenson v. Superior Court*, 16 Cal.4[th] 880, 900 (1997) ........................................... 4

**Statutes**

Cal. Labor Code § 98 ...................................................................................... 4

Cal. Labor Code § 98.1 ................................................................................... 4

Cal. Labor Code § 98.2 ................................................................................... 4

Cal. Labor Code § 98.3 ................................................................................... 4

Cal. Labor Code § 98.4 ................................................................................... 4

Cal. Labor Code § 201 .................................................................................... 4

Cal. Labor Code §202 ..................................................................................... 4

Cal. Labor Code §203 ..................................................................................... 4

Cal. Labor Code §218.5 .................................................................................. 4

Cal. Labor Code §225.5 .................................................................................. 4

Cal. Labor Code §226(a) ............................................................................... 4, 5

Cal. Labor Code §226.3 ................................................................................ 4, 5

Cal. Labor Code §226.7 .................................................................................. 4

Cal. Labor Code § 226(8) ................................................................................ 5

## MEMORANDUM OF POINTS & AUTHORITIES

I.    **ALL OF THE CLAIMS AGAINST ALL OF THE DEFENDANTS SHOULD BE DISMISSED BECAUSE THEY CONSIST OF LEGALLY INSUFFICIENT, CONCLUSORY ALLEGATIONS THAT THE DEFENDANTS WERE THE PLAINTIFFS' EMPLOYERS AND BECAUSE SUCH ALLEGATIONS WERE PREVIOUSLY DETERMINED AS A MATTER OF LAW TO BE DEFICIENT**

Only an "employer" can be found liable for statutory violations and torts based upon alleged breaches of California's wage and hour law.  (See generally, *Reynolds v. Bement*, 36 Cal.4th 1075 (2005).)   California's definition of "employer" uses its "common law test of employment," which is far more limited in scope than the federal Fair Labor Standard Act's ("FLSA") broad definition of "employer".  (*Jones v. Gregory*, 137 Cal.App.4th 798, 803-804 (2006).) Unlike FLSA, the definition of "employer" under California law is based upon the right to control the manner or means of the employees' work.  (*Singh v. 7-Eleven, Inc.*, No. C-05-04534, 2007 WL 715488, at *6 (N.D. Cal. Mar. 8, 2007).)

"On a Rule 12(b)(6) motion to dismiss . . . Plaintiff's obligation to provide 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007); *see also Cumis Ins. Soc'y, Inc. v. Merrick Bank Corp.*, No. CIV 07-374-TUC-CKJ, 2008 WL 215844, at *2 (D. Ariz. Jan. 22, 2008): "In order to survive a motion to dismiss for failure to state a claim, a Plaintiff must allege 'enough facts to state a claim to relief that is plausible' . . . [and the] factual allegations it does include 'must be enough to raise a right to relief above the speculative level.")

This Court should dismiss all of the claims against all of the defendants.  Plaintiffs clearly know that none of the defendants ever employed any of the Plaintiffs, and that the state Operational Corporations were their employers.  After all, they have their W-2s (Declaration of Liana Jensen ("Jensen Decl."), Exhibit 1) which clearly provide the names of the entities who

1  employed them and that are presumed to be their employers pursuant to California's Government

2  Code §12928.[2]

3       Nonetheless, Plaintiffs, in total disregard of their knowledge as to who are their true

4  employers, plead a self-serving laundry list of over 30 unsubstantiated, inaccurate, untrue,

5  boilerplate and conclusory "information and belief" allegations against the defendants which are

6  repeated throughout their Amended Complaint in an attempt to allege that each of them was the

7  Plaintiffs' employer. (Amended Complaint ¶¶ 32-44, 67-79, 98-111, 128-142, 150-168, 177-193,

8  and 204-220)[3], These allegations consist of the defendants' general job titles, positions, authority,

9  and roles they played concerning the alleged employment at issue.  Plaintiffs then allege that

10  "because" of these allegations, the defendants must *ipso facto* have been the Plaintiffs' employers.

11  (Amended Complaint at ¶¶ 45-58, 80-90, 112-125, 143-149, 169-175, 194-200, and 221-227.)

