1   Sanford Jay Rosen, State Bar No. 62566
    Maria V. Morris, State Bar No. 223903
2   Lori E. Rifkin, State Bar No. 244081
    ROSEN, BIEN & GALVAN, LLP
3   315 Montgomery Street, Tenth Floor
    San Francisco, CA 94104
4   Telephone: (415) 433-6830
    Facsimile:  (415) 433-7104
5   srosen@rbg-law.com

6   [Additional Counsel Listed on Signature Page]

7   Attorneys for Plaintiffs

8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                  SAN FRANCISCO/OAKLAND DIVISION
11

12  CLAUDE BRYANT, JOSEPH BIERNACKI,          )  Case No. CV 08-1190 SI
    GORDON FARMER, RHEALYN HOLLAND,           )
13  JAMES STICKLE, ELEANOR RIGGIO, FRANK      )  **PLAINTIFFS' NOTICE OF**
    ACUNA, RICHARD LAMASTERS, KENNETH         )  **MOTION AND**
14  ALLEN, CRAIG FULCHER, SANFORD             )  **MOTION FOR REMAND AND**
                                              )  **MEMORANDUM OF POINTS AND**
15  LEVINE and THOMAS THOMPSON, on behalf     )  **AUTHORITIES IN SUPPORT**
    of themselves and all other employees and former )  **THEREOF**
16  employees similarly situated,             )
                                              )
17                      Plaintiffs,           )
                                              )              HEARING
18  v.                                        )
                                              )
19                                            )  Date:       May 9, 2008
    SERVICE CORPORATION INTERNATIONAL,)          Time:       9:00 am
20  SCI      FUNERAL     AND     CEMETERY)        Courtroom:  10
    PURCHASING COOPERATIVE, INC., SCI )          Judge:      The Honorable Susan Illston
21  EASTERN MARKET SUPPORT CENTER, L.P.,)
    SCI WESTERN MARKET SUPPORT CENTER,)
22  L.P. a/k/a SCI WESTERN MARKET SUPPORT)
    CENTER, INC., SCI HOUSTON MARKET)
23  SUPPORT CENTER, L.P., JANE D. JONES,)
    GWEN PETTEWAY, THOMAS RYAN, and)
24  CURTIS BRIGGS,                            )
                                              )
25                                            )
                                              )
26                      Defendants.           )

27

28

─────────────────────────────────────────────

1 | Additional Attorneys for Plaintiffs, who will
submit applications for admission *pro hac vice*:

2

3 | J. Nelson Thomas, NY Attorney No. 2579159
Patrick J. Solomon, NY Attorney No. 2716660
Michael J. Lingle, NY Attorney No. 3925765

4 | Annette Gifford, NY Attorney No. 4105870
Justin Cordello, NY Attorney No. 4131447

5 | DOLIN, THOMAS & SOLOMON LLP
693 East Avenue

6 | Rochester, NY 14607
Telephone: (585) 272-0540

7 | Facsimile:  (585) 272-0574
nthomas@theemploymentattorneys.com

8

9 | Charles H. Saul, PA State Bar No.19938
Liberty J. Weyandt, PA State Bar No. 87654
Kyle T. McGee, PA State Bar No. 205661

10 | MARGOLIS EDELSTEIN
525 William Penn Place

11 | Suite 3300
Pittsburgh, PA 15219

12 | Telephone: (412) 281-4256
Facsimile: (412) 642-2380

13 | csaul@margolisedelstein.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION**

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on May 9, 2008, at 9:00 A.M., Plaintiffs will and hereby do move for an order to remand this matter to California State Court.  Defendants have failed to establish that the jurisdictional requirements of the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) are met, and this action should be remanded to state court.  This Motion is based on this Notice of Motion and Motion and Proposed Order filed herewith, all records and files in this case, and the arguments of counsel..

**MEMORANDUM OF LAW**

On February 28, 2008, defendants Service Corporation International ("SCI"), SCI Funeral and Cemetery Purchasing Cooperative, Inc., SCI Eastern Market Support Center, L.P., SCI Western Market Support Center, L.P., SCI Houston Market Support Center, L.P., Jane D. Jones, Gwen Petteway, Thomas Ryan and Curtis Briggs removed this action from California state court to this district court on the sole basis of alleged original jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2).  *See* Defendants' Notice of Removal, Docket No. 1 (the "Notice of Removal").  In removing this action, however, defendants failed to meet their burden of proving by a preponderance of the evidence that the jurisdictional requirements of CAFA are met.  Specifically, defendants failed to establish that the amount in controversy in this action exceeds $5,000,000 and, therefore, this action should be remanded to state court.

