```
Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830
Facsimile:  (415) 433-7104
srosen@rbg-law.com
```

[Additional Counsel Listed on Following Page]

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| CLAUDE BRYANT, JOSEPH BIERNACKI, GORDON FARMER, RHEALYN HOLLAND, JAMES STICKLE, ELEANOR RIGGIO, FRANK ACUNA, RICHARD LAMASTERS, KENNETH ALLEN, CRAIG FULCHER, SANFORD LEVINE and THOMAS THOMPSON, on behalf of themselves and all other employees and former employees similarly situated,<br><br>              Plaintiffs,<br><br>v.<br><br>SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P., SCI WESTERN MARKET SUPPORT CENTER, L.P. a/k/a SCI WESTERN MARKET SUPPORT CENTER, INC., SCI HOUSTON MARKET SUPPORT CENTER, L.P., JANE D. JONES, GWEN PETTEWAY, THOMAS RYAN, and CURTIS BRIGGS,<br><br>              Defendants. | Case No. CV 08-1190 SI<br><br>**DECLARATION OF ANNETTE GIFFORD IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTIONS TO DISMISS (Docket Nos. 6 and 9) and DEFENDANTS' MOTION FOR ATTORNEY FEES AND STAY (Docket No. 21)** |

1
2
3  Additional Attorneys for Plaintiffs, who will submit applications for admission *pro hac vice*:
4  J. Nelson Thomas, NY Attorney No. 2579159
5  Patrick J. Solomon, NY Attorney No. 2716660
   Michael J. Lingle, NY Attorney No. 3925765
6  Annette Gifford, NY Attorney No. 4105870
   Justin Cordello, NY Attorney No. 4131447
7  DOLIN, THOMAS & SOLOMON LLP
   693 East Avenue
8  Rochester, NY 14607
   Telephone: (585) 272-0540
9  Facsimile:  (585) 272-0574
   nthomas@theemploymentattorneys.com
10
   Charles H. Saul, PA State Bar No. 19938
11 Liberty J. Weyandt, PA State Bar No. 87654
   Kyle T. McGee, PA State Bar No. 205661
12 MARGOLIS EDELSTEIN
   525 William Penn Place
13 Suite 3300
   Pittsburgh, PA 15219
14 Telephone: (412) 281-4256
   Facsimile: (412) 642-2380
15 csaul@margolisedelstein.com
16
17
18
19
20
21
22
23
24
25
26
27
28

DECL. OF ANNETTE GIFFORD ISO PLS' ADMIN MOT FOR EXTENSION OF TIME   Case No. CV 08-1190 SI

I, Annette Gifford, under penalty of perjury, declare:

1. I am associated with the law firm Dolin, Thomas & Solomon LLP, lead counsel for Plaintiffs in this action, and, as such, I am fully familiar with the facts and circumstances giving rise to this motion. I submit this Declaration in support of Plaintiffs' Administrative Motion for an Extension of Time to Respond to Defendants' Motions to Dismiss (Docket Nos. 6 and 9) and Defendant's Motion for Attorney Fees and Stay (Docket No. 21). The facts contained herein are based upon my own personal knowledge, and if called to do so, I could and would competently testify to their truth.

2. On December 5, 2007, the instant action was commenced via a Class Action Complaint filed in the Superior Court in the State of California for the County of Alameda, Case No. RG 07359593, asserting violations of state laws, including wage and hour laws.

3. Defendants subsequently removed the instant action to Federal District Court for the Northern District of California via a Notice of Removal filed February 27, 2008 (Docket No. 1) on the sole basis of alleged original jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2).

4. On March 5, 2008, Defendants' First Motion to Dismiss Amended Complaint was filed by SCI Funeral & Cemetery Purchasing Cooperative, Inc., SCI Western Market Support Center, L.P. (Docket No. 6); Defendants' First Motion to Dismiss Amended Complaint was filed by Service Corporation International, SCI Eastern Market Support Center, L.P., Gwen Petteway, Curtis Briggs, SCI Houston Market Support Center, L.P., Jane D. Jones and Thomas Ryan (Docket No. 9); and Defendant Service Corporation International's First Motion for Attorney Fees and First Motion to Stay (Docket No. 21) (collectively, "Defendants' Motions"). Defendants' Motions are currently set for a hearing on April 25, 2008.

5. Subsequent to the filing of Defendants' Motions, on March 24, 2008, plaintiffs timely moved this Court for an Order remanding the action to Superior Court on the grounds that defendants have not met their burden of demonstrating that original jurisdiction exists under CAFA (Docket No. 34).

DECL. OF ANNETTE GIFFORD ISO PLS' ADMIN MOT FOR EXTENSION OF TIME    Case No. CV 08-1190 SI

6. Currently, plaintiffs' responses to Defendants' Motions are due April 4, 2008. Plaintiffs now move this Court for an extension of time to respond to Defendants' Motions until 14 days after the resolution of plaintiffs' Motion to Remand, should this Court retain jurisdiction.

7. Plaintiffs' counsel attempted to obtain a stipulation to an extension of time to respond to Defendants' Motions during a telephone conference on March 25, 2008. During that telephone conference, counsel for defendants stated that defendants would object to plaintiffs' request. Although defendants indicated they would agree to an extension which scheduled the hearing of Defendants' Motions for the same date as plaintiffs' Motion for Remand, plaintiffs continue to believe that such a schedule would be an inefficient use of judicial resources as it would require the Court and the parties to prepare for argument regarding Defendants' Motions prior to the time the Court rules regarding plaintiffs' Motion for Remand.

8. Defendants' Motions should properly be argued and decided only after Plaintiffs' Motion for Remand is decided and the issue of subject matter jurisdiction is resolved. The Court must first determine whether it properly has subject matter jurisdiction over this matter and only if the Court concludes it does have such jurisdiction should it entertain Defendants' Motions. Should the Court conclude there is no federal jurisdiction over the alleged state law claims, Defendants' Motions would be rendered moot. Thus, plaintiffs submit that it would not be in the interest of judicial economy for the parties to fully brief and for the Court to hear Defendants' Motions prior to a determination regarding plaintiffs' Motion for Remand.

9. There have been no previous time modifications in this case, whether by stipulation or Court order.

//
//
//

1 | 10. In the event the Court grants Plaintiffs' request for an extension of time to respond to Defendants' Motions, the only effect to the schedule of this case would be that Defendant's Motions will be heard at a later date. Plaintiffs submit that such delay would not result in any substantial adverse effect on the schedule for this case.

Executed this 25th day of March, 2008 in Rochester, New York.

*Annette Gifford* (signature)

Annette Gifford

---

3

DECL. OF ANNETTE GIFFORD ISO PLS' ADMIN MOT FOR EXTENSION OF TIME    Case No. CV 08-1190 SI