STEVEN H. GURNEE, ESQ. SB# 66056
DAVID M. DANIELS, ESQ. SB# 170315
NICHOLAS P. FORESTIERE, ESQ SB#125118
GURNEE & DANIELS LLP
2240 Douglas Boulevard, Suite 150
Roseville, CA 95661-3805
Telephone    (916) 797-3100
Facsimile     (916) 797-3131

Attorneys for Defendants

SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P., SCI WESTERN MARKET SUPPORT CENTER, L.P., SCI HOUSTON MARKET SUPPORT CENTER, L.P., JANE D. JONES, GWEN PETTEWAY, THOMAS RYAN and CURTIS BRIGGS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE BRYANT, JOSEPH BIERNACKI, GORDON FARMER, RHEALYN HOLLAND, JAMES STICKLE, ELEANOR RIGGIO, FRANK ACUNA, RICHARD LAMASTERS, KENNETH ALLEN, CRAIG FULCHER, SANFORD LEVINE and THOMAS THOMPSON, on behalf of themselves and all other employees and former employees similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P. SCI WESTERN MARKET SUPPORT CENTER, L.P. a/k/a SCI WESTERN | CASE NO. 08-CV-01190 SI<br><br>And Related Cases of:<br><br>*Helm et al v. Alderwoods Group, Inc. et al.* Case No. 08-cv-01184-SI;<br><br>and<br><br>*Bryant et al v. Service Corporation International et al.* 07-CV-5696-SI<br><br>**Judge Susan Illston**<br><br>**DECLARATION OF JOSEPH SCHMUCK IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**<br><br>DATE:    MAY 9, 2008<br>TIME:    9:00 A.M.<br>DEPT:    10 |

1

| | |
|---|---|
| MARKET SUPPORT CENTER, INC., | ) |
| SCI HOUSTON MARKET SUPPORT | ) |
| CENTER, L.P. JANE D. JONES, GWEN | ) |
| PETTEWAY, THOMAS RYAN and | ) |
| CURTIS BRIGGS, | ) |
| | ) |
| Defendants. | ) |

I, Joseph Schmuck, hereby specially appear in this matter to provide this declaration in support of Defendants' Opposition to Plaintiffs' Motion to Remand and submit the following declaration under penalty of perjury:

1.    I am employed by SCI Funeral And Cemetery Purchasing Cooperative, Inc as HRIS senior analyst. My job duties include payroll security and data extraction from legacy and current payroll systems. I am familiar with the various computer payroll records systems, programs and data that document the compensation paid to plaintiffs, and to those former and present employees employed by the various Service Corporation International's ("SCI") subsidiaries and the Alderwoods Group, Inc. ("Alderwoods") since 2003 ("Payroll Records"). The Payroll Records also include information relating to the job positions, job titles, and job codes of their former and present employees.

2.    I conducted a number of searches of the Payroll Records that resulted in the information set forth below. The searches were made of various separate computer payroll systems that were used and in effect at different times since 2003. I attempted to eliminate, to the extent that I could during the time available to conduct such searches, any incorrect information and duplicate employees' names that were included in more than one payroll systems by using the dates that such employees were employed, their job titles and codes, and their employee identification numbers. Employees that had the same name but different employee identification numbers were included in the information below. Given more time, I would be able to produce more accurate information. The information set forth below is based upon my best calculation and assessment at this time.

3.    Searches were made of the Payroll Records to determine the names and number of non-exempt employees employed by SCI's subsidiaries and Alderwoods at all

DECLARATION OF JOSEPH SCHMUCK IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

of their various funeral locations (including their cemeteries, embalming service centers, and administrative offices). In conducting these searches, I identified and complied the names of all employees who work at such locations who were paid on an hourly basis. (Collectively referred to hereinafter as "Non-Exempt Employees".)

