```
STEVEN H. GURNEE, ESQ. SB# 66056
DAVID M. DANIELS, ESQ. SB# 170315
NICHOLAS P. FORESTIERE, ESQ SB#125118
GURNEE & DANIELS LLP
2240 Douglas Boulevard, Suite 150
Roseville, CA  95661-3805
Telephone    (916) 797-3100
Facsimile    (916) 797-3131
```

Attorneys for Defendants

SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P., SCI WESTERN MARKET SUPPORT CENTER, L.P., SCI HOUSTON MARKET SUPPORT CENTER, L.P., JANE D. JONES, GWEN PETTEWAY, THOMAS RYAN and CURTIS BRIGGS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CLAUDE BRYANT, JOSEPH BIERNACKI, GORDON FARMER, RHEALYN HOLLAND, JAMES STICKLE, ELEANOR RIGGIO, FRANK ACUNA, RICHARD LAMASTERS, KENNETH ALLEN, CRAIG FULCHER, SANFORD LEVINE and THOMAS THOMPSON, on behalf of themselves and all other employees and former employees similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P. SCI WESTERN MARKET SUPPORT | CASE NO.  08-CV-01190 SI<br><br>And Related Cases of:<br><br>*Helm et al v. Alderwoods Group, Inc. et al.* Case No. 08-cv-01184-SI; and *Bryant et al v. Service Corporation International et al.* 07-CV-5696-SI<br><br>**Judge Susan Illston**<br><br>DECLARATION OF NICHOLAS P. FORESTIERE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND<br><br>DATE:    MAY 9, 2008<br>TIME:    9:00 A.M.<br>DEPT:    10 |

1

DECLARATION OF NICHOLAS P. FORESTIERE IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

```
CENTER, L.P. a/k/a SCI WESTERN    )
MARKET SUPPORT CENTER, INC.,      )
SCI HOUSTON MARKET SUPPORT        )
CENTER, L.P. JANE D. JONES, GWEN  )
PETTEWAY, THOMAS RYAN and         )
CURTIS BRIGGS,                    )
                                  )
        Defendants.               )
```

I, Nicholas P. Forestiere declare that

1. I am an attorney license to practice in the State of California and admitted to practice before this court. I am also one of the attorneys representing the defendants in this action. I have personal knowledge of the facts set forth in this declaration, and if called as a witness I could and would competently testify thereto.

2. I have performed a number of calculations set forth herein based upon the law and facts submitted in opposition to the plaintiffs' motion to remand.

3. The minimum number of class members required to establish CAFA jurisdiction based upon plaintiffs seeking the $4,000 maximum amount for the alleged statutory violations of California Labor Code sections 226(a) and 226(e) as a result of failing to timely and accurately provide wage statements is 1,250 (i.e., $5 million divided by $4,000 equals 1,250.).

4. The number of class members alleging violations of California Labor Code sections 226(a) and 226(e) is 4,793. This number is the sum of the 4,173 non-exempt California subsidiaries' employees that worked at the funeral locations in California during the class period from December 5, 2003 to February 28, 2008 as set forth in paragraph 5 of Joseph's Schmuck Declaration, and the 621 non-exempt employees that worked for Alderwoods in California during the class period of November 28, 2006 to February 28, 2008 as set froth in paragraph 8 of Joseph's Schmuck Declaration.

5. The amount in controversy for the plaintiffs' claims based upon the alleged statutory violations of California Labor Code sections 226(a) and 226(e) for failing to timely and accurately provide wage statements is $19,172,000. This amount results from multiplying the 4,793 number of employees employed in California by the $4,000 maximum statutory penalty for each class member.

2

DECLARATION OF NICHOLAS P. FORESTIERE IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

6. The estimated amount of the attorney fees recoverable by plaintiffs for wage statement violations pursuant to section 226(e) is $5,751,600. This is based upon 30% of the $19,172,000 amount in controversy for such alleged violations.

7. I calculated the average hourly rate for the 12 employees initially named as plaintiffs in this action. I used each of their hourly rates as set forth in paragraph 13 of Mr. Joseph Schmuk's declaration. The total amount of all the hourly rates for all 12 of those employees is $203.97. I then divided that figure by 12 resulting in an average hourly rate for them in the amount of $19.24. I then multiplied the average $19.24 hourly by eight hours to arrive at an average daily rate of wages in the amount of $153.92. I then multiplied the $153.92 average daily rate of wages by 30 days that produced $4,617.60. This amount reflects the average maximum amount of additional wages to be paid to each class member as a waiting time penalty pursuant to California Labor Code section 203. I then multiplied the $4,617.60 to be paid to each class member as a waiting time penalty by the 2,802 number of California employees (JS Dec. pars. 6, 9.) to determine that the amount in controversy for such disputed claims is $12,938,515.20.

8. I multiplied the average $19.24 hourly rate that I calculated above for all of the initially named plaintiffs hourly by two hours to arrive at a two hour of average wages in the amount of $38.48. I then multiplied the $38.48 by the 250 workdays in a year, excluding two weeks of vacation (i.e., 5 work days times 50 weeks = 250 work days). The result was $9,620. This figure represents the maximum amount of additional wages to be paid to each California employee for missed meal and rest periods on an annual basis. I then multiplied $9,620 by the 2,802 number of employees working in California (JS Dec. pars. 6, 9.) to determine the annual amount of $26,955,240 to be paid to all class members for one year. I then multiplied the $26,955,240 by the class period of 4.2 years (i.e., December 5, 2003 to February 28, 2008.) to arrived at $113,212,008. The $113,212,008 represents the amount in controversy for all missed meal and rest periods for all employees that worked in California based on the maximum amount of the statutory penalty of two additional hours per day per employee for the class period.

I declare under penalty of perjury under the laws of the United States that the

3

DECLARATION OF NICHOLAS P. FORESTIERE IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

1 | foregoing is true and correct to the best of my knowledge and that this declaration was
2 | signed on \_\_4-18\_\_, 2008, at Roseville, California.

*[signature]*
NICHOLAS P. FORESTIERE

4

DECLARATION OF NICHOLAS P. FORESTIERE IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION TO REMAND