STEVEN H. GURNEE, ESQ. SB# 66056
DAVID M. DANIELS, ESQ. SB# 170315
NICHOLAS p. FORESTIERE, ESQ. SB#125118
GURNEE & DANIELS LLP
2240 Douglas Boulevard, Suite 150
Roseville, CA  95661-3805
Telephone     (916) 797-3100
Facsimile      (916) 797-3131

Attorneys for Defendants
SERVICE CORPORATION INTERNATIONAL,
SCI EASTERN MARKET SUPPORT CENTER,
L.P., SCI HOUSTON MARKET SUPPORT
CENTER, L.P., JANE D. JONES, GWEN
PETTEWAY, THOMAS RYAN and CURTIS
BRIGGS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| CLAUDE BRYANT, JOSEPH BIERNACKI, GORDON FARMER, RHEALYN HOLLAND, JAMES STICKLE, ELEANOR RIGGIO, FRANK ACCUNA, RICHARD LAMASTERS, KENNETH ALLEN, CRAIG FULCHER, SANFORD LEVINE and THOMAS THOMPSON, on behalf of themselves and all other employees and former employees similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P. SCI WESTERN MARKET SUPPORT CENTER, L.P. a/k/a SCI WESTERN MARKET SUPPORT CENTER, INC., SCI HOUSTON MARKET SUPPORT CENTER, L.P. JANE D. JONES, GWEN PETTEWAY, THOMAS RYAN and CURTIS BRIGGS,<br><br>Defendants. | Case No. C 08-1190 SI<br><br>Class Action<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS MOTION TO TRANSFER**<br><br>Date:         June 20, 2008<br>Time:        9:00 a.m.<br>Dept:         10<br><br>Trial Date:   NONE SET |

Case No.: 08-01190 SI

1

# TABLE OF CONTENTS

I. SUMMARY OF ARGUMENT .................................................................................................. 1

II. BACKGROUND .......................................................................................................................... 2

   A. The Plaintiffs ........................................................................................................................... 2

   B. The Defendants ....................................................................................................................... 2
      1. Service Corporation International ...................................................................................... 2
      2. The Support Entities ........................................................................................................... 3
      3. The Individual Defendants ................................................................................................. 3

   C. The *Prise I* Action .................................................................................................................. 4

   D. Plaintiffs' Counsel's Other Litigation Against SCI ................................................................. 6
      1. The *Prise II* Action ............................................................................................................ 6
      2. The *Bryant I* Action .......................................................................................................... 7
      3. The *Bryant II* Action ......................................................................................................... 8
      4. The *Helm* Action ............................................................................................................... 8
      5. The *Stickle* Action ............................................................................................................ 8

III. THE LEGAL STANDARD AND FACTORS FOR DETERMINING TRANSFERRING CLASS ACTION LAWSUITS WEIGHS DECISIVELY IN FAVOR OF TRANSFERRING BOTH THE BRYANT II AND HELM CASES .................................................................................. 9

IV. VENUE IS PROPER IN BOTH THE TRANSFEROR AND TRANSFEREE COURTS ..................................................................................................................................... 10

V. THE CONVENIENCE AND INTERESTS OF JUSTICE FACTORS WEIGHS DECISIVELY IN FAVOR OF TRANSFERRING THE BRYANT II TO THE DISTRICT WHERE THE STICKLE ACTION IS PENDING ............................................................... 11

   A. Plaintiff's Contacts And Choice Of This Venue Is Irrelevant, Should Be Disregarded, And Does Not Deserve And Should Not Be Given Any Weight Or Deference ........................ 11

   B. The Convenience Of The Parties And Witness Factors Are Either Neutral, Or Have Very Little, If Any Weight ................................................................................................................. 12

   C. The Interest Of Justice Factor, The Most Significant Criterion For Deciding A Motion To Transfer, Weighs Strongly In Favor Of Transfer ....................................................................... 13

VI. CONCLUSION ......................................................................................................................... 14

# TABLE OF AUTHORITIES

CASES

*Alexander v. Franklin Resources Inc.*, 2007 WL 518859, *2 (N.D. Cal.)..................9,11

*Amazon.com v. Cendant Corp.*, 404 F. Supp.2d 1256, 1261- (W.D.Wash. 2005.) ........13

*Berenson v. National Fin'l Services, LLC,* 319 F.Supp.2d 1, 2-4.) ...................................11

*Boyd v. Snyder,* 44 F.Supp.2d 966, 969 (ND IL 1999)....................................................11

