Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830
Facsimile:  (415) 433-7104
srosen@rbg-law.com

[Additional Counsel Listed on Signature Page]

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| CLAUDE BRYANT, JOSEPH BIERNACKI, GORDON FARMER, RHEALYN HOLLAND, JAMES STICKLE, ELEANOR RIGGIO, FRANK ACUNA, RICHARD LAMASTERS, KENNETH ALLEN, CRAIG FULCHER, SANFORD LEVINE and THOMAS THOMPSON, on behalf of themselves and all other employees and former employees similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P., SCI WESTERN MARKET SUPPORT CENTER, L.P. a/k/a SCI WESTERN MARKET SUPPORT CENTER, INC., SCI HOUSTON MARKET SUPPORT CENTER, L.P., JANE D. JONES, GWEN PETTEWAY, THOMAS RYAN, and CURTIS BRIGGS,<br><br>Defendants. | Case No. 3:08-cv-01190-SI<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER**<br><br>Date:       July 25, 2008<br>Time:       9:00 am<br>Courtroom: 10<br>Judge:      The Honorable Susan Illston |

Additional Attorneys for Plaintiffs, who have been admitted or who will submit applications for admission *pro hac vice*:

J. Nelson Thomas, NY Attorney No. 2579159
Patrick J. Solomon, NY Attorney No. 2716660
Annette Gifford, NY Attorney No. 4105870
DOLIN, THOMAS & SOLOMON LLP
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540
Facsimile: (585) 272-0574
nthomas@theemploymentattorneys.com

Charles H. Saul, PA State Bar No.19938
Liberty J. Weyandt, PA State Bar No. 87654
Kyle T. McGee, PA State Bar No. 205661
MARGOLIS EDELSTEIN
525 William Penn Place
Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256
Facsimile: (412) 642-2380
csaul@margolisedelstein.com

# PRELIMINARY STATEMENT[1]

Defendants' request for transfer to the District of Arizona should be denied in this matter, where defendants have already successfully argued that the instant claims and those in the Arizona court should not be heard together, where defendants are currently seeking to dismiss the Arizona litigation, where the instant matter was filed prior to the Arizona action, and where another Federal District Court has already ruled that these state law claims would not be heard in the same action as the federal claims asserted in Arizona. Moreover, defendants' request should be denied both because the number of currently pending actions is a consequence of defendants' own strategy to delay and protract this litigation and because defendants' argument relies upon misrepresentations of facts and proceedings in other pending matters.

Simply put, defendant Service Corporation International ("SCI")[2] previously argued that the state law claims asserted in this action should not be heard together with the related federal Fair Labor Standards Act ("FLSA") claims. *See Prise* Docket Nos. 111-12, Affirmation of Annette Gifford ("Gifford Aff.") Ex C. SCI successfully moved to dismiss these state law claims from the very same pending FLSA claims they now argue provide grounds for transfer, arguing previously that the state and federal claims could not be heard together. *Id*. In accordance with the Federal District Court's ruling and to accommodate defendants' position, Plaintiffs were forced to bring this separate action, not as a means of forum shopping, but as a direct result of defendants' own tactics. Defendants, apparently disappointed that plaintiffs have not simply abandoned their valid state law claims, now seek to avoid the necessary consequence of their own tactics and have the state law claims transferred to join the FLSA claims.

Defendants' request must be denied. As an initial matter, defendants have moved to dismiss the federal claims pending in Arizona on grounds including lack of personal jurisdiction

---

[1] Throughout this memorandum and its corresponding affirmation, plaintiffs refer to the following actions: "*Prise*," W.D. Pa. case number 06-1641; "*Helm*," N.D. Cal. case number 08-1184-SI; "*Bryant*," N.D Cal. case number 08-1190; and "*Stickle*," D. Az. case number 08-0083.

[2] Although defendants now claim they were all previously named in the *Prise* complaint, only defendant SCI has been a defendant in that matter.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO TRANSFER                                                                Case No. 3:08-cv-01190-SI
-1-

and, thus, defendants should not be heard to argue that the District of Arizona—which they argue lacks sufficient contacts with respect to issues raised in this matter—is a more convenient forum.

