1  STEVEN H. GURNEE, ESQ. SB# 66056
   DAVID M. DANIELS, ESQ. SB# 170315
2  NICHOLAS P. FORESTIERE, ESQ. SB# 125118
   GURNEE & DANIELS LLP
3  2240 Douglas Boulevard, Suite 150
   Roseville, CA  95661-3805
4  Telephone    (916) 797-3100
   Facsimile    (916) 797-3131
5

6  Attorneys for Defendants

7  SERVICE CORPORATION INTERNATIONAL,
   SCI FUNERAL AND CEMETERY PURCHASING
8  COOPERATIVE, INC., SCI EASTERN MARKET
   SUPPORT CENTER, L.P. SCI WESTERN
9  MARKET SUPPORT CENTER, L.P., SCI
   HOUSTON MARKET SUPPORT CENTER, L.P.,
10 JANE D. JONES, GWEN PETTEWAY, THOMAS
   RYAN and CURTIS BRIGGS
11

12

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15

16

   CLAUDE BRYANT, et al., on behalf of      )  **CASE NO.  3:08-CV-01190 SI**
17 themselves and all other employees and former )
   employees similarly situated,            )  **DEFENDANTS' REPLY IN SUPPORT OF**
18                                           )  **THEIR MOTION TO TRANSFER**
                                             )  **PURSUANT TO 28 U.S.C.A. § 1404(a)**
19              Plaintiffs,                  )
           vs.                               )
20                                           )  Date:   July 25, 2008
                                             )  Time:   9:00 a.m.
21 SERVICE CORPORATION                       )  Dept:   10
   INTERNATIONAL et al.                      )  Judge: The Honorable Susan Illston
22                                           )
               Defendants.                   )
23                                           )
                                             )
24                                           )
   _____  )
25

26

27

28

   DEFENDANTS' REPLY RE MOTION TO TRANSFER
   Case No.:  3:08-CV-01190 SI

## I.    PLAINTIFFS' HAVE ENGAGED IN BLATANT FORUM SHOPPING

Plaintiffs' attempts to summarily dismiss the overwhelming evidence submitted by Defendants that the Plaintiffs have engaged in blatant forum shopping simply defies belief. (Plaintiffs' Memo 5:23-25.)  Plaintiffs completely ignored and failed to refute, because they cannot do so, the substantial amount of evidence presented by Defendants in their moving papers that Judge Conti issued several adverse rulings that include the following:

> (1)    SCI was merely a "holding company" that does not have any employees, and that it, its subsidiaries and their officers are not the Plaintiffs' employers;

> (2)    Plaintiffs' allegations that SCI, the Support Entities and the Individual Defendants, are their "employers" consist of "conclusion after conclusion after conclusion . . . [having] no factual support . . . from which the Court could find any plausible claim";

> (3)    Plaintiffs' "joint employers allegations" are "disguised legal conclusion, … [that have] no factual support …".  "[Plaintiffs' complaint contains] [j]ust paragraph after paragraph saying that they exercise control, they do this, they do that.  But it is stated as really a very broad-based conclusion.  There's no factual underpinning from which the Court could find any plausible claim …";

> (4)    "[Judge Conti] is not going to permit [Defendants] at this stage to be named in this lawsuit because [she] [doesn't] see enough facts in here to bring them in.  So [she is] not going to permit the amendment to bring up the additional Defendants"; and

> (5)    "[She is] going to remind [Plaintiffs] when you talk about somebody being an employer, you have to talk about somebody hands-on." (Defendants' Memo 4:16-6:11.)

Nonetheless, Plaintiffs in bad faith, and in flagrant disregard of Judge Conti's rulings, subsequently filed several state and federal actions in the Arizona and California courts against SCI, its subsidiaries, and their officers.  Plaintiffs repeatedly pled in those and this action, essentially the same "employer" and "joint employer" allegations that Judge Conti found to be woefully deficient.  Is it any wonder why the Plaintiffs do not want to have their present state law actions pending in this Court heard by Judge Conti?

The cases of *Lynch v. United services Auto. Ass'n*, 491 F.Supp.2d 357

DEFENDANTS' REPLY RE MOTION TO TRANSFER                                                    1
Case No.:  3:08-CV-01190 SI

(S.D.N.Y., 2007.) and *Safarian v. Maserati North America, Inc.,* 2008 WL 2407262 (C.D. Cal. 2008.) relied upon by the Plaintiffs to support their meritless argument that re-filing their state law actions in different jurisdictions is not forum shopping are clearly distinguishable. In neither of those cases had the prior forum courts entered any adverse rulings against the plaintiffs as was done in this matter. Indeed, in *Lynch, supra,* the prior Florida court gave its explicit blessing for the plaintiff to re-file his action in New York. (*Lynch, supra, at p. 366.*). Therefore, this Court should not countenance Plaintiffs' flagrant forum shopping and should transfer this action to the U.S. District Court in Arizona.

