STEVEN H. GURNEE, ESQ. SB# 66056
DAVID M. DANIELS, ESQ. SB# 170315
NICHOLAS P. FORESTIERE, ESQ. SB#125118
GURNEE & DANIELS LLP
2240 Douglas Boulevard, Suite 150
Roseville, CA 95661-3805
Telephone    (916) 797-3100
Facsimile    (916) 797-3131

Attorneys for Defendants

SERVICE CORPORATION INTERNATIONAL,
SCI FUNERAL AND CEMETERY PURCHASING
COOPERATIVE, INC., SCI EASTERN MARKET
SUPPORT CENTER, L.P. SCI WESTERN
MARKET SUPPORT CENTER, L.P., SCI
HOUSTON MARKET SUPPORT CENTER, L.P.,
JANE D. JONES, GWEN PETTEWAY, THOMAS
RYAN and CURTIS BRIGGS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE BRYANT, et al., on behalf of themselves and all other employees and former employees similarly situated,<br><br>        Plaintiffs,<br>vs.<br><br>SERVICE CORPORATION INTERNATIONAL et al.<br><br>        Defendants. | CASE NO. 3:08-CV-01190 SI<br><br>**FIRST JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  July 25, 2008<br>Time:  2:00 p.m.<br>Dept.:  10<br>Judge:  The Honorable Susan Illston |

    The parties hereby file this Joint Case Management Statement pursuant to Civil Local rule 16-9:

///

**FIRST JOINT CASE MANAGEMENT STATEMENT**                                                                                     1
**CASE NO.: 3:08-CV-01190 SI**

1. **JURISDICTION and SERVICE**

This Court determined, pursuant to its May 7, 2008 order denying Plaintiffs' motion to remand (Docket No. 56.), that it has subject matter jurisdiction over Plaintiffs' nationwide class action lawsuit alleging various wage and hour violations of the laws of 34 states and territories based upon the Class Action Fairness Act ("CAFA"). All of the Defendants have been served. Defendants Service Corporation International, SCI Eastern Market Support Center, L.P, SCI Houston Market Support Center, L.P., Jane D. Jones, Gwen Petteway, Thomas Ryan and Curtis Briggs previously filed a motion to dismiss based upon the lack of personal jurisdiction. (Docket Nos. 9-20.) Pursuant to the Court's April 15, 2008 order (Docket No. 49.), this motion was taken off calendar and will be re-filed after the Court rules on the Defendants' pending motion to transfer that is set for hearing at 9:00 a.m. on July 25, 2008. (Docket Nos. 57-59.)

2. **FACTS**

On December 5, 2007, Plaintiffs Claude Bryant, Joseph Biernacki, Gordon Farmer, Rhealyn Holland, James Stickle, Eleanor Riggio, Frank Acuna, Richard LaMasters, Kenneth Allen, Craig Fulcher, Sanford Levine and Thomas Thompson filed this action on behalf of themselves and other employees similarly situated ("Plaintiffs") in the Alameda County Superior Court. The Defendants Service Corporation International, SCI Eastern Market Support Center, L.P, SCI Houston Market Support Center, L.P., SCI Funeral and Cemetery Purchasing Cooperative, Inc., L.P., SCI Western Market Support Center, Jane D. Jones, Gwen Petteway, Thomas Ryan and Curtis Briggs ("Defendants") subsequently removed the action to this court (hereinafter referred to as "*Bryant II*".). The Plaintiffs' Amended Complaint alleges that Service Corporation International, certain SCI subsidiaries, and certain employees of those subsidiaries violated the laws of California and 33 other states and territories by failing to pay overtime to employees for certain types of off-the-clock work allegedly performed while on call, community service work, time spent taking various types of training, work allegedly performed during meal breaks, overtime that was not pre-approved, appointments that went beyond employees' scheduled hours, and unrecorded work. Plaintiffs also allege that Defendants failed to include all remuneration in their employees' overtime calculations.

