1  Sanford Jay Rosen, State Bar No. 62566
   Maria V. Morris, State Bar No. 223903
2  Lori E. Rifkin, State Bar No. 244081
   ROSEN, BIEN & GALVAN, LLP
3  315 Montgomery Street, Tenth Floor
   San Francisco, CA 94104
4  Telephone: (415) 433-6830
   Facsimile:  (415) 433-7104
5  srosen@rbg-law.com

6  [Additional Counsel Listed on Signature Page]

7  Attorneys for Plaintiffs

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO/OAKLAND DIVISION

11

12  WILLIAM HELM, et al.,                 )  Case Nos. CV 08-1184-SI and
                                          )  CV 08-1190-SI
13                        Plaintiffs,     )
                                          )  **PLAINTIFFS' CONSOLIDATED**
14                                        )  **SUPPLEMENT TO JOINT CASE**
    v.                                    )  **MANAGEMENT STATEMENT**
15                                        )
    ALDERWOODS GROUP, INC., et al.,       )
16                                        )
                                          )
17                        Defendants.     )
    _____ )
18                                        )
    CLAUDE BRYANT, et al.,                )
19                                        )
                                          )
20                        Plaintiffs,     )
                                          )
21  v.                                    )
                                          )
22                                        )
    SERVICE CORPORATION                   )
23  INTERNATIONAL, et al.,                )
                                          )
24                                        )
                          Defendants.     )
25                                        )
    _____ )
26

27

28

PLAINTIFFS' CONSOLIDATED SUPPLEMENT TO JOINT CASE MANAGEMENT STATEMENT
                                    Case Nos. CV 08-1184-SI and CV 08-1190-SI

1    Additional Attorneys for Plaintiffs, who are
     admitted *pro hac vice*:

2    J. Nelson Thomas, NY Attorney No. 2579159
     Patrick J. Solomon, NY Attorney No. 2716660
3    Annette Gifford, NY Attorney No. 4105870
     DOLIN, THOMAS & SOLOMON LLP
4    693 East Avenue
     Rochester, NY 14607
5    Telephone: (585) 272-0540
     Facsimile:  (585) 272-0574
6    nthomas@theemploymentattorneys.com

7    Additional Attorneys for Plaintiffs, who will
     submit applications for admission *pro hac vice*:

8

9    Charles H. Saul, PA State Bar No.19938
     Liberty J. Weyandt, PA State Bar No. 87654
10   Kyle T. McGee, PA State Bar No. 205661
     MARGOLIS EDELSTEIN
11   525 William Penn Place
     Suite 3300
12   Pittsburgh, PA 15219
     Telephone: (412) 281-4256
13   Facsimile: (412) 642-2380
     csaul@margolisedelstein.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' CONSOLIDATED SUPPLEMENT TO JOINT CASE MANAGEMENT STATEMENT
                                    Case Nos. CV 08-1184-SI and CV 08-1190-SI

1     On July 17, 2008, while defendants' motion to transfer these cases was pending,

2    the parties filed their Joint Case Management Statement.  (*Helm* Docket No. 88; *Bryant*

3    Docket No. 73)  Subsequently, on July 22, 2008, the Court entered a Consolidated Order

4    denying defendants' motions to transfer and determining that both cases will remain

5    before this Court.  (*Helm* Docket No. 89; *Bryant* Docket No. 74)  In light of that ruling

6    and the corresponding change in the posture of this case, the parties attempted to meet

7    and confer by telephone but were unable to arrange a time to do so prior to the scheduled

8    Case Management Conference.  Plaintiffs submit this supplement to their position as set

9    out in the Joint Case Management Statement.

10     In the Joint Case Management Statement, plaintiffs argued these cases should

11    move forward promptly upon this Court's ruling regarding the transfer motions, while

12    defendants argued all matters should be further delayed until after a ruling on defendants'

13    anticipated re-filing of various motions to dismiss.

14     Defendants' motions to dismiss, previously filed in these cases, were withdrawn

15    pending this Court's remand and transfer rulings.  (*See* Order, *Helm* Docket No. 63;

16    *Bryant* Docket No. 49)  In those motions, defendants raised numerous issues, including

17    their arguments that:

18     • plaintiffs' class allegations should be dismissed;

19     • this Court lacks personal jurisdiction over some or all defendants; and

20     • defendants' 12(b)(6) arguments are supported by their evidentiary submissions.

21     Each of those three arguments advanced by defendants raise disputed factual

22    issues, and plaintiffs submit that discovery on each of those issues should proceed

23    immediately.  Moreover, plaintiffs propose that these cases may proceed most efficiently

24    and effectively if the parties first engage in a limited 60-day period of discovery

25    regarding these issues, which would provide the Court and the parties a more fulsome

26    record upon which to evaluate defendants' arguments.  Following such limited discovery,

27

PLAINTIFFS' CONSOLIDATED SUPPLEMENT TO JOINT CASE MANAGEMENT STATEMENT
                        - 1 -      Case Nos. CV 08-1184-SI and CV 08-1190-SI

1    defendants would file any motions to dismiss they continued to believe appropriate at that

2    time.

3    　　　　Case law in this Circuit and others requires discovery to proceed regarding each of

4    the three issues raised by defendants before any decision may be reached on those

5    arguments.

