STEVEN H. GURNEE, ESQ. SB# 66056
DAVID M. DANIELS. ESQ. SB# 170315
NICHOLAS P. FORESTIERE, ESQ. SB# 125118
GURNEE & DANIELS LLP
2240 Douglas Boulevard, Suite 150
Roseville, CA  95661-3805
Telephone      (916) 797-3100
Facsimile       (916) 797-3131

Attorneys for Defendants

SCI FUNERAL AND CEMETERY PURCHASING
COOPERATIVE, INC. and SCI WESTERN
MARKET SUPPORT CENTER, L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| CLAUDE BRYANT, JOSEPH BIERNACKI, GORDON FARMER, RHEALYN HOLLAND, JAMES STICKLE, ELEANOR RIGGIO, FRANK ACCUNA, RICHARD LAMASTERS, KENNETH ALLEN, CRAIG FULCHER, SANFORD LEVINE and THOMAS THOMPSON, on behalf of themselves and all other employees and former employees similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P. SCI WESTERN MARKET SUPPORT CENTER, L.P. a/k/a SCI WESTERN MARKET SUPPORT CENTER, INC., SCI HOUSTON MARKET SUPPORT CENTER, L.P. JANE D. JONES, GWEN PETTEWAY, THOMAS RYAN and CURTIS BRIGGS,<br><br>Defendants. | Case No. C 08-1190 SI<br><br>**DEFENDANTS SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC. AND SCI WESTERN MARKET SUPPORT CENTER, L.P.'S NOTICE OF MOTION AND MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6) (FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED), FRCP 12(b)(1) (LACK OF SUBJECT MATTER JURISDICTION), FRCP 12(c) PARTIAL JUDGMENT ON THE PLEADINGS, AND TO STRIKE PORTIONS OF THE AMENDED COMPLAINT PURSUANT TO OR FRCP 12(f)**<br><br>Date:   TBD at 8/29/2008 CMC<br>Time:  TBD at 8/29/2008 CMC<br>Dept.:  10 |

DEFENDANTS' MOTION TO DISMISS AND STRIKE THE AMENDED COMPLAINT          1
Case No.:  08-1190 SI

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on a date and time to be determined at the August 29, 2008 CMC at 2:00 p.m., or as soon thereafter as the matter may be heard before the Honorable Susan Illston in Department 10 of the United States District Court, Northern District of California, San Francisco Division, located at U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, California, Defendants SCI Funeral And Cemetery Purchasing Cooperative, Inc. ("COOP") and SCI Western Market Support Center, L.P. ("Western Market Support") (hereafter collectively referred to as the "Moving Defendants") will move the Court for an order to dismiss the Amended Complaint based on Plaintiffs' failure to state a claim upon which relief can be granted (FRCP 12(b)(6).)[1] In addition, Moving Defendants will move the Court for an order dismissing and\or striking the Amended Complaint's common law and punitive damages claims, all of the claims based upon the meal, rest period and off-the-clock alleged violations and their related class action allegations, and all of the class action allegations pursuant to FRCP 12(b)(6) or FRCP 12(f). They also will move the Court for partial judgment on the pleadings pursuant to FRCP 12(c), and an order pursuant to FRCP 12(b)(1) dismissing and\or striking the Second Cause of Action for alleged violations of state laws other than California.

All of the defendants should be dismissed because they were never the "employers" of any of the Plaintiffs. The allegations in the Amended Complaint that defendants are the Plaintiffs' employers are deficient as a matter of law, and are contrary to the repeated rulings made by Judge Conti in the pending case of *Prise et al v. Alderwoods Group Inc., et al* (WDPA Case No. 06-1641.) ("*Prise I*"). Plaintiffs' common law claims alleged in the Third through Ninth Causes of action and punitive damages claim should be dismissed and stricken because they are preempted by

---

[1] Defendants respectfully suggest that before reviewing and considering the instant Motion, the Court first read the Motion to Dismiss filed by the other co-defendants in this case. That Motion provides background information and certain definitions used in this Motion.

their FLSA claims that are pending in the *Prise I, Bryant* and *Stickle* actions[2]. They also, as a matter of law, cannot be used to recover unpaid wages for any missed meal periods, missed rest periods, overtime, or any other alleged wage and hour violations for which statutory remedies already exist. The part of the claim in the First Cause of Action for failure to furnish timely and accurate wage statements should be dismissed because Plaintiffs failed to plead compliance with its pre-filing conditions and exhaustion of administrative remedies. The Court should dismiss and strike the Second Cause of Action asserting alleged violations of state law other than California because the Plaintiffs lack standing to allege such out-of-state violations. It should dismiss and strike all of the class action allegations because they fail to meet the requirements of FRCP 23. It should dismiss and strike the all of the claims and class action allegations based upon missed meal and rest periods because defendants are not required to "ensure" that they are taken; Defendants are only liable for off-the-clock work if they knew or should have known it was being performed; and because all the preceding alleged violations necessarily require a highly individualized inquiry that is not amenable to class action treatment.

This Motion will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, Defendants' Consolidated Request for Judicial Notice ("RJN"), and the pleadings, records and files in this action, the *Helm, Prise I* and *Stickle* actions, and upon such other and further evidence and argument as may be presented at the time of the hearing.

Dated:   August 8, 2008.

GURNEE & DANIELS LLP

By _____
STEVEN H. GURNEE, ESQ.
DAVID M. DANIELS, ESQ.
NICHOLAS P. FORESTIERE, ESQ.
Attorneys for Defendants

---

[2] See, *Bryant, et al. v. Alderwoods Group, Inc., and Service Corporation International, et al.*, Case No. 3:07-CV-5696-SI ("*Bryant*"), and *James Stickle et al v. SCI Western Market Support Center, L.P. et al*, U.S. District Court, District of Arizona, Phoenix Division, Case No. 08-CV-83 ("*Stickle*").

DEFENDANTS' MOTION TO DISMISS AND STRIKE THE AMENDED COMPLAINT     3
Case No.:  08-01190 SI

# TABLE OF CONTENTS

I.   ALL OF THE CLAIMS AGAINST ALL OF THE DEFENDANTS SHOULD BE DISMISSED BECAUSE THEY CONSIST OF LEGALLY INSUFFICIENT, CONCLUSORY ALLEGATIONS THAT THE DEFENDANTS WERE THE PLAINTIFFS' EMPLOYERS WHICH WERE PREVIOUSLY DETERMINED AS A MATTER OF LAW TO BE DEFICIENT ................................................................ 4

II.  PLAINTIFFS' COMMON LAW AND PUNITIVE DAMAGES CLAIMS SHOULD BE DISMISSED AND STRICKEN BECAUSE THEY ARE PREEMPTED BY THEIR FSLA CLAIMS FILED IN THE *PRISE I* AND *BRYANT I* ACTIONS AND BY THEIR STATUTORY REMEDIES .................................................................................. 6

III. PLAINTIFFS' CLAIM FOR FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS SHOULD BE DISMISSED BECAUSE THEY FAIL TO PLEAD THE REQUIRED EXHAUSTION OF ADMINISTRATIVE REMEDIES ................ 9

IV.  PLAINTIFFS' CLASS ACTION ALLEGATIONS AND CERTIFICATION REQUEST SHOULD BE DISMISSED OR STRICKEN FOR FAILURE TO SATISFY THE REQUIREMENTS OF RULE 23. ........................................................................ 10

     A.  Plaintiffs Cannot Certify A Class Under Rule 23 Because They Cannot Establish That There Are Common Issues Or That Common Issues Predominate Where The Court Would Be Required To Apply The Laws Of 47 Jurisdictions. ................................11

     B.  Plaintiffs Cannot Certify A Class Under Rule 23(b)(1) Because They Cannot Establish A Risk Of Inconsistent Judgments Nor That There Is A Limited Pool Of Funds. ......................................................................................................14

     C.  Plaintiffs Cannot Certify A Class Under Rule 23(b)(2) Because Monetary Relief Predominates Over Any Request For Injunctive Relief. ....................................15

V.   PLAINTIFFS' CLAIM FOR VIOLATIONS OF STATE WAGE AND HOUR LAWS OTHER THAN CALIFORNIA'S SHOULD BE DISMISSED AND STRICKEN BECAUSE PLAINTIFFS LACK STANDING TO BRING SUCH CLAIMS ........................ 16

     A.  Plaintiffs Cannot Satisfy Constitutional Standing Requirements. ...........................17

     B.  Plaintiffs Cannot Satisfy Prudential Standing Requirements. ...................................20

     C.  Plaintiffs Cannot Avoid Dismissal By Attempting To Assert Class Claims. ...........21

VI.  ALL OF PLAINTIFFS' CLAIMS AND CLASS ACTION ALLEGATIONS BASED UPON MISSED MEAL PERIODS, MISSED REST PERIODS, AND "OFF-THE-CLOCK" WORK SHOULD BE DISMISSED AND STRICKEN .......................................... 22

VII. CONCLUSION ............................................................................................................ 24

1

TABLE OF AUTHORITIES

2

**Cases**

3

., *Sampath v. Concurrent Techs. Corp.*, No. 03-264J, 2006 U.S. Dist. LEXIS 25907,

4

    at *5 n.2 (W.D. Pa. May 3, 2006) ...............…............................................... 17

5

*Alexander v. Vesta Ins. Group, Inc.*, 147 F. Supp. 2d 1223, 1240-41 (N.D. Ala.

