Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830
Facsimile:  (415) 433-7104
srosen@rbg-law.com

[Additional Counsel Listed on Signature Page]

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| WILLIAM HELM, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALDERWOODS GROUP, INC., et al., <br><br> Defendants. <br> _____ <br><br> CLAUDE BRYANT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SERVICE CORPORATION INTERNATIONAL, et al., <br><br> Defendants. <br> _____ | Case Nos. CV 08-1184-SI and CV 08-1190-SI <br><br> **PLAINTIFFS' CONSOLIDATED RENEWED REQUEST FOR DISCOVERY** |

PLAINTIFFS' CONSOLIDATED RENEWED REQUEST FOR DISCOVERY
Case Nos. CV 08-1184-SI and CV 08-1190-SI

1  Additional Attorneys for Plaintiffs, who are admitted *pro hac vice*:

2  J. Nelson Thomas, NY Attorney No. 2579159
3  Patrick J. Solomon, NY Attorney No. 2716660
   Annette Gifford, NY Attorney No. 4105870
4  DOLIN, THOMAS & SOLOMON LLP
   693 East Avenue
5  Rochester, NY 14607
   Telephone: (585) 272-0540
6  Facsimile:  (585) 272-0574
   nthomas@theemploymentattorneys.com

7  Additional Attorneys for Plaintiffs, who will
8  submit applications for admission *pro hac vice*:

9  Charles H. Saul, PA State Bar No.19938
   Liberty J. Weyandt, PA State Bar No. 87654
10 Kyle T. McGee, PA State Bar No. 205661
   MARGOLIS EDELSTEIN
11 525 William Penn Place
   Suite 3300
12 Pittsburgh, PA 15219
   Telephone: (412) 281-4256
13 Facsimile: (412) 642-2380
   csaul@margolisedelstein.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' CONSOLIDATED RENEWED REQUEST FOR DISCOVERY
Case Nos. CV 08-1184-SI and CV 08-1190-SI

Following this Court's rulings that it would not transfer these cases to other jurisdictions (*Helm* Docket No. 89; *Bryant* Docket No. 74), plaintiffs submitted their Consolidated Supplement to Joint Case Management Statement (the "Supplemental Filing"). (*Helm* Docket No. 91; *Bryant* Docket No. 76). In their Supplemental Filing, plaintiffs argued that the motions to dismiss previously filed by defendants (and withdrawn pending this Court's ruling regarding remand and transfer), raised numerous issues requiring immediate discovery prior to the time plaintiffs could oppose or this Court could decide defendants' motions. Specifically, plaintiffs argued that discovery was required with respect to:

- defendants' arguments that plaintiffs' class allegations should be dismissed;
- defendants' arguments that this Court lacks personal jurisdiction over some or all defendants; and
- defendants' 12(b)(6) arguments that are supported by their evidentiary submissions.

During the status conference held on July 25, 2008, the Court indicated that, while the arguments advanced by defendants would likely require the discovery plaintiffs sought, in light of the fact that defendants had withdrawn and not yet re-filed their motions, plaintiffs' request should be delayed until after defendants again submitted their motions to dismiss. On August 8, 2008, defendants re-filed their motions to dismiss. (*Bryant* Docket Nos. 80 and 95; *Helm* Docket Nos. 99, 106, 109). These motions again advance the same arguments regarding class allegations, personal jurisdiction, and other claims supported by evidentiary evidence and, thus, plaintiffs hereby renew their earlier request for an appropriate period of discovery related to these issues.

As plaintiffs previously argued, case law in this Circuit and others requires discovery to proceed regarding each of the three issues raised by defendants before any decision may be reached on those arguments.

