```
 1  STEVEN H. GURNEE, ESQ. SB# 66056
    DAVID M. DANIELS, ESQ. SB# 170315
 2  NICHOLAS P. FORESTIERE, ESQ. SB#125118
    JOHN A. MASON, ESQ. SB# 166996
 3  GURNEE & DANIELS LLP
    2240 Douglas Boulevard, Suite 150
 4  Roseville, CA  95661-3805
    Telephone    (916) 797-3100
 5  Facsimile    (916) 797-3131

 6  Attorneys for Defendants
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HELM, DEBORAH PRISE, HEATHER P. RADY, et al., on behalf of themselves and all other employees and former employees similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>ALDERWOODS GROUP, INC., et al<br><br>Defendants. | Case Nos.  CV 08-01184 SI and CV 08-1190-SI<br><br>**DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFFS' REQUEST FOR DISCOVERY REGARDING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FRCP 12(B)(2)**<br><br>Date:    August 29, 2008<br>Time:   2:00 p.m.<br>Dept.:   10<br>Judge:  The Honorable Susan Illston |
| CLAUDE BRYANT, et al.<br><br>Plaintiffs,<br>vs.<br><br>SERVICE CORPORATION INTERNATIONAL, INC., et al<br><br>Defendants. | |

### PLAINTIFFS' REQUEST FOR LIMITED DISCOVERY

Defendants file this supplemental response to inform the Court of the status of the parties' meet and confer efforts concerning Plaintiffs' request for discovery regarding Moving

**DEFENDANTS' SUPPLEMENTAL RESPONSE RE PLAINTIFFS' REQUEST FOR DISCOVERY**
Case No.:  CV 08-01184 SI and CV 08-01190 SI                                                                                                    1

Defendants'[1] motions to dismiss for lack of personal jurisdiction filed in the related cases of *William Helm, et al. v. Alderwood's Group et al.*, Case No. CV 08-1184-SI ("*Helm*") and *Claude Bryant v. Service Corporation International*, Case No. CV 08–1190–SI ("*Bryant II*").

On August 21, 2008, Plaintiffs' counsel Nelson Thomas and Defendants' counsel Nicholas P. Forestiere met and conferred regarding Plaintiffs' discovery request and ADR requirements. They also further met on August 27, 2008 to review Plaintiffs' proposed scope of discovery and discovery plan for limited discovery regarding Moving Defendants 12(b)(2) motions. (*Helm* Docket Nos. 99, 106; *Bryant II* Docket No. 80).

The Defendants strongly continue to believe that no amount of discovery will change the facts set forth in the Moving Defendants' declarations establishing that there is no personal jurisdiction as to any of them. Further, no such discovery should even be allowed as to the individually named Moving Defendants because it is clear that as corporate officers of the some of the corporate defendants, they cannot be, as a matter of law, individually liable for the corporate defendants' alleged wage and hour violations. (*Reynolds v. Bement*, 36 Cal.4th 1075 at p. 1087-88 (2005).) Any discovery should be limited solely to the issues raised in the 12(b)(2) motions to dismiss.

Nonetheless, Plaintiffs contend otherwise and still seek discovery regarding all of Defendants 12(b)(2) and 12(b)(6) motions to dismiss. Their proposed discovery plan is not limited to those issues raised in the Moving Defendants' motions declarations to dismiss for lack of personal jurisdiction. Instead, plaintiffs' requested discovery goes well beyond seeking discovery regarding the merits of their case and their class action allegations. They claim that such additional discovery is justified in light of Defendants' 12(b)(6) motions to dismiss for failure to state a claim. However, defendants are not aware of any authority that would permit discovery on such a motion to dismiss pursuant to rule 12(b)(6). Plaintiffs, in tacit admission of the lack of such authority, seek to mischaracterize Defendants' motions to dismiss as motions for summary

---

[1] They include Jane Jones, Curtis Briggs, Thomas Ryan, Gwen Petteway, Paul Houston, SCI Eastern Market Support Center, L.P., and SCI Houston Market Support Center, L.P.

**DEFENDANTS' SUPPLEMENTAL RESPONSE RE PLAINTIFFS' REQUEST FOR DISCOVERY**
Case No.: CV 08-01184 SI and CV 08-01190 SI

2

1  judgment, claiming that they are based upon evidentiary matters that are beyond the allegations of
2  the complaint. This is simply not correct. A review of such motions (*Helm* Docket No. 109;
3  *Bryant II* Docket No. 95) demonstrate that they are based solely upon allegations of the Amended
4  Complaints, and upon those matters that the Court can properly take judicial notice (i.e., Plaintiffs'
5  pleadings and Judge Conti's rulings filed in the other related actions.). Any discovery concerning
6  the merits of the Amended Complaints and their class action allegations should not be permitted
7  until after the Court rules on the motions to dismiss.

8      Should the Court grant Plaintiffs' request for limited personal jurisdiction discovery, then it
9  should require Plaintiffs to submit a proposed detailed discovery plan regarding such issues. The
10 discovery plan should include the specific topics and subject matters upon which they seek
11 discovery; the persons they seek to depose; the places and times proposed for such depositions; the
12 documents they seek to discover; the time for completing such discovery; and the method of
13 resolving any discovery disputes that may arise while it is being conducted. Defendants then
14 should be allowed to object to the plaintiffs' proposed discovery plan, and then have the Court
15 determine to what extent such discovery will be allowed.

    Respectfully submitted.

Dated: August 28, 2008.

GURNEE & DANIELS LLP

By _____
STEVEN H. GURNEE, ESQ.
NICHOLAS P. FORESTIERE, ESQ.
DAVID M. DANIELS, ESQ.
Attorneys for Defendants

**DEFENDANTS' SUPPLEMENTAL RESPONSE RE PLAINTIFFS' REQUEST FOR DISCOVERY**
Case No.: CV 08-01184 SI and CV 08-01190 SI

3