IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE BRYANT, *et al.*, | No. C 08-01190 SI |
| Plaintiffs, | Related case: No. C 08-01184 SI |
| v. | |
| SERVICE CORPORATION INTERNATIONAL, *et al.*, | **ORDER DENYING PLAINTIFFS' DISCOVERY REQUEST [Docket No. 119]** |
| Defendants. | |

Plaintiffs have filed a request for an order directing defendants to respond to all of plaintiffs' discovery requests. Plaintiffs have neither provided their discovery requests to the Court nor discussed why each request is warranted.

At the parties' August 29 case management conference, the Court ordered that discovery may proceed only on the question of personal jurisdiction. [Docket No. 103] Plaintiffs served no discovery requests on defendants until October 8. Defendants filed objections on November 8, arguing that all of plaintiffs' requests exceeded the permissible scope of discovery. Notwithstanding their objections, defendants have agreed to provide responses to Interrogatories Nos. 4-11, 14-15, 17-19, and 21-23; and to Document Requests Nos. 2-9, 12-13, 15-17, 19-21 by December 22. Both parties seek to continue the January 16 hearing on defendants' motions to dismiss for lack of personal jurisdiction.

The Court agrees with defendants that plaintiffs' requests exceed the scope of permissible discovery on personal jurisdiction. First, defendants SCI Funeral and Cemetery Purchasing Cooperative, Inc.; SCI Western Market Support Center, L.P.; and Alderwoods Group, Inc. do not contest personal jurisdiction. Accordingly, the only permissible discovery pertains to whether this Court

has personal jurisdiction over the individual defendants and over Service Corporation International, SCI Eastern Market Support Center, L.P., and SCI Houston Market Support Center, L.P. Discovery relating solely to subsidiaries of SCI that are not named as defendants is not permitted.

Second, many of plaintiffs' requests are overbroad. For example, Interrogatory No. 10 requests information about communications regarding "any matter in California." Interrogatory No. 4 requests information for every employment contract and human resource documentation of every employee of SCI or any entity affiliated with SCI in California.

Accordingly, plaintiffs' request for an order is DENIED. Plaintiffs may renew their request should defendants' production on December 22 prove unsatisfactory and should the parties find they are unable to resolve the dispute through the meet and confer process. If plaintiffs renew their request, they must provide to the Court the discovery requests on which they seek to compel production, and they must discuss why each request is necessary, citing to relevant authorities to establish why the requested information would support their theory of personal jurisdiction. The hearing on defendants' motions to dismiss is continued until **February 20, 2009.** The case management conference currently scheduled for January 16 is also continued until February 20.

**IT IS SO ORDERED.**

Dated: 12/29/08

SUSAN ILLSTON
United States District Judge