1  STEVEN H. GURNEE, ESQ. SB# 66056
   DAVID M. DANIELS, ESQ. SB# 170315
2  GURNEE & DANIELS LLP
   2240 Douglas Boulevard, Suite 150
3  Roseville, CA  95661-3805
   Telephone     (916) 797-3100
4  Facsimile      (916) 797-3131

5

6  Attorneys for Defendants

7  SERVICE CORPORATION INTERNATIONAL,
   SCI FUNERAL AND CEMETERY PURCHASING
8  COOPERATIVE, INC., SCI EASTERN MARKET
   SUPPORT CENTER, L.P. SCI WESTERN
9  MARKET SUPPORT CENTER, L.P., SCI
   HOUSTON MARKET SUPPORT CENTER, L.P.,
10 JANE D. JONES, GWEN PETTEWAY, THOMAS
   RYAN and CURTIS BRIGGS
11

12

13                        UNITED STATES DISTRICT COURT

14                      NORTHERN DISTRICT OF CALIFORNIA

15

16 CLAUDE BRYANT, et al., on behalf of    )   CASE NO.  3:08-CV-01190 SI
   themselves and all other employees and former )
17 employees similarly situated,          )   STIPULATED PROTECTIVE ORDER
                                          )   PURSUANT TO FED. R. CIV. P. 26(C)
18                                        )
              Plaintiffs,                 )
19      vs.                               )
                                          )
20                                        )
   SERVICE CORPORATION                    )
21 INTERNATIONAL et al.                   )
                                          )
22                                        )
              Defendants.                 )
23                                        )
                                          )
24 _____)

25       **STIPULATED PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(C)**

26       The parties hereto having stipulated to the entry of a Protective Order under Rule 26(c) of
27
   the Federal Rules of Civil Procedure and it appearing to the Court that such an Order is necessary
28

STIPULATED PROTECTIVE ORDER                                                                    1
Case No.: 3:08-CV-01190 SI

and appropriate and will facilitate discovery, IT IS HEREBY ORDERED THAT:

1. A party may designate as "CONFIDENTIAL" any documents, discovery responses, electronic data, deposition transcripts, or exhibits that:

   a. Would reveal trade secrets or other information proprietary to any party and that would give a competitor a business advantage if it obtained such information;

   b. Would reveal the medical condition of any individual;

   c. Involves sensitive personal information.

2. A party may designate documents, discovery responses, electronic data, deposition transcripts, or exhibits as confidential and subject to this Order by stamping or labeling the first page of each such document "CONFIDENTIAL" or, if the information is not in a document, by any other reasonable means of giving notice of the party's intent to claim protected status for the material in question (hereafter "Confidential Discovery Material"). Documents and information designated as confidential in accordance with this Paragraph shall not be disclosed other than as set forth in this Order. If a party wishes to waive the confidentiality protections for information related to him or her, he or she must inform the other party in writing exchanged through the parties' counsel of record (or personally in the event a party appears in this action *pro se*). If the designating party nonetheless believes that confidentiality cannot be waive pursuant to law or rule, the designating party may then file a motion with the Court pursuant to Paragraph 7.

3. Documents and information designated confidential in accordance with this Order shall be used solely for the purpose of litigation of this case or related cases or activities related to this litigation such as mediations or settlement conferences. Unless the Court rules otherwise, such documents or information shall not be disclosed to any person other than (a) counsel of record to any party to this Order; (b) the legal, clerical, paralegal, or other staff of such counsel to this action

Case 3:08-cv-01190-SI Document 112 Filed 01/26/2009 Page 3 of 7

employed during litigation and litigation related activity; (c) Plaintiff Claude Bryant, any other named plaintiffs and/or any opt ins, so long as they agree to comply with and be bound by the terms of this Order and so long as counsel for Plaintiffs believes in good faith that such individuals have a need to review the material; and the principals, officers, agents and employees of Defendants, so long as they agree to comply with and be bound by the terms of this Order and so long as Defendants believe in good faith they have a need to review such documents or information; (d) person retained by either party to this Order to furnish expert services or advice or to give expert testimony in this action (and their employees); (e) deponents, trial witnesses and court reporters in this action; and (f) the Court, Court personnel and jurors.  Confidential documents or information disclosed to any such person shall not be disclosed by him/her to any other person not included within the foregoing subparagraphs (a) through (f) of this paragraph.  No such documents or information designated as confidential pursuant to this Order shall be used by any such person for any purpose other than for litigation of this case or related cases, or for activity related to this litigation such as mediations and settlement conference.

    4.    If a question arising at a pretrial deposition calls for an answer containing Confidential Discovery Material, or if the question contains Confidential Discovery Material, counsel for the party with an interest in protecting such confidential information shall, either at the deposition itself or within 30 days after receipt of the transcript thereof, notify all counsel of record that the information provided in such answer or question is considered confidential and that the transcript reflecting such information shall be subject to the provisions of this Order.

    5.    Any person who is to obtain access to Confidential Discovery Material pursuant to Paragraph 3(d) shall prior to receipt of such confidential documents or information (a) be informed by the party providing access to such confidential documents or information of the terms of this

Order; (b) agree in writing to be bound by the terms of this Order by executing the attached Agreement; and (c) submit to the authority of this Court for enforcement of this Order.

