IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE BRYANT, et al., | No. C 08-1190 SI |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL** |
| v. | |
| SERVICE CORPORATION INTERNATIONAL, et al., | |
| Defendants. | |

Now before the Court is plaintiffs' motion for an order compelling defendants[1] to produce documents responsive to 15 document requests and to provide supplemental responses to 18 interrogatories. Plaintiffs contend that this discovery is relevant to establishing that this Court has personal jurisdiction over defendants. Plaintiffs intend to oppose defendants' motion to dismiss for lack of personal jurisdiction by proving that subsidiaries of defendant Service Corporation International ("SCI") have contacts with California and that those contacts are attributable to SCI through "single employer," "joint employer," "alter ego" or "agency" theories of liability. *See NLRB v. Don Burgess Constr. Corp.*, 596 F.2d 378, 384 (9th Cir. 1979) (single employer); *Bauman v. DaimlerChrysler AG*,

---

[1] The defendants contesting personal jurisdiction are Service Corporation International, SCI Eastern Market Support Center, L.P., SCI Houston Market Support Center, L.P., and SCI employees Jane D. Jones (VP of Human Resources at SCI), Gwen Petteway (Director of Human Resources for SCI Funeral and Cemetery Purchasing Cooperative, Inc.), Thomas Ryan (President and CEO of SCI), and Curtis Briggs (VP of SCI Eastern Market Support Center). SCI Funeral and Cemetery Purchasing Cooperative, Inc., L.P. and SCI Western Market Support Center, L.P. do not contest personal jurisdiction.

No. C-04-00194-RMW, 2005 WL 3157472, *11 (N.D. Cal. Nov. 22, 2005) (agency); *Flynt Distributing Co., Inc. v. Harvey*, 734 F.2d 1389, 1393 (9th Cir. 1984) (alter ego).

The Court agrees that plaintiffs are entitled to seek evidence through discovery in support of their theories of personal jurisdiction. Defendants cannot avoid producing discovery that is relevant to personal jurisdiction simply because the evidence will also be relevant to the merits phase of this case. Nonetheless, the Court found the parties' submissions regarding plaintiffs' requests to be unhelpful: in general, both plaintiffs' requests and defendants' responses were vague and overly broad. The Court therefore will consider only *specific* categories of evidence requested by plaintiffs and will deny their motion in all other respects.

Defendants object that many of the requests will violate the privacy rights of employees. The Court finds that any privacy concerns can be addressed by producing the documents at issue subject to a protective order, and directs the parties to stipulate to the terms of a protective order such as the standard form available on the Northern District of California's website.

With these principles in mind, the Court will consider each of plaintiffs' requests in turn.

**Request for Documents No. 3 and Interrogatory No. 5.** These requests seek information regarding the pay, wage deduction, wage reporting, and benefits structure and "systems" of SCI or "any SCI Affiliated Entity or Location in California" (hereinafter "Affiliates").[2] Plaintiffs clarify in their "statement of compliance," *see* Docket No. 119 at 6, that they seek information on whether defendants' compensation policies impact employees in California. The Court GRANTS the request with respect to SCI's written policies on compensation and benefits packages, if those policies had any effect on the California employees of SCI or its affiliates.

**Request for Documents No. 4 and Interrogatory No. 6.** These requests seek information about "all employment practices and policies" that applied to employees of SCI or the Affiliates during the relevant time period. The Court GRANTS this request with respect to SCI's employee handbooks.

**Request for Documents No. 5 and Interrogatory No. 7.** These requests seek information concerning the corporate structure of SCI and the Affiliates. They also seek information on "each

---

[2] The Court interprets this term to refer to SCI subsidiaries located in California. The Court does not compel production of discovery related to any SCI affiliate outside California unless specified.

2

party's" involvement in hiring and firing practices and "employee relations." The Court GRANTS plaintiffs' request with respect to (1) organizational flow charts, (2) written job descriptions of the individual defendants contesting personal jurisdiction, and (3) SCI's written policies concerning the hiring, firing, and discipline of employees, if those policies were applied to employees in California.

**Request for Documents No. 6 and Interrogatory No. 8.** These requests seek information and documentation regarding "all reporting requirements" imposed on SCI and the Affiliates. Defendants object to this interrogatory as being vague and overbroad. The Court agrees. Plaintiffs do not explain how requiring defendants to produce information about all "reporting requirements" is relevant to personal jurisdiction, or what precisely this request refers to. The Court DENIES this request

**Request for Documents No. 7 and Interrogatory No. 9.** These requests seek information regarding all "contracts, agreements, deals, pacts or obligations of any kind" concerning SCI or the Affiliates "relating to or arising from any matter in California." Defendants object that they have not entered into any contracts in California that relate to the employment policies and practices in dispute in this litigation. Plaintiffs respond that evidence of any contracts in California is relevant to general jurisdiction. The Court GRANTS this request with respect to written agreements that the defendants contesting personal jurisdiction have entered into related to any business matter in California.

**Request for Documents No. 8 and Interrogatory No. 10.** These requests seek information regarding agents or employees of SCI who "communicated in any fashion to SCI concerning any matter in California." Plaintiffs argue that the information is relevant to their theory of general jurisdiction. The Court finds these requests to be overbroad, vague and overly burdensome for defendants to produce. The Court DENIES this request.

