1  STEVEN H. GURNEE, ESQ. SB# 66056
   DAVID M. DANIELS, ESQ. SB# 170315
2  NICHOLAS p. FORESTIERE, ESQ. SB#125118
   GURNEE & DANIELS LLP
3  2240 Douglas Boulevard, Suite 150
   Roseville, CA  95661-3805
   Telephone    (916) 797-3100
4  Facsimile    (916) 797-3131

5  Attorneys for Defendants
   SERVICE CORPORATION INTERNATIONAL,
6  SCI EASTERN MARKET SUPPORT CENTER,
   L.P., SCI HOUSTON MARKET SUPPORT
7  CENTER, L.P., JANE D. JONES, GWEN
   PETTEWAY, THOMAS RYAN and CURTIS
8  BRIGGS
9

                  UNITED STATES DISTRICT COURT
10
                NORTHERN DISTRICT OF CALIFORNIA
11
                    (SAN FRANCISCO DIVISION)
12

13  CLAUDE BRYANT, JOSEPH BIERNACKI,  )   Case No. C 08-1190 SI
14  GORDON FARMER, RHEALYN HOLLAND,)
    JAMES STICKLE, ELEANOR RIGGIO,    )   **DEFENDANTS SERVICE**
15  FRANK ACCUNA, RICHARD             )   **CORPORATION INTERNATIONAL, SCI**
    LAMASTERS, KENNETH ALLEN, CRAIG   )   **EASTERN MARKET SUPPORT**
16  FULCHER, SANFORD LEVINE and       )   **CENTER, L.P., SCI HOUSTON MARKET**
    THOMAS THOMPSON, on behalf of     )   **SUPPORT CENTER, L.P., JANE D.**
17  themselves and all other employees and former )  **JONES, GWEN PETTEWAY, THOMAS**
    employees similarly situated,     )   **RYAN AND CURTIS BRIGGS' NOTICE**
18                                    )   **OF MOTION AND MOTION TO**
                                      )   **DISMISS AMENDED COMPLAINT**
19            Plaintiffs,             )   **PURSUANT TO FRCP 12(b)(2) (LACK OF**
                                      )   ***IN PERSONAM* JURISDICTION) OR,**
20        vs.                         )   **ALTERNATIVELY, FRCP 12(b)(6)**
                                      )   **(FAILURE TO STATE A CLAIM UPON**
21  SERVICE CORPORATION               )   **WHICH RELIEF CAN BE GRANTED)**
22  INTERNATIONAL, SCI FUNERAL AND    )
    CEMETERY PURCHASING               )   Date:  May 22, 2009
23  COOPERATIVE, INC., SCI EASTERN    )   Time:  9:00 a.m.
    MARKET SUPPORT CENTER, L.P. SCI   )   Dept.:  10
24  WESTERN MARKET SUPPORT CENTER,    )
    L.P. a/k/a SCI WESTERN MARKET     )
25  SUPPORT CENTER, INC., SCI HOUSTON )
26  MARKET SUPPORT CENTER, L.P. JANE D.)
    JONES, GWEN PETTEWAY, THOMAS      )
27  RYAN and CURTIS BRIGGS,           )
                                      )
28            Defendants.             )

   **DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**                    1
   Case No.:  08-01190 SI

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on May 22, 2009 at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Susan Illston in Department 10 of the United States District Court, Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California, Defendants Service Corporation International ("SCI"), SCI Eastern Market Support Center, L.P. ("Eastern Market Support"), SCI Houston Market Support Center, L.P. ("Houston Market Support") Jane D. Jones ("Jones"), Gwen Petteway ("Petteway"), Thomas Ryan ("Ryan") and Curtis Briggs ("Briggs") (hereinafter collectively referred to as the "Moving Defendants") will move the Court for an order to dismiss them from the Amended Complaint based on lack of *in personam* jurisdiction.  Alternatively, the Moving Defendants will move for dismissal based on Plaintiffs' failure to state a claim upon which relief can be granted. The Moving Defendants also join the motions to dismiss and strike filed by the other co-defendants in this action.

Pursuant to FRCP (12)(b)(2), this Court should dismiss each of the Moving Defendants because there exists no *in personam* jurisdiction over them in this State.  Alternatively, they should be dismissed pursuant to FRCP 12(b)(6) because as a matter of law they were never the Plaintiffs' employers.  SCI should further be dismissed because it is merely a holding company that does not have any employees, did not employ any of the plaintiffs, and is not liable for any of its subsidiaries' employees.  Moving Defendants should also be dismissed pursuant to the motion of SCI Funeral And Cemetery Purchasing Cooperative, Inc. ("COOP") and SCI Western Market Support Center, L.P. a/k/a SCI Western Market Support Center, Inc. ("Western Market Support") to dismiss and strike the Amended Complaint.

/////

/////

/////

/////

/////

/////

/////

**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**
Case No.:  08-01190 SI

2

This Motion will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, the Declarations of Jane E. Jones, Gwen Petteway, Thomas Ryan, Curtis Briggs, Janet Key, Robert Pisano, Steven H. Gurnee, and Liana Jensen the accompanying Request for Judicial Notice, and the pleadings, records and files in this action, and upon such other and further evidence and argument as may be presented at the time of the hearing.

Dated:   April 17, 2009.

