IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE BRYANT, et al., | No. C 08-01190 SI |
| Plaintiffs, | **ORDER RE: PLAINTIFFS' DISCOVERY REQUEST** |
| v. | |
| SERVICE CORPORATION INTERNATIONAL, et al., | **(Docket No. 278)** |
| Defendants. | |

In this discovery request, the first of five such requests filed by plaintiffs in the past two weeks, plaintiffs seek an order compelling defendants to produce documents and information responsive to certain document requests and interrogatories.[1]

**I.    "Relevant Time Period"**

The parties' first dispute concerns Document Request No. 1, which asked for "[a]ll handbooks, manuals, guidelines or other policy and procedure documents concerning or directed to Employees, including any drafts, versions or copies written, used or in effect during the Relevant Time Period."[2] Plaintiffs defined the "Relevant Time Period" for the request as extending back to January 1, 2000, and defendants objected to the request on the ground that this time period extends well beyond the liability

---

[1] The parties' letter briefs can be found at Docket Nos. 278, 281 and 282.

[2] Plaintiffs also requested certain liability-related documents, including payroll records and documents or communications indicating which plaintiffs performed certain types of work (e.g., community work, on-call work, piece rate work) during the Relevant Time Period. However, plaintiffs apparently do not move to compel additional responses to these requests.

period in this case.

The parties dispute whether discovery should proceed according to the longest statute of limitations applicable to the claims of only the named plaintiffs, or the longest statute applicable to the potential claims of all putative class members. Under SCI's formulation, discovery should be limited to four years from the date of filing, or December 2002. Under plaintiffs' formulation, discovery should stretch back to December 2000. Plaintiffs argue that a discovery request seeking documents for only eleven months prior to the start of the liability period is not overly burdensome.

Regardless of which limitations period should be applied for discovery purposes, the Court agrees with plaintiffs that information concerning the formulation and application of SCI's wage and hour policies as far back as January 2000 is relevant and discoverable. SCI has produced information dating back to 2002. To the extent SCI is in possession of any additional policy documents that are responsive to the request, it is directed to produce such documents no later than **June 7, 2010.**

## II.     "SCI Companies"

In certain document requests and interrogatories, plaintiff asked for information relating to "The SCI Companies," which they defined as "Service Corporation International and companies, entities and/or locations affiliated with and/or owned directly and/or indirectly by Service Corporation International, including any affiliates, subsidiaries, successors, predecessors, present or former partners, officers, directors, employees, agents, attorneys or representatives, and all other persons or entities acting, purporting to act or authorized to act on its behalf."

The parties agree that SCI must produce documents from any subsidiaries or other entities over which it exercises legal control. *See United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.3d 1450, 1452 (9th Cir. 1989) ("A corporation must produce documents possessed by a subsidiary that the parent corporation owns or wholly controls."). However, SCI objects to the requests to the extent they also purport to seek discovery from "affiliates," "present or former partners," and "attorneys or representatives." SCI asserts that these entities are not within its legal control and therefore not subject to a discovery request directed to SCI. The Court agrees with plaintiffs that, to the extent SCI asserts that certain entities covered by plaintiffs' request are not within its control, SCI must

identify the entities to plaintiffs rather than simply asserting a lack of control in a conclusory manner. SCI shall produce such information to plaintiffs by **June 7, 2010.**

### III.     Local-Level Policies

The parties' final dispute concerns plaintiffs' request for production of policy documents that originated at a regional or local level. SCI refused to produce documents reflecting any local policies or practices on the ground that any local policies are outside the scope of plaintiffs' allegations, which pertain only to nationwide policies. The Court agrees with plaintiffs that local and regional policy documents may ultimately be relevant to plaintiffs' claims. However, the Court does not believe that plaintiffs are entitled to discovery of these documents at this stage, given the immense burden SCI will undergo if forced to search for and produce documents from approximately 1500 locations across the country. Accordingly, plaintiffs' request to compel responses to the document requests and interrogatories calling for local and regional-level policies is DENIED at this time.

### CONCLUSION

Plaintiffs' motion to compel is GRANTED in part and DENIED in part. SCI shall produce discovery responses in accordance with this order no later than **June 7, 2010.**

**IT IS SO ORDERED.**

Dated: June 1, 2010

SUSAN ILLSTON
United States District Judge

3