12       However, no where in Plaintiffs' Amended Complaint is it alleged that any of the

13  defendants *personally* employed or controlled any of the Plaintiffs, or *personally* created, prepared

14  or enforced any of the employment policies that are at issue in this case.  It is clear that these

15  repetitive conclusory allegations improperly seek to establish that each of the defendants is the

16  Plaintiffs' employers based upon the broader FLSA definition of employer, even though only state

17  law claims, not claims under FLSA, are alleged in the Amended Complaint.  Such allegations are

18  legally insufficient to meet the more exacting "common law test of employment" which, as

19  recognized by *Reynolds* and *Jones,* California uses to determine who are "employers" for its state

20  law claims.  Plaintiffs, with respect to the factors relevant to control, at best assert only conclusory

21  statements regarding the defendants' ability to "make decisions" and "exercise control" with

22  respect to unidentified "employees." (*See, e.g.*, Compl. ¶¶ 51-52, 60-61, 86-87, 95-96.)  Not once

23

24

25  [2]  Curiously, none of these Operational Corporations are named as defendants in the Amended
Complaint.

26

27  [3] Plaintiffs repetitiously assert some thirty virtually identical allegations against each of the Moving
Defendants proffering every conceivable legal basis upon which to claim they are the Plaintiffs'

28  "employers" belies their allegations that the defendants are their employers.

DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT        2
Case No.:  08-01190 JSW

do Plaintiffs allege that the defendants *personally* performed any of these functions *with respect to Plaintiffs* or with respect to the corporations that actually employed Plaintiffs.

Moreover, Plaintiffs merely realleged in this action the very same unsupported, conclusory FLSA employer allegations made in the Penn Action that resulted in defendants' dismissal from that action.[4]   Such deficient allegations are nothing more than labels and conclusions, and a formulaic recitation of the elements of a speculative cause of action.   They consist of bald allegations that merely parrot the FLSA joint employer test, which the High Court has confirmed legally fails to state a viable claim pursuant to *Bell Atlantic Corp., supra.*

The "employer" allegations set forth in the Amended Complaint also consist of the same purported factual allegations that the judge in the Penn Action described as "conclusion after conclusion after conclusion . . . [having] no factual support . . . from which the Court could find any plausible claim."  (RJN Exhibit C, Transcript of Nov. 15, 2007 Hearing ("Nov. 15 Tr.") in the Penn Action at 13:20-14:11.)  As the court held, the assertion that SCI and the other Corporate Defendants are joint employers is a "disguised legal conclusion, there is no factual support for that. [Plaintiffs' complaint contains] [j]ust paragraph after paragraph saying that they exercise control, they do this, they do that.  But it is stated as really a very broad-based conclusion.  There's no factual underpinning from which the Court could find any plausible claim here."  (RJN Exhibit C, Nov. 15 Tr. at 14:5-11.)  That court further concluded, "I am not going to permit them at this stage to be named in this lawsuit because I don't see enough facts in here to bring them in.  So I am not going to permit the amendment to bring up the additional Defendants . . . ."  (*Id.* at 21:12-15.)  In fact, not only did the court deny Plaintiffs request for leave to amend the Penn Action to include the defendants named in the instant case, it went on to admonish them saying, "I am going to remind you when you talk about somebody being an employer, you have to talk about somebody

---

[4]   As discussed in the accompanying Motion to Dismiss brought by co-defendants Service Corporatioin International, SCI Eastern Market Support Center, SCI Houston Market Support Center, Jane D. Jones, Gwen Petteway, Thomas Ryan and Curtis Briggs, the "Penn Action" refers to a similar class action lawsuit brought by Plaintiffs  Deborah Prise and Heather Rady in the U.S. District Court for the Western District of Pennsylvania, *Prise et al v. Alderwoods Group Inc., et al* (WDPA Case No. 06-1641.)  A copy of the original Complaint in the Penn Action is attached as Exhibit "N" to Defendants' Request for Judicial Notice.

DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT                    3
Case No.:  08-01190 JSW

hands-on." (*Id.* at 21:25-22:8.)  For the same reasons stated by the U.S. District Court in the Penn Action, Plaintiffs' claims against the defendants in this action fail to state a claim against them and should therefore be dismissed.