**PROCEDURAL HISTORY[1]**

Plaintiffs are current and former employees who worked at funeral locations owned and managed by defendant SCI and its subsidiaries and affiliates.  In the instant complaint,

---

[1]    The full procedural history of this action, as well as other actions pending in the District Court for the Northern District of California and elsewhere, is set forth more fully in a pleading filed in another action pending in this district and captioned *Helm, et al. v. Service Corporation International, et al.*, Case No. 08-1184.  A copy of that more detailed pleading, Plaintiffs' Response to *Sua Sponte* Referral for Purposes of Determining Relationship of Cases (Case No. 08-1184, Docket No. 28) is attached hereto as Exhibit A.

-1-

plaintiffs allege violations of the state laws of California and other states where plaintiffs were employed arising out of defendants' policy and/or practice of failing to correctly compensate plaintiffs their regular or statutorily required rate of pay for all hours worked. Plaintiffs filed this action in the Superior Court of the State of California for the County of Alameda after the District Court for the Western District of Pennsylvania declined to exercise supplemental jurisdiction over these claims in a pending FLSA action.  *See Prise v. Alderwoods Group, Inc*., Case No. 06-1641 ("*Prise*").[2]

On February 28, 2008, defendants removed this action to the Northern District of California on the sole basis of alleged original jurisdiction under CAFA.  Defendants' Notice of Removal, however, failed to provide sufficient proof that the jurisdictional prerequisites of CAFA are satisfied.  Instead, defendants' only effort to provide any arguable proof consists of the Declaration of Janet Key, who identifies herself as a Senior Legal Assistant and Corporate Secretary for defendant SCI Funeral & Cemetery Purchasing Cooperative, Inc. (the "Key Declaration").  What few facts are set out in the Key Declaration, however, are wholly insufficient to provide anything more than speculation and conjecture as to the jurisdictional amount in controversy.  Thus, defendants have failed to meet their burden and this action should be remanded to state court.

## ARGUMENT
**I.    DEFENDANTS MUST PROVE THE JURISDICTIONAL AMOUNT BY A PREPONDERANCE OF THE EVIDENCE, AND ANY DOUBTS MUST BE RESOLVED IN FAVOR OF REMAND**

The proponent of federal jurisdiction, including one alleging original jurisdiction under CAFA, bears the burden of demonstrating the legitimacy of removal.  *See, e.g., Strawn v. AT&T Mobility, Inc.*, 513 F. Supp. 2d 599, 604 (S.D. W.Va. Sept. 26, 2007) (although "some district courts held that CAFA's legislative history shifted the entire

---

[2]    As set forth more fully in plaintiffs' attached Exhibit A, these claims were initially filed together with the claims of other employees in a Combined State Law Action.  Based upon a decision of the *Prise* Court, as well as defendants' position that resulted in that ruling, plaintiffs voluntarily dismissed that action and filed their claims here separately.

-2-

burden to the plaintiff to prove federal jurisdiction did not exist … this argument has been

rejected by all four courts of appeals to consider the issue"). *See also Abrego Abrego v. The

*Dow Chemical Co.*, 443 F.3d 676, 678 (9th Cir. 2006); *Morgan v. Gay*, 471 F.3d 469 (3d

Cir. 2006); *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1329-30 (11th Cir. 2006); *Brill v.*

*Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

Where, as here, the complaint does not specify the amount of damages sought, the

defendant must prove the jurisdictional amount by a preponderance of the evidence.

*Abrego Abrego*, 443 F.3d at 683; *Miedema*, 450 F.3d at 1330; *Strawn*, 513 F. Supp. 2d at

604.  The case must be remanded when it is questionable whether defendant has met this

burden. *See, e.g., Able v. Upjohn Co.*, 829 F.2d 1330, 1332 (4th Cir. 1987), *cert. denied*

485 U.S. 963, 108 S.Ct. 1229 (1988) ("congressional desire to restrict removal has been

understood to require that doubts about the propriety of removal be resolved in favor of

retained state court jurisdiction").