4. The number of Non-Exempt Employees who worked for SCI's subsidiaries at all of their nationwide funeral locations from December 5, 2003 to February 28, 2008 is 31,814.

5. The number of Non-Exempt Employees who worked for SCI's subsidiaries at all of their California funeral locations from December 5, 2003 to February 28, 2008 is 4,173.

6. The number of Non-Exempt Employees who worked for SCI's subsidiaries at all of their California funeral locations from December 5, 2003 to February 28, 2008, whose employment terminated for any reason, is 2,517.

7. The number of Non-Exempt Employees who worked for Alderwoods at all of its nationwide funeral locations from November 28, 2006 to February 28, 2008 is more than 2,450.

8. The number of Non-Exempt Employees who worked for Alderwoods at all of its California funeral locations from November 28, 2006 to February 28, 2008 is 621.

9. The number of Non-Exempt Employees who worked for Alderwoods at all of its California funeral locations from November 28, 2006 to February 28, 2008, whose employment terminated for any reason, is 285.

10. The number of Non-Exempt Employees who worked for Alderwoods at all of its nationwide funeral locations from December 5, 2003 to November 28, 2006 is at least 2,450.

11. The number of Non-Exempt Employees who worked for Alderwoods at all of its California funeral locations from December 5, 2003 to November 28, 2006 is 1065.

12. The number of Non-Exempt Employees who worked for Alderwoods at all of its California funeral locations from December 5, 2003 to November 28, 2006, whose employment terminated for any reason, is 561.

DECLARATION OF JOSEPH SCHMUCK IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

13. Searches were also made of the Payroll Records to determine the last known hourly rate of following employees who were listed as some of the named plaintiffs in the case known as *Bryant v. SCI*, Case No. 3:08-cv-01190 SI as reflected in the Payroll Records:

    Claude Bryant - $15.30;

    Joseph Biernacki - $22.60;

    Gordon Farmer -$14.50;

    Rhealyn Holland - $13.52;

    James Stickle - $16.65;

    Eleanor Riggio $16.35;

    Frank Acuna $19.64;

    Richard Lamasters - $30.00;

    Kenneth Allen - $18.00;

    Craig Fulcher - $23.56;

    Sanford Levine - $22.76; and

    Thomas Thompson $18.09.

14. Searches were further made of the Payroll Records to determine the last known hourly rate of the employees set forth below who were listed as some of the named plaintiffs in the case known as *Helm v. Alderwoods*, Case No. 08-cv-1184 SI as reflected in the Payroll Records are set forth below. As indicated, I calculated the hourly rate for some employees who where paid and annual salary:

    William Helm - $10.45;

    Deborah Prise - $24.04; ($50,000\2080 (hours) =$24.04)

    Heather Rady - $17.00;

    Robert Chertnetsky - $10.87;

    Robert Jones - $7.14;

    Robert Jones - $25.23;

    Robert Jones - $10.30;

    Henry Klein - $24.04; ($50,000\2080 (hours) =$24.04)

DECLARATION OF JOSEPH SCHMUCK IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Stacey Weinstein - $24.04; ($50,000\2080 (hours) =$24.04)

Jeffery Sachs - $19.00;

Johnny Coleman - $14.40;

John Keath - $14.52;

Chad Wickham - $15.19;

James Crouch - $10.44;

Johnny Johnson - $10.61;

Johnny Johnson - $9.27;

Johnny Johnson - $8.25;

Rickie Hamilton - $18.61;

Sandy Thomas - $18.54;

Roger Hugo - $23.14;

Robert Shaw - $17.64;

Betty Knight - $13.50;

Stephan Riggs - $15.71;

Larry Hammock - $9.50;

Steven Tiller - $11.88;

Strothe Fulcher - $15.60;

Mary Holden - $26.52.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and that this declaration was signed on April 18, 2008, at Houston, Texas.

JOSEPH SCHMUCK

DECLARATION OF JOSEPH SCHMUCK IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION TO REMAND