*Continental Grain Co. v. Barge FBL-584*, 364 U.S. 19, 26 (1959)..................................13

*GTE Wireless, Inc. v. Qualcomm, Inc.* 71 F.Supp.2d 517 ................................................13

*IBJ Schroder Bank & Trust Co. v. Mellon Bank*, 730 F.Supp. 1278, 1282 (SD NY 1990).............11

*Italian Colors Restaurant v. American Express Company*, 2003 WL 22682482 *2 (N.D.Cal.)..9,11

*Jacobs v. Tenney*, 316 F. Supp. 151, 169 (D.Del. 1970) .................................................13

*Jacobson v. Hughes Aircraft*, 105 F.3d. 1288, 1301 (9th Cir. 1997)...............................13

*Mills v. Beecah Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989)......................................9

*National Accept. Co. Wechsler* 489 F.Supp. 642, 649 (N.D. IL. 1980.)............................9

*Pall Corp. v. Bentley laboratories Inc.*, 523 F.Supp. 450, 452 (D.C.Del. 1981.)............13

*Smithkline Corp. v. Sterling Drug, Inc.*, 406 F.Supp. 52, 55 (D.C.Del. 1975) ................13

*Starnes v. McGuire*, 512 F.2d 918, 933-934 (D.C. Cir. 1974.)..........................................9

STATUTES

Government Code § 12928 ................................................................................................3

# MEMORANDUM OF POINTS & AUTHORITIES

## I. SUMMARY OF ARGUMENT

This court should transfer venue of this action to the U.S. District Court of Arizona, Phoenix Division where the related case of *James Stickle et al v. SCI Western Market Support et al.*, Case No. 08-CV-83 ("*Stickle*") is pending (RJN, Exhibit G, Complaint.).[1] This action is one of a series of lawsuits brought by the Plaintiffs that arise out of the alleged wage and hour violations of federal and state law, all of which were initially asserted against all of the defendants in the case known as the *Prise et al v. Alderwoods Group Inc., et al* (WDPA Case No. 06-1641) ("*Prise I*"). This action, as well as all of the plaintiffs' subsequently related actions, are based upon essentially the same the factual allegations, and state and federal laws claims, that were initially asserted in the *Prise I* action.

However, after receiving unfavorable rulings and being admonished by the court in the *Prise I*, and despite informing the court in *Prise I* that this present action, as well as the other related actions, would be refiled with the Pennsylvania Court as separate related actions, the Plaintiffs subsequently deliberately chose instead to filed several separate actions in the California and Arizona state and federal courts in an blatant attempt to forum shop for a judge that would provide them with more favorable rulings than those they received from the court in the *Prise I* action. Plaintiffs should not be allowed to forum shop for a judge to evade the rulings issued in the *Prise I* action.

Moreover, the fact that this action and *Stickle* arose out of the *Prise I* action, establish all of the requirements needed to transfer venue of this action to the district where the *Stickle* action is pending. Venue is proper in both this and the *Stickle* districts because the class actions in both cases name the same defendants, allege the same nation-wide operative factual allegations and factual predicates upon which the numerous state and federal claims are based, and a substantial

---

[1] Although Defendants seek this transfer, it still strongly opposes any consolidation of any of the related cases because to do so, as previously determined by Judge Conti, would clearly be inappropriate and too confusing to have claims brought against Defendants based upon both state and federal claims in the same action. RJN, Exhibit C, Transcript of Nov. 15, 2007 Hearing ("Nov. 15 Tr.") 19:15-20;1, 21:12-19, 21:25-22:8.)

MEMORANDUM OF POINTS AND AUTHORITIES                                          1
Case No.: 08-01190 SI

part of the nationwide events or omissions giving rise to those claims asserted against the defendants occurred in both districts. The present case alleges numerous state claims law claims and violations based upon those operative facts, while the *Stickle* case alleges various federal law claims and violations also based upon them. Further, the applicable factors used to establish that the transfer will serve the convenience of the witness and parties and promote the interests of justice decisively weigh in favor of transferring this action to the district were *Stickle* is pending. For these, and all those reasons set forth further below, defendants request that this action be transferred to the district where *Stickle* is pending.