Moreover, defendants have not shown the relevant factors weigh heavily in favor of transfer. Plaintiffs' choice of forum is not, as defendant argues, "irrelevant," but is instead a factor which must be given weight. The mere existence of other litigation which shares some factual overlap does not warrant transfer. Finally, this jurisdiction has an interest in the outcome of this litigation, particularly in light of defendants' public filings indicating they operate 144 business locations in this state, as opposed to 41 locations in Arizona. (Gifford Aff. Ex. A). All of these factors weigh against transfer and defendants concede the remaining factors are at least "neutral" and thus cannot satisfy defendants' burden. Defendants' motion should be denied.

## PROCEDURAL HISTORY

Defendants' claim that plaintiffs have engaged in forum shopping is false and unsupported by anything but defendants' mischaracterization of other litigation. In fact, the various actions filed are the direct result of *defendants'* litigation tactics and defendants' own arguments that the claims should not be heard together. Defendants' misstatements and mischaracterizations are refuted more fully in the Gifford Aff.

Simply put, and as detailed in the Gifford Aff. at ¶¶2-15, plaintiffs' filings were the result of defendants' successive efforts to remove certain claims and plaintiffs from the *Prise* action. Each time defendants argued certain claims should not be heard together, plaintiffs refiled those claims after considering the most appropriate forum, in an attempt to honor the *Prise* rulings, accommodate defendants' positions, and make a determination based upon the available information regarding plaintiffs' claims.

Defendants first sought to have plaintiffs' state law claims heard separately from their federal claims. *Prise* Docket Nos. 111-12, Gifford Aff. Ex. C. Although defendants now argue they sought only to avoid consolidation of the state and federal claims, that argument is belied by the fact that defendants never sought severance but instead argued that the state law claims were incompatible with the federal claims. *Id.* When the *Prise* Court granted defendants' motion and

declined to exercise jurisdiction over the state law claims, plaintiffs contemplated the appropriate state forum in which to refile the state law claims of both Alderwoods and SCI employees, focusing on important factors including where potential representative plaintiffs suffered violations. It is unsurprising that plaintiffs refiled their claims in California, as defendants' own public filings reflect that both SCI and Alderwoods maintained far more locations in California than in Pennsylvania. (Gifford Aff. ¶¶ 18-19, Ex. A, B). Thus, in July 2007, plaintiffs filed their claims in Superior Court in Alameda County as a direct result of their efforts to comply with the *Prise* ruling and to file in a jurisdiction where interested named plaintiffs suffered violations. (The single action initially filed was subsequently dismissed and refiled as two separate actions as a result of defendants' intervening position in *Prise* that resulted in a ruling that the claims of SCI employees should proceed separately, as set forth below.)

Following plaintiffs' refiling of their state law claims, defendants argued the FLSA claims of SCI employees must be filed separately. When the *Prise* Court agreed to dismiss the SCI employees' FLSA claims on joinder grounds, those plaintiffs refiled their claims in a jurisdiction that would effectuate the *Prise* ruling, accommodate defendants' position, and provide a forum where interested SCI plaintiffs suffered violations. Taking all of those factors into account, the SCI employees reasserted their FLSA claims in the District of Arizona. Moreover, to fully comply with the *Prise* ruling and in an effort to prevent further motion practice by defendants, plaintiffs also dismissed the state law action asserting claims on behalf of both Alderwoods and SCI employees and filed a separate state law action on behalf of each group.

Four named plaintiffs in the instant matter were employed by defendants in this district and suffered violations. (Gifford Aff. ¶ 16).

## LEGAL STANDARD

Transfer of an action pursuant to 28 U.S.C. §1404(a) may be granted "for the convenience of parties and witnesses, in the interest of justice…to any other district or division where it might have been brought." The proponent of transfer bears the heavy burden of

establishing that transfer is warranted. *See, e.g., Gherebi v. Bush*, 352 F.3d 1278, 1302 (9th Cir. 2003), *vacated on other grounds Bush v. Gherebi*, 542 U.S. 952 (2004); *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986); *Ellis v. Hollister*, 2006 WL 1132377, at *4 (E.D.Cal. Apr. 14, 2006).