## II. PLAINTIFFS' CONTENTION THAT *DEFENDANTS* ARE FORUM SHOPPING IS PATENTLY ABSURD

Plaintiffs' contention that *Defendants* are forum shopping is patently absurd. (Plaintiffs' Memo, 6:8-12.) Defendants clearly have no ability to file and obviously did not file the separate related state law actions in the California and Arizona state and federal courts. Both the Defendants and Judge Conti fully expected that Plaintiffs would file their separate actions against Defendants for alleged violation of state law in Pennsylvania. Plaintiffs' counsel even sought Judge Conti's advice about how to craft and re-file the state law claims in her court after she refused to allow the Plaintiffs to file such claims with the federal claims pending in the *Prise I* action. (RJN Exhibit C, 20:6-22:8, 23:11, 13:19, 24:5-11.) It is simply indisputable that it was Plaintiffs, not Defendants, who chose to instead re-file their state law claims in alternate jurisdictions to avoid Judge Conti's adverse rulings.

## III. PLAINTIFFS' CONTENTION THAT THIS ACTION SHOULD NOT BE TRANSFERRED BECAUSE DEFENDANTS PREVIOUSLY ARGUED THAT IT SHOULD NOT BE "HEARD" IN THE SAME CASE AS THE *PRISE* I ACTION IS ENTIRELY WITHOUT MERIT

Plaintiffs' contention that this case should not be transferred to the Arizona U.S. District Court where the case of *Stickle, et al. v. SCI Market Support Center, LP, et al.,* D. Ariz. Case No. 08-CV-83-MHM ("*Stickle*") is pending because Defendants "previously argued that the state law claims asserted in this action should not be *heard together* with the related Fair Labor Standards Act ("FLSA") claims" is entirely without merit. (Plaintiffs' Memorandum Of Points And Authorities In Opposition To Defendant's Motion To Transfer ("Plaintiffs' Memo") 1:11-13 citing

DEFENDANTS' REPLY RE MOTION TO TRANSFER
Case No.: 3:08-CV-01190 SI

2

to Defendants' motion and brief filed in the case of *Prise I*, Docket Nos. 111 -112.) (Emphasis added.)  Plaintiffs have completely misstated and misrepresented Defendants' prior argument they made in the *Prise I* action.  Even a cursory review of the Defendants' brief relied upon by the Plaintiffs reveal that Defendants only argued that Plaintiffs legally "could not maintain a Rule 23 opt-out action *in the same litigation* as an FLSA §16(b) opt-in collective action." (Emphasis added.)  (*Prise I* Docket No. 111, p. 14.)  Defendants never previously argued that one judge should not be assigned to hear the separate but related actions based upon state and federal law.

Further, Defendants have never argued to have the state law claims *joined* with the FLSA claims as erroneously argued by the Plaintiffs.  (Emphasis added.)  (Plaintiffs' Memo, 1:21.) Rather, Defendants have consistently, clearly and repeatedly stated that it is in the interests of justice that one judge be assigned to hear *both* of these indisputably related cases. They have always maintained that, for purposes of judicial economy and efficiency, and in the interests of justice, this action should be transferred to the jurisdiction where its federal court case counterpart is pending, even though it would not be appropriate to consolidate it with that case. Defendants have always maintained that both the related state and federal cases should proceed before a single judge who is familiar with the posture and background of each case, rather than have the cases proceed on parallel tracks in different jurisdictions and heard by different judges.  Defendants even re-stated their position in the first page of their motion to transfer. (Memorandum of Points and Authorities in Support of Defendants' Motion to Transfer ("Defendants' Memo"), Docket No. 1:25-18, fn 1.)