FIRST JOINT CASE MANAGEMENT STATEMENT                                                                                   2
CASE NO.: 3:08-CV-01190 SI

Plaintiffs seek compensatory damages and penalties under the various states' laws, and also bring claims for conversion, fraud and deceit, misrepresentation, breach of contract, quantum meruit, and other theories.

Although the Defendants have yet to file their answer, they dispute and deny all of Plaintiffs' allegations and alleged violations, and further dispute and deny that the Plaintiffs have suffered any damages or are entitled to any relief sought in their Amended Complaint.

3. **LEGAL ISSUES**

Although some of the legal issues raised in this action could be identified at this time, the parties have agreed to provide a more detailed analysis after the Court rules on Defendants' motion to transfer. Defendants further contend that it is premature to do so until after the Court rules on their motions to dismiss, strike, and stay in the event that the Court denies their motion to transfer. Plaintiffs contend that a revised statement should be submitted fifteen (15) days following the Court's ruling on the motion for transfer. Defendants will re-file their motions either in this Court if the case is not transferred, or in the transferee court. Defendants contend that their motions will substantially affect the number of parties and claims that may remain in this action, and whether this action can proceed as a class action. They further contend that the resolution of the issues raised in their motions will substantially affect how this case will proceed, and the information that is to be included in the parties' disclosure statements and the joint status conference statements.

4. **MOTIONS**

The following substantive motions[1] have been filed in this action:

    a.    Plaintiffs filed a Motion to Remand (Docket Nos. 34-35.) The motion was denied on May 7, 2008 (Docket No. 56.).

    b.    Defendants Service Corporation International, SCI Eastern Market Support Center, L.P., SCI Houston Market Support Center, L.P., Jane D. Jones, Gwen Petteway, Thomas Ryan and Curtis Briggs previously filed a Rule 12(b)(2) Motion to Dismiss based upon the lack of personal jurisdiction over them, and alternatively A Motion to Dismiss for failure to state a claim

---

[1] The several administrative motions that have been filed are not included.

**FIRST JOINT CASE MANAGEMENT STATEMENT**    3
**CASE NO.: 3:08-CV-01190 SI**

against them pursuant to Rule 12(b)(6). (Docket Nos. 9-20.) These motions were taken off calendar by the Court's April 15, 2008 order. (Docket No. 49.) They will be re-filed after the Court rules on the Defendants' pending motion to transfer that is set for hearing on July 25, 2008. (Docket Nos. 57-59.)

      c.      Defendants SCI Funeral and Cemetery Purchasing Cooperative, Inc., L.P. and SCI Western Market Support Center filed Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim, and a Motion to Strike the class action allegations pursuant to Rule 12(f). (Docket Nos. 6-8.) These motions were taken off calendar by the Court's April 15, 2008 order (Docket No. 49.). They will be re-filed after the Court rules on the Defendants' pending motion to transfer that is set for hearing on July 25, 2008. (Docket Nos. 57-59.)

      d.      Defendant Service Corporation International filed a Motion For Stay Of This Action And Award Of Attorney Fees And Costs Pursuant To Rule 41(d). (Docket Nos. 21-24.) This motion was taken off calendar by the Court's April 15, 2008 order. (Docket No. 49.) The motion will be re-filed after the Court rules on the Defendants' pending motion to transfer that is set for hearing on July 25, 2008. (Docket Nos. 57-59.)

      e.      The Defendants filed a Motion to Transfer this action to the United States District Court for the Phoenix Division of Arizona where the action of *Stickle et al. v. SCI Western Market Support Center, L.P. et al.*, Case No. 08-CV-83 ("*Stickle*") is pending. The hearing on the motion is set for Friday, July 25, 2008 at 9:00 a.m. (Docket Nos. 57-59.)

      e.      Plaintiffs will file a motion for class certification.

      f.      The parties anticipate filing summary judgment/adjudication motions.

      g.      Although premature at this time, the parties anticipate that there may be discovery motions.

      h.      Although premature at this time, the parties anticipate that there may be motions in limine and trial motions.