6    　　　　Courts have consistently ruled that defendants may not properly raise the propriety

7    of class allegations pursuant to Rule 23(a) or (b) prior to discovery, particularly where, as

8    here, defendants have not even answered the complaint.  For example, in *In re Wal-Mart*

9    *Stores, Inc. Wage and Hour Litigation*, the court found it could not rule on the plaintiffs'

10   class action allegations, observing "plaintiffs should at least be given the opportunity to

11   make the case for certification based on appropriate discovery."  505 F. Supp. 2d 609,

12   615-16 (N.D. Cal. 2007).  *See also id*. at 615 ("the practice employed in the

13   overwhelming majority of class actions is to resolve class certification only after an

14   appropriate period of discovery) (*citing* WRIGHT, MILLER & KANE, FEDERAL PRACTICE

15   AND PROCEDURE CIVIL § 1785.3 (3d 2005)); *Krzesniak v. Cendant Corp.*, 2007 WL

16   640594 at *3 (N.D. Cal. Feb. 27, 2007) (denying defendant's motion to dismiss class

17   allegations because plaintiff "has not been afforded the opportunity to bear his burden

18   and the record before the Court is incomplete and ill-suited to the task of informing its

19   judgment"); *Baas v. Dollar Tree Stores, Inc.*, 2007 WL 2462150 at *3 (N.D. Cal. Aug.

20   29, 2007) (where "discovery has not yet commenced and Plaintiffs have not yet moved to

21   certify their class … Defendant's arguments regarding the propriety of the class

22   allegations are premature"); *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir.

23   1982) ("there can be no doubt that it is proper for a district court, prior to certification of

24   a class, to allow discovery and to conduct hearings to determine whether the prerequisites

25   of Rule 23 are satisfied"); *Abdallah v. The Coca-Cola Co.*, 1999 WL 527835 at *1 (N.D.

26   Ga. July 16, 1999) ("Defendant argues that, no matter what forms Plaintiffs' class claims

27   take, they are not maintainable in a class action.  But the shape and form of a class action

1  evolves only through the process of discovery, and it is premature to draw such a

2  conclusion before the claim has taken form").

3        Similarly, the parties should also conduct discovery prior to any ruling regarding

4  jurisdictional issues.  *See, e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351

5  n.13, 98 S.Ct. 2380, 2389 n.13 (1978) ("discovery is available to ascertain the facts

6  bearing on [jurisdictional] issues"); *De Blake v. Republic of Argentina*, 965 F.2d 699, 713

7  (9th Cir. 1992) ("the parties should be allowed to conduct discovery for the limited

8  purpose of establishing jurisdictional facts before the claims can be dismissed").

9        Finally, because defendants rely upon supporting affidavits and documentary

10  evidence for their motions to dismiss pursuant to F.R.C.P. 12(b)(6), F.R.C.P. 12(d)

11  provides that "the motion must be treated as one for summary judgment under Rule 56."

12  Here, where the parties have engaged in no discovery, plaintiffs would seek such

13  discovery pursuant to F.R.C.P. 56(f), which permits a court to, *inter alia*, "order a

14  continuance to enable affidavits to be obtained, depositions to be taken, or other

15  discovery to be undertaken."  F.R.C.P. 56(f)(2).

16        Thus, discovery is required prior to a ruling regarding each of the three issues

17  raised in defendants' motions to dismiss and identified above.  Plaintiffs submit that these

18  matters will proceed most efficiently if the parties first engage in 60 days of limited

19  discovery regarding these issues, and following such discovery defendants may re-file

20  any motions they continue to believe are appropriate at that time.  This approach would

21  permit these matters to move forward as expediently as possible, and would avoid the

22  need for a subsequent conference to establish appropriate parameters for the parties'

limited discovery.

23  //

24  //

25  //

    //

26  //

27  //

1

2

                                             Respectfully Submitted,
                                             DOLIN, THOMAS & SOLOMON LLP

3

Date: July 23, 2008                          By: /s/ Patrick J. Solomon

4

                                             Patrick J. Solomon, NY Attorney No. 2716660

5                                            J. Nelson Thomas, NY Attorney No. 2579159
                                             Annette Gifford, NY Attorney No. 4105870

6                                            693 East Avenue

7                                            Rochester, NY 14607
                                             Telephone: (585) 272-0540

8

9                                            ROSEN, BIEN & GALVAN, LLP
                                             Sanford Jay Rosen, State Bar No. 62566

10                                           Maria V. Morris, State Bar No. 223903
                                             Lori E. Rifkin, State Bar No. 244081

11                                           315 Montgomery Street, Tenth Floor

12                                           San Francisco, CA 94104
                                             Telephone: (415) 433-6830

13

14                                           MARGOLIS EDELSTEIN
                                             Charles H. Saul, PA State Bar No.19938

15                                           Liberty J. Weyandt, PA State Bar No. 87654
                                             Kyle T. McGee, PA State Bar No. 205661

16                                           525 William Penn Place, Suite 3300

17                                           Pittsburgh, PA 15219
                                             Telephone: (412) 281-4256

18
                                             Attorneys for Plaintiffs
19

20

21

22

23

24

25

26

27

PLAINTIFFS' CONSOLIDATED SUPPLEMENT TO JOINT CASE MANAGEMENT STATEMENT
                                  - 4 -      Case Nos. CV 08-1184-SI and CV 08-1190-SI