6

    2001)...........................................................…................................................... 7

7

*Allee v. Medrano*, 416 U.S. 802, 828-29 (1974)............................................... 21

8

*Allison v. Citgo Pet. Corp.*, 151 F.3d 402, 411 (5th Cir. 1998) ...................... 15, 16

9

*Asahi Metal Indus. Co., Ltd. v. Sup. Court*, 480 U.S. 102, 108-09 (1987) ........... 19

10

*Barnes v. Burger King Corp.*, 932 F. Supp. 1441, 1443 (S.D. Fla. 1996).............. 18

11

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) ................…. 4, 6

12

*Brinker Restaurant Corp., et al. v. Superior Court of San Diego,* 2008 WL 2806613

13

    (Cal.App. 4th District 2008.) ...................…............................................. 22, 23

14

*Brown v. Federal Express Corp.*, 249 F.R.D. 580, 586-588 (C.D.Cal. 2008) ......... 23

15

*Carnevale v. GE Aircraft Engines*, Case No. C-1-02-600, slip op. at 5 (S.D. Ohio Feb.

16

    11, 2003) .........................................…....................................................18, 20, 21

17

*Church v. Consolidated Freightways, Inc.*, No. C-90-2290, 1991 WL 284083 (N.D.

18

    Cal. June 14, 1991).............................…................................................ 12, 14

19

*Cole v. General Motors Corp.*, 484 F.3d 717 (5th Cir. 2007) .............................. 13

20

*Coleman v. General Motors Acceptance Corp.,* 296 F.3d 443, 448 (6th Cir. 2002 . 15

21

*Compare Glass v. Kemper Corp.*, 133 F.3d 999, 1000 (7th Cir. 1998)................. 19

22

*Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999) ......................... 20

23

*Cumis Ins. Soc'y, Inc. v. Merrick Bank Corp.*, No. CIV 07-374-TUC-CKJ, 2008 WL

24

    215844, at *2 (D. Ariz. Jan. 22, 2008) ........................................................ 4

25

*Easter v. Am. W. Fin.*, 381 F.3d 948, 962 (9th Cir. 2004) ................................. 22

26

*Edwards v. City of Long Beach*, No. CV 05-8990, 2006 U.S. Dist. LEXIS 93141 at

27

    *10 (C.D. Cal. Dec. 12, 2006) .................................................................... 11

28

F.R.C.P.  Section 216(b) .................................................................................. 10

F.R.C.P. Rule 12(b)(6) …………………………………….…..………………………………… 10

*Fair Housing Council of Suburban Philadelphia v. Montgomery Newspapers*, 141 F.3d
71, 74 (3d Cir. 1998) ……………………………….…..………………………………… 17

*Frey v. Spokane County Fire Dist., No. 8*, No. CV-05-289, 2006 WL 2597956, at
*11 (E.D. Wash. Sept. 11, 2006) ……………….…..……………………………………… 7

*Gabriela et al. v. Wells Fargo Financial, Inc. et al.*, Case No. 3:06-cv-04347-SI
Docket No. 286 (N.D.Cal. 2008) ……………….…..…………………………………… 23

*Glewwe v. The Eastman Kodak Co.*, 2006 WL 1455476 (W.D.N.Y. May 25, 2006)
……………………………………………………….…..………………………………… 11, 12

*Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 653-54 (C.D. Cal. Dec. 12, 1996) ……. 13

*Herring v. Hewitt Assoc., Inc.*, No. 06-267, 2006 U.S. Dist. LEXIS 56189 (D. N.J.
Aug. 11, 2006) …………………………….…..…………………………………………… 10

*Himmelman v. Continental Cas. Co.*, No. 06-166, 2006 U.S. Dist. LEXIS 56187, at
*5 (D.N.J. Aug. 11, 2006) …………………….…..…………………………………… 10

*In re AllianceBernstein Mut. Fund Excessive Fee Litig.*, No. 04 Civ. 4885, 2005 WL
2677753, at *9 (S.D.N.Y. Oct. 19, 2005) …………………………………………… 22

*In re Currency Conversion Fee Antitrust Litigation*, 230 F.R.D. 303, 312 (S.D.N.Y.
2004)……………………………………………………………………………………… 13

*In re Eaton Vance Corp. Sec. Litig.*, 220 F.R.D. 162, 165 (D. Mass. 2004) ………. 22

*In re Syncor ERISA Litig.*, 227 F.R.D. 338, 346 (C.D. Cal. 2005) …………………… 15

*In re: Paxil Litigation*, 212 F.R.D. 539 (C.D. Cal. Jan. 10, 2003) …………………… 13

*Johnston v. Davis Sec., Inc.*, 217 F. Supp. 2d 1224, 1227-28 (D. Utah 2002) ……. 7

*Jones v. Gregory*, 137 Cal.App.4th 798, 803-804 (2006)…………………………… 4, 5

*Kamm v. California City Dev. Co.*, 509 F.2d 205 (9th Cir. 1975)……………………… 11

*La Duke v. Nelson,* 762 F.2d 1318, 1232 (9th cir. 1985) ………………………… 17, 20

*Landmann v. Bann-Cor*, No. 01-CV-00417, 2004 WL 1944789, at *5 (S.D. Ill. Feb.
26, 2004)………………………………………………………………………………… 22

*Letouzel v. The Eastman Kodak Co.*, 2006 WL 1455478 (W.D.N.Y. May 25, 2006)

.................................................................................................... 11, 12

*Lewis v. Casey*, 518 U.S. 343, 357 (1996) ....................................................... 21

*Lifrak v. New York City Council*, 389 F. Supp. 2d 500, 503 (S.D.N.Y. 2005) ....... 20

*Luciano v. The Eastman Kodak Co.*, 2006 WL 1455477 (W.D.N.Y. May 25, 2006)

.................................................................................................... 11, 12

*Lujan v. Defenders of Wildlife,*  504 U.S. 555, 560-561 (1992) .......................... 17

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ................................... 16

*McDonnell Douglas Corp. v. U.S. Dist. Ct., C.D. Cal.*, 523 F.2d 1083, 1086 (9th Cir.

1975)............................................................................................................ 14

*Mitchell v. Abercrombie & Fitch*, 2005 WL 1159412 at *4 (S.D. Ohio May 17,

2005)............................................................................................................ 19

*Moeck v. Gray Supply Corp.*, No. 03-1950 (WGB), 2006 U.S. Dist. LEXIS 511, at *4

(D. N.J. Jan. 6, 2006)...................................................................................... 7

*Nelsen v. King Cty.*, 895 F.2d 1248, 1255 (9th Cir. 1990)................................... 15

*O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) ........................................... 17, 21

*Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 841 (1999)................................... 15, 21

*Otto v. Pocono Health Sys.,* 457 F.Supp.2d 522 (M.D. Pa. 2006 ........................ 10

*Parks Automotive Group, Inc. v. General Motors Corp.*, 237 F.R.D. 567 (D. S.C.

2006)............................................................................................................ 13

*Parks v. Dick's Sporting Goods, Inc.*, No. 05-CV-6590, 2006 U.S. Dist. LEXIS

39763, at *1 (W.D.N.Y. June 15, 2006)................................................... 18, 21

*Perry v. Upper Deck, LLC.* 2007 WL 1449797 (S.D.Cal.) at *3 ............................. 7

*Petras v. Johnson*, No. 92 CIV 8298 (CSH), 1993 WL 228014, at *2-3 (S.D.N.Y.

June 22, 1993) ............................................................................................... 8

*Reynolds v. Bement*, 36 Cal.4th 1075 (2005) ................................................. 4, 5

*Sepulveda v. Wal-Mart Stores, Inc.*, 245 F.R.D. 229, 245 (C.D. Cal. 2006).......... 14

*Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) ..................... 21

*Singh v. 7-Eleven, Inc.*, No. C-05-04534, 2007 WL 715488, at *6 (N.D. Cal. Mar. 8, 2007) ................................................................................................ 4

*Stevenson v. Superior Court*, 16 Cal.4th 880, 900 (1997) .................................... 7

*v. Casey* (1996) 518 U.S. 343 ........................................................... 17

*Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982) ........................................................16, 17, 20

*Warth v. Seldin*, 422 U.S. 490, 504 (1975)............................................... 18, 20

*White v. Starbucks Corp.*, 497 F.Supp.2d 1080, 1085-90 (N.D.Cal.,2007.) ......... 23

*World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 291 (1980) ...................... 19

Statutes

Cal. Government Code §12928 ............................................................... 4

Cal. Labor Code § 98............................................................................ 7

Cal. Labor Code § 98.1 ......................................................................... 7

Cal. Labor Code § 98.2.......................................................................... 7

Cal. Labor Code § 98.3.......................................................................... 7

Cal. Labor Code § 98.4.......................................................................... 7

Cal. Labor Code § 201.......................................................................... 7

Cal. Labor Code § 202.......................................................................... 7