Courts have consistently ruled that defendants may not properly raise the propriety of class allegations pursuant to Rule 23(a) or (b) prior to discovery, particularly where, as here, defendants have not even answered the complaint. For example, in *In re Wal-Mart Stores, Inc. Wage and Hour Litigation*, the court found it could not rule on the plaintiffs' class action allegations, observing "plaintiffs should at least be given the opportunity to make the case for certification based on appropriate discovery." 505 F. Supp. 2d 609, 615-16 (N.D. Cal. 2007). *See also id*. at 615 ("the practice employed in the overwhelming majority of class actions is to resolve class certification only after an appropriate period of discovery") (*citing* WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE CIVIL § 1785.3 (3d 2005)); *Krzesniak v. Cendant Corp.*, 2007 WL 640594 at *3 (N.D. Cal. Feb. 27, 2007) (denying defendant's motion to dismiss class allegations because plaintiff "has not been afforded the opportunity to bear his burden and the record before the Court is incomplete and ill-suited to the task of informing its judgment"); *Baas v. Dollar Tree Stores, Inc.*, 2007 WL 2462150 at *3 (N.D. Cal. Aug. 29, 2007) (where "discovery has not yet commenced and Plaintiffs have not yet moved to certify their class … Defendant's arguments regarding the propriety of the class allegations are premature"); *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982) ("there can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied"); *Abdallah v. The Coca-Cola Co.*, 1999 WL 527835 at *1 (N.D. Ga. July 16, 1999) ("Defendant argues that, no matter what forms Plaintiffs' class claims take, they are not maintainable in a class action. But the shape and form of a class action evolves only through the process of discovery, and it is premature to draw such a conclusion before the claim has taken form").

Similarly, the parties should also conduct discovery prior to any ruling regarding jurisdictional issues. *See, e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13, 98 S.Ct. 2380, 2389 n.13 (1978) ("discovery is available to ascertain the facts bearing on [jurisdictional] issues"); *Siderman de Blake v. Republic of Argentina*, 965

F.2d 699, 713 (9th Cir. 1992) ("the parties should be allowed to conduct discovery for the limited purpose of establishing jurisdictional facts before the claims can be dismissed").

Finally, because defendants rely upon supporting affidavits and documentary evidence for their motions to dismiss pursuant to F.R.C.P. 12(b)(6), F.R.C.P. 12(d) provides that "the motion must be treated as one for summary judgment under Rule 56." Here, where the parties have engaged in no discovery, plaintiffs would seek such discovery pursuant to F.R.C.P. 56(f), which permits a court to, *inter alia*, "order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken."  F.R.C.P. 56(f)(2).

Thus, discovery is required prior to a ruling regarding each of the three issues raised in defendants' motions to dismiss and identified above.  Plaintiffs hereby request that this Court order the parties to engage in an appropriate period of discovery regarding to this issue, and that plaintiffs' responses to defendants' motions be delayed until after such discovery has been completed.

                                Respectfully Submitted,
                                DOLIN, THOMAS & SOLOMON LLP

Date:  August 28, 2008              By: /s/ Patrick J. Solomon

                                Patrick J. Solomon, NY Attorney No. 2716660
                                J. Nelson Thomas, NY Attorney No. 2579159
                                Annette Gifford, NY Attorney No. 4105870
                                693 East Avenue
                                Rochester, NY 14607
                                Telephone: (585) 272-0540

                                ROSEN, BIEN & GALVAN, LLP
                                Sanford Jay Rosen, State Bar No. 62566
                                Maria V. Morris, State Bar No. 223903
                                Lori E. Rifkin, State Bar No. 244081
                                315 Montgomery Street, Tenth Floor
                                San Francisco, CA 94104
                                Telephone: (415) 433-6830

1
2   MARGOLIS EDELSTEIN
    Charles H. Saul, PA State Bar No.19938
3   Liberty J. Weyandt, PA State Bar No. 87654
    Kyle T. McGee, PA State Bar No. 205661
4   525 William Penn Place, Suite 3300
    Pittsburgh, PA 15219
5   Telephone: (412) 281-4256

6   Attorneys for Plaintiffs

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

PLAINTIFFS' CONSOLIDATED RENEWED REQUEST FOR DISCOVERY
                           - 4 -    Case Nos. CV 08-1184-SI and CV 08-1190-SI