6. If counsel for a party herein shall hereafter desire to make Confidential Discovery Material available to any person other than those referred to in Paragraph 3 above, such counsel shall designate the material involved, indentify the person to whom he/she wised to make disclosure, and inform counsel for the opposing party of their desire. If the parties are unable to agree on the terms and conditions of the disclosure to persons not enumerated in Paragraph 3, disclosure may be made only on such terms as the Court may order.

7. If a party objects to the designation of any document or information as confidential, counsel for the objecting party shall notify opposing counsel of the objection. If the parties' dispute regarding the objection cannot be resolved by agreement, if counsel making the designation wishes to maintain the confidentiality of the information, such counsel shall file a motion with this Court within thirty days of being notified of the objection. The documents or information in question shall be kept confidential pending ruling on the motion, provided such a motion is brought within thirty days.

8. In the event a party includes or refers to Confidential Discovery Material in any pleading, motion, or paper filed with the Court, that party shall file the pleading, motion or paper (including all confidential documents and information) under seal in accordance with Judge Illston's Standing Order effective June 23, 2006. Accordingly, the party seeking to file any pleading, motion, or paper with the Court including or referring to Confidential Discovery Material must first obtain prior leave of Court for each document that is requested to be filed under seal. Such party may serve and provide courtesy copies to the Court of such material prior to a ruling regarding the materials being filed under seal. Service of such papers shall constitute filing of such papers until

STIPULATED PROTECTIVE ORDER 4
Case No.: 3:08-CV-01190 SI

the Court rules on the request for the materials to be filed under seal.

9. The provisions of this Order shall not terminate at the conclusion of this action. Subject to the exceptions listed in this paragraph, within six years after the final termination of this action, including any appeals, the party designating materials as confidential may request the return to opposing counsel of the originals and all copies of confidential documents or documents reflecting confidential information that are in existence at that time, and opposing counsel shall agree to that request to the extent practicable and to the extent such return will not divulge privileged information. In addition, the parties may agree to destroy (rather than return) any originals and copies of such material and, in such event, the destroying party shall confirm in writing to the designating party that such material was destroyed.

` 10. Any document, exhibit, or transcript designated confidential in accordance with this Order, and which is otherwise admissible, may be used at trial, provided, however, that the parties agree that they will work with the Court to identify trial procedures, such as filing under seal and/or in camera reviews, that will protect and maintain the non-public nature of highly sensitive information, including for example, proprietary information and/or trade secrets. Prior to the use at trial of confidential documents, all "CONFIDENTIAL" stamps placed on the document, exhibit, or transcript pursuant to this Order shall be removed.

11. Nothing contained in this Order, nor any action taken in compliance with it, shall (a) operate as an admission or assertion by any witness or person or entity producing documents that any particular documents or information is, or is not, confidential or (b) prejudice in any way the right of any party to seek a Court determination of whether it should not remain confidential and subject to the terms of this Order. Any party to this Order may request the Court to grant relief from any provision of this Order.

12. Nothing herein constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, attorney work product protection, or any other privilege.

13. It is recognized by the parties to this Order that, due to the exigencies of providing numerous documents and the taking of testimony, certain documents or testimony may be designated erroneously as confidential, or documents or information that are entitled to confidential treatment erroneously may not be designated as confidential. The parties to this Order may correct their confidentiality designations, or lack thereof, and shall, at their own expense, furnish to all counsel copies of the documents for which there is a change in designation.

14. Nothing in this Order shall prevent any party from using or disclosing their own documents or information, regardless of whether they are designated confidential.

**IT IS SO ORDERED:**

_____
The Honorable Susan Illston

**AGREED TO:**

| | |
|---|---|
| /s/ Annette Gifford | /s/ Nicholas P. Forestiere |
| Dolin, Thomas & Solomon LLP | Gurnee & Daniels LLP |
| 693 East Avenue | 2240 Douglas Boulevard, Suite 150 |
| Rochester, New York 14607 | Roseville, California 95661 |
| Telephone: (585) 272-0540 | Telephone: (916) 797-3100 |
| | |
| Attorneys for Plaintiffs | Attorneys for Defendant Service Corporation International |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE BRYANT, et al., on behalf of themselves and all other employees and former employees similarly situated,<br><br>        Plaintiffs,<br>    vs.<br><br>SERVICE CORPORATION INTERNATIONAL et al.<br><br>        Defendants. | CASE NO. 3:08-CV-01190 SI<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, the undersigned, hereby acknowledge that I have received a copy of the Protective Order ("Order") entered in the action, which is attached hereto as Exhibit 1, and that I have read the Order and agree to be bound by all the provisions in it and to submit to the jurisdiction of the Court for purposes of enforcement of the Order. I recognize that during my participation in this case, I may have occasion to read or hear matters which are designated as "CONFIDENTIAL." I agree not to disclose any such confidential matters to any person not entitled to receive disclosure of same under the provisions of the Order and to use any such confidential matter solely in connection with my participation in this case. I also agree to return to counsel for the party supplying documents or information to me, in accordance with the Order, any such confidential materials as soon as my participation in the case is concluded.

DATED:_____, 2009

_____
Signature

_____
Print Name

_____
Address