**Request for Documents No. 9 and Interrogatory No. 11.** These requests seek information "concerning all actions taken or transactions made within, or concerning, California by SCI," the Affiliates, or any employee or agent acting on their behalf. Plaintiffs argue that this information is relevant to the issue of whether this Court has general jurisdiction over defendants. The Court finds that this request is duplicative of Document Request No. 7 and Interrogatory No. 9. To the extent it is not duplicative, it is overbroad. This request is DENIED.

**Request for Documents No. 10 and Interrogatory No. 12.** These requests seek information

3

regarding all documents "of any kind received by, read by, sent by, or otherwise [c]ommunicated to or by SCI" or the Affiliates "[c]oncerning any matter in California." The Court finds these requests to be overbroad, vague and overly burdensome for defendants to produce. The Court DENIES this request.

**Request for Documents No. 11 and Interrogatory No. 13.** These requests seek information "[c]oncerning any conversations" that SCI or the Affiliates "has had with any person in California or [c]oncerning any matters in California." Plaintiffs argue this information is relevant to general jurisdiction. The Court finds these requests to be overbroad, vague and overly burdensome for defendants to produce. The Court DENIES this request.

**Request for Documents No. 12 and Interrogatory No. 14.** These requests seek information "[c]oncerning any trips or visits made to California by SCI" and the Affiliates, or by any employee or agent acting on their behalf. Plaintiffs argue that this request is relevant to whether defendants' contacts with California are so pervasive that they support the exertion of general jurisdiction. The Court hereby ORDERS the defendants contesting personal jurisdiction to disclose any business-related travel they have made to California. Defendants may respond through interrogatory responses; they need not produce documents.

**Request for Documents No. 13 and Interrogatory No. 15.** These requests seek information regarding the "policies or decisions" of SCI and the Affiliates that were made or established in an effort to comply with any California law. The Court finds that plaintiffs' request is relevant to their theory of general jurisdiction. The Court GRANTS plaintiffs' request with respect to written policies of SCI that pertain to compliance with California law.

**Request for Documents No. 14 and Interrogatory No. 16.** These requests seek information "[c]oncerning any [p]olicy, decision, efforts, actions, or contacts" that SCI had with or directed toward the California. The Court finds this request cumulative, vague and overly burdensome for defendants to produce. The Court DENIES this request.

**Request for Documents No. 15 and Interrogatory No. 17.** These requests seek information regarding the business operations or efforts of SCI and the Affiliates during the relevant time period that relate to California. It also requests that defendants provide documents concerning any profits, sales, revenues or business of any kind that SCI can attribute to operations in California. Plaintiffs contend

4

that this request is relevant to general jurisdiction. The Court GRANTS plaintiffs' request with respect to revenues derived from business in California.

**Request for Documents No. 16 and Interrogatory No. 18.** These requests seek information regarding "any business service, customer service or human resources assistance" given by SCI to entities in California. The Court finds this request cumulative, vague and overly burdensome for defendants to produce. The Court DENIES this request.

**Request for Documents No. 18 and Interrogatory No. 20.** These requests seek information and "all documentation" regarding the purported 20,000 employees Jane Jones oversees, as well as documents concerning those employees' work locations, communications or contacts with Jones. It also requests information about the scope and content of Jones' oversight of employees. The Court finds this request duplicative of Request for Documents No. 5 and Interrogatory No. 7. To the extent it is not duplicative, it is overbroad. The Court DENIES this request.

**Request for Documents No. 19 and Interrogatory No. 21.** These requests seek information regarding the "human resources services of the subsidiary and affiliate companies of SCI and training and benefits provided to those companies that Gwen Pettewey is familiar with." The Court has difficulty understanding this request. It appears to be duplicative of Request for Documents No. 5 and Interrogatory No. 7. The Court DENIES this request.

**Request for Documents No. 20 and Interrogatory No. 22.** These requests seek information concerning each position with SCI or an affiliate that Paul Houston, Jane Jones, Gwen Petteway, Curtis Briggs and Thomas Ryan has held, and to describe the responsibilities, duties and roles for such positions, and all human resource documentation regarding their employment. This request is DENIED as it appears to be duplicative of Request for Documents No. 5 and Interrogatory No. 7.

**Request for Documents No. 21 and Interrogatory No. 23.** These requests seek information and documentation concerning "any contact" that SCI or its Affiliates have had with California. Plaintiffs argue this request is relevant to general jurisdiction. The Court finds this request cumulative and DENIES this request.

**Request for Documents No. 1 and Interrogatory No. 2.** Plaintiffs request that for each document defendants produce, they identify the discovery request and paragraphs of the complaint or

5

answer to which the document is response. This request is GRANTED in the following respect: when defendants produce documents in response to this Order, they must identify which request the production is responsive to. This request is DENIED in all other respects.

**Interrogatory No. 1.** Plaintiffs request that defendants identify the individuals who were asked to locate documents, state which request the individuals were instructed to respond to, and state whether each individual provided the information requested. The Court GRANTS this request with respect to defendants' responses to this Order.

**Interrogatory No. 3.** Plaintiffs request that if information is withheld in response to a certain request, defendants state the basis on which they are withholding the information and what efforts are being made to locate the responsive documents. The Court GRANTS this request with respect to defendants' responses to this Order.

**IT IS SO ORDERED.**

Dated: March 27, 2009

SUSAN ILLSTON
United States District Judge