GURNEE & DANIELS LLP

By   /s/ Nicholas P. Forestiere
STEVEN H. GURNEE, ESQ.
DAVID M. DANIELS, ESQ.
NICHOLAS P. FORESTIERE, ESQ.
Attorneys for Defendants

**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**
Case No.:  08-01190 SI

3

# TABLE OF CONTENTS

I.  SUMMARY OF ARGUMENT ............................................................................ 2

II.  BACKGROUND ............................................................................................ 2

    A.  The Defendants .................................................................................. 2

        1.  Service Corporation International ............................................. 2

        2.  The Support Entities ................................................................ 3

        3.  The Individual Defendants ....................................................... 3

    B.  The Pennsylvania Action ................................................................... 4

    C.  Plaintiffs' Counsel's Other Litigation Against SCI ............................. 5

III.  THE AMENDED COMPLAINT SHOULD BE DISMISSED AS TO
ALL OF THE MOVING DEFENDANTS PURSUANT TO
FRCP 12(B)(2) BECAUSE THERE IS A COMPLETE LACK OF
PERSONAL JURISDICTION OVER ANY OF THEM ................................. 7

    A.  Plaintiffs Cannot Meet Their Burden of Establishing General
Or Specific Jurisdiction Over Any Of The Moving Defendants ......... 7

    B.  The Moving Defendants Lack The Minimum Contacts With
This State Necessary to Confer General Jurisdiction ......................... 8

    C.  Plaintiffs Likewise Cannot Establish Specific Jurisdiction
Over The Moving Defendants ........................................................... 10

IV.  SCI SHOULD BE DISMISSED PURSUANT TO FRCP 12(B)(6)
BECAUSE IT HAS BEEN FOUND TO BE MERELY A HOLDING
COMPANY THAT DOES NOT HAVE ANY EMPLOYEES, DID NOT
EMPLOY ANY OF THE PLAINTIFFS, AND IS NOT LIABLE FOR
ANY OF ITS SUBSIDIARIES' EMPLOYEES ........................................... 12

V.  JONES, PETTEWAY, RYAN AND BRIGGS SHOULD BE
DISMISSED PURSUANT TO FRCP 12(B)(6) BECAUSE THEY ARE,
AS A MATTER OF LAW, NOT THE PLAINTIFF'S EMPLOYER .............. 14

VI.  CONCLUSION ............................................................................................ 16

1

2                            **TABLE OF AUTHORITIES**

3

4      **Cases**

5      *Abarca v. Manheim Services Corp.*, No. 05 C 3873, 2006 U.S. Dist. LEXIS 13777, * 10-

6           11 (N.D. Ill. March 24, 2006) ................................................................................. 13

7      *Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.,* 1 F.3d 848, 851, fn.3 (9th Cir. 1993)......... 9

8      *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-473 (1985)....................................... 8

9      *Corporate Inv. Business Brokers v. Melcher*, 824 F.2d 786, 789 (9th Cir. 1987).............. 10

       *Cubbage v. Merchent*, 744 F.2d 665, 667-68 (9th Cir.1984), *cert. denied,* 470 U.S. 1005,
10
            105 S.Ct. 1359, 84 L.Ed.2d 380 (1985)............................................................... 9
11
       *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997)................................ 8
12
       *Data Disc, Inc. v. Systems Technology Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977)
13
            ............................................................................................................................ 9
14
       *Fields v. Sedgwick Assoc. Risks Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986)......................... 8
15
       *Frank v. U.S. West, Inc.* (10th Cir. Colo. 1993) F.3d 1357,1362..................................... 12
16
       *Gates Learjet Corp. v. Jensen,* 743 F.2d 1325, 1331 (9th Cir.1984), *cert. denied,* 471
17
            U.S. 1066, 105 S.Ct. 2143, 85 L.Ed.2d 500 (1985)........................................... 9
18
       *Harrison v. Denckla*, 357 U.S. 235, 253 (1953) ............................................................. 8
19
       *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 415-416 (1984) .......... 8
20
       *Hopkins v. Texas Mast Climbers, LLC*, No. H-04-1884, 2005 U.S. Dist. LEXIS 38721, *12
21
            (S.D. Tex. Dec. 14, 2005) ................................................................................ 13
22
       *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) .................................... 8
23
       *Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir. 1987)......................................................... 10
24
       *Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp. 2d 725 (S.D. Ohio 2006)................. 13
25
       *Mitsubishi Corp. v. Goldmark Plastic Compounds, Inc.*, 446 F. Supp. 2d 378 (W.D. Pa.
26
            2006) ................................................................................................................ 13
27
       ***Reynolds v. Bement***, 36 Cal.4th 1075 at p. 1087-88 ............................................. 14, 15
28

**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**                    ii
Case No.:  08-01190 SI

*Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) .................8

*Shute v. Carnival Cruise Lines,* 897 F.2d 377, 381 (9th Cir. 1990).....................................9

*United States v. Bestfoods*, 524 U.S. 51, 61 (1998) .........................................................13

*World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)..............................8

*Zubik v. Zubik*, 384 F.2d 267, 272 (3d Cir. 1967).............................................................13

**Statutes**

California Business and Professional Code § 17200 ...........................................................6

**Other Authorities**

*Bryant, et al. v. Service Corporation International, et al.* Case No. RG-07359593 ............6

*Claude Bryant, Craig Fulcher and Thomas Thomson et al v. Alderwoods Group, Inc. SCI et al.* Case No. CV 075696 SI ........................................................................................6

*Helm, et al. v. Alderwoods Group, Inc. and Service Corporation International* ..................6

*Helm, et al. v. Alderwoods Group, Inc. et al.,* Case No. RG-07359602 .............................6

*James Stickle et al v. SCI Western Market Support*, U.S. District Court, Arizona, Case No. 08-CV-83 .............................................................................................................2, 7

*Jones v. Gregory*, 137 Cal.App.4th 798 at 802-809..................................................15, 16