## II.  THE CLAIMS FOR CONVERSION AND UNJUST ENRICHMENT SHOULD BE DISMISSED BECAUSE AS A MATTER OF LAW THEY CANNOT USED TO RECOVER UNPAID WAGES

A Plaintiff is limited to the remedies provided by statute and cannot assert a claim for conversion or unjust enrichment for the same alleged wrong, since the right to overtime pay is statutory. (*Perry v. Upper Deck, LLC.* 2007 WL 1449797 (S.D.Cal.) at *3.)  Under California law, "when a new right has been created by statute, and a statutory remedy for its infringement is provided, the statutory remedy is exclusive and no other remedy will be allowed." (3 Witkin, Cal. Proc. 4th (1997) Actions, § 7, p. 60; *see, e.g., Stevenson v. Superior Court*, 16 Cal.4th 880, 900 (1997) holding that "Where a new right is created by statute, the party aggrieved by its violation is confined to the statutory remedy if one is provided....").  It is indisputable that the right to overtime pay, and compensation for missed meal periods, rest periods, are all rights created by statute, and that the California Legislature has created an extensive remedial scheme to address such alleged wage and hour violations.  (Cal. Labor Code §§ 98, 98.1, 98.2, 98.3, 98.4, 201, 202, 203, 218.5, 225.5, 226(a), 226.3, 226.7, 512, and 1194.)

Plaintiffs' Third Cause of Action for Unjust Enrichment\Restitution and their Fourth Cause of Action for Conversion (Amended Complaint, ¶¶ 265-276) are barred as a matter of law by the wage and hour statutory remedies set forth in California's Labor Code.  Plaintiffs have specifically pled violations of these Labor Code sections in their Amended Complaint. (Amended Complaint, ¶¶ 246-258.)  Thus, they cannot assert a separate claim for conversion or unjust enrichment based on defendants' alleged violation of such statutory duties.  Instead, they are limited to solely to those statutory remedies that they have pled in their Amended Complaint.  Consequently, the conversion and unjust enrichment\restitution causes of action must be dismissed.

////

////

DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT                               4
Case No.: 08-01190 JSW

III.   **THE CLAIM FOR FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS SHOULD BE DISMISSED BECAUSE PLAINTIFFS FAILED TO COMPLY AND PLEAD COMPLIANCE WITH THE PRE-FILING CONDITIONS AND EXHAUSTION OF ADMINISTRATIVE REMEDIES REQUIRED FOR ASSERTING SUCH A CLAIM**

The recently enacted Private Attorney General Act of 2004 ("PAGA") allows aggrieved employees to bring civil actions to recover penalties for technical violations of the Labor Code when the Labor Commissioner fails to act. A civil action seeking civil remedies available under the Act, which are enumerated in Section 2699.5, may not be commenced (or a pending action amended to include a Section 2699 claim) until the following statutory requirements have been met:

A. ***Written notice to the employer and the state:***  The aggrieved party must give written notice *by certified mail* to the employer and the Labor and Workforce Development agency specifying the Labor Code provisions violated, 'including the facts and theories to support the alleged violation.' Labor Code § 2699.3(a)(1); and,

B. ***Agency Action:***  If the Agency does not intend to investigate the alleged violation, it must so notify the aggrieved employee and the employer by certified mail within 30 days after the employee's was postmarked. The aggrieved employee may file a §2699 action upon receipt of the Agency's notice; or if the Agency fails to provide notice, within 33 days after the employee's notice was postmarked. Lab.C. §2699.3(a)(2)(A). If the Agency intends to investigate the alleged violation, it must so notify the aggrieved employee and the employer with 33 days after the employee's notice was postmarked. It then has 120 days to issue a citation. Labor Code § 2699.3(a)(2)(B).

*(See also, Caliber Bodyworks, Inc, v. Superior Court,* (2005) 134 Cal.App.4[th] 365 (holding that causes of action, and portions thereof, seeking civil remedies available under the Act were subject to notice and exhaustion perquisites under the Act.)

That portion of Plaintiffs' First Cause of Action alleging a statutory violation for failure to furnish timely and accurate wage statements in violation of California Labor Code §§ 226(8) and 226.3 et seq. (Amended Complaint, ¶¶ 258-260) is barred by Plaintiffs' failure to comply with the PAGA's notice and exhaustion requisites. Violations of Labor Code § 226(a), and the resulting civil penalties pursuant to 226.3, are included in Labor Code section 2699.5 that requires the

DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT                                    5
Case No.: 08-01190 JSW

Plaintiffs to comply with the pre-filing notice and exhaustion of remedies of Labor Code section 2699.3. Plaintiffs cannot bring such a claim or seek such statutory remedies unless and until they have complied and plead their compliance with these statutory prerequisites. No such allegations exist in the Amended Complaint. Therefore, that part of the First Cause of Action must be dismissed.