A defendant may not satisfy the burden of proving the jurisdictional predicates

merely by making bare allegations, but must supply evidentiary support proving the

jurisdictional amount at issue.  *Brill*, 427 F.3d at 449 ("part of the removing party's burden

is to show not only what the stakes of the litigation *could be*, but also what they *are* given

the plaintiff's actual demands"); *Strawn*, 513 F. Supp. 2d at 605.  Thus, even where the

defendant attempts to provide an accounting or calculation to estimate the amount in

controversy, the burden of proof is not met where those "estimates" are not sufficiently

detailed and supported with evidence.  *See, e.g., Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479

F.3d 994, 1002 (9th Cir. 2007) (rejecting defendant's estimate as "speculation and

conjecture" where defendant provided no support for its assumptions that all employees

could be class members, that all class members would be entitled to maximum damages, or

that each class member would be owed $200 in wages); *Miedema*, 450 F.3d at 1331-32

(rejecting estimate supported by a declaration which asserted a "total value," but did not

explain how that figure was reached); *Strawn*, 513 F. Supp. 2d 607-08 (rejecting estimate

-3-

1   based on a class different from that described in the complaint).  *Cf. Brill*, 427 F.3d at 449

2   (defendant met its burden when it admitted its employee committed at least 3,800 statutory

3   violations which, when multiplied by the statutory penalty, resulted in a total liability in

4   excess of $5,000,000).

5        Moreover, courts have repeatedly held that unsupported speculation or conjecture,

6   including estimates or calculations not adequately supported by evidence or facts, will not

7   suffice to establish the amount in controversy.  *See, e.g., Lowdermilk*, 479 F.3d at 1002 (9th

8   Cir. 2007) ("we cannot base our jurisdiction on Defendant's speculation and conjecture");

9   *Alvarez v. Limited Express, LLC*, No. 07CV1051 IEG (NLS), 2007 WL 2317125 at *4

10  (S.D. Cal. Aug. 8, 2007); *Miedema*, 450 F.3d at 1331-32 (rejecting estimate where

11  defendant did not provide adequate rationale or evidence for its estimate).

12       For example, in *Alvarez*, the defendant failed to support its removal of plaintiff's

13  putative class action on behalf of employees who were not properly compensated for meal

14  breaks.  2007 WL 2317125 at *3-4 (S.D. Cal. Aug. 8, 2007).  Although defendant purported

15  to offer evidence that the amount in controversy exceeded $19 million, the Court

16  nonetheless remanded on the basis of defendant's failure to provide adequate support for its

17  calculation.  Specifically, the Court rejected the defendant's efforts to estimate the size of

18  the class and the average time class members worked, noting that with respect to both of

19  these factual predicates to defendant's calculation, the defendant failed to provide

20  "summary judgment type evidence" which could support its calculation.  *Id*. at *4.  The

21  court also rejected defendant's argument that the estimated amount at issue would be

22  increased by plaintiffs' demand for attorneys' fees because "defendant provide[d] the Court

23  with no data from which the Court could compute the estimated attorneys' fees recoverable

24  here."  *Id*. at *4, n.3.

25       Thus, a defendant seeking removal must provide summary judgment type evidence

26  to support its calculation of the amount at issue.  *See also Lowdermilk*, 479 F.3d at 1001

27  (rejecting purported estimates contained in declaration where "[d]efendant provide[d] thin

28

-4-

support for how it arrived at these numbers" and defendant improperly "assume[d] that all class members would be entitled to the maximum damages … but provide[d] no evidence to support this assertion"); *Strawn*, 513 F. Supp. 2d at 607-08 (rejecting defendant's argument that it should not be required to undertake an estimate which would involve a separate assessment for each potential class member because "[n]othing in [that] argument changes the fact that the burden remains on the defendant to establish that the amount in controversy is satisfied"); *Miedema*, 450 F.3d at 1332 (rejecting defendant's calculation as insufficient because, "[e]ven if we assume that this kind of estimation is reliable, it presumes that the rate of registration by [the state consumer class members] closely parallels [defendant's] national average").