## II. BACKGROUND

### A. The Plaintiffs

The Plaintiffs in this class action include employees who worked at all SCI funeral locations, including those employed at Alderwoods locations after the time that SCI and its subsidiaries and affiliates assumed management of those locations. They assert violations of at least 34 various state laws and territories based upon the defendants' alleged failure to pay employees their regular or statutorily required rate of pay for all hours worked. (Amended Complaint, ¶ 1, 12,13, 246-260, 262; Defendants' Request for Judicial Notice ("RJN"), Exhibit I, Joint Statement In Response to Order to Show Cause, 2:1-7:14 – summarizing all pending and closed wage related cases the plaintiffs have filed against the defendants.) The plaintiffs are represented in this action by attorneys from the following law firms: Rosen, Bien & Gaven, LLP; Dolin, Thomas & Solomon, LLP; and Margolis Edelstein. (Amended Complaint) These are the same attorneys and law firms that represented the plaintiffs in the several substantially similar and related actions as discussed further below.

### B. The Defendants

#### 1. Service Corporation International

SCI is a Texas corporation with its headquarters located in Houston, Texas. (Amended Complaint, ¶ 94.) In three separate court rulings by Judge Conti *Prise I*, it was been found to be merely a holding company that has no employees. (RJN, Exhibit A, Transcript of Apr. 19, 2007 Hearing ("Apr. 19 Tr.") at 20:19-23:18; RJN Exhibit B, Transcript of Sept. 6, 2007 Hearing

MEMORANDUM OF POINTS AND AUTHORITIES                      2
Case No.: 08-01190 SI

("Sept. 6 Tr.") at 2:2-5, 3:10-12, 19-25, 4:1-5, 9:22-10:5, 10:14-24, 11:5-9, 11:21-25, 12:1-2, and 16:23-17:7; RJN, Exhibit C, Transcript of Nov. 15, 2007 Hearing ("Nov. 15 Tr.") 2:2-4, 2:23-25, 3:1-20, 4:2-11.)

SCI is, in effect, nothing more than a stockholder in various subsidiary companies engaged in the funeral industry. It owns certain state subsidiary entities that in turn actually own and operate funeral homes, mortuaries, crematories and cemeteries ("Operational Corporations") (*See,* RJN Exhibit D, Judith M. Marshall Decl. ("Marshall Decl.") at ¶ 8.) For example, James Stickle is employed by SCI Arizona Funeral Services, Inc. (*See,* RJN Exhibit D, Marshall's Decl. at ¶ 8; RJN Exhibit N, Declaration of Liana Jensen ("Jensen Decl.) at ¶ 2, Exhibit 1, consisting of the Plaintiffs' W-2s that specifies the names of their employers.) Those entities identified on the Plaintiffs' Federal W-2 Wage and Tax Statements are presumed to be their employers. (Government Code § 12928.) Although Plaintiffs know that the state-specific Operational Corporations are their actual employers, they knowingly and repeatedly refused to name them as their correct employers in the six actions that they filed across the country.

### 2. The Support Entities

The COOP, Eastern Market Support, Western Market Support, and Houston Market Support ("Support Entities") are business entities that provide administrative support services to the state Operational Corporations. These Support Entities do not provide any funeral, cremation, or mortuary services. As such, they employ no funeral directors, embalmers, or crematory managers, nor did they employee any of the Plaintiffs. Rather, they merely provide executive, management, administrative, accounting, data processing, and human resources support services to the Operational Corporations that actually employed the Plaintiffs. The Support Entities provide such services only to those state Operational Corporations that are located within their specified geographical regions of the country. (*See,* RJN Exhibit D, Marshall Decl. at ¶ 4; Amended Complaint, ¶¶ 25, 60, 63.)

### 3. The Individual Defendants

The individuals named in this action are officers of SCI and its various subsidiary entities.

None of them work for the Operational Corporations, nor have they employed any of the Plaintiffs. Nonetheless, all of these individually named defendants are alleged to be the plaintiffs' employers. They include: Thomas Ryan is the President and Chief Executive Officer of SCI (Amended Complaint, ¶ 176.); Gwen Petteway is employed by the COOP as a Director of Human Resources (Amended Complaint, ¶ 150.); Jane Jones is a Vice President of Human Resources for SCI; (Amended Complaint ¶ 126.); and Curtis Briggs is employed by the COOP as one of its senior corporate counsel (Collectively referred to as "Individual Defendants") (Amended Complaint, ¶ 201, 202.).

### C. The *Prise I* Action

On December 8, 2006, Deborah Prise and Heather Rady filed *Prise I*, alleging class action violations of the FLSA and the wage and hour laws of 38 states and territories against SCI and Alderwoods. As in the instant case, the *Prise I* complaint alleged that the defendants failed to pay overtime to employees for certain types of off-the-clock work.[2] (RJN Exhibit E, Class Action Complaint; 1, 7, 40-42, 52, 54, 56, 58, 60, 62, 64, 66, and 68; RJN Exhibit I, Joint Statement In Response to Order to Show Cause, 3:7-4:4.)