Defendants may not prevail on their motion to transfer unless they show the proposed forum is "substantially superior … [The fact t]hat a single factor points to a particular forum is generally not enough, by itself, to warrant transfer." *Munoz v. UPS Ground Freight, Inc.,* 2007 WL 1795696, *3 (N.D.Cal. June 20, 2007). Transfer should be granted only when the current forum is so clearly inconvenient for the parties and witnesses that transfer is required, and the Court need not decide whether the new forum is simply better than the current forum. *Gherebi*, 352 F.3d at 1303 (citation omitted); *Decker Coal Co.,* 805 F.2d at 843; *Ellis,* 2006 WL 1132377, at *4. A motion to transfer may not be employed as a vehicle to shift the inconvenience of litigation from one party to the other. *Decker Coal Co.,* 805 F.2d at 843.

The proponent of transfer must establish: "(1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses, and will promote the interests of justice." *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D.Cal. 1992) (citation omitted). Once the first two factors are established, courts consider numerous factors to determine whether transfer is appropriate. *See, e.g., Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498-99 (9th Cir. 2000). As explained below, defendants have not met their burden, and the transfer motion must be denied.

## ARGUMENT

### I. PLAINTIFFS' CHOICE OF VENUE SHOULD NOT BE DISTURBED

Generally, the Ninth Circuit requires that a "defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co.*, 805 F.2d at 844. Although courts have ruled that, "when a plaintiff brings a suit on behalf of a class, his or her choice carries less weight if the operative facts did not occur in the chosen forum,"

defendants' contention that plaintiffs' choice of forum is *irrelevant* is incorrect, particularly here where operative facts did occur in this district. *See Munoz, supra,* 2007 WL 1795696 at *4, citing, *Lou v. Bezlberg,* 834 F.2d 730, 739 (9th Cir. 1987). Indeed, defendants themselves cite *Berenson v. Nat'l Fin. Serv., LLC*, in which the court expressly stated it was "not prepared to conclude that [plaintiffs' choice of forum] is irrelevant in a [class action matter.]" 319 F.Supp.2d 1 (D.D.C. 2004).

Courts reject defendants' argument that plaintiffs' choice of forum should be wholly disregarded in the context of a nationwide class action. The court in *Parrish v. Nat'l Football League Players, Inc.* explained the responsibilities of a named plaintiff require consideration of the plaintiffs' choice of forum: "If the class is certified and [the named plaintiffs] are certified as class representatives, they will still bear a great deal of responsibility in representing the class. In contrast, the thousands of other putative class members will not need to appear in this action. …this factor weighs against transfer." 2007 WL 1624601, *6 (N.D.Cal. June 4, 2007) (noting named plaintiffs residing outside the district had "tacitly agreed to litigating here"). *See also Munoz, supra,* 2007 WL 1795696 at *3 (giving "Plaintiffs' choice of forum considerable deference" in a class action where the operative facts occurred in both the transferor and transferee districts); *Ellis, supra,* 2006 WL 1132377 at *3 ("it is not apparent why the fact that there are persons that could potentially be affected by the outcome of this suit elsewhere means that this suit should be transferred … Those other persons have not brought suit and thus it is the present plaintiffs' choice that seems to be relevant."). Thus, plaintiffs' choice of forum should be accorded weight, particularly in light of the fact that named plaintiffs were employed in this District and defendants maintain operating locations here.

Moreover, this Court should reject defendants' unsubstantiated claim that this action was filed as a result of forum shopping. Defendants offer nothing more than their own self-serving conjecture and plaintiffs have refuted that unsupported claim. This action was commenced in this jurisdiction as a result of defendants' own motion, as well as the fact that named plaintiffs reside here. Courts reject claims of forum-shopping where plaintiffs dismiss and refile claims

based on practicalities of litigation, including the availability of named plaintiffs. *See, e.g., Lynch v. United Services Auto. Ass'n,* 491 F.Supp.2d 357, 366 (S.D.N.Y. 2007) (rejecting claims of forum shopping where plaintiffs' counsel consented to dismissal of an action pending in Florida and subsequently refiled the same action in New York, substituting a different named plaintiff who was employed in New York); *Safarian v. Maserati North America, Inc.*, 2008 WL 2407262, *2 (C.D. Cal. June 11, 2008) (rejecting claims of forum shopping where plaintiff's choice of venue was motivated by the location of her attorney's offices).