Likewise, it is also undisputed that Judge Conti ruled that it would clearly be too confusing to have both the state law and federal claims litigated against the Defendants *in the same action.* (RJN, Exhibit C, Transcript of Nov. 15, 2007 Hearing ("Nov. 15 Tr.")  19:15-20;1, 21:12-19, 21:25-22:8.)  Contrary to Plaintiffs' specious arguments, she never ruled that it would be improper for her (or one judge) to hear both the separately filed but related actions based upon the state and federal law.   In fact, had the Plaintiffs filed the two separate state law actions with the Pennsylvania court as they represented to Judge Conti that they were going to do (RJN  Exhibit C, 24:5-11.), there is no doubt that they would have been assigned to her based upon their being related to the federal claims pending before her in the *Prise I* case.  Indeed, Judge Conti discussed

DEFENDANTS' REPLY RE MOTION TO TRANSFER
Case No.:  3:08-CV-01190 SI

3

1    trying to "achieve some efficiencies and economics in terms of doing discovery" by consolidating

2    the discovery of these "separate" and "discreet" state law cases with the *Prise I* case. (RJN Exhibit

3    C, 23:13-24.)

4         Defendants also have never sought to have this Court compel a sister court (i.e., Judge

5    Conti) to change her prior holding that the state law claims should not be heard in the same action

6    with the federal claims as erroneously contended by Plaintiffs.  To the contrary, Defendants'

7    motions to transfer are consistent with and in support of Judge Conti's prior ruling that the state

8    and federal claims should not heard in the same action.  Consequently,  Plaintiffs' argument that

9    transferring this case is contrary to any of Judge Conti's prior rulings, or is in any way compelling

10   her to change her prior rulings, is completely false and misleading at best.

11
         **IV.    PLAINTIFFS INCORRECTLY STATE THE LEGAL STANDARD USED**
12            **TO DETERMINE WHETHER TO TRANSFER A NATIONWIDE CLASS**
              **ACTION WHERE THEY HAVE ENGAGED IN BLATANT  FORUM**
13            **SHOPPING**

14        Plaintiffs completely ignored this court's prior opinions in *Italian Colors Restaurant v.*

15   *American Express Company*, 2003 WL 22682482 (N.D.Cal.)   and     *Alexander v. Franklin*

16   *Resources Inc.*, 2007 WL 518859 (N.D. Cal.) cited in Defendants' moving papers.  They properly

17   held that the plaintiffs' choice of forum is less significant where the they purport to represent a

18   nationwide class, and that the Ninth Circuit has established that the courts should completely

19   disregard the plaintiffs' forum choice where the suit is a result of their forum-shopping. (*Italian*

20   *Colors Restaurant Colors, supra,* at *3-*4; *Alexander, supra,* at p. *3.)  Plaintiffs also completely

21   ignored the cases cited by Defendants which held the "accidental residence" of the named plaintiff

22   in class actions may be discounted in weighing the transfer factors (*IBJ Schroder Bank & Trust Co.*

23   *v. Mellon Bank*, 730 F.Supp. 1278, 1282 (SD NY 1990); that the "plaintiffs' home forum is

24   irrelevant" in class actions (*Boyd v. Snyder,* 44 F.Supp.2d 966, 969  (ND IL 1999); and that

25   plaintiffs' choice of forum is less significant and deserves little weight or deference where they

26   propose to represent a nationwide class. (*Berenson v. National Fin'l Services, LLC,* 319 F.Supp.2d

27

28

DEFENDANTS' REPLY RE MOTION TO TRANSFER                                          4
Case No.:  3:08-CV-01190 SI

1    1, 2-4.)[1]    Instead, Plaintiffs erroneously rely upon several cases that generally set forth the law

2    concerning the transfer of non-class actions.  They further rely upon several decisions concerning

3    class action cases that are not applicable to nationwide class actions, and that are clearly

4    distinguishable from the present case in that none of them involved the blatant forum shopping

5    Plaintiffs have undertaken in this action.  Consequently, the proper legal standard to be applied in

6    this case is that the Plaintiffs' choice of this venue is irrelevant, should be disregarded, and does

7    not deserve and should not be given any weight or deference.

8         Further, Plaintiffs' reliance upon *Parrish v. Nat'l Football League Players, Inc.* (2007 WL

9    1624601, (N.D. Cal. June 4, 2007) is misplaced.  This case is clearly distinguishable because it did

10   not involve the blatant forum shopping engaged by the Plaintiffs in this action.  Further, the named

11   plaintiffs as purported class representatives in both the state law actions of *Helm* and *Bryant II*, and

12   in their federal law counterpart actions of *Prise I* and *Stickle,* will bear the identical degree of

13   responsibility in representing the class consistent with the holding of *Parrish*, *supra*.  For example,

14   the named plaintiffs in this action include James Stickle, Claude Bryant, Frank Acuna, Joseph

15   Biernacki, Eleanor Riggo, to name just a few, who are also named as plaintiffs in the *Stickle* action

16   where this action is sought to be transferred.  (RJN Exhibit G.)  Similarly, the named plaintiffs of

17   Deborah Prise and Heather Rady in the *Helm* action are also named as plaintiffs in the

18   Pennsylvania FLSA *Prise I* case where the *Helm* action is sought to be transferred. (RJN Exhibit

19   E.)  They also were all named as plaintiffs in the Plaintiffs' Proposed First Amended Complaint

20   asserting the present state law claims that Plaintiffs sought to file in the *Prise I* action. (RJN

21   Exhibit F.)  Consequently, they all would have the same burdens as class representatives despite

22   this case being transferred.