**5.**      **AMENDMENT OF PLEADINGS**

It is premature at this time to determine whether there will be any amendments to the

pleadings until after the Court rules on the Defendants' motion to transfer, and until after the Court rules on their motions to dismiss, strike, and stay in the event that the court denies their motion to transfer. Plaintiffs may seek to amend their Amended Complaint based upon the ruling on the Defendants' motions. Defendants also have yet to file an answer.

### 6. EVIDENCE PRESERVATION

The parties have taken steps to preserve evidence relevant to the issues reasonably evident in this action.

### 7. DISCLOSURES

Counsel for the parties held their Rule 26(f) conference on July 3, 2008 and July 17, 2008. Pursuant to Rule 26(a)(1)(A), they stipulated to delay serving the initial disclosure statements sometime until after the Court rules on Defendants' pending motion to transfer. Defendants further contend that the initial disclosure statements should not be served until after the Court rules on their motions to dismiss, strike, and stay in the event that the Court denies their motion to transfer. Defendants proposed that parties' initial disclosure statements be served at least thirty (30) days after their file their answer. Plaintiffs contend that initial disclosure statements should be served fifteen (15) days following the Court's ruling on the motion for transfer.

### 8. DISCOVERY

No discovery has taken place to date. The parties believe that it is premature at this to time discuss or propose the scope of discovery, proposed limitations or modifications of the discovery rules, or a discovery plan, until after the Court rules on the Defendants' motion to transfer. Defendants further contend that it would be premature to discuss and propose a discovery plan until after the Court rules on their motions to dismiss, strike, and stay in the event that the Court denies their motion to transfer. Plaintiffs contend it would be appropriate to do so fifteen (15) days following the Court's ruling on the motion for transfer.

### 9. CLASS ACTIONS

It is premature at this to time discuss or propose how or when a class will be certified until after the Court rules on the Defendants' motion to transfer. Defendants further contend that it would be premature to do so until after the Court rules on their motions to dismiss, strike, and stay

FIRST JOINT CASE MANAGEMENT STATEMENT    5
CASE NO.: 3:08-CV-01190 SI

in the event that the Court denies their motion to transfer. Plaintiffs contend it would be appropriate to do so fifteen (15) days following the Court's ruling on the motion for transfer.

**10. RELATED CASES**

Previously, the parties filed a joint statement as to this action as well as certain other actions filed in this Court, and in the Pennsylvania and Arizona district courts. (Joint Response To Order To Show Cause (Docket No. 41.) The parties' respective positions regarding those cases and the extent to which they are or are not related are fully set out in that joint response. The other cases discussed in that joint response include: *Prise et al v. Alderwoods Group Inc., et al* (WDPA Case No. 06-1641) ("*Prise*") filed in the U.S. District Court for the Western District of Pennsylvania; *Helm, et al. v. Alderwoods Group, Inc., et al.*, (N.D. Cal. Case No. 08-cv-1184-SI) filed in this court ("*Helm*"); and *Stickle, et al. v. SCI Market Support Center, LP, et al.*, (D. Ariz. Case No. 08-cv-83-MHM) ("*Stickle*") filed in the Phoenix Division of the U.S. District Court for the District of Arizona. These nationwide class action cases each assert violations of wage and hour violations, although they differ with respect to the class of employees asserting claims, they differ with respect to whether the asserted claims arise under State or Federal law, and they differ with respect to the defendants named.

**11. RELIEF**

Plaintiffs seek an order preliminarily and permanently restraining defendants from engaging in the alleged pay violations. Further, Plaintiffs seek to recover all unpaid wages denied them because of Defendants' policies, as well as liquidated damages, punitive damages, and penalties as provided by law. Plaintiffs are entitled to an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating class members' rights, as well as any other damages to which they are entitled under the laws alleged. It is premature to estimate the total amount of damages at this time.

**12. SETTLEMENT and ADR**

At the present time, no settlement discussions have occurred. The parties have filed a joint request to extend the ADR Compliance Deadline.

**13. CONSENT TO MAGISTRATE JUDGE JURISDICTION**

FIRST JOINT CASE MANAGEMENT STATEMENT
CASE NO.: 3:08-CV-01190 SI

6

The parties do not consent to have a magistrate judge conduct any further proceedings including trial and entry of judgment.