Cal. Labor Code § 203.......................................................................... 7

Cal. Labor Code § 218.5........................................................................ 7

Cal. Labor Code § 225.5........................................................................ 7

Cal. Labor Code § 226(a) .................................................................... 7, 9

Cal. Labor Code § 226.3 ..................................................................... 7, 9

Cal. Labor Code § 226.7........................................................................ 7

Cal. Labor Code § 512.......................................................................... 7

Cal. Labor Code § 1194......................................................................... 7

Cal. Labor Code § 226(8) .......................................................................................................... 9

Cal. Labor Code § 2699 ........................................................................................................ 9, 10

Cal. Labor Code § 2699.3(a)(2)(A) ........................................................................................... 9

Cal. Labor Code § 2699.3(a)(1) ................................................................................................. 9

Cal. Labor Code § 2699.3(a)(2)(B) ............................................................................................ 9

Cal. Labor Code § 2699.5 ........................................................................................................... 9

Other Authorities

5 Moore's Federal Practice § 23.42 .......................................................................................... 15

Private Attorney General Act of 2004 ........................................................................................ 9

Rules

Fed. R. Civ. P. 12(b)(1) ............................................................................................................ 17

Fed. R. Civ. P.  12(b)(6) ........................................................................................................... 10

Fed. R. Civ. P.  23(a) ............................................................................................. 10, 11, 12, 14

Fed. R. Civ. P.  23(b) ............................................................................................ 10, 12, 14, 16

Fed. R. Civ. P.  23(c)(1) ........................................................................................................... 10

Fed. R. Civ. P.  23(b)(1)(A) ............................................................................................... 14, 15

Fed. R. Civ. P. 23(b)(1)(B) ................................................................................................ 14, 15

Fed. R. Civ. P. 23(b)(3)………………………………………………………………11, 12, 14

Fed. R. Civ. P. 216(b) ............................................................................................................... 10

**MEMORANDUM OF POINTS & AUTHORITIES**

I.  **ALL OF THE CLAIMS AGAINST ALL OF THE DEFENDANTS SHOULD BE DISMISSED BECAUSE THEY CONSIST OF LEGALLY INSUFFICIENT, CONCLUSORY ALLEGATIONS THAT THE DEFENDANTS WERE THE PLAINTIFFS' EMPLOYERS WHICH WERE PREVIOUSLY DETERMINED AS A MATTER OF LAW TO BE DEFICIENT**

Only an "employer" can be found liable for statutory violations and torts based upon alleged breaches of California's wage and hour law.  (See generally, *Reynolds v. Bement*, 36 Cal.4th 1075 (2005).)  California's definition of "employer" uses its "common law test of employment," which is far more limited in scope than the federal Fair Labor Standard Act's ("FLSA") broad definition of "employer".  (*Jones v. Gregory*, 137 Cal.App.4th 798, 803-804 (2006).)  Unlike FLSA, the definition of "employer" under California law is based upon the right to control the manner or means of the employees' work. (*Singh v. 7-Eleven, Inc.*, No. C-05-04534, 2007 WL 715488, at *6 (N.D. Cal. Mar. 8, 2007).)

"On a Rule 12(b)(6) motion to dismiss . . . Plaintiff's obligation to provide 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007); *see also Cumis Ins. Soc'y, Inc. v. Merrick Bank Corp.*, No. CIV 07-374-TUC-CKJ, 2008 WL 215844, at *2 (D. Ariz. Jan. 22, 2008): "In order to survive a motion to dismiss for failure to state a claim, a Plaintiff must allege 'enough facts to state a claim to relief that is plausible' . . . [and the] factual allegations it does include 'must be enough to raise a right to relief above the speculative level.")

This Court should dismiss all of the claims against all of the defendants.  Plaintiffs clearly know that none of the defendants ever employed any of them, and that the state Operational Corporations were their employers.[3]  Nonetheless, Plaintiffs, in total disregard of their knowledge as

---

[3]  After all, Plaintiffs' W-2s clearly state the names of the entities who employed them.  (See, Declaration of Liana Jensen ("Jensen Decl."), Exhibit 1 filed in support of co-defendants' Motion to Dismiss for lack of personal jurisdiction.)  Those entities are presumed to be Plaintiffs' employers pursuant to California's Government Code §12928.  Curiously, none of them are named as defendants in the Amended Complaint.

DEFENDANTS' MOTION TO DISMISS AND STRIKE THE AMENDED COMPLAINT    4
Case No.:  08-01190 SI

to who are their true employers, plead a self-serving laundry list of over 30 unsubstantiated, inaccurate, untrue, boilerplate and conclusory "information and belief" allegations against the defendants which are repeated throughout their Amended Complaint in an attempt to allege that each of them was the Plaintiffs' employer. (Amended Complaint ¶¶ 32-44, 67-79, 98-111, 128-142, 150-168, 177-193, and 204-220.)[4]  These allegations consist of the defendants' general job titles, positions, authority, and roles they played concerning the alleged employment at issue.  Plaintiffs then allege that "because" of these allegations, the defendants must *ipso facto* have been the Plaintiffs' employers.  (Amended Complaint at ¶¶ 45-58, 80-90, 112-125, 143-149, 169-175, 194-200, and 221-227.)

However, nowhere in Plaintiffs' Amended Complaint is it alleged that any of the defendants *personally* employed or controlled any of the Plaintiffs, or *personally* created, prepared or enforced any of the employment policies that are at issue in this case.  It is clear that these repetitive conclusory allegations improperly seek to establish that each of the defendants is the Plaintiffs' employers based upon the broader FLSA definition of employer, even though only state law claims, not claims under FLSA, are alleged in the Amended Complaint.  Such allegations are legally insufficient to meet the more exacting "common law test of employment" which, as recognized by *Reynolds* and *Jones,* California uses to determine who are "employers" for its state law claims. Plaintiffs, with respect to the factors relevant to control, at best assert only conclusory statements regarding the defendants' ability to "make decisions" and "exercise control" with respect to unidentified "employees."  (*See, e.g.*, Compl. ¶¶ 51-52, 60-61, 86-87, 95-96.)  Not once do Plaintiffs allege that the defendants *personally* performed any of these functions *with respect to Plaintiffs* or with respect to the corporations that actually employed Plaintiffs.

Moreover, Plaintiffs merely realleged in this action the very same unsupported, conclusory FLSA employer allegations made in the *Prise I* case that resulted in defendants' dismissal from that

---

[4] Plaintiffs repetitious assertion of some thirty virtually identical, conclusory allegations against each of the Moving Defendants, proffering every conceivable legal basis upon which to claim they are the Plaintiffs' "employers," belies their allegations that the defendants are their employers.

DEFENDANTS' MOTION TO DISMISS AND STRIKE THE AMENDED COMPLAINT    5
Case No.:  08-01190 SI

1    action.[5]  Such deficient allegations are nothing more than labels and conclusions, and a formulaic

2    recitation of the elements of a speculative cause of action.  They consist of bald allegations that

3    merely parrot the FLSA joint employer test, which the High Court has confirmed legally fails to

4    state a viable claim pursuant to *Bell Atlantic Corp., supra.*

5         The "employer" allegations set forth in the Amended Complaint also consist of the same

6    purported factual allegations that the judge in the *Prise I* described as "conclusion after conclusion

7    after conclusion . . . [having] no factual support . . . from which the Court could find any plausible

8    claim."  (RJN Exhibit C, Transcript of Nov. 15, 2007 Hearing ("Nov. 15 Tr.") in the *Prise I* at

9    13:20-14:11.)  As the Court held, the assertion that SCI and the other Corporate Defendants are

10   joint employers is a "disguised legal conclusion, there is no factual support for that.  [Plaintiffs'

11   complaint contains] [j]ust paragraph after paragraph saying that they exercise control, they do this,

12   they do that.  But it is stated as really a very broad-based conclusion.  There's no factual

13   underpinning from which the Court could find any plausible claim here."  (RJN Exhibit C, Nov. 15

14   Tr. at 14:5-11.)  That Court further concluded, "I am not going to permit them at this stage to be

15   named in this lawsuit because I don't see enough facts in here to bring them in.  So I am not going

16   to permit the amendment to bring up the additional Defendants . . . ."  (*Id.* at 21:12-15.)  In fact, not

17   only did the court deny Plaintiffs request for leave to amend the *Prise I* complaint to include the

18   defendants named in the instant case, it went on to admonish them saying, "I am going to remind

19   you when you talk about somebody being an employer, you have to talk about somebody hands-on."

20   (*Id.* at 21:25-22:8.)  For the same reasons stated by the Court in the *Prise I*, Plaintiffs' claims

21   against the defendants in this action fail to state a claim against them and should therefore be

22   dismissed.

23        II.    **PLAINTIFFS' COMMON LAW AND PUNITIVE DAMAGES CLAIMS
24               SHOULD BE DISMISSED AND STRICKEN BECAUSE THEY ARE
               PREEMPTED BY THEIR FSLA CLAIMS FILED IN THE *PRISE I* AND
25             *BRYANT I* ACTIONS AND BY THEIR STATUTORY REMEDIES**

26        A Plaintiff is limited to the remedies provided by statute and cannot assert common law

27

28   [5]    A copy of the original Complaint in the *Prise I* is attached as Exhibit "N" to Defendants'
     Consolidated Request for Judicial Notice.