*Prise et al v. Alderwoods Group Inc., et al* (WDPA Case No. 06-1641).........................4, 5

*William Helm, et al. v. Alderwoods Group, Inc., and Service Corporation International,* Case No. C 07-CV-5140-MJJ .......................................................................................6

**Rules**

Fed. R. Civ. P. 12(b)(2) or 12(b)(6) ...............................................................................2, 7

FRCP 12(b)(2)....................................................................................................................7

FRCP 12(b)(6)............................................................................................................12, 14

FRCP 12(f)..........................................................................................................................2

FRCP 4(k)(1)(A) ..................................................................................................................7

## MEMORANDUM OF POINTS & AUTHORITIES

### I.      SUMMARY OF ARGUMENT

This action is one of a series of lawsuits brought by Plaintiffs' counsel that arise out of the alleged failure to pay wages to certain employees of subsidiary companies owned by Service Corporation International ("SCI".)  Despite unsuccessfully litigating the class claims against SCI, its various subsidiaries, and officers in venues across the country for over a year now, Plaintiffs here seek to rehash the same legal arguments that have been repeatedly rejected.  Plaintiffs' personal jurisdiction and substantive claims border on the frivolous and cannot withstand scrutiny under either Fed. R. Civ. P. 12(b)(2) or 12(b)(6).  Because, for reasons set forth below, no *in personam* jurisdiction exists over any of the Moving Defendants, they should clearly be dismissed from this action.  In addition, the Plaintiffs' Amended Complaint fails to state any claims against Moving Defendants upon which relief can be granted because as a matter of law they were never any of the Plaintiffs' employers. The allegations that they allegedly are the Plaintiffs' employers are also legally deficient consisting of conclusions devoid of any facts that have been previously ruled to be insufficient as a matter of law to allege that they are the Plaintiffs' employers.[1]

### II.      BACKGROUND

#### A.      The Defendants

##### 1.      Service Corporation International

SCI is a publicly held Texas corporation. (Declaration of Janet Key ("Key Decl.") at ¶¶ 3-4; Defendants' Consolidated Request for Judicial Notice ("RJN"), Exhibit D, Judith Marshall's Decl. ("Marshall Decl.") at ¶¶ 4-7.)[2]  In three separate court rulings, SCI was found to be merely a holding company that has no employees.  (RJN, Exhibit A, Transcript of Apr. 19, 2007 Hearing ("Apr. 19 Tr.") at 8:8-21, 11:2-22, 20:19-23:18; RJN Exhibit B, Transcript of Sept. 6, 2007

---

[1]  Moving Defendants also hereby join and incorporate by reference COOP's and Western's Motion to Dismiss for failure to state a claim upon which relief can be granted (FRCP 12(b)(6).) and Motion to Strike (FRCP 12(f).).

[2]  Plaintiffs attached and incorporated by reference a copy of Marshall's declaration as part of their Class Action complaint in filed in *James Stickle et al v. SCI Western Market Support*, U.S. District Court, Arizona, Case No. 08-CV-83. See RJN Exhibit M, par. 40 and Appendix B.

**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**          2
Case No.:  08-01190 SI

Hearing ("Sept. 6 Tr.") at 2:2-5, 3:10-12, 19-25, 4:1-5, 9:18-10:5, 10:14-24, 11:5-9, 11:21-25, 12:1-2, and 16:23-17:7; RJN, Exhibit C, Transcript of Nov. 15, 2007 Hearing ("Nov. 15 Tr.") 2:2-4, 2:23-25, 3:1-20, 4:2-11.)

SCI is, in effect, nothing more than a stockholder in various subsidiary companies engaged in the funeral industry. It owns certain subsidiaries that in turn own the state business entities that actually own and operate funeral homes, mortuaries, crematories and cemeteries ("Operational Corporations") (*See*, RJN Exhibit D, Marshall Decl. at ¶ 8.) For example, James Stickle is employed by SCI Arizona Funeral Services, Inc. which is the Operational Corporation for the State of Arizona. (*See*, RJN Exhibit D, Marshall's Decl. at ¶ 8; Declaration of Liana Jensen ("Jensen Decl.) at ¶ 2, Exhibit 1, consisting of the Plaintiffs' W-2s that specifies the names of their employers.) Those entities identified on the Plaintiffs' Federal W-2 Wage and Tax Statements are presumed to be their employers. (Government Code §12928.) Although Plaintiffs know that the state-specific Operational Corporations are their actual employers, they knowingly and repeatedly refused to name them as their correct employers in the six actions that they filed across the country in order to bolter their attempts to create a nation-wide class action. Instead, they have repeatedly named SCI as their employer in order to bolter their attempts to create a nationwide class action that otherwise clearly does not exist.

### 2. The Support Entities

The COOP, Eastern Market Support, Western Market Support, and Houston Market Support ("Support Entities") are business entities that provide administrative support services to the state Operational Corporations. These Support Entities do not provide any funeral, cremation, or mortuary services. As such, they employ no funeral directors, embalmers, or crematory managers, nor did they employee any of the Plaintiffs. Rather, they merely provide executive, management, administrative, accounting, data processing, and human resources support services to the Operational Corporations that actually employed the Plaintiffs. The Support Entities provide such services only to those state Operational Corporations that are located within their specified geographical regions of the country. (*See*, RJN Exhibit D, Marshall Decl. at ¶ 4; Declaration of Robert Pisano ("Pisano Decl.") at ¶ 4, Declaration of Gwen Petteway in Support of SCI Houston Market Support Center Inc.'s Motion to Dismiss ("Petteway Entity Decl.") at ¶ 3.)