IV.    **PLAINTIFFS' CLASS ACTION ALLEGATIONS AND CERTIFICATION REQUEST SHOULD BE DISMISSED OR STRICKEN FOR FAILURE TO SATISFY THE REQUIREMENTS OF RULE 23.**

Plaintiffs' class allegations and certification request (Amended Complaint, ¶¶ 228-236.) must be dismissed or stricken because it is clear, even at this early stage of the litigation, that Plaintiffs' proposed class or subclasses cannot meet the requirements for a viable class pursuant to Rule 23. Although Plaintiffs have not yet moved for class certification, "courts may decide the issue of certification based on a review of the complaint prior to a party's motion to certify the proposed class. In fact, Rule 23(c)(1) encourages courts to 'at an early practicable time determine by order whether to certify the action as a class action.'" (*Glewwe*, 2006 U.S. Dist. LEXIS 33449 at *7 (internal citations omitted).) Accordingly, many district courts have appropriately dismissed deficient Rule 23 class allegations pursuant to Rule 12(b)(6). (*See, e.g., Otto v. Pocono Health Sys.,* 457 F.Supp.2d 522 (M.D. Pa. 2006) (granting motion to dismiss Plaintiffs' Rule 23 state law class claims under Rule 12(b)(6) on grounds that Rule 23 opt-out state law class action claims could not proceed accompanied by a § 216(b) opt-in action); *Himmelman v. Continental Cas. Co.,* No. 06-166, 2006 U.S. Dist. LEXIS 56187, at *5 (D.N.J. Aug. 11, 2006) (granting defendant's motion to dismiss/strike Plaintiff's Rule 23 class allegations because Rule 23 certification of state law claims is legally incompatible with FLSA claim); *Herring v. Hewitt Assoc., Inc.*, No. 06-267, 2006 U.S. Dist. LEXIS 56189 (D. N.J. Aug. 11, 2006) (granting defendant's Rule 12(b)(6) motion to dismiss Rule 23 class action allegations because they are incompatible with FLSA collective action).)

To maintain a Rule 23 class action, a Plaintiff must satisfy all the prerequisites of Rule 23(a). (Fed.R.Civ.P. 23(a).) Additionally, a Plaintiff must fulfill the requirements for at least one of the three types of class actions enumerated in Rule 23(b). (Fed.R.Civ.P. 23(b); *see also*

*Edwards v. City of Long Beach*, No. CV 05-8990, 2006 U.S. Dist. LEXIS 93141 at *10 (C.D. Cal. Dec. 12, 2006).)   This is true even at this early stage of the litigation.   (*See, e.g., Kamm v. California City Dev. Co.*, 509 F.2d 205 (9th Cir. 1975) (affirming district court's order granting defendant's motion, brought at inception of the case, to dismiss Plaintiff-appellants' class action and striking class allegations from their first amended complaint for failure to satisfy requirements of Rule 23(b)(3)).

Here, Plaintiffs seek to bring a class action based on claims brought under the California's wage and hour laws and common law, and those of 37 other states and territories. (Amended Complaint, ¶¶ 246-260, 261-263, 268, 274, 281, 290, 298, 304, 303, 311-317.)   Plaintiffs cannot establish that such a purported class meets the requirements of Rule 23.

> **A.    Plaintiffs Cannot Certify A Class Under Rule 23 Because They Cannot Establish That There Are Common Issues Or That Common Issues Predominate Where The Court Would Be Required To Apply The Laws Of 47 Jurisdictions.**

Federal courts throughout the country have held that class claims may not be certified pursuant to Rule 23(a)(2) or (b)(3) where they require the application of the laws of multiple states. The Western District of New York recently addressed the issue of multiple state claims in a class action in three similar cases: *Glewwe v. The Eastman Kodak Co.*, 2006 WL 1455476 (W.D.N.Y. May 25, 2006), *Luciano v. The Eastman Kodak Co.*, 2006 WL 1455477 (W.D.N.Y. May 25, 2006), and *Letouzel v. The Eastman Kodak Co.*, 2006 WL 1455478 (W.D.N.Y. May 25, 2006) (collectively the "*Kodak* cases").