## II.     DEFENDANTS HAVE FAILED TO MEET THEIR BURDEN BY OFFERING ONLY SPECULATION AND CONJECTURE

Here, defendants have failed to meet their burden because they have not provided a reasonable estimate supported by evidence—in fact, defendants have provided *no* evidence whatsoever to support their removal allegations.[3]  Instead, the scant facts defendants do offer are not sufficient to establish jurisdiction, and in fact provide an insufficient basis for the jurisdictional calculation defendants attempt to establish.  Thus, defendants' attempted calculation is entirely unsupported by evidence or facts and amounts to nothing more than speculation and conjecture, which can never be adequate to establish removal jurisdiction. *See, e.g., Lowdermilk*, 479 F.3d at 1002 ("we cannot base our jurisdiction on Defendant's speculation and conjecture").

Defendants' efforts to establish the jurisdictional amount rely upon three assumptions, each of which is set out in Paragraph 10 of the Notice of Removal: (1)

---

[3]     Plaintiffs note that defendants' only attempt to produce proof in support of their burden consists of the Key Declaration, attached as Exhibit C to defendants' Notice of Removal.  The two other exhibits attached to that Notice contain only the pleadings and other documents filed in the state court proceeding, none of which provide any factual support which could meet defendants' burden.

-5-

defendants' assumption that the class will consist of at least 16,000 individuals; (2) defendants' assumption that class members' hourly wage is $16.00; and (3) defendants' assumption that each class member will seek to recover for at least 13 hours of overtime. Not one of these assumptions is adequately supported by evidence or facts, and defendants cannot establish the jurisdictional amount at issue merely by lumping together this group of unsupported assumptions.  Moreover, even if defendants did adequately prove each of these assumptions, these assumptions still could not adequately establish that the amount in controversy meets CAFA's jurisdictional limit of at least $5 million.[4]

Defendants' assumption that the relevant class will include 16,000 plaintiffs is not supported.  In fact, although defendants attempt to imply that 16,000 is a reasonable estimate of the class size in this action, they make no attempt to assert or to show that their estimate in any way relates to the class as defined in the Complaint—declarant Janet Key states that the 16,000 estimate represents only a rounding-up of her conclusion that "[a]s of September 1, 2007, Alderwoods Group, Inc. and Service Corporation International's subsidiaries collectively employed approximately 15,966 non-exempt employees in the United States."  Key Decl. ¶5.  That may or may not be true—Ms. Key provides no explanation that would permit this Court to evaluate her methodology—but, in any event, that figure is not connected to the size of the class alleged.  The class in this action is limited to those "employees and former employees of defendants who were suffered or permitted to work by defendants and not paid their regular or statutorily required rate of pay for all hours worked," not all hourly employees.  Complaint ¶¶19, 229.

In fact, the Complaint goes on to specifically identify eight policies by which defendants deprived plaintiffs of their proper wages.  Complaint ¶242a-h.  Thus, the Complaint alleges that, pursuant to defendants' "On Call Pay Policy," employees were

---

[4]    Even accepting defendants' assumptions *arguendo*, defendants would not have established a jurisdictional amount in excess of $5 million, but would have established damages amounting to only $4,992,000 (16,000 plaintiffs X 13 hours of overtime X $24.00 overtime rate of time-and-one-half = $4,992,000).

-6-

1  permitted to work on call after normal business hours but were not compensated for all

2  work performed.  Complaint ¶242a.  For this claim, the only individuals who could

3  participate in this class are those who worked on-call, a number which is far less than *all* of

4  the defendants' hourly employees.  Significantly, defendants nowhere set forth evidence—

5  or even an estimate—of the number of employees who ever worked on-call and thus would

6  participate in this claim.  Each of the other illegal policies alleged in the Complaint would

7  similarly apply to only those employees who were subject to those policies.  Thus,

8  defendants cannot meet their burden simply by stating the total number of hourly

9  individuals in their employ—instead, the *Alvarez* court stated that a proper estimate could

10 be arrived at if the defendant were to compile the names of all class members, similar to the

11 list defendant would provide a claims administrator at settlement.[5]  2007 WL 2317125 at

12 *4.  *See also Lowdermilk*, 479 F.3d at 1001 (rejecting purported estimates contained in

13 declaration where defendant improperly "assume[d] that all class members would be

14 entitled to the maximum damages … but provides no evidence to support this assertion").