The court in the *Prise I* determined repeatedly, throughout nearly a year of litigation, that SCI was neither the Plaintiffs' employer nor an employer under the FLSA. Indeed, the Plaintiffs tried – and failed – on at least three occasions to persuade the court that SCI was a proper defendant to their FLSA claims. The first of these attempts was on April 19, 2007, when Judge Joy Flowers Conti denied Plaintiffs' request to send court-authorized collective action notice to "SCI employees" based on her determination that the evidence established that SCI is merely a holding company without any employees. (RJN Exhibit A, Apr. 19 Tr. at 20.) The second failed attempt was on June 8, 2007, when Plaintiffs' counsel filed a second motion for collective action notification to purported "SCI employees." In that motion, as here, the Plaintiffs asserted that,

---

[2] The Plaintiffs also brought claims against Alderwoods Group, Inc., a competing funeral services company that merged with a subsidiary of SCI in November 2006. Only the Plaintiffs' FLSA claims against Alderwoods remain pending in the Pennsylvania Action.

MEMORANDUM OF POINTS AND AUTHORITIES                                                4
Case No.: 08-01190 SI

although SCI has no employees, it nevertheless could be liable under the FLSA as a joint employer of the employees working for the Operational Corporations. The court rejected this argument, concluding that the Plaintiffs had not met their burden to establish that SCI was their employer or joint employer. As the court determined, "SCI as the corporate board is not doing something overtly to be involved in the management or the operational control of the [funeral services] businesses." (RJN Exhibit B, Sept. 6 Tr. at 10.) Accordingly, the court denied the Plaintiffs' second notice motion.

On October 3, 2007, the Plaintiffs in the *Prise I* filed still another motion seeking to conditionally certify a class of employees who they alleged worked for "SCI and the entities under its control." In conjunction with this third notice motion, Plaintiffs' counsel also filed a motion to amend the complaint to include the Support Entities and Individual Defendants which they claimed were joint employers with SCI. (RJN Exhibit F, Proposed First Amended Complaint.) On November 15, 2007, the *Prise I* court heard argument on Plaintiffs' motions, as well as SCI's motion for summary judgment as to all claims against it. The court granted SCI's summary judgment motion and denied Plaintiffs' motions without prejudice, concluding that the Plaintiffs could not show and could not plead facts that SCI, the Support Entities, or the Individual Defendants were Plaintiffs' employers (individually or jointly), and that they should not be named in the same action with Alderwoods. (RJN Exhibit C, Nov. 15 Tr. at 2:23-3:20, 21:12-23:4.)

Jude Conti further stated that Plaintiff's "employer" allegations that SCI, the Support Entities and the Individual Defendants where their employees consist of "conclusion after conclusion after conclusion . . . [having] no factual support . . . from which the Court could find any plausible claim." (RJN Exhibit C, Transcript of Nov. 15, 2007 Hearing ("Nov. 15 Tr.") in the Prise I at 13:20-14:11.) She further stated that the joint employers allegations are "disguised legal conclusion, there is no factual support for that. [Plaintiffs' complaint contains] [j]ust paragraph after paragraph saying that they exercise control, they do this, they do that. But it is stated as really a very broad-based conclusion. There's no factual underpinning from which the Court could find any plausible claim here." (RJN Exhibit C, Nov. 15 Tr. at 14:5-11.) She also further concluded, "I

MEMORANDUM OF POINTS AND AUTHORITIES                                        5
Case No.: 08-01190 SI

am not going to permit them at this stage to be named in this lawsuit because I don't see enough facts in here to bring them in. So I am not going to permit the amendment to bring up the additional Defendants . . . ." (*Id.* at 21:12-15.) In fact, not only did the court deny Plaintiffs' request for leave to amend to include them, it went on to admonish Plaintiffs' stating that, "I am going to remind you when you talk about somebody being an employer, you have to talk about somebody hands-on." (*Id.* at 21:25-22:8.)

Plaintiffs' further stated to Judge Conti that they would file new separate complaints with the court against SCI, the Support Entities, and the Individual Defendants, and further seek to coordinate the discovery concerning them with the discovery in the *Prise I* action . (RJN Exhibit C, Nov. 15 Tr. at 23:11-24:8.) However, in light of Jude Conti's rulings, they did not so seeking instead more favorable rulings elsewhere.