Instead, here it is *defendants* who are engaging in forum shopping, as defendants sought dismissal of these claims from the Western District of Pennsylvania, removed the claims from state court in Alameda County to this District, and now seek to transfer the claims to the District of Arizona to join these state law claims with the federal claims from which they were previously dismissed at defendants' request. Indeed, defendants have effectively succeeded in preventing plaintiffs from reaching the merits of these claims—which were initially filed in December, 2006—for more than 18 months.

Accordingly, Plaintiffs' choice of forum should be accorded deference, and this factor weighs against transfer. Moreover, defendants' claim that the factors regarding the parties' convenience are neutral with respect to transfer is contradicted by defendants' concession that plaintiffs' choice of forum—which, here, weighs against transfer—is one factor relevant to the parties' convenience. Defendants are thus unable to show factors weighing heavily in favor of transfer and their request should be denied.

**II.    THE INTERESTS OF JUSTICE WEIGH AGAINST TRANSFER**

Contrary to defendants' assertion, the interests of justice—the *only* factor defendants contend favors transfer—in fact weighs *against* transfer. Defendants' argument is that the interests of justice favor transfer of this action solely because the *Stickle* matter is currently pending in Arizona. However, in light of defendants' motion to dismiss the *Stickle* action, the substantive differences between the state and federal law claims asserted in this action and in

*Stickle*, and the state of California's interest in this litigation and familiarity with the law at issue, the interests of justice weigh against transfer.

### A. Defendants' Motions to Dismiss *Stickle* Weigh Against Transfer

Despite defendants' claim that this matter may be properly brought in the District of Arizona, defendants previously made three motions to dismiss the claims in *Stickle* on various grounds including, *inter* alia, lack of personal jurisdiction. Those motions are currently pending before the District of Arizona. Should defendants' motion to dismiss be granted, the only justification for defendants' motion to transfer would be nullified.

Courts deny transfer to venues in which a related case is subject to a motion to dismiss, as transfer in such circumstances "would not be in the interests of judicial economy." *Stomp, Inc. v. NeatO, LLC,* 61 F.Supp.2d 1074, 1082 (C.D.Cal. 1999); *Brighton Collectibles, Inc. v. Coldwater Creek, Inc.,* 2006 WL 4117032, *4 (S.D.Cal. Nov. 21, 2006) (denying transfer when motion to dismiss was pending in proposed transferee forum).

Here, it is not in the interest of judicial economy to transfer this action to the Arizona District Court in light of defendants' pending motions to dismiss, nor can defendants credibly argue it would be more convenient to transfer this matter to a District which they argue has no personal jurisdiction over most defendants. In the event *Stickle* is dismissed with respect to any defendants in this matter, defendants would no longer be able to maintain their sole ground for transfer. Indeed, their conflicting arguments demonstrate that the true motive for their motion to transfer is simply to further delay any litigation regarding the merits of plaintiffs' claim. The interests of justice weigh against transferring this matter to the District of Arizona.

### B. The *Stickle* Litigation Does Not Warrant Transfer of This Matter

Even in the absence of defendants' motions to dismiss *Stickle*, defendants have not made an adequate showing that transfer would be proper on the sole basis of the *Stickle* action's pendency. *See, e.g., Thill v. Edward D. Jones & Co., L.P.*, 2006 WL 2669004 at *5 (N.D. Cal. Sept. 16, 2006) (denying transfer where it would "not be more convenient for *any* of the parties … the only connection between this case and that district is the fact that two other cases are

being heard there"). The claims at issue in this matter are solely issues of state law, while the claims at issue in *Stickle* are solely matters of federal law. To the extent there are similar factual issues, concerns such as duplicative discovery may be avoided by simple coordination. *See Bibo v. Federal Express, Inc.,* 2007 WL 2972948, *4 (N.D.Cal. Oct. 10, 2007).