23        Plaintiffs' Opposition Brief further completely ignores their previous admissions in their

24   pleadings that the operative facts upon which their state law actions are based also occurred in

25   Pennsylvania and Arizona.  They apparently forgot that they initially sought to file both state law

26   _____

27   [1] The fact that *Berenson* stated it was not prepared to conclude that under the facts before it that the
     plaintiffs choice of forum was irrelevant in that class action does not in any way undermine its
28   restatement of the well-established law that a plaintiff's choice of forum is less significant and
     deserves little weight or deference where they propose to represent a nationwide class.

DEFENDANTS' REPLY RE MOTION TO TRANSFER                                          5
Case No.:  3:08-CV-01190 SI

1    actions (i.e. *Bryant II* and *Helm*) in the *Prise I* case. It is indisputable that they are asserting the

2    same wage and hour violations based upon state and federal law alleged in their Proposed First

3    Amended Complaint they sought to be filed in the *Prise I* action, but which they have now filed as

4    separate actions in separate jurisdictions. Such admissions support the transfer of this action to the

5    jurisdiction where its related federal court counterpart is pending.

6    
7    **V.    PLAINTIFFS' CONTACTS WITH AND CHOICE OF THIS VENUE ARE IRRELEVANT, SHOULD BE DISREGARDED, AND DO NOT DESERVE AND SHOULD NOT BE GIVEN ANY WEIGHT OR DEFERENCE**

8    As demonstrated in Defendants' moving papers, Plaintiffs' contacts with and choice of

9    forum in this district are in fact irrelevant, should be disregarded, and do not deserve and should

10   not be given any weight or deference because of their filing a nationwide class action and blatant

11   forum shopping. (Defendants' Memo 11:1-12:5.)

12   Plaintiffs, in seeking to disavow their blatant forum shopping, have contrived after-the-fact

13   justifications in trying to explain why they chose to file the state law actions in California and

14   Arizona, instead of Pennsylvania. Such purported justifications simply defy logic and common

15   sense. They are also contrary to their prior actions. Plaintiffs' claim that they decided to file in

16   California and Arizona because those states have far more employees and locations is refuted by

17   their prior efforts to file their state law claims as part of the *Prise I* action in Pennsylvania. Their

18   claim is also refuted by their prior statements to Judge Conti that they were going to re-file the

19   state law claims as two separate actions with her court. Further, Plaintiffs' argument that they filed

20   this present state law action in California because of the substantial number of employees and

21   facilities is belied by the fact that they filed a separate action in Arizona based upon federal law.

22   Why would Plaintiffs file the action in Arizona if they truly believed California was the best place

23   to file any actions against the Defendants because it has far more locations and employees than any

24   place else, including Arizona? Clearly, Plaintiffs' claimed justifications simply do not make sense

25   because they are untrue.

26   ////

27   
28   

DEFENDANTS' REPLY RE MOTION TO TRANSFER                                    6
Case No.: 3:08-CV-01190 SI

**VI.  PLAINTIFFS' ARGUMENT THAT DEFENDANTS' PENDING MOTIONS TO DISMISS IN *STICKLE* WEIGHS AGAINST TRANSFER IS ENTIRELY WITHOUT MERIT**

Plaintiffs' argument that Defendants' pending motions to dismiss in *Stickle* weighs against transfer is entirely without merit, and is based upon rank speculation and conjecture.  Their argument assumes that all of the motions to dismiss will be granted.  Although Defendants believe that all of their motions should be granted, the *Stickle* court has yet to rule on them.  The denial of any of them would fatally defeat Plaintiffs' speculative argument.  Moreover, Plaintiffs failed to inform the Court that many of the same motions to dismiss filed in *Stickle*, including those based upon the lack of personal jurisdiction that have been filed by some (but not all) of the Defendants, were previously filed in this action.  (Docket Nos. 6-8, and 9-20.)  Those motions were taken off calendar and will be re-filed should this Court decide not to transfer this action. (Docket No. 49.)  Consequently, Plaintiffs' argument concerning the Defendants' pending motions to dismiss in *Stickle* is merely a red herring that does not play any role regarding the transfer this action.