### 14. OTHER REFERENCES

The parties do not believe the case is suitable for reference to binding arbitration, a special master or multidistrict litigation.

### 15. NARROWING OF ISSUES

It is premature at this to time discuss or propose how to narrow any issues until after the Court rules on the Defendants' motion to transfer. Defendants further contend that it would be premature to do so until after the Court rules on their motions to dismiss, strike, and stay in the event that the Court denies their motion to transfer. Plaintiffs contend it would be appropriate to do so fifteen (15) days following the Court's ruling on the motion for transfer.

### 16. EXPEDITED SCHEDULE

It is premature at this time to discuss or determine whether this case can or should be expedited, until after the Court rules on the Defendants' motion to transfer. Defendants further contend that it would be premature to do so until after the Court rules on their motions to dismiss, strike, and stay in the event that the Court denies their motion to transfer. Plaintiffs contend it would be appropriate to do so fifteen (15) days following the Court's ruling on the motion for transfer.

### 17. SCHEDULING

It is premature at this time to propose dates for the designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial until at least after the Court rules on the Defendants' motion to transfer. Should the Court grant Defendants' motion, then the transferee court should then take up all matters concerning further proceedings and scheduling concerning this case. Should the Court deny Defendants' motion, then the Court should schedule another status conference and set a deadline for Defendants to re-file their motions. Defendants contend that a second status conference should be scheduled at least thirty (30) days after the Court rules on their motions to dismiss, strike, and stay in the event that the Court denies their motion to transfer.

Plaintiffs contend it would be appropriate to do so fifteen (15) days following the Court's ruling on the motion for transfer.

18. **TRIAL**

Plaintiffs have demanded a jury trial. It is premature to estimate the expected length of the trial.

19. **DISCLOSURE of NON-PARTY INTERESTED ENTITIES or PERSONS**

Other than the parties, including the putative class members, the parties are not aware at this time of any other person, firm, partnership or corporation with a financial interest in the subject matter in controversy or in a party to the proceeding or any other kind of interest that could be

//
//
//
//
//
//
//
//
//
//
//
//
//
//

substantially affected by the outcome of this proceeding.

Dated: July 17, 2008

Respectfully submitted,

| | |
|---|---|
| By: /s/ Annette Gifford<br>J. Nelson Thomas (*pro hac vice*)<br>Patrick J. Solomon (*pro hac vice*)<br>Annette Gifford (*pro hac vice*)<br>Dolin, Thomas & Solomon LLP<br>693 East Avenue<br>Rochester, NY 14607<br>Telephone: 585-272-0540<br>Facsimile: 585-272-0574<br><br>Sanford Jay Rosen<br>Maria V. Morris<br>Lori E. Rifkin<br>ROSEN BIEN & GALVAN, LLP<br>315 Montgomery Street, 10th Floor<br>San Francisco, CA 94104<br>Telephone: 415-433-6830<br>Facsimile: 415-433-7104<br><br>Additional Attorneys for Plaintiffs, who will submit applications for admission *pro hac vice*:<br><br>Charles H. Saul<br>Liberty J. Weyandt<br>Kyle T. McGee.<br>MARGOLIS EDELSTEIN<br>525 William Penn Place<br>Suite 3300<br>Pittsburgh, PA 15219<br>Telephone: 412-281-4256<br>Facsimile: 412-642-2380<br><br>Counsel for Plaintiffs | By: /s/ Nicholas P. Forestiere<br>Steven H. Gurnee<br>David M. Daniels<br>John A. Mason<br>Nicholas P. Forestiere<br>GURNEE & DANIELS LLP<br>2240 Douglas Blvd, Suite 150<br>Roseville, CA 95648<br>Telephone: 916-797-3100<br>Facsimile: 916-797-3131<br><br>Counsel for Defendants |

**FIRST JOINT CASE MANAGEMENT STATEMENT**  9
**CASE NO.: 3:08-CV-01190 SI**