DEFENDANTS' MOTION TO DISMISS AND STRIKE THE AMENDED COMPLAINT    6
Case No.:  08-01190 SI

claims for conversion or unjust enrichment for the same alleged wrong, since the right to overtime pay is statutory. (*Perry v. Upper Deck, LLC.* 2007 WL 1449797 (S.D.Cal.) at *3 – holding that the employees' claims for conversion or unjust enrichment that are based upon the same alleged wrong of the statutory wage and hour violations are precluded by the statutory remedial scheme to addresses such wrongs.) Under California law, "when a new right has been created by statute, and a statutory remedy for its infringement is provided, the statutory remedy is exclusive and no other remedy will be allowed." (3 Witkin, *Cal. Proc.* 4th (1997) Actions, § 7, p. 60; *see, e.g., Stevenson v. Superior Court*, 16 Cal.4th 880, 900 (1997) holding that "Where a new right is created by statute, the party aggrieved by its violation is confined to the statutory remedy if one is provided...."). It is indisputable that the right to overtime pay, and compensation for missed meal periods, rest periods, are all rights created by statute, and that the California Legislature has created an extensive remedial scheme to address such alleged wage and hour violations, which is being used by the Plaintiffs for their claims in this action. (Cal. Labor Code §§ 98, 98.1, 98.2, 98.3, 98.4, 201, 202, 203, 218.5, 225.5, 226(a), 226.3, 226.7, 512, and 1194.)

Federal courts have also held that state common law claims are preempted by FLSA claims where "the FLSA and common law claims are grounded in the same facts." (*Moeck v. Gray Supply Corp.*, No. 03-1950 (WGB), 2006 U.S. Dist. LEXIS 511, at *4 (D. N.J. Jan. 6, 2006); *See also Frey v. Spokane County Fire Dist., No. 8*, No. CV-05-289, 2006 WL 2597956, at *11 (E.D. Wash. Sept. 11, 2006) (dismissing Plaintiff's claim for overtime compensation based on breach of contract as preempted by FLSA); *Johnston v. Davis Sec., Inc.*, 217 F. Supp. 2d 1224, 1227-28 (D. Utah 2002) (dismissing Plaintiff's state common law claims, including, among others, unjust enrichment, fraud, negligent misrepresentation, gross negligence, and breach of contract, as preempted by the FLSA where "[p]laintiff's common law claims are based on the same facts and circumstances as her FLSA claims"); *Alexander v. Vesta Ins. Group, Inc.*, 147 F. Supp. 2d 1223, 1240-41 (N.D. Ala. 2001) (granting summary judgment with respect to common law fraud claims because Plaintiffs were "merely attempting to recast what are clearly FLSA overtime claims"). This is because the FLSA is the "exclusive remedy" for violations of federal overtime laws, and attempts to create additional remedies through common law causes of action frustrate the purpose of the statute. (*See, e.g.,*

DEFENDANTS' MOTION TO DISMISS AND STRIKE THE AMENDED COMPLAINT     7
Case No.:  08-01190 SI

1  *Petras v. Johnson*, No. 92 CIV 8298 (CSH), 1993 WL 228014, at *2-3 (S.D.N.Y. June 22, 1993).)

2  Time and again, courts have dismissed state common law claims brought in conjunction with the

3  FLSA. (*See, e.g., Moeck*, 2006 U.S. Dist. LEXIS 511 at *4-6; *Johnston*, 217 F. Supp. 2d at 1227-

4  28.)

5      This Court should dismiss all of the Plaintiffs' common law and punitive damages claims

6  alleged in the Third through Ninth causes of action because they are preempted by their FLSA

7  claims that are pending in the cases of *Prise I, Bryant, et al. v. Alderwoods Group, Inc., and Service*

8  *Corporation International, et al.*, Case No. 3:07-CV-5696-SI ("*Bryant*") that was transferred back

9  to where the *Prise I* case is pending, and *Stickle, et al. v. SCI Western Market Support Center, L.P.,*

10  *et al.,* U.S. District Court, District of Arizona, Phoenix Division, Case No. 08-CV-83 ("*Stickle*").

11  (RJN Exhibits J, M and N.) Their claims for unjust enrichment/restitution, conversion, fraud and

12  deceit, breach of contract, breach of implied covenant of good faith and fair dealing, and quantum

13  meruit are *all* based upon the exact same allegations asserted as bases for their FLSA claims filed in

14  the pending cases of *Prise I, Bryant,* and *Stickle*.[6]  Accordingly, because Plaintiffs' state law and

15  punitive damages claims "are grounded in the same facts" as their FLSA claims pending in their

16  three other actions, all of their state common law claims – including California's common law

17  claims – are preempted by the FLSA and must be dismissed.

18      Similarly, the Court should dismiss all of the Plaintiffs' common law and punitive damages

19  claims because they are barred as a matter of law by the wage and hour statutory remedies set forth

20  in California's Labor Code.  The California Legislature has already created an extensive remedial

21  scheme to address defendants' alleged wage and hour violations.  Plaintiffs have specifically pled

22  violations of these specific Labor Code sections in their Amended Complaint. (Amended

23  Complaint, ¶¶ 246-258.)  Thus, they cannot additionally assert separate common law claims based

24  upon those same alleged statutory violations.  Instead, they are limited to solely to those statutory

25  remedies that they have pled in their Amended Complaint.  Consequently, their common law and

26  _____

27  [6] (Compare, the "Factual Background" allegations in the Amended Complaint in this action, (RJN Exhibit K ¶¶237-245), to the "Factual Background" allegations in *Prise I*, (RJN Exhibit N ¶¶43-50)

28  and those of its related case of *Bryant* (RJN Exhibit J ¶¶ 137-144.) and with *Stickle* (RJN Exhibit M, ¶¶ 243-257).

DEFENDANTS' MOTION TO DISMISS AND STRIKE THE AMENDED COMPLAINT    8
Case No.: 08-01190 SI

punitive damages claims must be dismissed.

### III.  PLAINTIFFS' CLAIM FOR FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS SHOULD BE DISMISSED BECAUSE THEY FAIL TO PLEAD THE REQUIRED EXHAUSTION OF ADMINISTRATIVE REMEDIES

The recently enacted Private Attorney General Act of 2004 ("PAGA") allows aggrieved employees to bring civil actions to recover penalties for technical violations of the Labor Code when the Labor Commissioner fails to act.  A civil action seeking civil remedies available under the Act, which are enumerated in Section 2699.5, may not be commenced (or a pending action amended to include a Section 2699 claim) until the following statutory requirements have been met:

> A.  *Written notice to the employer and the state:*  The aggrieved party must give written notice *by certified mail* to the employer and the Labor and Workforce Development agency specifying the Labor Code provisions violated, 'including the facts and theories to support the alleged violation.'  Labor Code § 2699.3(a)(1); and,
>
> B.  *Agency Action:*  If the Agency does not intend to investigate the alleged violation, it must so notify the aggrieved employee and the employer by certified mail within 30 days after the employee's was postmarked.  The aggrieved employee may file a §2699 action upon receipt of the Agency's notice; or if the Agency fails to provide notice, within 33 days after the employee's notice was postmarked.  Lab.C. §2699.3(a)(2)(A).  If the Agency intends to investigate the alleged violation, it must so notify the aggrieved employee and the employer with 33 days after the employee's notice was postmarked.  It then has 120 days to issue a citation.  Labor Code § 2699.3(a)(2)(B).

*(See also, Caliber Bodyworks, Inc, v. Superior Court,* (2005) 134 Cal.App.4[th] 365 (holding that causes of action, and portions thereof, seeking civil remedies available under the Act were subject to notice and exhaustion perquisites under the Act.)

That portion of Plaintiffs' First Cause of Action alleging a statutory violation for failure to furnish timely and accurate wage statements in violation of California Labor Code §§ 226(8) and 226.3 et seq. (Amended Complaint, ¶¶ 258-260) is barred by Plaintiffs' failure to comply with the PAGA's notice and exhaustion requisites.  Violations of Labor Code § 226(a), and the resulting civil penalties pursuant to 226.3, are included in Labor Code section 2699.5 that requires the

DEFENDANTS' MOTION TO DISMISS AND STRIKE THE AMENDED COMPLAINT     9
Case No.:  08-01190 SI

1  Plaintiffs to comply with the pre-filing notice and exhaustion of remedies of Labor Code section

2  2699.3. Plaintiffs cannot bring such a claim or seek such statutory remedies unless and until they

3  have complied and plead their compliance with these statutory prerequisites. No such allegations

4  exist in the Amended Complaint. Therefore, that part of the First Cause of Action must be

5  dismissed.