**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**                                    3
Case No.: 08-01190 SI

### 3.    The Individual Defendants

The individuals named in this action are officers of SCI and its various subsidiary entities. None of them work for the Operational Corporations, nor have they employed any of the Plaintiffs. Gwen Petteway is employed by the COOP as a Director of Human Resources. (Petteway Entity Decl. at ¶ 2.) Jane Jones is employed by SCI Executive Services, Inc. and is a Vice President of Human Resources for SCI. (Declaration of Jane Jones ("Jones Decl.") at ¶ 2.) Thomas Ryan is employed by SCI Executive Services, Inc., and is the President and Chief Executive Officer of SCI. (Declaration of Thomas Ryan ("Ryan Decl.") at ¶ 2.) Curtis Briggs is employed by the COOP as one of its senior corporate counsel. (Declaration of Curtis Briggs ("Briggs Decl.") at ¶ 1.)

### B.    The Pennsylvania Action

On December 8, 2006, Deborah Prise and Heather Rady filed an action in the U.S. District Court for the Western District of Pennsylvania *Prise et al v. Alderwoods Group Inc., et al* (WDPA Case No. 06-1641) ("Penn Action"), alleging violations of the FLSA and the wage and hour laws of 38 states and territories. As in the instant case, the Penn Action complaint alleged that the defendants failed to pay overtime to employees for certain types of off-the-clock work.[3]

The court in the Penn Action determined repeatedly, throughout nearly a year of litigation, that SCI was not the Plaintiffs' employer nor an employer under the FLSA. Indeed, the Plaintiffs tried – and failed – on at least three occasions to persuade the court that SCI was a proper defendant to their FLSA claims. The first of these attempts was on April 19, 2007, when Judge Joy Flowers Conti denied Plaintiffs' request to send court-authorized collective action notice to "SCI employees" based on her determination that the evidence established that SCI is merely a holding company without any employees. (RJN Exhibit A, Apr. 19 Tr. at 20.) The second failed attempt was on June 8, 2007, when Plaintiffs' counsel filed a second motion for collective action notification to purported "SCI employees." In that motion, as here, the Plaintiffs asserted that, although SCI has no employees, it nevertheless could be liable under the FLSA as a joint employer of the employees working for the Operational Corporations. The court rejected this argument,

---

[3] The Plaintiffs also brought claims against Alderwoods Group, Inc., a competing funeral services company that merged with a subsidiary of SCI in November 2006. Only the Plaintiffs' FLSA claims against Alderwoods remain pending in the Pennsylvania Action.

**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**                4
Case No.:  08-01190 SI

concluding that the Plaintiffs had not met their burden to establish that SCI was their employer or joint employer.  As the court determined, "SCI as the corporate board is not doing something overtly to be involved in the management or the operational control of the [funeral services] businesses."  (RJN Exhibit B, Sept. 6 Tr. at 10.)   Accordingly, the court denied the Plaintiffs' second notice motion.

On October 3, 2007, the Plaintiffs in the Penn Action filed still another motion seeking to conditionally certify a class of employees who they alleged worked for "SCI and the entities under its control."  In conjunction with this third notice motion, Plaintiffs' counsel also filed a motion to amend the complaint to include, as they do in the instant action, the Corporate Defendants (among others), which they claimed were joint employers with SCI.  (RJN Exhibit E.)  On November 15, 2007, the Penn Action court heard argument on Plaintiffs' motions, as well as SCI's motion for summary judgment as to all claims against it.  The court granted SCI's summary judgment motion and denied Plaintiffs' motions, concluding that the Plaintiffs could not show that either SCI or the Corporate Defendants were Plaintiffs' employers – individually or jointly. (RJN Exhibit C, Nov. 15 Tr. at 2:23-3:20.)

### C.    Plaintiffs' Counsel's Other Litigation Against SCI

Having failed to state legally viable claims against SCI or the other Corporate Defendants in the Penn Action, Plaintiffs' counsel decided to refile their claims against them in five new fora. On July 9, 2007, they filed a class action in a California state court entitled *Deborah Prise, et al. v. Alderwoods Group, Inc., and Service Corporation International*.  Counsel subsequently filed and served an Amended Complaint that asserted claims for violations of wage and hour laws of 38 states and territories based on allegations that SCI failed to pay overtime for the same types of off-the-clock work alleged in the instant action. [4]  These claims were identical to the ones that, like the FLSA claims, the court dismissed in the Penn Action.  Defendants removed the case to federal court, and Plaintiffs' counsel – after defendants took the time and expense of filing a motion to dismiss – voluntarily dismissed their Amended Complaint before the court was able to rule on

---

[4] *See* RJN, Exhibit F Amended Complaint removed in *Deborah Prise et al. v. Alderwoods Group, Inc., and Service Corporation International*, Case No. C 07-CV-5140-MJJ.

**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**                                           5
Case No.:  08-01190 SI

defendants' motion, essentially conceding that dismissal was inevitable.[5]

On November 8, 2007, Plaintiffs' counsel filed, but never served, a class action against SCI in the Northern District of California entitled *Claude Bryant, Craig Fulcher and Thomas Thomson et al v. Alderwoods Group, Inc. SCI et al.* Case No. CV 075696 SI. It again asserts the same types of off-the-clock work alleged in the instant action.[6]

A month later, on December 5, 2007, Plaintiffs' counsel filed two more class action complaints in the California state courts.[7] They include the instant action entitled *Bryant, et al. v. Service Corporation International et al.*, and the action of *Helm, et al. v. Alderwoods Group, Inc. and Service Corporation International.* Plaintiffs' served Amended Complaints in both cases, each of which asserts identical claims for violations of the California wage and hour laws and those of 37 other states and territories[8]. The claims include: violation of California Labor Laws, violation of State Wage and Hour Laws, Unjust Enrichment, Conversion, Fraud and Deceit, Misrepresentation, Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Quantum Meruit, and Unfair Business Practices (California Business and Professional Code § 17200 et seq.). Both actions have been removed to this Court.