In the *Kodak* cases, like here, the Plaintiffs sought damages under the wage and hour laws of over 30 states.   In addition, the Plaintiffs brought claims under the common laws of more than 40 states.   In dismissing the state claims in each action, the Court held that the Plaintiffs failed to establish both commonality under Rule 23(a) and the predominance of common issues as required by Rule 23(b)(3).   (*Glewee*, 2006 WL 1455476, at *2-4; *Luciano*, 2006 WL 1455477, at *2-5; *Letouzel*, 2006 WL 1455478, at *2-4.)   With respect to Rule 23(a), the court noted that each state's wage law had its "own peculiar requirements and defenses," and that adjudication of the wage and contract claims "would require the interpretations and application of several different laws of

several different states and territories," and thus found that the Plaintiffs' claims were not common to the class. (*Glewwe*, 2006 WL 1455476, at *2; *Luciano*, 2006 WL 1455477, at * 2; *Letouzel*, 2006 WL 1455478, at *2.)  In addition, the court concluded that even if the Plaintiffs could satisfy Rule 23(a), they failed to satisfy Rule 23(b), explaining that:

> [t]he employees at issue were employed in several different states at several different locations subject to different terms and conditions, and different state laws.  Different remedies are available in each state, and the methods of overtime calculation vary from state to state.  Because the issues common to the purported class members are actually subordinate to the issues unique to each of the individual members, I find that the Plaintiffs failed to establish a basis for a class action pursuant to Rule 23(b)(3).

(*Glewwee*, 2006 WL 1455476, at *3 (also stating that there was no risk of inconsistent adjudications as contemplated under Rule 23(b)(1) and that Rule 23(b)(2) was inapplicable to claims for damages); *Letouzel*, 2006 WL 1455478, at *3 (same).  *See also Luciano*, 2006 WL 1455477, at *4 (same).)

Notably, Courts in the Ninth Circuit also have held that a class is not certifiable under Rule 23 where the class action would require the analysis and application of the laws of multiple states.  In *Zinser*, 253 F.3d at 1188-90, the Ninth Circuit Court of Appeals affirmed the District Court's denial of class certification where the class claims required the application of the laws of up to 48 states.  In doing so, the Court of Appeals noted that common questions of fact and law do not predominate to the extent that "the laws of forty-eight states must be consulted to answer" questions related to class members' claims. (*Id.* at 1189-90.)  Likewise, this Court previously has denied certification of state law claims involving multiple jurisdictions where the Court determined that certification of such claims would require application of California's choice of law principles to each state law claim. (*Church v. Consolidated Freightways, Inc.*, No. C-90-2290, 1991 WL 284083 (N.D. Cal. June 14, 1991).)  In *Church*, this Court reasoned that:

> Given the number of causes of actions, the jurisdictions involved, and the presumed interest of each forum in regulating the employment relationships within its jurisdiction, the number of resolutions this Court must make even before approaching the merits of the action as to which law to apply is overwhelming.  On this issue alone, then, a class action is not the superior method of adjudicating the interests implicated as

determination of the choice of law issue would require numerous 'mini-trials' in and of itself. (*Id.* at *12.)

Numerous other courts throughout the country also have found that the application of different states' laws militates against allowing a class action. (*See e.g., Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 653-54 (C.D. Cal. Dec. 12, 1996) (denying certification in a tort action and holding that even if the state laws were relatively similar, the fact that the Court had to reference so many laws weighed against class certification); *In re Currency Conversion Fee Antitrust Litigation*, 230 F.R.D. 303, 312 (S.D.N.Y. 2004) (denying certification because variations in state laws governing fraud, unconscionability, bad faith and unjust enrichment predominated over any common issues); *Cole v. General Motors Corp.*, 484 F.3d 717 (5th Cir. 2007) (denying certification of a nationwide class involving breach of express and implied warranty claims under 48 states' laws); *Parks Automotive Group, Inc. v. General Motors Corp.*, 237 F.R.D. 567 (D. S.C. 2006) (denying certification because individualized factual inquiries precluded adjudication of negligence, breach of warranty and indemnity claims on a class wide basis and several different contract laws, with different requirements and defenses, were involved).)