15       Defendants' assumption that each class member was paid an average hourly wage of

16 $16.00 is likewise unsupported.  Defendants apparently undertook no effort whatsoever to

17 confirm that $16.00 is a reasonable average hourly wage for the 16,000 individuals they

18 assume would be class members.  Instead, defendants considered only the hourly wages of

19 two individuals currently named in this action.  Aside from mentioning the pay rates

20 applicable to two individuals, defendants have provided no evidence whatsoever to either

21 support their methodology in arriving at $16.00 as a reasonable average hourly wage or to

22 assure this Court that such an average estimate is, in fact, the average rate of pay applicable

23 to class members in this action.  *See, e.g., Lowdermilk*, 479 F.3d at 1001 (rejecting

24

25 ─────────────────────
   [5]    Plaintiffs note that defendants are clearly capable of making such detailed lists and
26 estimates.  For example, when the court in the Western District of Pennsylvania granted
   notice with respect to the FLSA claims of employees of SCI's subsidiary Alderwoods
27 Group, Inc., that subsidiary produced a list of names and contact information for
   approximately 2,780 class members.
28

-7-

purported estimates contained in declaration where "[d]efendant provide[d] thin support for how it arrived at these numbers"); *Miedema*, 450 F.3d at 1332.

Finally, defendants have made no attempt to provide any evidence whatsoever to support their assumption that each class member worked at least 13 hours of overtime. The Key Declaration contains no reference to or support for that number. In fact, it appears that defendants arrived at this number merely by calculating the number of hours that would be necessary to satisfy their purported estimate equation (or, as discussed *supra* in footnote 4, to *almost* satisfy that equation). Defendants have not even attempted to produce the required estimate based on the actual facts at issue here. *See, e.g., Alvarez*, 2007 WL 2317125 at \*4 ("defendant chose not to provide the underlying facts and instead relied on a speculative, conjectural estimate … Without 'summary judgment type evidence' from defendant concerning the average time worked during the class period, the Court cannot accurately compute damages or civil penalties").

Thus, each assumption defendants rely upon in attempting to prove the jurisdictional amount at issue is wholly unsupported, amounts to no more than speculation and conjecture, and is insufficient to satisfy defendants' burden. Moreover, if defendants truly believed that any one of their assumptions was fully supported and accurate, they presumably would have offered to stipulate to those assumptions—the fact that defendants have not offered to stipulate that the class will exceed 16,000 members; that class members were paid $16.00 per hour; or that class members each worked 13 hours of overtime indicates that defendants' proffered assumptions are disingenuous.

Defendants' effort to bolster their assumed "estimate" by noting that plaintiffs may seek other forms of damages or compensation in this action is likewise unavailing. It is not enough for defendants to baldly assert that that the jurisdictional amount is satisfied without offering specific support for that assertion. *See, e.g., Alvarez*, 2007 WL 2317125 at \*4, n.3 ("Although defendant claims the reasonable attorneys' fees result in an even higher amount in controversy, defendant provides the Court with no data from which the Court could

-8-

compute the estimate attorneys' fees recoverable here"); *Morgan*, 471 F.3d at 475

("defendants argue in conclusory fashion that the plaintiff will certainly seek an award of

millions of dollars in punitive damages … [but] failed to prove what possible exposure

existed with respect to punitive damages so as to satisfy any portion of the $5 million

amount in controversy requirement").

     Thus, defendants' Notice of Removal fails to provide evidence which would satisfy

defendants' burden to prove by a preponderance of the evidence that the amount in

controversy exceeds $5 million.  Defendants have failed to satisfy their significant burden

of proving the jurisdictional amount by a preponderance of the evidence and, therefore, this

action should be remanded to state court.

     For the foregoing reasons, plaintiffs request that this action be remanded to state

court.

                                       Respectfully Submitted,
                                       ROSEN, BIEN & GALVAN, LLP

Date: March 24, 2008                  By:*/s/ Lori Rifkin*

                                Sanford Jay Rosen, State Bar No. 62566
                                Maria V. Morris, State Bar No. 223903
                                Lori E. Rifkin, State Bar No. 244081
                                315 Montgomery Street, Tenth Floor
                                San Francisco, CA 94104
                                Telephone: (415) 433-6830

                                DOLIN, THOMAS & SOLOMON LLP
                                J. Nelson Thomas, NY Attorney No. 2579159
                                Patrick J. Solomon, NY Attorney No. 2716660
                                Michael J. Lingle, NY Attorney No. 3925765
                                Annette Gifford, NY Attorney No. 4105870
                                Justin Cordello, NY Attorney No. 4131447
                                693 East Avenue
                                Rochester, NY 14607
                                Telephone: (585) 272-0540