### D. Plaintiffs' Counsel's Other Litigation Against SCI

Having failed to state legally viable claims against SCI, The Support Entities, or the Individual Defendants in the *Prise I*, and realizing that they could not plead the facts required by Judge Conti to state claims against them as the plaintiffs' employers, Plaintiffs' counsel decided to refile their claims against them in five new fora. Plaintiffs deliberately filed these actions in forums other than Pennsylvania in order to forum shop their claims against these Defendants, and find a sympathetic court that would give them more favorable rulings concerning them then those that they received from Jude Conti. Plaintiff further admitted that *Helm, Bryant I,* and *Bryant II* are all related cases, that the claims filed in those actions were all initially filed in the *Prise I* case, and that they are all based upon the same allegations that employees who worked at the Defendants' funeral home locations were not properly paid their regular or statutorily required rates for all of the time that they worked for Defendants. (RJN Exhibit J, Plaintiff's Statement in Support of Relating Cases, 3:2-21.) Such factual allegations are also all similar to those that have been asserted in the *Stickle* action discussed below.

#### 1. The *Prise II* Action

On July 9 2007, plaintiffs filed a class action in a California state court entitled *Deborah*

MEMORANDUM OF POINTS AND AUTHORITIES                                                                 6
Case No.: 08-01190 SI

*Prise, et al. v. Alderwoods Group, Inc., and Service Corporation International "Prise II"*. Counsel subsequently filed and served an Amended Complaint that asserted claims for violations of wage and hour laws of 38 states and territories based on the same factual allegations that the Defendants, among other things, failed to pay overtime to employees for certain types of off-the-clock work alleged in *Prise I* that for work allegedly performed while on call, community service work, time spent studying for insurance licenses; failed to pay for work allegedly performed during meal breaks, unapproved overtime, appointments that went beyond employees' scheduled hours, and unrecorded work; failed to include all remuneration in employees' overtime calculations; and failed to provide accurate wage statements. These are the same claims and alleged violations alleged in the instant action. They were identical to the ones that the court dismissed in the *Prise I*. Defendants removed the case to federal court, and Plaintiffs' counsel – after Defendants took the time and expense of filing a motion to dismiss – voluntarily dismissed their Amended Complaint before the court was able to rule on defendants' motion, essentially conceding that dismissal was inevitable. (RJN Exhibit I, Joint Statement in Response to Order to Show Cause, 4:5-19.)

### 2.    The *Bryant I* Action

On November 8, 2007, Plaintiffs' counsel filed a class action against SCI in the Northern District of California entitled *Claude Bryant, Craig Fulcher and Thomas Thomson et al v. Alderwoods Group, Inc. SCI et al.* Case No. CV 075696 SI ("*Bryant I*"). Plaintiffs filed an Amended Complaint on March 5, 2008. The *Bryant I* action asserts the same types of wage and hour violations in *Prise I* and *II*, and in the instant action. The Plaintiffs in *Bryant I* are individuals who did not timely file consent forms to opt-in to the Western District of Pennsylvania action. (RJN Exhibit I, Joint Statement in Response to Order to Show Cause, 4:20-5-9.) The parties agreed to transfer *Bryant I* to the Pennsylvania Court where the *Prise I* action is pending, since it was related to that action. (RJN Exhibit K, Order on Plaintiffs' Administrative Motions and Scheduling Order. par. 3.)

///

///

MEMORANDUM OF POINTS AND AUTHORITIES    7
Case No.: 08-01190 SI

### 3. The *Bryant II* Action

A month later, on December 5, 2007, Plaintiffs' counsel filed the instant class action against SCI, the Support Entities and Individual Defendants entitled *Bryant, et al. v. Service Corporation International et al.* ("*Bryant II*"). Plaintiffs' filed and served an Amended Complaint asserting nearly identical factual allegations for alleged violations of the California wage and hour laws and those of 37 other states and territories that were asserted in *Prise I* and *II, Bryant I* and *II*, and in *Helm* and *Stickle* cases discussed further below. Plaintiffs agreed that *Bryant I* and *II* and *Helm* were all related cases. (RJN Exhibit J, Plaintiff's Statement in Support of Relating Cases, 3:2-21.)