In *Bibo*, the Court rejected as unpersuasive defendant's argument that the action should be transferred to a District where two related actions were pending. *Id.* at *3-4. Although recognizing the potential for inconsistent rulings, the court found defendant failed to provide any specific information to satisfy its heavy burden of showing a high risk of inconsistent adjudication. *Id.* at *4. *See also Datex-Ohmeda, Inc. v. Hill-Rom Services, Inc.*, 185 F. Supp. 2d 407, 411-12 (D. Del. 2002) (denying transfer to district where related patent action regarding identical technology was pending where actions were not sufficiently related).

Here, there is no risk of inconsistent adjudication because the state law claims rely on different statutes and legal theories than do the federal claims asserted in *Stickle* and, in any event, defendants have made no showing of a high risk of inconsistent adjudication. Indeed, disparate rulings or outcomes between the claims asserted here and in *Stickle* would likely be expected—and would not amount to inconsistent adjudications—to the extent the actions are proceeding under different statutes and legal theories. *See Rouse Woodstock, Inc. v. Surety Federal Sav. & Loan Ass'n*, 630 F.Supp. 1004, 1013 (N.D.Ill. 1986) (denying transfer where claims in transferee court covered broader area than those in transferor court and the two actions "thus have only factual overlap, not factual identity").

Moreover, the cases defendants rely upon are distinguishable. Here, in contrast to the cases defendants' cite, both parties have contacts with the California forum. Similarly, many of defendants' cases are distinguishable because they involve the same parties litigating the same matter in two different jurisdictions. *See, e.g., Smithkline Corp. v. Sterling Drug, Inc.,* 406 F.Supp. 52 (D.C.Del. 1975)*; Amazon.com v. Cendant Corp.,* 404 F.Supp.2d 1256 (W.D. Wash. 2005). Here, in contrast, the plaintiff classes in each action are different, as the Arizona action is an opt-in class action limited to only plaintiffs who have affirmatively joined that action, while

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO TRANSFER                                                                 Case No. 3:08-cv-01190-SI
-8-

the instant action currently consists of only the named plaintiffs but, when certified, will include what is likely to be a significantly larger opt-out class. Moreover, the size of this action will be further expanded because many of the state law claims at issue here provide for a longer statute of limitations than do the federal claims at issue in *Stickle*, permitting a larger set of employees to participate in this action. Thus, as in *Bibo*, the pending Arizona litigation is not sufficient to satisfy defendants' burden to show that transfer is appropriate in this case.

### C. The Operative Facts Occurred in This District and This District is Familiar With the Applicable Law

Among the "public interest" factors courts consider in deciding a transfer motion are local interest in the controversy and familiarity with the applicable law in diversity cases. *See, Jones, supra,* 211 F.3d at 498-99; *Gherebi, supra,* 352 F.3d at 1302-03. In the instant case, both of these factors favor denying transfer, as defendants have far more locations in California than in Arizona, many of the alleged improper pay practices occurred here, and plaintiffs assert California state law claims under at least five California statutes, all of which are best decided by a California court. California's local interest and familiarity with the law weigh against transfer.

The "local interest in having localized controversies decided at home" is a factor in determining whether the interests of justice favor transfer. *Munoz, supra,* 2007 WL 1795696 at *5. Here, this factor weighs against transfer because California has a local interest in the controversy. Defendants report 144 locations in California, as opposed to 41 locations in Arizona. Gifford Aff. ¶ 18, Ex. A. As such, many more current and former employees who have been aggrieved by defendants' improper pay practices are located in California than Arizona. Thus, California has a greater local interest in the controversy than Arizona.