**VII.  THE CONVENIENCE OF THE PARTIES AND WITNESS FACTORS ARE EITHER NEUTRAL OR HAVE VERY LITTLE, IF ANY, WEIGHT**

Defendants demonstrated in their moving papers that the factors concerning the convenience of the parties and witnesses are either neutral or have very little, if any, weight. (Defendants' Memo 12:6-24.)  In response, Plaintiffs argue that the "public interest" weighs against transfer based upon there being more employees and locations in California.  However, as demonstrated, *supra*, Plaintiffs' contacts with this forum are simply irrelevant, disregarded, and not given any weight because of their blatant forum shopping and this being a nationwide class action.

Further, Plaintiffs concede, as they must, that the federal and state law claims alleged in both this action and in *Stickle* are based upon the same factual predicates, allegations and issues.  Such an argument weighs in favor, not against, transferring this case.  Contrary to Plaintiffs' argument, there is substantial risk of inconsistent *factual* adjudications.  For example, Plaintiffs will have two opportunities (one in this case and the other in the *Stickle* case) of presenting essentially the same evidence as to the extent of their meal or rest period violations that may result in inconsistent factual determinations and potential double recovery.  Having one judge assigned to

DEFENDANTS' REPLY RE MOTION TO TRANSFER                                          7
Case No.:  3:08-CV-01190 SI

1   hear both separate but related cases should substantially mitigate, if not eliminate, such

2   inconsistent factual determinations and double recovery.

3         Plaintiffs are also clearly wrong that the cases cited by Defendants are distinguishable

4   because the plaintiffs in this case and in the *Stickle* case are different.   Many of the named

5   plaintiffs in both cases are the same.  The class definitions for both cases are also the same.  Both

6   the Amended Complaint in this action and the Complaint in the *Stickle* action allege that the class

7   members of both actions "include all employees who worked at all SCI funeral locations"

8   (Amended Complaint, ¶ 13;  RJN, Exhibit G, *Stickle* Complaint, ¶ 16.).   It further must be noted

9   that this action alleging violation of state law is admittedly the counterpart to the *Stickle* action

10  alleging violation of federal law, both of which are based upon the same factual wage and hour

11  violations.   Consequently, judicial economy, and the convenience of the court, parties and

12  witnesses, would clearly be served by having both related state law and federal law actions pending

13  in the same jurisdiction and heard by the same court.

## VIII.   THE INTEREST OF JUSTICE FACTOR, THE MOST SIGNIFICANT CRITERION FOR DECIDING A MOTION TO TRANSFER, WEIGHS STRONGLY IN FAVOR OF TRANSFERRING THIS ACTION

16        Defendants demonstrated in their moving papers that the interest of justice factor, the most

17  at significant criterion for deciding a motion a transfer, weighs strongly in favor of transferring this

18  action. (Defendants' Memo 13:1-14:11.)  In response, Plaintiffs' erroneously argue that this action

19  is a "local controversy" that should remain in California.  Plaintiffs' argument is totally refuted by

20  the fact that they filed a nationwide class action lawsuit consisting of the laws of 33 other state and

21  territory jurisdictions.  This action simply is not a "local controversy" that is "localized" or limited

22  to the state of California.   The law of the state of California and 33 other states and territories will

23  a purportedly be applied to this action. As Defendants demonstrated in their moving papers,

24  although the California court may be familiar with its own state laws and applicable federal law, it

25  is doubtful that it will be familiar with the 33 other states and territories wage and hour laws to be

26  applied to this action.   Such a daunting task, assuming such an unmanageable class can be

27  certified, would undoubtedly consume a substantial amount of time and effort.  Imposing such a

28

DEFENDANTS' REPLY RE MOTION TO TRANSFER                                                          8
Case No.:  3:08-CV-01190 SI

1    burden upon two judges in two separate judicial jurisdictions in duplicating the same

2    overwhelming amount of work clearly would not be an efficient use of judicial resources.

3    **IX.    CONCLUSION**

4        For all of the forgoing reasons, this court should transfer venue of this action to the Phoenix

5    Division of the Arizona District Court where the *Stickle* action is pending.

6

7    Dated:  July 11, 2008.                    GURNEE & DANIELS LLP

8

9                                 By _____

10                                       STEVEN H. GURNEE, ESQ.

11                                       DAVID M. DANIELS, ESQ.
                                      NICHOLAS P. FORESTIERE, ESQ.

12                                       Attorneys for Defendants

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28