6  **IV.  PLAINTIFFS' CLASS ACTION ALLEGATIONS AND CERTIFICATION REQUEST SHOULD BE DISMISSED OR STRICKEN FOR FAILURE TO SATISFY THE REQUIREMENTS OF RULE 23.**

7

8  Plaintiffs' class allegations and certification request (Amended Complaint, ¶¶ 228-236.)

9  must be dismissed or stricken because it is clear, even at this early stage of the litigation, that

10 Plaintiffs' proposed class or subclasses cannot meet the requirements for a viable and manageable

11 class pursuant to Rule 23. Although Plaintiffs have not yet moved for class certification, "courts

12 may decide the issue of certification based on a review of the complaint prior to a party's motion to

13 certify the proposed class. In fact, Rule 23(c)(1) encourages courts to 'at an early practicable time

14 determine by order whether to certify the action as a class action.'" (*Glewwe*, 2006 U.S. Dist.

15 LEXIS 33449 at *7 (internal citations omitted).) Accordingly, many district courts have

16 appropriately dismissed deficient Rule 23 class allegations pursuant to Rule 12(b)(6). (*See, e.g.,*

17 *Otto v. Pocono Health Sys.,* 457 F.Supp.2d 522 (M.D. Pa. 2006) (granting motion to dismiss

18 Plaintiffs' Rule 23 state law class claims under Rule 12(b)(6) on grounds that Rule 23 opt-out state

19 law class action claims could not proceed accompanied by a § 216(b) opt-in action); *Himmelman v.*

20 *Continental Cas. Co.,* No. 06-166, 2006 U.S. Dist. LEXIS 56187, at *5 (D.N.J. Aug. 11, 2006)

21 (granting defendant's motion to dismiss/strike Plaintiff's Rule 23 class allegations because Rule 23

22 certification of state law claims is legally incompatible with FLSA claim); *Herring v. Hewitt Assoc.,*

23 *Inc.*, No. 06-267, 2006 U.S. Dist. LEXIS 56189 (D. N.J. Aug. 11, 2006) (granting defendant's Rule

24 12(b)(6) motion to dismiss Rule 23 class action allegations because they are incompatible with

25 FLSA collective action).)

26 To maintain a Rule 23 class action, a Plaintiff must satisfy all the prerequisites of Rule

27 23(a). (Fed.R.Civ.P. 23(a).) Additionally, a Plaintiff must fulfill the requirements for at least one

28 of the three types of class actions enumerated in Rule 23(b). (Fed.R.Civ.P. 23(b); *see also Edwards*

DEFENDANTS' MOTION TO DISMISS AND STRIKE THE AMENDED COMPLAINT    10
Case No.: 08-01190 SI

1  *v. City of Long Beach*, No. CV 05-8990, 2006 U.S. Dist. LEXIS 93141 at *10 (C.D. Cal. Dec. 12,

2  2006).)  This is true even at this early stage of the litigation.  (*See, e.g., Kamm v. California City*

3  *Dev. Co.*, 509 F.2d 205 (9th Cir. 1975) (affirming district court's order granting defendant's motion,

4  brought at inception of the case, to dismiss Plaintiff-appellants' class action and striking class

5  allegations from their first amended complaint for failure to satisfy requirements of Rule 23(b)(3)).

6  Here, Plaintiffs seek to bring a class action based on claims brought under the California's

7  wage and hour laws and common law, and those of 46 other states and territories.  (Amended

8  Complaint, ¶¶ 246-260, 261-263, 268, 274, 281, 290, 298, 304, 303, 311-317.)  Plaintiffs cannot

9  establish that such a purported class action meets the requirements of Rule 23.

> **A.    Plaintiffs Cannot Certify A Class Under Rule 23 Because They Cannot Establish That There Are Common Issues Or That Common Issues Predominate Where The Court Would Be Required To Apply The Laws Of 47 Jurisdictions.**

13  Federal courts throughout the country have held that class claims may not be certified

14  pursuant to Rule 23(a)(2) or (b)(3) where they require the application of the laws of multiple states.

15  The Western District of New York recently addressed the issue of multiple state claims in a class

16  action in three similar cases: *Glewwe v. The Eastman Kodak Co.*, 2006 WL 1455476 (W.D.N.Y.

17  May 25, 2006), *Luciano v. The Eastman Kodak Co.*, 2006 WL 1455477 (W.D.N.Y. May 25, 2006),

18  and *Letouzel v. The Eastman Kodak Co.*, 2006 WL 1455478 (W.D.N.Y. May 25, 2006) (collectively

19  the "*Kodak* cases").

20  In the *Kodak* cases, like here, the Plaintiffs sought damages under the wage and hour laws of

21  over 30 states.  In addition, the Plaintiffs brought claims under the common laws of more than 40

22  states.  In dismissing the state claims in each action, the Court held that the Plaintiffs failed to

23  establish both commonality under Rule 23(a) and the predominance of common issues as required

24  by Rule 23(b)(3).  (*Glewee*, 2006 WL 1455476, at *2-4; *Luciano*, 2006 WL 1455477, at *2-5;

25  *Letouzel*, 2006 WL 1455478, at *2-4.)  With respect to Rule 23(a), the court noted that each state's

26  wage law had its "own peculiar requirements and defenses," and that adjudication of the wage and

27  contract claims "would require the interpretations and application of several different laws of

28  several different states and territories," and thus found that the Plaintiffs' claims were not common

to the class. (*Glewwe*, 2006 WL 1455476, at *2; *Luciano*, 2006 WL 1455477, at * 2; *Letouzel*, 2006 WL 1455478, at *2.)  In addition, the court concluded that even if the Plaintiffs could satisfy Rule 23(a), they failed to satisfy Rule 23(b), explaining that:

> [t]he employees at issue were employed in several different states at several different locations subject to different terms and conditions, and different state laws.  Different remedies are available in each state, and the methods of overtime calculation vary from state to state.  Because the issues common to the purported class members are actually subordinate to the issues unique to each of the individual members, I find that the Plaintiffs failed to establish a basis for a class action pursuant to Rule 23(b)(3).

(*Glewwee*, 2006 WL 1455476, at *3 (also stating that there was no risk of inconsistent adjudications as contemplated under Rule 23(b)(1) and that Rule 23(b)(2) was inapplicable to claims for damages); *Letouzel*, 2006 WL 1455478, at *3 (same).  *See also Luciano*, 2006 WL 1455477, at *4 (same).)

Notably, Courts in the Ninth Circuit also have held that a class is not certifiable under Rule 23 where the class action would require the analysis and application of the laws of multiple states. In *Zinser*, 253 F.3d at 1188-90, the Ninth Circuit Court of Appeals affirmed the District Court's denial of class certification where the class claims required the application of the laws of up to 48 states.  In doing so, the Court of Appeals noted that common questions of fact and law do not predominate to the extent that "the laws of forty-eight states must be consulted to answer" questions related to class members' claims.  (*Id.* at 1189-90.)  Likewise, this Court previously has denied certification of state law claims involving multiple jurisdictions where the Court determined that certification of such claims would require application of California's choice of law principles to each state law claim. (*Church v. Consolidated Freightways, Inc.*, No. C-90-2290, 1991 WL 284083 (N.D. Cal. June 14, 1991).)  In *Church*, this Court reasoned that:

> Given the number of causes of actions, the jurisdictions involved, and the presumed interest of each forum in regulating the employment relationships within its jurisdiction, the number of resolutions this Court must make even before approaching the merits of the action as to which law to apply is overwhelming.  On this issue alone, then, a class action is not the superior method of adjudicating the interests implicated as determination of the choice of law issue would require numerous 'mini-trials' in and of itself.  (*Id.* at *12.)

Numerous other courts throughout the country also have found that the application of

DEFENDANTS' MOTION TO DISMISS AND STRIKE THE AMENDED COMPLAINT     12
Case No.:  08-01190 SI

1   different states' laws militates against allowing a class action. (*See e.g., Haley v. Medtronic, Inc.*,

2   169 F.R.D. 643, 653-54 (C.D. Cal. Dec. 12, 1996) (denying certification in a tort action and holding

3   that even if the state laws were relatively similar, the fact that the Court had to reference so many

4   laws weighed against class certification); *In re Currency Conversion Fee Antitrust Litigation*, 230

5   F.R.D. 303, 312 (S.D.N.Y. 2004) (denying certification because variations in state laws governing

6   fraud, unconscionability, bad faith and unjust enrichment predominated over any common issues);

7   *Cole v. General Motors Corp.*, 484 F.3d 717 (5th Cir. 2007) (denying certification of a nationwide

8   class involving breach of express and implied warranty claims under 48 states' laws); *Parks*

9   *Automotive Group, Inc. v. General Motors Corp.*, 237 F.R.D. 567 (D. S.C. 2006) (denying

10  certification because individualized factual inquiries precluded adjudication of negligence, breach

11  of warranty and indemnity claims on a class wide basis and several different contract laws, with

12  different requirements and defenses, were involved).)

13          Here, Plaintiffs assert ten claims for violation of labor laws, of wage and hour violations,

14  unjust enrichment\restitution, conversion, fraud and deceit, misrepresentation, breach of contract,

15  breach of implied covenant of good faith and fair dealing, quantum meruit, and unlawful business

16  practices under the laws of California and 46 other states and territories. (Amended Complaint – ¶¶

17  246-317.)  Plaintiffs' Amended Complaint requires this Court to apply the laws governing these

18  various claims in 47 different jurisdictions, all of which have an equal interest in regulating

19  employment relationships.  Given the different requirements and available defenses under each state

20  law, common issues of fact and law do not exist, and they clearly do not predominate in this case.