On January 15, 2008, Plaintiffs' counsel filed a federal court action in Arizona entitled

---

[5] See RJN, Exhibit G Defendants' Notice of Removal; Exhibit H Defendants' Memorandum of Points and Authorities in Support of its Motion to Dismiss; and Exhibit I Plaintiff's Notice of Voluntary Dismissal.

[6] *See* RJN, Exhibit J, Complaint filed in *Bryant, et al. v. Alderwoods Group, Inc., and Service Corporation International, et al.*, Case No. 3:07-CV-5696-SI.

[7] See RJN Exhibit K consisting of the Amended Complaint filed in *Bryant, et al. v. Service Corporation International, et al.* Case No. RG-07359593, and RJN Exhibit L consisting of the Amended Complaints filed in *Helm, et al. v. Alderwoods Group, Inc. et al.*, Case No. RG-07359602, both of which have been removed to this court. The Defendants in *Helm* have filed Motions to Dismiss and Strike which are similar to those filed in this action.

[8] These were nearly identical to the state law claims pled against SCI and Alderwoods Group, Inc. in the prior case which Plaintiffs' counsel filed and then voluntarily dismissed, i.e., *William Helm, et al. v. Alderwoods Group, Inc., and Service Corporation International*, Case No. C 07-CV-5140-MJJ.

---

**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**                    6
Case No.: 08-01190 SI

*James Stickle et al v. SCI Western Market Support et al.*[9]  There, the Plaintiffs assert the exact same FLSA claims that their counsel asserted in the Penn Action, and they name as Defendants the exact same corporations that the Penn Court held did not employ the Plaintiffs and could not be liable for the violations alleged.  The *Stickle* complaint also includes derivative claims under ERISA and RICO, alleging that the Defendants' purported failure to pay overtime also amounts to a violation of those statutes.

**III.    THE AMENDED COMPLAINT SHOULD BE DISMISSED AS TO ALL OF THE MOVING DEFENDANTS PURSUANT TO FRCP 12(B)(2) BECAUSE THERE IS A COMPLETE LACK OF PERSONAL JURISDICTION OVER ANY OF THEM**

Based upon the lack of any purposeful availment by any of the Moving Defendants, generally or specifically, as to any of the Plaintiffs, there exists no *in personam* jurisdiction that could justify the pursuit of this action against them in this Court.  Moving Defendants are simply non-residents of the State of California who have insufficient minimum contacts with the State of California to establish personal jurisdiction.  Plaintiffs, instead of naming as defendants their true employers (i.e., the Operational Corporations), have used a "shotgun" approach naming everyone, including these Moving Defendants, as their "employers" (improperly using FLSA's definition of an employer that is not even applicable to the purely state law claims alleged in this action) in order to needlessly entangle them in their web of litigation even though no legitimate claim lies against them.  For all of these reasons, and those more fully set forth below and in the motions for dismissal and to strike filed by the other co-defendants, Moving Defendants should be dismissed from this action.

**A.    Plaintiffs Cannot Meet Their Burden Of Establishing General Or Specific Jurisdiction Over Any Of The Moving Defendants**

Service of summons in a federal action establishes personal jurisdiction over a defendant "who *could* be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located."  (FRCP 4(k)(1)(A), emphasis added.)  Pursuant to FRCP 12(b)(2), a

---

[9] See RJN Exhibit M consisting of complaint filed in *James Stickle et al v. SCI Western Market Support*, U.S. District Court, Arizona, Case No. 08-CV-83

**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**                    7
Case No.:  08-01190 SI

court will dismiss an action where it is demonstrated that there is a "lack of jurisdiction over the person[.]"

It is a well-established rule that the exercise of personal jurisdiction is appropriate only if there are sufficient minimum contacts by a defendant within the forum jurisdiction such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. (*International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).) Minimum contacts arise when a person acts to avail himself purposely of the privileges of conducting business within a state thereby gaining the benefits and protections of its laws. (*Harrison v. Denckla*, 357 U.S. 235, 253 (1953).) These minimum contacts should be purposeful conduct invoking the benefits of the forum state such that the defendant would reasonably anticipate being haled into court there. (*World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).)

Courts may exercise either general or specific jurisdiction over non-resident defendants. (*Fields v. Sedgwick Assoc. Risks Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986).) General jurisdiction is available for any claim whether or not related to the defendant's activities in the forum state, but only when the defendant's contacts with, or activities in, the forum state are substantial, continuous and systematic. (*Ibid.; see also Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415-416 (1984).) Specific jurisdiction exists only for the particular claim asserted and only where the defendant's activities in the forum state which give rise to the claim establish the necessary minimum contacts with the forum state sufficient to invoke the court's jurisdiction. (*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-473 (1985); *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997).)

Although a defendant is typically the moving party on a motion to dismiss, the Plaintiff is the party who invoked the court's jurisdiction and who, therefore, bears the burden of proof as to the necessary jurisdictional facts; e.g., the existence of "minimum contacts" between defendant and the forum state. (*Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).) Unless the facts are undisputed, admissible evidence (declarations or discovery materials) is required. The court cannot assume the truth of allegations in a pleading that is contradicted by a

sworn affidavit. (*Data Disc, Inc. v. Systems Technology Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).)