Here, Plaintiffs assert ten claims for violation of labor laws, of wage and hour violations, unjust enrichment\restitution, conversion, fraud and deceit, misrepresentation, breach of contract, breach of implied covenant of good faith and fair dealing, quantum meruit, and unlawful business practices under the laws of California and 37 other states and territories. (Amended Complaint – ¶¶ 246-317.) Plaintiffs' Amended Complaint requires this Court to apply the laws governing these various claims in 38 different jurisdictions, all of which have an equal interest in regulating employment relationships. Given the different requirements and available defenses under each state law, common issues of fact and law do not exist, and they clearly do not predominate in this case.

Importantly, subclasses would not remedy the defects of the proposed class. For instance, in *In re: Paxil Litigation*, 212 F.R.D. 539 (C.D. Cal. Jan. 10, 2003), the Plaintiffs proposed that putative class members in states with similar laws be grouped into subclasses. The Central District denied certification and held that the subclass approach did not create a manageable trial plan because the Plaintiffs failed to show that the differences between the state laws (that were grouped

DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT
Case No.: 08-01190 JSW

9

together within the proposed subclasses) were nonmaterial. (*Id.* at 543-45.)  The court also noted that there was a question of whether due process rights would be violated by combining different state laws to create a new legal standard for each subclass.  (*Id.*)  Moreover, the burden of reviewing the different laws of 38 jurisdictions and territories itself would require a finding that the class method is not superior because of the numerous mini-trials that would be required simply to conduct the choice of law analysis.  (*See Church*, 1991 WL 284083 at *12.)

At bottom, Plaintiffs' class certification request would require the Court to apply the laws of 48 different jurisdictions, all of which have an interest in regulating employment relationships. The potential analysis and application of so many different laws creates an unmanageable case, where any common issues would be severely outweighed by individual state law analyses. Plaintiffs thus cannot meet the requirements of Rule 23(a)(2), nor can they meet the requirements of Rule 23(b)(3).

> **B.    Plaintiffs Cannot Certify A Class Under Rule 23(b)(1) Because They Cannot Establish A Risk Of Inconsistent Judgments Nor That There Is A Limited Pool Of Funds.**

Plaintiffs' allegations likewise do not satisfy the requirements of Rule 23(b)(1).  To satisfy Rule 23(b)(1), a Plaintiff must satisfy either Rule 23(b)(1)(A), which allows for certification of a class (where Rule 23(a) is satisfied) if "the prosecution of separate actions ... would create a risk of ... inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class;" or Rule 23(b)(1)(B), which requires a showing of a risk of adjudications with respect to individual members of the class that would be dispositive of the interests of other members not parties to the adjudications or substantially impair their ability to protect their interests.   (Fed.R.Civ.P. 23(b)(1)(A) & (B); *see also Sepulveda v. Wal-Mart Stores, Inc.*, 245 F.R.D. 229, 245 (C.D. Cal. 2006).)  Plaintiffs cannot meet either of these standards.

In this case, Plaintiffs do not, and indeed cannot, allege any facts in their Amended Complaint that would establish a risk that separate actions would produce incompatible judgments. The Ninth Circuit in particular has adopted an "extremely conservative view" on whether this prong of the class test is met, requiring a finding that either: "(1) rulings in separate actions would

DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT                    10
Case No.: 08-01190 JSW

subject defendant to incompatible judgments requiring inconsistent conduct to comply with the judgment; or (2) a ruling in the first of a series of separate actions will 'inescapably alter the substance of the rights of others having similar claims.'" (*Sepulveda*, 245 F.R.D. at 245 (quoting *McDonnell Douglas Corp. v. U.S. Dist. Ct., C.D. Cal.,* 523 F.2d 1083, 1086 (9th Cir. 1975)).) The Ninth Circuit also has held that Rule 23(b)(1)(A) certification should not be granted where the Plaintiffs' claims are primarily for monetary relief. (*See, e.g., Zinser*, 253 F.3d 1180; *In re Syncor ERISA Litig.*, 227 F.R.D. 338, 346 (C.D. Cal. 2005).)