                                MARGOLIS EDELSTEIN

PLAINTIFFS' MOTION FOR REMAND - Case No. CV 08-1190 SI

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Charles H. Saul, PA State Bar No.19938
Liberty J. Weyandt, PA State Bar No. 87654
Kyle T. McGee, PA State Bar No. 205661
525 William Penn Place, Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256

Attorneys for Plaintiffs

-10-

# EXHIBIT A

<table>
<tr><td>1</td><td>Sanford Jay Rosen, State Bar No. 62566<br>Maria V. Morris, State Bar No. 223903</td></tr>
<tr><td>2</td><td>Lori E. Rifkin, State Bar No. 244081<br>ROSEN, BIEN & GALVAN, LLP</td></tr>
<tr><td>3</td><td>315 Montgomery Street, Tenth Floor<br>San Francisco, CA 94104</td></tr>
<tr><td>4</td><td>Telephone: (415) 433-6830<br>Facsimile: (415) 433-7104</td></tr>
<tr><td>5</td><td>srosen@rbg-law.com</td></tr>
<tr><td>6</td><td>[Additional Counsel Listed on Following Page]</td></tr>
</table>

|    |                                                                 |
|----|-----------------------------------------------------------------|
| 1  | Sanford Jay Rosen, State Bar No. 62566                          |
|    | Maria V. Morris, State Bar No. 223903                           |
| 2  | Lori E. Rifkin, State Bar No. 244081                            |
|    | ROSEN, BIEN & GALVAN, LLP                                       |
| 3  | 315 Montgomery Street, Tenth Floor                              |
|    | San Francisco, CA 94104                                         |
| 4  | Telephone: (415) 433-6830                                       |
|    | Facsimile:  (415) 433-7104                                      |
| 5  | srosen@rbg-law.com                                              |
| 6  | [Additional Counsel Listed on Following Page]                   |
| 7  | Attorneys for Plaintiffs                                        |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| WILLIAM HELM, DEBORAH PRISE, HEATHER P. RADY, et al., on behalf of themselves and all other employees and former employees similarly situated, | Case No. CV 08-1184 JSW |
| Plaintiffs, | **PLAINTIFFS' STATEMENT IN SUPPORT OF RELATING CASES** |
| v. | |
| ALDERWOODS GROUP, INC., PAUL A. HOUSTON, SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P., SCI WESTERN MARKET SUPPORT CENTER, L.P. a/k/a SCI WESTERN MARKET SUPPORT CENTER, INC., and SCI HOUSTON MARKET SUPPORT CENTER, L.P., | |
| Defendants. | |

STATEMENT IN SUPPORT OF RELATING CASES - Case No. CV 08-1184 JSW

1  Additional Attorneys for Plaintiffs, who will
   submit applications for admission *pro hac vice*:
2

3  J. Nelson Thomas, NY Attorney No. 2579159
   Patrick J. Solomon, NY Attorney No. 2716660
4  Michael J. Lingle, NY Attorney No. 3925765
   Annette Gifford, NY Attorney No. 4105870
5  Justin Cordello, NY Attorney No. 4131447
   DOLIN, THOMAS & SOLOMON LLP
6  693 East Avenue
   Rochester, NY 14607
7  Telephone: (585) 272-0540
   Facsimile:  (585) 272-0574
8  nthomas@theemploymentattorneys.com

9  Charles H. Saul, PA State Bar No.19938
   Liberty J. Weyandt, PA State Bar No. 87654
10 Kyle T. McGee, PA State Bar No. 205661
   MARGOLIS EDELSTEIN
11 525 William Penn Place
   Suite 3300
12 Pittsburgh, PA 15219
   Telephone: (412) 281-4256
13 Facsimile: (412) 642-2380
   csaul@margolisedelstein.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STATEMENT IN SUPPORT OF RELATING CASES - Case No. CV 08-1184 JSW

1

**STATEMENT IN SUPPORT OF RELATING CASES**

2       Plaintiffs submit this Statement in Support of Relating Cases in response to Judge

3  Jeffrey S. White's *sua sponte* Judicial Referral for Purposes of Determining Relationship

4  of Cases (*see* Case No. 08-1184, Docket No. 26).  Plaintiffs respectfully submit that, in

5  light of the prior decision relating two other actions currently pending in the District Court

6  for the Northern District of California—*Bryant v. Alderwoods Group, Inc.*, Case No. 07-

7  5696 ("*Bryant I*") and *Bryant v. Service Corporation International*, Case No. 08-1190

8  ("*Bryant II*")—the instant action ("*Helm*") should be related to those other actions.