### 4. The *Helm* Action

Also a month later, on December 5, 2007, Plaintiffs' counsel filed the instant action entitled *Helm, et al. v. Alderwoods Group, Inc. and Service Corporation International* ("*Helm*. Plaintiffs' filed and served an Amended Complaint asserting nearly identical factual allegations for alleged violations of the California wage and hour laws and those of 37 other states and territories that were asserted in *Prise I* and *II, Bryant I* and *II*, and in *Helm and Stickle* cases discussed further below. Plaintiffs agreed that *Bryant I* and *II* and *Helm* were all related cases. (RJN Exhibit J, Plaintiff's Statement in Support of Relating Cases, 3:2-21.)

### 5. The *Stickle* Action

On January 15, 2008, Plaintiffs' counsel filed a nationwide federal court class action against SCI, the Support Entities and Individual Defendants in Arizona entitled *James Stickle et al v. SCI Western Market Support et al.*, Case No. 08-CV-83 ("*Stickle*")(RJN, Exhibit G, Complaint.). There, the plaintiffs assert the exact same factual wage and hour violations allegations that were asserted in *Prise I, Prise II, Bryant I, Bryant II,* and *Helm*. Based upon those factual allegations, the Plaintiffs have alleged claims based upon FLSA, further allege derivative claims under ERISA and RICO.[3] The *Stickle* Action is the federal law counter part to the *Helm* action that asserts wage

---

[3] Defendants' motions to dismiss and strike have been filed the *Stickle* action and are currently pending before the District Court of Arizona.

MEMORANDUM OF POINTS AND AUTHORITIES                                    8
Case No.: 08-01190 SI

and hour violations of the laws of at least 38 states against SCI, the Support Entities and Individual Defendants.

### III. THE LEGAL STANDARD AND FACTORS FOR DETERMINING TRANSFERRING CLASS ACTION LAWSUITS WEIGHS DECISIVELY IN FAVOR OF TRANSFERRING BOTH THE BRYANT II AND HELM CASES

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." (28 U.S.C. § 1404(a).) A court has power to order transfer under § 1404(a) *sua sponte*. (*Mills v. Beecah Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *National Accept. Co. Wechsler* 489 F.Supp. 642, 649 (N.D. IL. 1980.). Indeed, a court may decide to transfer an action under § 1404(a) even if both sides oppose such action. (*See, e.g., Starnes v. McGuire*, 512 F.2d 918, 933-934 (D.C. Cir. 1974.) The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." (*Italian Colors Restaurant v. American Express Company*, 2003 WL 22682482 *2 (N.D.Cal.).) A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. (*Alexander v. Franklin Resources Inc.*, 2007 WL 518859, *2 (N.D. Cal.).)

The factors used in determining whether to transfer have been summarized as follows:

> To support a motion for transfer, the moving party must establish: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice. (citations omitted.) In determining the convenience of the parties and witnesses and the interests of justice, the Ninth Circuit considers "multiple factors" including:
>
> (1) location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and

MEMORANDUM OF POINTS AND AUTHORITIES                                                9
Case No.: 08-01190 SI

(8) the ease of access to sources of proof. (*Italian Colors Restaurant Colors* , *supra,* at *2; *Alexander, supra,* at p. *2.)

## IV. VENUE IS PROPER IN BOTH THE TRANSFEROR AND TRANSFEREE COURTS

The simply can be no dispute that venue is proper in both the U.S. District Court for the Northern District of California (i.e., the transferor court.) and in the U.S. District Court for the District of Arizona, Phoenix Division (i.e., the transferee court.)  Pursuant to 28 U.S.C.A. § 1391(b)(2), venue is proper in a civil action not based on diversity in the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

The Amended Complaint filed in this action admits that venue is proper in this judicial district of the Alameda County Superior Court because "defendants maintain and operate one or more business locations, transact business, and/or have agents in Alameda County", "obligations and/or liabilities of the defendants arose in this county because defendants have contracted to employer have employed plaintiffs in Alameda County", "[s]ome of the claims this matter arose from contracts for employment which were to be performed, at least in part, in Alameda County, [s]ome of the unlawful acts alleged [ ] occurred in Alameda County, and "have a direct effect on the plaintiffs within Alameda County". (Amended Complaint, ¶ 18.)  Defendants then properly removed the state action filed in the Alameda Superior Court to this U.S. District Court for the Northern District of California. (*See* 28 U.S.C. § 1441(a); Civ. L. R. 3-2 (c), (d), 3-5(b).)