In the Ninth Circuit, "[a] diversity case should be litigated 'in a forum that is at home with the law that must govern the action[.]'" *Painter's District Council No. 30 Health & Welfare Fund v. Amgen, Inc.,* 2007 WL 4144892, *7 (C.D.Cal. Nov. 13, 2007), quoting, *Decker Coal Co.,* 805 F.2d 834, 843 (9th Cir. 1986). Here, Plaintiffs assert claims under at least five California statutes, while asserting claims under only a single Arizona statute. Amended

Complaint, ¶¶ 246-60 and 311-16; ¶262(b).  This Court is better suited to hear the California state law claims than is any other District, and no other District has an interest in as many alleged statutes as does California.   Moreover, this factor further weighs against transfer because this court is more familiar with its own choice-of-law rules, which will continue to apply to in the transferee court.  *See, Arno v. Club Med, Inc.,* 22 F.3d 1464, 1467 (9th Cir. 1994); *Muldoon v. Tropitone Furniture Co.,* 1 F.3d 964, 965 (9th Cir. 1993); *Painter's District Council No. 30 Health & Welfare Fund, supra,* 2007 WL 4144892 at *7.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that this Court deny defendants' request to transfer this action.

Date:   July 3, 2008

Respectfully Submitted,
DOLIN, THOMAS & SOLOMON LLP

By:      /s/ Annette Gifford

J. Nelson Thomas, NY Attorney No. 2579159
Patrick J. Solomon, NY Attorney No. 2716660
Annette Gifford, NY Attorney No. 4105870
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540

ROSEN, BIEN & GALVAN, LLP
Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830

MARGOLIS EDELSTEIN
Charles H. Saul, PA State Bar No.19938
Liberty J. Weyandt, PA State Bar No. 87654
Kyle T. McGee, PA State Bar No. 205661
525 William Penn Place, Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256

Attorneys for Plaintiffs

Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830
Facsimile:  (415) 433-7104
srosen@rbg-law.com

[Additional Counsel Listed on Following Page]

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| CLAUDE BRYANT, JOSEPH BIERNACKI, GORDON FARMER, RHEALYN HOLLAND, JAMES STICKLE, ELEANOR RIGGIO, FRANK ACUNA, RICHARD LAMASTERS, KENNETH ALLEN, CRAIG FULCHER, SANFORD LEVINE and THOMAS THOMPSON, on behalf of themselves and all other employees and former employees similarly situated,<br><br>             Plaintiffs,<br><br>v.<br><br>SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P., SCI WESTERN MARKET SUPPORT CENTER, L.P. a/k/a SCI WESTERN MARKET SUPPORT CENTER, INC., SCI HOUSTON MARKET SUPPORT CENTER, L.P., JANE D. JONES, GWEN PETTEWAY, THOMAS RYAN, and CURTIS BRIGGS,<br><br>             Defendants. | Case No. CV 08-1190 SI<br><br>**[PROPOSED] ORDER DENYING DEFENDANTS' REQUEST TO TRANSFER** |

1  Additional Attorneys for Plaintiffs, who have been
   admitted *pro hac vice* or who will submit applications
2  for admission *pro hac vice*:

3  J. Nelson Thomas, NY Attorney No. 2579159
   Patrick J. Solomon, NY Attorney No. 2716660
4  Michael J. Lingle, NY Attorney No. 3925765
   Annette Gifford, NY Attorney No. 4105870
5  Justin Cordello, NY Attorney No. 4131447
   DOLIN, THOMAS & SOLOMON LLP
6  693 East Avenue
   Rochester, NY 14607
7  Telephone: (585) 272-0540
   Facsimile: (585) 272-0574
8  nthomas@theemploymentattorneys.com

9
   Charles H. Saul, PA State Bar No. 19938
10 Liberty J. Weyandt, PA State Bar No. 87654
   Kyle T. McGee, PA State Bar No. 205661
11 MARGOLIS EDELSTEIN
   525 William Penn Place
12 Suite 3300
   Pittsburgh, PA 15219
13 Telephone: (412) 281-4256
   Facsimile: (412) 642-2380
14 csaul@margolisedelstein.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER DENYING DEFENDANTS' REQUEST TO TRANSFER     Case No. CV 08-1190 SI

1   AND NOW this ____ day of July, 2008, upon consideration of Defendants' Motion to
2   Transfer, and Plaintiffs' response thereto, it is hereby ORDERED that defendants' motion is
3   DENIED.

5   Dated: _____          _____
6                                             Honorable Susan Illston
7                                             United States District Court

[PROPOSED] ORDER DENYING DEFENDANTS' REQUEST TO TRANSFER          Case No. CV 08-1190 SI