21          Importantly, subclasses would not remedy the defects of the proposed class.  For instance, in

22  *In re: Paxil Litigation*, 212 F.R.D. 539 (C.D. Cal. Jan. 10, 2003), the Plaintiffs proposed that

23  putative class members in states with similar laws be grouped into subclasses.  The Central District

24  denied certification and held that the subclass approach did not create a manageable trial plan

25  because the Plaintiffs failed to show that the differences between the state laws (that were grouped

26  together within the proposed subclasses) were nonmaterial.  (*Id.* at 543-45.)  The court also noted

27  that there was a question of whether due process rights would be violated by combining different

28  state laws to create a new legal standard for each subclass.  (*Id.*)  Moreover, the burden of reviewing

the different laws of 47 jurisdictions and territories itself would require a finding that the class

DEFENDANTS' MOTION TO DISMISS AND STRIKE THE AMENDED COMPLAINT    13
Case No.:  08-01190 SI

method is not superior because of the numerous mini-trials that would be required simply to conduct the choice of law analysis. (*See Church*, 1991 WL 284083 at *12.)

At bottom, Plaintiffs' class certification request would require the Court to apply the laws of 47 different jurisdictions, all of which have an interest in regulating employment relationships. The potential analysis and application of so many different laws creates an unmanageable case, where any common issues would be severely outweighed by individual state law analyses. Plaintiffs thus cannot meet the requirements of Rule 23(a)(2), nor can they meet the requirements of Rule 23(b)(3).

**B.    Plaintiffs Cannot Certify A Class Under Rule 23(b)(1) Because They Cannot Establish A Risk Of Inconsistent Judgments Nor That There Is A Limited Pool Of Funds.**

Plaintiffs' allegations likewise do not satisfy the requirements of Rule 23(b)(1). To satisfy Rule 23(b)(1), a Plaintiff must satisfy either Rule 23(b)(1)(A), which allows for certification of a class (where Rule 23(a) is satisfied) if "the prosecution of separate actions ... would create a risk of ... inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class;" or Rule 23(b)(1)(B), which requires a showing of a risk of adjudications with respect to individual members of the class that would be dispositive of the interests of other members not parties to the adjudications or substantially impair their ability to protect their interests. (Fed.R.Civ.P. 23(b)(1)(A) & (B); *see also Sepulveda v. Wal-Mart Stores, Inc.*, 245 F.R.D. 229, 245 (C.D. Cal. 2006).) Plaintiffs cannot meet either of these standards.

In this case, Plaintiffs do not, and indeed cannot, allege any facts in their Amended Complaint that would establish a risk that separate actions would produce incompatible judgments. The Ninth Circuit in particular has adopted an "extremely conservative view" on whether this prong of the class test is met, requiring a finding that either: "(1) rulings in separate actions would subject defendant to incompatible judgments requiring inconsistent conduct to comply with the judgment; or (2) a ruling in the first of a series of separate actions will 'inescapably alter the substance of the rights of others having similar claims.'" (*Sepulveda*, 245 F.R.D. at 245 (quoting *McDonnell Douglas Corp. v. U.S. Dist. Ct., C.D. Cal.,* 523 F.2d 1083, 1086 (9th Cir. 1975)).) The Ninth Circuit also has held that Rule 23(b)(1)(A) certification should not be granted where the Plaintiffs'

DEFENDANTS' MOTION TO DISMISS AND STRIKE THE AMENDED COMPLAINT    14
Case No.: 08-01190 SI

1   claims are primarily for monetary relief.  (*See, e.g., Zinser*, 253 F.3d 1180; *In re Syncor ERISA*
2   *Litig.*, 227 F.R.D. 338, 346 (C.D. Cal. 2005).)

3        Here, as discussed below, Plaintiffs primarily seek monetary damages and therefore this case
4   falls outside of the limited circumstances where Plaintiffs in the Ninth Circuit have been able to
5   satisfy the Rule 23(b)(1)(A) requirement for class certification.  (*Id.*)  In addition, there is no risk of
6   inconsistent judgments.  This case primarily involves Plaintiffs' claims that they were required to
7   perform off-the-clock work, missed meal and rest periods and overtime payments.  To recover,
8   Plaintiffs would be required to individually prove they were required to work while off-the-clock,
9   were not given meal and rest periods, and to establish their individual damages.  The ability of one
10  Plaintiff to establish that she worked while off-the-clock will have no bearing on the claims of
11  others, thus negating any concern over inconsistent judgments.

12       Nor can Plaintiffs succeed under Rule 23(b)(1)(B), which requires that Plaintiffs
13  demonstrate that the case involves a "fund with a definitely ascertained limit, all of which would be
14  distributed to satisfy all those with liquidated claims based on a common theory of liability."
15  (*Zinser*, 253 F.3d at 1197 (quoting *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 841 (1999)).)  Rule
16  23(b)(1)(B) applies only where there is a limited, fixed pool of money available to cover the would-
17  be class members' damages and where the claims brought contain no "unique facts or individual
18  relationships with" the party opposing class certification.  (5 Moore's Federal Practice § 23.42.)
19  Because Plaintiffs do not, and cannot, claim that Defendants have only a limited pool of funds to
20  satisfy the class claims, and because the claims seek individualized monetary damages, Plaintiffs'
21  class allegations cannot satisfy the requirements of Rule 23(b)(1).

22       **C.    Plaintiffs Cannot Certify A Class Under Rule 23(b)(2) Because Monetary**
23            **Relief Predominates Over Any Request For Injunctive Relief.**

24       Nor can Plaintiffs satisfy the requirements of Rule 23(b)(2).  It is well established, both in
25  the Ninth Circuit and elsewhere, that class certification under Rule 23(b)(2) is not appropriate where
26  the relief relates "exclusively or predominately to money damages."  (*Nelsen v. King Cty.*, 895 F.2d
27  1248, 1255 (9th Cir. 1990); s*ee also Coleman v. General Motors Acceptance Corp.,* 296 F.3d 443,
28  448 (6th Cir. 2002) (reversing District Court's grant of class certification and finding that injunctive

DEFENDANTS' MOTION TO DISMISS AND STRIKE THE AMENDED COMPLAINT    15
Case No.:  08-01190 SI

relief did not predominate); *Allison v. Citgo Pet. Corp.,* 151 F.3d 402, 411 (5th Cir. 1998) ("We, like nearly every other circuit, have adopted the position taken by the advisory committee that monetary relief may be obtained in a (b)(2) class action so long as the predominant relief sought is injunctive or monetary.")   Moreover, "monetary relief predominates in (b)(2) class actions unless it is incidental to requested injunctive or declaratory relief...." (*Id.* at 413.)   Where the requested compensatory relief requires individualized damages determinations, injunctive relief does not predominate and the class should not be certified under Rule 23(b)(2). (*Id..* at 415.)

There is no question here that Plaintiffs' request for compensatory relief predominates over any claims for injunctive relief.  Plaintiffs' claims in this case relate to off-the-clock work, and missed meal and rest periods, for which they allege they were not compensated.  Indeed, Plaintiffs' Complaint alleges several different forms of off-the-clock work, plus a claim regarding improper calculation of overtime, that they claim pertain to the employees in 34 jurisdictions.  Compensatory damages for each of these claims, if proven, would have to be individually determined based on the number of hours each employee allegedly performed such work.  Injunctive relief simply does not predominate where damages are dependent "on the intangible, subjective differences of each class member's circumstances." *Allison*, 151 F.3d at 415.  Thus, Plaintiffs cannot seek certification under Rule 23(b)(2). In short, Plaintiffs' cannot, under any circumstances, meet the requirements of Rule 23(a)(2) or (b).  Thus, this Court should dismiss or strike Plaintiffs' class action allegations.

## V.    PLAINTIFFS' CLAIM FOR VIOLATIONS OF STATE WAGE AND HOUR LAWS OTHER THAN CALIFORNIA'S SHOULD BE DISMISSED AND STRICKEN BECAUSE PLAINTIFFS LACK STANDING TO BRING SUCH CLAIMS

As a threshold matter, Plaintiffs lack standing to bring wage and hour employment claims for violation of those states' laws where they did not work or were not employed. Plaintiffs, as the parties seeking to invoke federal jurisdiction, bear the burden of demonstrating that they have standing to assert each and every claim raised in their Amended Complaint. (*See, e.g., Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982) (holding that "the party who invokes the court's authority" must demonstrate standing); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)  - "Plaintiffs Bear the burden of proving

standing".)    To carry this burden, Plaintiffs must demonstrate that they satisfy both the constitutional and prudential dimensions of standing.  (*Valley Forge*, 454 U.S. at 471; *La Duke v. Nelson,* 762 F.2d 1318, 1232 (9th cir. 1985).)  A class action does not avoid the basic requirement of Plaintiff's standing to sue by alleging and showing that they personally have been injured.  It is not enough, therefore, for class representatives to show injuries to other unidentified members of a class that they purport to represent. (*Lewis v. Casey* (1996) 518 U.S. 343, 349 - "It is the role of courts to provide relief to claimants, in individual or class actions, who have suffered, or will imminently suffer, actual harm".)