### B.    The Moving Defendants Lack The Minimum Contacts With This State Necessary To Confer General Jurisdiction

Without question, the exercise of general jurisdiction over a non-resident defendant is the exception, not the rule, given the fact that the level of forum-state contacts needed to establish general jurisdiction is extremely high.  In fact, the Ninth Circuit Court of Appeals "regularly ha[s] declined to find general jurisdiction even where the contacts were quite extensive."  (*Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.*, 1 F.3d 848, 851, fn.3 (9th Cir. 1993), citing *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 381 (9th Cir. 1990) *rev'd on other grounds*; *Cubbage v. Merchent*, 744 F.2d 665, 667-68 (9th Cir.1984), *cert. denied*, 470 U.S. 1005, 105 S.Ct. 1359, 84 L.Ed.2d 380 (1985); and *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1331 (9th Cir.1984), *cert. denied*, 471 U.S. 1066, 105 S.Ct. 2143, 85 L.Ed.2d 500 (1985).  This case presents no exception.

Here, as reflected in the accompanying Declarations of Moving Defendants Jane D. Jones, Gwen Petteway, Thomas Ryan, and Curtis Briggs, the lack of contact between them and the State of California renders general jurisdiction an impossibility.  All of these defendants reside and work in Texas.  They have never resided in the State of California; never owned or operated a business in the State of California; never been licensed to do business in the State of California; never had an office in the State of California; never been employed in the State of California; never owned any real property in the State of California; never maintained a bank account in the State of California; never paid taxes in the State of California.  (Jones Decl. at ¶¶ 1-10; Declaration of Gwen Petteway in Support of Motion to Dismiss ("Petteway Individ. Decl.") at ¶¶ 1-10; Ryan Decl. at ¶¶ 1, 2, 4-11; Briggs Decl. at ¶¶ 1-10.)

Similarly, as reflected in the declarations of Bob Pisano and Gwenn Petteway, the lack of contact between Houston Market Support and Eastern Market Support Centers and the State of California precludes any general jurisdiction over them.  These Defendants are not located in California; have never been licensed or conducted business in the State of California; have never entered into any contracts, employment or otherwise, with any Plaintiffs in this action; have never

**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**                                   9
Case No.:  08-01190 SI

employed any of the Plaintiffs; have never maintained an office or held any bank accounts within the State of California; have never owned real property in the State of California; and have not paid any taxes to the State of California.  (Pisano Decl. at ¶¶ 2-9; Petteway Entity Decl. at ¶¶ 3-8.)

Likewise, SCI does not have any sufficient contact with this State that warrants the exercise of general jurisdiction over it.  It has no employees in this State, and its corporate headquarters and only offices are located in Houston, Texas.  It is not licensed and does not conduct any business in this State; is not party to any contracts, employment or otherwise, with any of the Plaintiffs in this action; has never employed or supervised the employment of any of the Plaintiffs herein; does not maintain an office nor held any bank accounts within this State; does not own any real property in this State; and does not pay any taxes to the State of California.  (Key Decl. at ¶¶ 3-11.)  In fact, the California federal and state courts have repeatedly found to lack personal jurisdiction over SCI because it does not have the required minimum contacts with the State of California. (Declaration of Steven H. Gurnee ("Gurnee Decl.") at ¶¶ 2-3 and Exhibits A-C thereto.)

The above facts demonstrate that none of the Moving Defendants ever purposefully availed themselves of the privileges of conducting business in or invoking the benefits of the State of California.   There is simply no basis to argue that any of them have the required substantial, continuous, and systematic contacts with California necessary to confer general jurisdiction.

## C.     Plaintiffs Likewise Cannot Establish Specific Jurisdiction Over The Moving Defendants

The Ninth Circuit has established a three-part test for analyzing whether specific jurisdiction may be exercised:   (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or residents thereof or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum jurisdiction, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. (*Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir. 1987); *see also Corporate Inv. Business Brokers v. Melcher*, 824 F.2d 786, 789 (9th Cir. 1987).)

Contrary to the erroneous allegations in Plaintiffs' Amended Complaint, none of the

**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**
Case No.:  08-01190 SI

10

Moving Defendants ever employed any of the Plaintiffs. None of them was ever identified as an employer on any of the Plaintiffs W-2s issued to them in reporting their earnings and tax withholdings. (See Jensen Dec., ¶ 3, Exhibit 1; Marshall Decl. par. 8.) The Plaintiffs instead were employed by the state Operational Corporations, none of which has been named as parties to this action.

Further, as the accompanying declarations of Jones, Petteway, Ryan and Briggs clearly demonstrate, none of them has done anything which could be construed as "purposeful availment" of any rights or benefits accorded under California law. To the contrary, they have had essentially no contact with the State of California. Their declarations establish that: (1) they never actively managed any funeral establishment, cemetery or other local facility that is owned by a subsidiary of Service Corporation International; (2) they never hired or terminated or supervised any of the Plaintiffs nor any other employees of any funeral establishment, cemetery or other local facility that is owned by a subsidiary of Service Corporation International, including any such funeral establishments, cemeteries or other local facilities located in the State of California; and (3) they never had any ownership interest in SCI Western Market Support Center, L.P., SCI Eastern Market Support Center, L.P., SCI Houston Market Support Center, L.P., SCI Funeral And Cemetery Purchasing Cooperative, Inc., or any funeral establishments, cemeteries and other local facilities owned by any subsidiary of Service Corporation International. (Jones Decl. at ¶¶ 11-13, Petteway Individ. Decl. at ¶¶ 11-13; Briggs Decl. at ¶¶ 11-13; Ryan Decl. at ¶¶ 8, 12.)