Here, as discussed below, Plaintiffs primarily seek monetary damages and therefore this case falls outside of the limited circumstances where Plaintiffs in the Ninth Circuit have been able to satisfy the Rule 23(b)(1)(A) requirement for class certification. *Id.* In addition, there is no risk of inconsistent judgments. This case primarily involves Plaintiffs' claims that they were required to perform off-the-clock work, missed meal and rest periods and overtime payment. To recover, Plaintiffs would be required to individually prove they were required to work while off-the-clock, were not given meal and rest periods and to establish their individual damages. The ability of one Plaintiff to establish that she worked while off-the-clock will have no bearing on the claims of others, thus negating any concern over inconsistent judgments.

Nor can Plaintiffs succeed under Rule 23(b)(1)(B), which requires that Plaintiffs demonstrate that the case involves a "fund with a definitely ascertained limit, all of which would be distributed to satisfy all those with liquidated claims based on a common theory of liability." (*Zinser*, 253 F.3d at 1197 (quoting *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 841 (1999)).) Rule 23(b)(1)(B) applies only where there is a limited, fixed pool of money available to cover the would-be class members' damages and where the claims brought contain no "unique facts or individual relationships with" the party opposing class certification. (5 Moore's Federal Practice § 23.42.) Because Plaintiffs do not, and cannot, claim that Defendants have only a limited pool of funds to satisfy the class claims, and because the claims seek individualized monetary damages, Plaintiffs' class allegations cannot satisfy the requirements of Rule 23(b)(1).

**C.    Plaintiffs Cannot Certify A Class Under Rule 23(b)(2) Because Monetary Relief Predominates Over Any Request For Injunctive Relief.**

Nor can Plaintiffs satisfy the requirements of Rule 23(b)(2).  It is well established, both in the Ninth Circuit and elsewhere, that class certification under Rule 23(b)(2) is not appropriate where the relief relates "exclusively or predominately to money damages." (*Nelsen v. King Cty.*, 895 F.2d 1248, 1255 (9th Cir. 1990); s*ee also Coleman v. General Motors Acceptance Corp.,* 296 F.3d 443, 448 (6th Cir. 2002) (reversing District Court's grant of class certification and finding that injunctive relief did not predominate); *Allison v. Citgo Pet. Corp.,* 151 F.3d 402, 411 (5th Cir. 1998) ("We, like nearly every other circuit, have adopted the position taken by the advisory committee that monetary relief may be obtained in a (b)(2) class action so long as the predominant relief sought is injunctive or monetary."))  Moreover, "monetary relief predominates in (b)(2) class actions unless it is incidental to requested injunctive or declaratory relief...." (*Id.* at 413.)  Where the requested compensatory relief requires individualized damages determinations, injunctive relief does not predominate and the class should not be certified under Rule 23(b)(2). (*Id..* at 415.)

There is no question here that Plaintiffs' request for compensatory relief predominates over any claims for injunctive relief.  Plaintiffs' claims in this case relate to off-the-clock work, and missed meal and rest periods for which they allege they were not compensated.  Indeed, Plaintiffs' Complaint alleges several different forms of off-the-clock work, plus a claim regarding improper calculation of overtime, that they claim pertain to the employees in 38 jurisdictions.  Compensatory damages for each of these claims, if proven, would have to be individually determined based on the number of hours each employee allegedly performed such work.  Injunctive relief simply does not predominate where damages are dependent "on the intangible, subjective differences of each class member's circumstances."  *Allison*, 151 F.3d at 415.  Thus, Plaintiffs cannot seek certification under Rule 23(b)(2).

In short, Plaintiffs' cannot, under any circumstances, meet the requirements of Rule 23(a)(2) or (b).  Thus, this Court should dismiss or Plaintiffs' class action allegations.

////

////

DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT                                    12
Case No.: 08-01190 JSW

1

**V.    CONCLUSION**

2       For all of the forgoing reasons, this court should dismiss all of the Defendants and the

3 above claims from this action pursuant to FRCP 12(b)(6).  It should further dismiss or strike the

4 class action allegations.

Dated:    March 5, 2008.                          GURNEE & DANIELS LLP

5

6

7                                          By _____

                                              STEVEN H. GURNEE, ESQ.
8                                             DAVID M. DANIELS, ESQ.
                                              NICHOLAS P. FORESTIERE, ESQ.
9                                             Attorneys for Defendants

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT                          13
Case No.:  08-01190 JSW