9       Plaintiffs initially filed the claims asserted in *Helm*, *Bryant I* and *Bryant II* together

10  with other claims in an action in the District Court for the Western District of Pennsylvania

11  captioned *Prise v. Alderwoods Group, Inc.*, Case No. 06-1641 ("*Prise*").  All of the claims

12  in each of these actions are based upon the allegation that employees who worked at

13  defendants' funeral home locations were not properly paid their regular or statutorily

14  required rates for all the time they worked for defendants.

15       At defendants' request, however, the *Prise* Court determined that certain claims

16  would not be heard together in that action.  Based upon the *Prise* Court's rulings, as well

17  as defendants' position which resulted in those rulings, plaintiffs refiled certain claims

18  separately in the *Helm*, *Bryant I* and *Bryant II* actions.

19       However, consistent with plaintiffs' initial filing and in light of the prior

20  determination that *Bryant I* and *Bryant II* are related, plaintiffs submit that the *Helm* action

21  should also be related.

22

**PROCEDURAL HISTORY**

23  *Plaintiffs File All Claims Together in the Western District of Pennsylvania*

24       On December 12, 2006, Alderwoods Group, Inc. ("Alderwoods") and Service

25  Corporation International ("SCI"), both named defendants in this action, were named in

26  the *Prise* complaint filed in the Western District of Pennsylvania.  Prior to the filing of

27  *Prise*, SCI had acquired Alderwoods and Alderwoods had become SCI's wholly-owned

28

1   subsidiary.  After the merger, SCI continued to operate the vast majority of both its own

2   funeral homes and those of Alderwoods.

3        The *Prise* complaint was filed as a class and collective action alleging, *inter alia*,

4   that employees who worked at defendants' funeral home locations were not properly paid

5   for all the time they worked for defendants.  It asserted violations of both the Fair Labor

6   Standards Act ("FLSA") and state wage and hour laws.  The *Prise* Court conditionally

7   certified an FLSA class of employees and directed that notice be sent to certain individuals

8   who worked or had worked at an Alderwoods location.  In response to that notice,

9   hundreds of current and former employees opted-in to the *Prise* action, including

10  employees who had worked only at Alderwoods locations, before and/or after SCI's

11  acquisition ("Alderwoods employees"), and employees who had worked at other SCI

12  locations unrelated to Alderwoods ("SCI employees").

13       Both Alderwoods and SCI employed a set of practices or policies whereby

14  employees were not paid their regular or statutorily required rate for all hours worked.

15  Thus, because of the overlapping legal liability of defendants, as well as the overlapping

16  factual issues in the matter, plaintiffs believed it was legally appropriate and in the

17  interests of judicial efficiency for defendants to be named in a common action and for all

18  of the employees' claims to be brought together.

19

20  ***Defendants Move to Have Certain Claims Heard Separately***

21       Based on defendants' requests in their motions, the *Prise* Court determined that

22  certain claims would not be heard together in the *Prise* action.  Following these rulings,

23  plaintiffs refiled those claims in the *Bryant I*, *Helm* and *Bryant II* actions.

24       As an initial matter, in granting plaintiffs' motion for notice the *Prise* Court also

25  provided a deadline by which individuals who wished to join that action must opt-in.

26  Employees who asked to assert claims against defendants but could not join the *Prise*

27  action because of the deadline were joined together with certain other individuals in the

28  *Bryant I* action.

-4-

STATEMENT IN SUPPORT OF RELATING CASES - Case No. CV 08-1184 JSW

1    In June, 2007, the *Prise* Court declined to exercise supplemental jurisdiction over

2    any of the state law claims alleged in the *Prise* action.  Therefore, on or about July 9, 2007,

3    the Alderwoods employees and the SCI employees jointly reasserted their state law claims

4    in a Class Action Complaint filed in the Superior Court of the State of California for the

5    County of Alameda.  Defendants removed that action to federal District Court for the

6    Northern District of California as *Prise v. Alderwoods Group, Inc.*, 07-05140 (the

7    "Combined State Law Action").