Venue is proper in the U.S. District Court for the District of Arizona, Phoenix Division (i.e., the transferee court.)  In the *Stickle* action, the class plaintiffs admit that venue is proper in the U.S. District Court of Arizona for their nation-wide class action wage and hour claims based upon alleged violations of FLSA, ERISA and RICO because: the "the unlawful acts alleged [ ] were committed in this District and because defendants conducted business in this District", several plaintiffs [ ] were employed by the defendants, suffer violations and currently reside in the District:, and [v]enue is proper before this court under 28 U.S.C. §1391(b)". (*See* RJN, Exhibit G, Class Action Complaint, ¶ 3.) Therefore, there simply cannot be any dispute that these venue requirements for transfer of this action to the *Stickle* action have been met.

MEMORANDUM OF POINTS AND AUTHORITIES                              10
Case No.:  08-01190 SI

V. **THE CONVENIENCE AND INTERESTS OF JUSTICE FACTORS WEIGHS DECISIVELY IN FAVOR OF TRANSFERRING THE BRYANT II TO THE DISTRICT WHERE THE STICKLE ACTION IS PENDING**

A. <u>**Plaintiff's Contacts And Choice Of This Venue Is Irrelevant, Should Be Disregarded, And Does Not Deserve And Should Not Be Given Any Weight Or Deference**</u>

The plaintiffs' choice of forum is less significant where the plaintiff purports to represent a nationwide class, and the Ninth Circuit has established that courts should disregard a plaintiff's forum choice where the suit is a result of forum-shopping. (*Italian Colors Restaurant Colors, supra,* at *3-*4; *Alexander, supra,* at p. *3.) In class actions, the "accidental residence" of the named plaintiff may be discounted in weighing the transfer factors. (*IBJ Schroder Bank & Trust Co. v. Mellon Bank,* 730 F.Supp. 1278, 1282 (SD NY 1990).) When a plaintiff alleges a class action, the "plaintiff's home forum is irrelevant". (*Boyd v. Snyder,* 44 F.Supp.2d 966, 969 (ND IL 1999).) The plaintiffs' choice of forum is less significant and deserves little weight or deference where they propose to represent a nationwide class. (*Berenson v. National Fin'l Services, LLC,* 319 F.Supp.2d 1, 2-4.)

Here, plaintiffs' contracts and choice of forum in this District is irrelevant, should be disregarded, and does not deserve nor should be given any weight or deference. Plaintiffs admittedly are class representatives seeking to represent a nationwide class. The Amended Complaint admits that all the potential class members have been damaged in precisely the same fashion by provide precisely the same conduct. Interchangeable plaintiffs could be and have been found in several districts, including the Northern District of California, the Western District of Pennsylvania, and the Phoenix District of Arizona. In fact, many of the same plaintiffs have been named in all three actions. Many of the same attorneys and law firms had been retained by plaintiff to represent them in all three actions.

More importantly, Plaintiffs have engaged in blatant forum shopping by filing this action in this District to avoid Judge Conti's adverse rulings and admonitions regarding the filing of this action against SCI, the Support Entities, and the Individual Defendants. Plaintiffs' repeated filing of the five actions in the federal and state courts of California and Arizona, despite their previously

MEMORANDUM OF POINTS AND AUTHORITIES                                    11
Case No.: 08-01190 SI

informing the court in Pennsylvania that such actions would be filed in that district, raises more than a rational inference of forum shopping. Such an inference is further bolstered by Judge Conti's adverse rulings regarding Plaintiff's attempts to state claims against SCI, the Support Entities, and the Individual Defendants. Therefore, this factor should play no role in whether to transfer this action.

### B. The Convenience Of The Parties And Witness Factors Are Either Neutral, Or Have Very Little, If Any Weight

The differences in the costs of litigation in the two forums, the availability of compulsory process to compel attendance of unwilling non-party witnesses, and the ease of access to sources of proof are essentially the same in both this district and the Arizona district given that this is a nationwide class action involving over 34 state laws and territorial jurisdictions. The many of the plaintiffs have been named as parties, at one time or another, in many if not all of the actions that have been filed. The witnesses will also essentially be the same for all actions. Those witnesses and parties that reside in the 34 states and territorial jurisdictions other than California or Arizona where the violations allegedly occurred will still have to travel from their residences to either the district in California or Arizona for trial. The attorneys will also have to travel to those states and territories to take depositions and conduct discovery in the 34 jurisdictions where the witnesses, parties and documents are located. Both venues equally provide the same access to any evidence that may be located at the Support Entities' place of business that are located throughout the country because such documents can be copied and delivered to either venue. Although the court in each district would be knowledgeable of the public policy and laws of the state where they are located, it is doubtful that they would readily have knowledge of the public policy and laws concerning the wage and hour laws of 33 other states and territorial jurisdictions. Consequently, the convenience of the parties and witnesses are essentially neutral and have no affect on the transfer of any factors.