Plaintiffs' allegations that they worked in California, and that the alleged violations took place in California, proves that they do not have standing to assert any violations of any other states' laws.  Their second claim for violation of wage and hour laws of other states must be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of constitutional and prudential standing to the extent they assert claims under the laws of other states and territories. (*See, e.g., Sampath v. Concurrent Techs. Corp.*, No. 03-264J, 2006 U.S. Dist. LEXIS 25907, at *5 n.2 (W.D. Pa. May 3, 2006) - dismissing Plaintiff's claim for lack of subject matter jurisdiction and stating "[l]ack of standing is properly challenged in a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.").

### A.    Plaintiffs Cannot Satisfy Constitutional Standing Requirements.

Plaintiffs cannot demonstrate constitutional standing to assert state law claims for states other than California.   The "'irreducible constitutional minimum of standing'" mandates that Plaintiffs satisfy "'the case-or-controversy requirement of Article III'" of the U.S. Constitution. (*See, Fair Housing Council of Suburban Philadelphia v. Montgomery Newspapers*, 141 F.3d 71, 74 (3d Cir. 1998) (quoting *Lujan,* 504 U.S. at 560).)   To satisfy the requirements of Article III, a Plaintiff must demonstrate:

> (1) [she] suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) . . . a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. (*Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561 (1992).)

DEFENDANTS' MOTION TO DISMISS AND STRIKE THE AMENDED COMPLAINT    17
Case No.:  08-01190 SI

1  In other words, a Plaintiff must demonstrate that she has "a personal stake" in the outcome of her
2  claims. (*O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).)

3          In this regard, it is well-settled that a Plaintiff cannot satisfy the constitutional standing
4  requirements where she attempts to sue under state or local laws that, because she is a non-resident,
5  do not apply to her. (*See, e.g., Warth v. Seldin*, 422 U.S. 490, 504 (1975) - holding that plaintiffs
6  lacked standing to challenge a city's zoning ordinance where "none . . . has a present interest in any
7  . . . property [in the city]; none is himself subject to the ordinance's strictures; and none has even
8  been denied a variance or permit by [city] officials"; *Barnes v. Burger King Corp.*, 932 F. Supp.
9  1441, 1443 (S.D. Fla. 1996) - finding plaintiff without standing to sue under Florida's Franchise Act
   because Plaintiff was not doing business in the state.)  On this basis, the Southern District of Ohio
10 recently granted a Rule 12 motion to dismiss a wage count brought by Ohio residents under the
11 wage laws of Kansas, Kentucky, Massachusetts, New Hampshire, New Mexico, North Carolina,
12 and Vermont. (*See Carnevale v. GE Aircraft Engines*, Case No. C-1-02-600, slip op. at 5 (S.D.
13 Ohio Feb. 11, 2003) - dismissing claims due to lack of constitutional standing, noting that "[l]ike
14 the Plaintiffs in *Warth*, Plaintiffs here do not demonstrate that they are subject to the labor laws of
15 states other than Ohio".)

16         Plaintiffs' counsel is well aware of this fundamental limitation on standing, because the
17 Western District of New York recently rejected their attempt to assert wage claims on behalf of
18 their New York-based client under the laws of states where he never lived or worked. (*See Parks v.
19 Dick's Sporting Goods, Inc.*, No. 05-CV-6590, 2006 U.S. Dist. LEXIS 39763, at *1 (W.D.N.Y.
20 June 15, 2006).)  Specifically, in *Parks*, the Plaintiff brought class action claims pursuant to the
21 FLSA, New York State Labor Law, "and the laws of various [other] States in which defendant [did]
22 business." (*Id.*)  The defendant moved for partial judgment on the pleadings under Rule 12(c) of the
23 Federal Rules of Civil Procedure, based on the fact that the sole named Plaintiff was only employed
24 by the defendant in New York and thus lacked standing to sue for alleged violations of laws of
25 states other than New York. (*Id.*)  The court agreed with the defendant and held that Plaintiff lacked
26 standing "to assert state-law claims arising under the laws of states other than New York, since he
27 was never employed by defendant anywhere other than New York." (*Id.* at *5.)

28         As in *Warth*, *Barnes*, *Carnevale*, and *Parks*, Plaintiffs here have failed to meet their burden

DEFENDANTS' MOTION TO DISMISS AND STRIKE THE AMENDED COMPLAINT    18
Case No.:  08-01190 SI

to demonstrate standing to assert the alleged violations of the 46 other states and territories referenced in the Second Cause of Action. (Amended Complaint ¶ ¶ 261-264.)    Plaintiffs affirmatively allege that "defendants have contracted to employ or have employed Plaintiffs in Alameda County, as well as in other counties in the state California"; that "[s]ome of the claims in this matter arose from contracts for employment which were to be performed, at least in part, in Alameda County, as well as in other counties in the State of California"; and that "[s]ome of the unlawful acts alleged herein occurred in Alameda County, as well as in other counties in the State of California, and have a direct effect on Plaintiffs was in Alameda County and within the State of California". (Amended Complaint ¶¶ 18, 19.) Nowhere are there any allegations in the Amended Complaint that any of the Plaintiffs were employed in any other state other than California.

Indeed, absent allegations that Plaintiffs were employed in states other than California, both the U.S. Constitution's Commerce Clause and fundamental principles of due process embodied in the Fourteenth Amendment preclude states other than California from applying their wage or employment laws to the relationship between defendants and Plaintiffs. (*See, e.g., Asahi Metal Indus. Co., Ltd. v. Sup. Court*, 480 U.S. 102, 108-09 (1987) (plurality opinion) - holding that the Due Process Clause of the Fourteenth Amendment "limits the power of a state court" to render a valid personal judgment against a non-resident defendant; *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 291 (1980) – same; *Mitchell v. Abercrombie & Fitch*, 2005 WL 1159412 at *4 (S.D. Ohio May 17, 2005) - holding that "[a]pplication of the Ohio Minimum Fair Wage Standards Act to [Plaintiff's] employment in Pennsylvania would impermissibly burden interstate commerce".)

Where, as here, Plaintiffs have not even alleged that they are covered by the application of wage laws outside of California, claims under such wage laws must be dismissed. (*See, e.g., Compare Glass v. Kemper Corp.*, 133 F.3d 999, 1000 (7th Cir. 1998) - affirming dismissal of claim under Illinois' Wage Payment and Collection Act brought by employee who "is not, and at no time relevant to this suit was . . . a resident of Illinois" and who never "perform[ed] any work in Illinois"; *Mitchell*, 2005 WL 1159412 at *4 - dismissing claim of Pennsylvania employee under Ohio wage laws, noting that Plaintiff "has failed to address the insurmountable state sovereignty and constitutional barriers that are implicated by applying Ohio's law outside of its territorial boundary".)

DEFENDANTS' MOTION TO DISMISS AND STRIKE THE AMENDED COMPLAINT    19
Case No.:  08-01190 SI

Plaintiffs have not, and cannot, demonstrate that they suffered an injury in fact under the laws of any state outside of California, that any alleged violation of a non-California law caused them harm, or that an award under such a law could somehow provide them relief. Thus, as a constitutional matter, Plaintiffs lack standing to assert the claims they raise in their Second Cause of Action based upon alleged violations of laws of other states. This Court lacks subject matter jurisdiction over those claims, and this Court should dismiss the entire Second Cause of Action.

### B.    Plaintiffs Cannot Satisfy Prudential Standing Requirements.

The Second Cause of Action also fails because Plaintiffs cannot satisfy prudential standing requirements. As noted above, a court's inquiry regarding a Plaintiff's standing involves both constitutional limitations and prudential limitations. (*Valley Forge*, 454 U.S. at 473; *La Duke v. Nelson*, 762 F.2d at 1232.) To meet the "prudential" standing requirements, a Plaintiff must show: (1) that she is asserting her own legal rights and interests, and not the legal rights or interests of third persons; (2) that the claim involves more than a generalized grievance that is pervasively shared by a large class of citizens; and (3) in statutory cases, that her claim falls within the zone of interests regulated by the statute in question. (*See Valley Forge*, 454 U.S. at 474-75; *Warth*, 422 U.S. at 499; *Lifrak v. New York City Council*, 389 F. Supp. 2d 500, 503 (S.D.N.Y. 2005).) These additional restrictions – which likewise provide "a limitation on federal court jurisdiction," *Lifrak*, 389 F. Supp. 2d at 503 (internal citation and quotation omitted) – enforce the principle that, "as a prudential matter, the Plaintiff must be a proper proponent, and the action a proper vehicle, to vindicate the rights asserted." (*Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999) (internal quotation omitted).) Like constitutional standing, prudential standing requirements mandate dismissal where a Plaintiff seeks to assert a claim under laws that do not provide her with a cause of action. (*See, e.g., Lifrak*, 389 F. Supp. 2d at 506 - holding that Plaintiff "lacks statutory standing to pursue her Equal Pay Act claim and it need be dismissed for lack of subject matter jurisdiction".)