Similarly, the accompanying declarations of Pisano and Petteway clearly demonstrate that the Plaintiffs cannot prove the existence of special jurisdiction as to the Houston and Eastern Support Centers. They have done nothing that could possibly be construed as purposefully directing their activities or consummating transactions with California or its residents. They have done nothing to invoke the benefits and protections of its laws. They have had no contact with the Plaintiffs, the alleged disputed employment policies, or the State of California that would give rise or relate to any claim alleged in Plaintiffs' Amended Complaint. The facts reflected in those declarations further establish that none of them has ever had a significant ownership interest or operational control of significant aspects of any enterprise doing business in the State of California,

**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**
Case No.:  08-01190 SI

11

nor have they ever hired or fired employees of any business located in the State of California. (Pisano Decl. at ¶¶ 4-6; Petteway Entity Decl. at ¶¶ 3-4.)

The facts set forth in the Key Declaration, the rulings in the Penn Action, and the previous federal and state court rulings attached to the Gurnee Declaration all demonstrate that there cannot be any special jurisdiction as to SCI. SCI does not manage the business activities of any funeral establishment, cemetery or other local facility in the State of California that is owned or operated by any subsidiary of SCI. It does not hire, supervise or terminate any employees of any funeral establishment, cemetery or other local facility within the State of California that is owned or operated by a subsidiary of SCI. (Key Decl. at ¶¶ 12-13.) The court in the Penn Action has repeatedly ruled that it is merely a holding company that does not have any employees. (See also, Keys Decl. par. 4.) The California federal and state courts have repeatedly found to lack personal jurisdiction over SCI. (Gurnee Decl. at ¶¶ 2-3, and its Exhibits A-C.)

Given the above, it is clearly unreasonable to require *any* of the Moving Defendants to defend themselves in a distant forum with which they have clearly had no contact. Moving Defendants have not purposefully directed any activities with any of the Plaintiffs or their employment in the State of California, nor any of the employment policies allegedly implemented in the State of California, nor any activities whatsoever with the State of California or its residents. They have never been the Plaintiffs' employer. The exercise of special jurisdiction under such circumstances clearly does not comport with fair play and substantial justice, and is manifestly unreasonable.

**IV.     SCI SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(6) BECAUSE IT HAS BEEN FOUND TO BE MERELY A HOLDING COMPANY THAT DOES NOT HAVE ANY EMPLOYEES, DID NOT EMPLOY ANY OF THE PLAINTIFFS, AND IS NOT LIABLE FOR ANY OF ITS SUBSIDIARIES' EMPLOYEES**

Businesses are permitted to incorporate to limit liability and isolate liabilities among separate entities. (*Frank v. U.S. West, Inc.* (10th Cir. Colo. 1993) F.3d 1357,1362.) There is a strong presumption that a parent company is not the employer of its subsidiary's employees, and courts have found otherwise only in extraordinary circumstances. The employee bears a heavy burden to prove that the parent corporation is liable for the acts or omissions of its subsidiaries. (*Id.* at p. 1362.) As the United States Supreme Court has noted, "[i]t is a general principle of corporate

**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**                                    12
Case No.:  08-01190 SI

law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries." (*United States v. Bestfoods*, 524 U.S. 51, 61 (1998). Likewise, the "[m]ere ownership of a subsidiary does not justify the imposition of liability on a parent corporation. Such liability only is appropriate 'when the court must prevent fraud, illegality or injustice, or when recognition of the corporate entity would defeat public policy or shield someone from liability for a crime.'" *Mitsubishi Corp. v. Goldmark Plastic Compounds, Inc.*, 446 F. Supp. 2d 378 (W.D. Pa. 2006) (quoting *Zubik v. Zubik*, 384 F.2d 267, 272 (3d Cir. 1967)).

It is also well established that holding companies are not employers in the context of wage and hour litigation. (*See, e.g., Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp. 2d 725 (S.D. Ohio 2006) holding that company with no employees or payroll is not an employer; *Hopkins v. Texas Mast Climbers, LLC*, No. H-04-1884, 2005 U.S. Dist. LEXIS 38721, *12 (S.D. Tex. Dec. 14, 2005) dismissing claims against holding company and finding holding company not an "employer" under federal law); *Abarca v. Manheim Services Corp.*, No. 05 C 3873, 2006 U.S. Dist. LEXIS 13777, * 10-11 (N.D. Ill. March 24, 2006) holding that a parent corporation is considered an employer under federal law "only where it exercises day-to-day control over the employees at issue.")

Plaintiffs' claims against SCI must be dismissed in their entirety. Based upon the above authority, it is indisputable that SCI as a matter of law is simply not the Plaintiffs' employer. It is not their employer despite its being the parent company of the Support Entities, or any of the state Operational Corporations that have not been named in this action.

Moreover, pursuant to three separate court rulings in the Penn Action, SCI has been found to be merely a holding company that has no employees. (RJN, Exhibit A, Transcript of Apr. 19, 2007 Hearing ("Apr. 19 Tr.") at 8:18-21, 20:19-23:18; RJN Exhibit B, Transcript of Sept. 6, 2007 Hearing ("Sept. 6 Tr.") at 2:2-5, 3:10-12, 19-25, 4:1-5, 9:22-10:5, 10:14-24, 11:5-9, 11:21-25, 12:1-2, and 16:23-17:7; RJN, Exhibit C, Transcript of Nov. 15, 2007 Hearing ("Nov. 15 Tr.") 2:2-4, 2:23-25, 3:1-20, 4:2-11.)