8        Subsequently, the *Prise* Court determined it would only hear claims on behalf of

9    Alderwoods employees, and that claims of employees who had worked only at other SCI

10   locations should be heard in a separate action.  Based on that ruling, the federal claims of

11   those SCI employees were refiled in a separate action in the District of Arizona.

12       Based upon defendants' position that resulted in that ruling, the Combined State

13   Law Action was voluntarily dismissed so that the state law claims of the Alderwoods

14   employees could be heard separately from those of the SCI employees—just as the *Prise*

15   Court had ruled that their federal claims would be filed separately.  Those state law claims

16   were refiled by the Alderwoods employees in *Helm*, while the SCI employees filed their

17   state law claims in *Bryant II*.  Both *Helm* and *Bryant II* were initially filed in state court

18   and removed to federal district court by defendants.

19       Thus, three actions are now pending in the Northern District of California: *Bryant I*,

20   which asserts FLSA claims on behalf of Alderwoods employees who were unable to join

21   the *Prise* action; *Helm*, which asserts the state law claims of Alderwoods employees; and

22   *Bryant II*, which asserts the state law claims of SCI employees.  On March 11, 2008, the

23   Court ruled that the *Bryant I* and *Bryant II* actions are related.  *See Bryant II*, Case No. 08-

24   1190, Docket No. 27.  On March 13, 2008, the *Helm* matter was referred for determination

25   as to whether it, too, should be related to the *Bryant* actions.  *See Helm*, Case No. 08-1184,

26   Docket No. 26.

27

28

1

### *HELM* SHOULD BE RELATED TO THE OTHER ACTIONS

2      As discussed above, plaintiffs initially filed all of the claims at issue in a single

3  action because plaintiffs believed that the overlapping legal liability of defendants, as well

4  as the overlapping factual issues in the matter, rendered it legally appropriate and in the

5  interests of judicial efficiency for these claims to be brought together.  The claims were

6  filed in separate actions only in response to defendants' arguments and positions.

7      There is significant overlap in the parties to these actions.  Although some of the

8  plaintiffs may be neatly defined as either Alderwoods employees or SCI employees, other

9  plaintiffs fall into both categories.  Moreover, with the exception of Alderwoods, which is

10  not named in *Bryant II*, there is complete overlap in the corporate defendants in these

11  actions, although individual defendants vary somewhat.  Finally, there is significant factual

12  overlap in these cases, which involve similar or identical policies and practices.

13      Most importantly, the ruling relating the *Bryant I* and *Bryant II* actions weighs in

14  favor of relating the *Helm* action.  The plaintiffs in the *Helm* action include the plaintiffs in

15  the *Bryant I* action (and may, to a lesser extent, overlap with the plaintiffs in *Bryant II*).

16  The state law claims at issue in *Helm* are nearly identical to those at issue in *Bryant II*.

17      Thus, plaintiffs submit that, in light of the determination that *Bryant I* and *Bryant II*

18  are related, *Helm* should also be related in the interest of judicial efficiency.

19

20                                          Respectfully Submitted,

21                                          ROSEN, BIEN & GALVAN, LLP

22

23  Date: March 17, 2008          By:*/s/ Lori Rifkin*

24                                          Sanford Jay Rosen, State Bar No. 62566
                                            Maria V. Morris, State Bar No. 223903
25                                          Lori E. Rifkin, State Bar No. 244081
26                                          315 Montgomery Street, Tenth Floor
                                            San Francisco, CA 94104
27                                          Telephone: (415) 433-6830

28

DOLIN, THOMAS & SOLOMON LLP
J. Nelson Thomas, NY Attorney No. 2579159
Patrick J. Solomon, NY Attorney No. 2716660
Michael J. Lingle, NY Attorney No. 3925765
Annette Gifford, NY Attorney No. 4105870
Justin Cordello, NY Attorney No. 4131447
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540

MARGOLIS EDELSTEIN
Charles H. Saul, PA State Bar No.19938
Liberty J. Weyandt, PA State Bar No. 87654
Kyle T. McGee, PA State Bar No. 205661
525 William Penn Place, Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256

Attorneys for Plaintiffs