///

///

MEMORANDUM OF POINTS AND AUTHORITIES 12
Case No.: 08-01190 SI

### C.  The Interest Of Justice Factor, The Most Significant Criterion For Deciding A Motion To Transfer, Weighs Strongly In Favor Of Transfer

The most significant criterion for deciding a motion to transfer is the interest of justice. (*Pall Corp. v. Bentley laboratories Inc.*, 523 F.Supp. 450, 452 (D.C.Del. 1981.).) Central to the interest of justice is the maintenance of sound judicial administration and the conservation of judicial resources. (*Smithkline Corp. v. Sterling Drug, Inc.*, 406 F.Supp. 52, 55 (D.C.Del. 1975).) Suits involving the same legal and factual issues should be decided by one court and not permitted to proceed in two different courts simultaneously. (*Pall Corp., supra*, at 453; *Jacobs v. Tenney*, 316 F. Supp. 151, 169 (D.Del. 1970)  As stated by the Supreme Court: "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that §1404(a) was designed to prevent."(*Continental Grain Co. v. Barge FBL-584*, 364 U.S. 19, 26 (1959).)  Such factors include the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties, and the possibility of harassment. (*GTE Wireless, Inc. v. Qualcomm, Inc.* 71 F.Supp.2d 517, 519.)  Consideration of interest of justice, which includes judicial economy, may be determinative to particular venue transfer motion, even if convenience of parties and witnesses might call for different result. (*Amazon.com v. Cendant Corp.*, 404 F. Supp.2d 1256, 1261- (W.D.Wash. 2005.).) Transfer is proper if a like action has been brought by the same plaintiff against the same defendant in another district, or another division of the same district. (*Jacobson v. Hughes Aircraft*, 105 F.3d. 1288, 1301 (9th Cir. 1997) *reh'g. denied*  128 F.3d 1305 transfer of a case to a judge who had previously heard a related case was proper.)

The interest of justice factor, the most significant criterion for deciding a motion to transfer, weighs strongly in favor of transfer. Both this action and the *Stickle* action are based upon substantially similar, if not identical, factual predicates and allegations. The only difference is the assertion of the state and federal claims upon which they are based.  The class of plaintiffs and the named defendants parties of both actions are essential the same. Many of the named plaintiffs who are allege to be class representatives are the same in both actions. Such actions should be decided

MEMORANDUM OF POINTS AND AUTHORITIES                                     13
Case No.: 08-01190 SI

by one court and not permitted to proceed in both this district and the Arizona district simultaneously. To permit that situation to exist leads to the wasteful time, energy and money that section 1404(a) was designed to prevent.

Although either court will be familiar with federal law and state law with the district is located, it is doubtful that they will be familiar with the 33 other state and territories wage and hour laws. Such a task, assuming it is appropriate to undertake in such an unmanageable class action, would be daunting and consume substantial judicial resources for one judge. To impose that obligation on the other judges by maintaining substantially similar and related actions in two separate venues clearly would not be an efficient use of judicial resources. Consequently, the interests of justice not only weigh strongly in favor of transfer, it clearly outweighs any other relevant transfer factors.

## VI.   CONCLUSION

For all of the forgoing reasons, this court should transfer venue of this action to the district where the *Stickle* action is pending.

Dated:   May 16, 2008                        GURNEE & DANIELS LLP

By _____
STEVEN H. GURNEE, ESQ.
DAVID M. DANIELS, ESQ.
NICHOLAS P. FORESTIERE, ESQ.
Attorneys for Defendants

MEMORANDUM OF POINTS AND AUTHORITIES                                  14
Case No.: 08-01190 SI

I hereby certify that on the 15th day of May, 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Maria V. Morris
mmorris@rbg-law.com

Lori Rifkin
lrifkin@rbg-law.com

Sanford J. Rosen
srosen@rbg-law.com

and by mail to:

Justin Cordello
Annette Gifford
Michael J. Lingle
Patrick J. Solomon
J. Nelson Thomas
Dolin Thomas & Solomon LLP
693 East Ave.
Rochester, NY  14607

Kyle T. McGee
Charles H. Saul
Liberty J. Weyandt
Margolis Edelstein
525 William Penn Pl, Ste. 3300
Pittsburg, PA  15219

*Deseree C. Rosebrock* (signature)
Deseree C. Rosebrock