Here, as noted above, Plaintiffs alleged that they were employed only in California. Further, they have not demonstrated – nor could they – that their employment in California was subject to the laws of other states. As such, Plaintiffs cannot demonstrate that they fall within the zone of interest of the laws of states outside of California or that, in the Second Cause of Action, they are

DEFENDANTS' MOTION TO DISMISS AND STRIKE THE AMENDED COMPLAINT    20
Case No.:  08-01190 SI

attempting to assert personal rights or interests. (*See, e.g., Carnevale*, Slip Op. at 5 - finding that Ohio-employed Plaintiffs lacked standing to sue under the wage laws of other states because "Plaintiffs are not within the zone of interest protected by any of those other state wage and hour laws".) Therefore, the Second Cause of Action fails on prudential standing grounds, as well as on constitutional standing grounds, and this Court should dismiss it in its entirety.

### C.    Plaintiffs Cannot Avoid Dismissal By Attempting To Assert Class Claims.

Plaintiffs cannot bootstrap their way to standing with regard to their Second Cause of Action by asserting that they are pursuing class claims under Rule 23 and serving as representatives of class members who lived, worked, and earned salary in states other than California. The Supreme Court has long held that standing requirements are "no less true with respect to class actions than with respect to other suits." (*Lewis v. Casey*, 518 U.S. 343, 357 (1996); *see also Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) – stating ("That a suit may be a class action, however, adds nothing to the question of standing . . . .".) Thus, "if none of the named Plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendant[], none may seek relief on behalf of himself or any other member of the class." (*O'Shea*, 414 U.S. at 494; *see also Allee v. Medrano*, 416 U.S. 802, 828-29 (1974) holding that "[A] named Plaintiff cannot acquire standing to sue by bringing the action on behalf of others who suffered the injury which would have afforded them standing had they been Plaintiffs. . . ."; *Parks*, 2006 U.S. Dist. LEXIS 39763 at *4  holding that "the filing of a suit as a class action does not relax [the] jurisdictional requirement [of standing]" (citation omitted).)

As demonstrated above, Plaintiffs' lack standing to assert claims under the laws of states other than California, and any attempt to style the Second Cause of Action as class claims cannot cure this defect. (*See, e.g., Carnevale*, Slip Op. at 7 - holding that Ohio-employed Plaintiffs, who lacked standing to sue under the wage laws of other states, "do not have standing to assert claims under other state laws for the putative class".) Nor can Plaintiffs avoid dismissal at this stage by asserting that class certification must be addressed prior to standing. Indeed, in *Parks*, Plaintiffs' counsel recently attempted – and failed – to avoid dismissal of state law claims by asserting that the Supreme Court's decision in *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999), required

DEFENDANTS' MOTION TO DISMISS AND STRIKE THE AMENDED COMPLAINT    21
Case No.:  08-01190 SI

consideration of class certification questions prior to the determination of standing issues. The *Parks* court rejected that argument, under circumstances nearly identical to those present here, and awarded the defendant judgment on the pleadings with respect to the state law wage claims that the named Plaintiff lacked standing to assert, noting that it "fail[ed] to see what impact a motion for class certification would have on the pending motion." (*Parks*, 2006 U.S. Dist. LEXIS 39763 at *8.)

The *Parks* decision is consistent with *Ortiz*, which, to the limited extent that it addresses standing, stands for the principle that "this or any other Article III court must be sure of its own jurisdiction before getting to the merits." (*Ortiz*, 527 U.S. at 831. *See also In re Eaton Vance Corp. Sec. Litig.*, 220 F.R.D. 162, 165 (D. Mass. 2004) - observing that "the Supreme Court has never adopted a broad exception to jurisdictional requirements".) It is also consistent with the determination of federal courts throughout the country, which consistently hold that it is appropriate to address class certification issues prior to standing only in "extremely complex" cases, that "defy[] customary judicial administration." (*In re AllianceBernstein Mut. Fund Excessive Fee Litig.*, No. 04 Civ. 4885, 2005 WL 2677753, at *9 (S.D.N.Y. Oct. 19, 2005); *See also Easter v. Am. W. Fin.*, 381 F.3d 948, 962 (9th Cir. 2004) holding that *Ortiz* "does not require courts to consider class certification before standing"; *Eaton Vance*, 220 F.R.D. at 166 (finding it "apparent from examining the context of *Ortiz* that its reach is limited"; *Landmann v. Bann-Cor*, No. 01-CV-00417, 2004 WL 1944789, at *5 (S.D. Ill. Feb. 26, 2004) - holding that it was appropriate to decide standing issues prior to class certification issues.) Plaintiffs here have not – and cannot – establish standing with respect to non-California claims in the Second Cause of Action or that these clear-cut standing issues are not ripe for consideration. Accordingly, the Second Cause of Action should be dismissed.

## VI.    ALL OF PLAINTIFFS' CLAIMS AND CLASS ACTION ALLEGATIONS BASED UPON MISSED MEAL PERIODS, MISSED REST PERIODS, AND "OFF-THE-CLOCK" WORK SHOULD BE DISMISSED AND STRICKEN

California employers are not required to "ensure" that their employees actually take their meal and rest breaks. (*Brinker Restaurant Corp., et al. v. Superior Court of San Diego*, 2008 WL 2806613 (Cal.App. 4th District 2008.) In *Brinker*, the Court of Appeal held that "because the rest and meal breaks need only be 'made available' and not 'ensured,' individual issues predominate and, based on the evidence presented to the trial court, they are not amenable to class treatment".

(*Id,* at *1.)  Under *Brinker*, because an employers' liability turns on whether meal and rest periods were made available and the reasons why breaks were missed, individual issues predominate. (*Gabriela et al. v. Wells Fargo Financial, Inc. et al.*, Case No. 3:06-cv-04347-SI Docket No. 286 (N.D.Cal. 2008) *See also, White v. Starbucks Corp.*, 497 F.Supp.2d 1080, 1085-90 (N.D.Cal.,2007.).)  In *Brown v. Federal Express Corp.*, 249 F.R.D. 580, 586-588 (C.D.Cal. 2008), this Court recently held that the question of whether the over 5,000 employee class members in that case were forced to forgo breaks or voluntarily choose not to take them is a highly individualized inquiry that would require over 5,000 mini-trials to establish the reason for their missed breaks. The *Brinker* court also held that employers are not liable for alleged off-the-clock claims unless "they knew or should have known they were doing so", and that any such claims are "not amenable to class treatment as individual issues predominate on the issue of whether [an employer] forced [its] employees to work off-the-clock. (*Brinker, supra,* at *1; See also, White v. Starbucks Corp.*, 497 F.Supp.2d 1080, 1083-1085 (N.D.Cal. 2007).)

Pursuant to *Brinker*, *Gabriella*, *White* and *Brown*, *supra*, *all* of Plaintiffs' claims should be dismissed because the allegations merely state that defendants allowed Plaintiffs to work during their meal and rest periods, and to work off-the-clock.  The Amended Complaint alleges that Plaintiffs "are [ ] employees and former employees of defendants who were *suffered or permitted* to work by defendants and not paid their regular or statutorily required rate of pay for all hours worked". (Amended Complaint, ¶¶ 237, 238 and 242.)(emphasis added.)  Plaintiffs also allege that under defendants' On-Call Pay, Community Work, Training Compensation, Pre-Needs Appointment, Meal Break Deduction, Preapproval for Overtime Pay and Unrecorded Work Time Policies "defendants suffered or permitted" Plaintiffs to perform work that was uncompensated. (Amended Complaint, ¶ 242(a)-(g).)  Plaintiffs have not alleged any factual allegations that defendants forced any of the Plaintiffs to perform such uncompensated work, or that defendants knew or should have known that Plaintiffs were allegedly performing such uncompensated work. Without such allegations, all of the Plaintiffs' claims, including those that are derivative of the missed meal periods, missed rest periods and off-the-clock and break claims, are fatally defective and must be dismissed and stricken.

Moreover, all of Plaintiffs' class action claims and allegations that they were permitted to

work during your meal and rest periods and work off-the-clock must be dismissed and stricken. (Amended Complaint, ¶¶ 228-236.) As discussed in *Brinker*, *Gabriella*, and *Brown*, *supra,* the resolution of those claims necessarily requires a highly individualized inquiry which in this case would result in thousands of mini trials to establish the reasons why each meal or rest period was missed by each Plaintiff, and whether they were forced to forgo such breaks or voluntarily chose not to take them. Thousands more would be required to determine whether defendants knew or should have known of each of the hours that Plaintiffs allegedly worked off-the clock. Such individualized proof on such issues makes Plaintiff's claims not amenable to class treat. Consequently, *all* of the class action allegations and claims must be dismissed and stricken.

## VII.    CONCLUSION

For all of the forgoing reasons, this court should dismiss the Moving Defendants, dismiss and strike all of the claims in the Amended Complaint, and dismiss and strike all of the class action allegations.

Dated:   August 8, 2008,

GURNEE & DANIELS LLP

By _____

STEVEN H. GURNEE, ESQ.
DAVID M. DANIELS, ESQ.
NICHOLAS P. FORESTIERE, ESQ.
Attorneys for Defendants