On April 19, 2007, Judge Joy Flowers Conti in the Penn Action denied conditional certification with respect to SCI, stating "I am not sure that I would be able to move forward and certify a class of employees if [SCI] is merely a holding company and really wouldn't have those

**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**
Case No.: 08-01190 SI

13

type of [non-exempt] employees." (Apr. 19 Tr. at 8:18-21.) However, Judge Conti allowed additional discovery with respect to SCI and allowed the Plaintiffs in that action to renew their request for conditional certification, which they did on June 8, 2007. At a hearing on that renewed motion on September 6, 2007, Judge Conti again held that SCI was not an employer and thus could not be responsible for any of the conduct alleged by the Plaintiffs. In so holding, Judge Conti rejected their arguments that SCI could be liable as a parent corporation, stating that "SCI as the corporate board is not doing something overtly to be involved in the management or the operation control of the business." (Sept. 6 Tr. at 10-11.)

Plaintiffs know, from their experience in the Penn Action, that SCI is not an employer and is not a proper defendant in their lawsuits seeking overtime pay from the Defendants. Plaintiffs were fully motivated to litigate this issue in Penn Action and twice fully briefed and argued the question of SCI's status. Nevertheless, having been denied three times in the Penn Action, Plaintiffs now seek to take another bite out of the apple here, hoping for a different result in a different forum. This Court should not countenance Plaintiffs' tactics that seek to avoid the adverse Penn Action rulings against them in this action. As such, SCI is not the employer of any of the Plaintiffs in this action. Thus, it is not a proper defendant in this wage and hour litigation.

## V.    JONES, PETTEWAY, RYAN AND BRIGGS SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(6) BECAUSE THEY ARE, AS A MATTER OF LAW, NOT THE PLAINTIFFS' EMPLOYER

In *Reynolds v. Bement*, *supra*, the California Supreme Court held that the officers of a corporate employer were not individually liable for the corporation's alleged failure to pay over time to its employees. (*Reynolds v. Bement*, 36 Cal.4th 1075 at p. 1087-88.) The Plaintiffs alleged in that class action that each of the individual corporate officers:

> ...directly or indirectly, or through an agent or any other person, employed or exercised control over wages, hours, or working conditions of Class members. ... authorized, directed, sanctioned, consented, cooperated, approved, aided, instigated, assisted, participated in, and voted for tortious and unlawful acts of commission or omission which have operated to the prejudice and injury of the Class, including but not limited to causing the corporate defendants to violate the overtime regulations found in the applicable wage order and commit other statutory violations. ... knew or reasonably should have known that his conduct and/or conduct under

**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**                    14
Case No.:  08-01190 SI

his control was injuring the Class…and failed to take or order appropriate action to avoid the harm. (*Id.* at p. 1082.)

The Plaintiffs in that action further alleged that the defendants had a policy and practice to require them to work long overtime hours without overtime compensation. They claimed defendants allegedly misclassified class members as exempt employees and deprived them of statutory overtime compensation in order to maximize defendants' profits and income. As a consequence of defendants' actions, Plaintiff and those similarly situated have not received statutorily guaranteed overtime compensation that is owed to them. (*Id.*)

In sustaining the corporate officers' demurrer to such allegations, the California Supreme Court stated:

> Under California's common law, corporate agents acting within the scope of their agency are not personally liable for the corporate employer's failure to pay its employees' wages. (Citation omitted.) This is true regardless of whether a corporation's failure to pay such wages, in particular circumstances, breaches only its employment contract or also breaches a tort duty of care. It is well established that corporate agents and employees acting for and on behalf of a corporation cannot be held liable for inducing a breach of the corporation's contract." (Citation omitted.) And "[d]irectors or officers of a corporation do not incur personal liability for torts of the corporation merely by reason of their official position". (Citation omitted.) (*Reynolds v. Bement*, 36 Cal.4th 1075 at p. 1087-88.)

It further found that the California Legislature never meant to expose to personal civil liability any corporate agent who "exercises control" over an employee's wages, hours, or working conditions. (*Id.* at p. 1088; *See also, Jones v. Gregory*, 137 Cal.App.4th 798 at 802-809.)

As a matter of law, Jones, Petteway, Ryan and Briggs do not have any individual liability for any alleged unpaid wages, or any other damages for any alleged wage and hour violations, that are claimed by the Plaintiffs. Pursuant to *Reynolds* and *Jones, supra,* the allegations in the Amended Complaint that they were officers of the SCI and its corporate subsidiaries, and that they allegedly had "authority", were "responsible" for, played a "role" in, "acted in concert with" the other defendants regarding the disputed employment policies, simply are insufficient as a matter of law to impose any personal civil liability upon them. (Amended Complaint, ¶¶ 126-227.) These allegations are substantially similar to those alleged against the corporate officers in *Reynolds* and

**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**
Case No.: 08-01190 SI

15

*Jones, supra,* that were found to be legally insufficient to impose make them the plaintiffs' "employers". The allegations merely alleged that all the individual defendants did was act within their scope of their agency and positions with regard to the Plaintiffs and the disputed employment policies. However, such allegations are legally insufficient to impose any civil liability upon them. Consequently, they all must be dismissed from this action.

## VI.    CONCLUSION

For all of the forgoing reasons, this court should dismiss the Moving Defendants from this action.

Dated:    April 17, 2009.                    GURNEE & DANIELS LLP


By ____/s/ Nicholas P. Forestiere_____
          STEVEN H. GURNEE, ESQ.
          DAVID M. DANIELS, ESQ.
          NICHOLAS P. FORESTIERE, ESQ.
          Attorneys for Defendants