IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE BRYANT, et al., | No. C 08-01190 SI |
| Plaintiffs, | **ORDER RE: PLAINTIFFS' MOTIONS TO COMPEL** |
| v. | **(Docket Nos. 280, 283)** |
| SERVICE CORPORATION INTERNATIONAL, et al., | |
| Defendants. | |

Plaintiffs have recently filed a number of discovery motions seeking to compel SCI to produce deponents or information and/or documents in response to various discovery requests. This order pertains to the motions filed on May 14, 2010 (Docket No. 280) and May 20, 2010 (Docket No. 283).

**I.  Docket No. 280: ESI**

Plaintiff seek an order directing SCI to produce electronically stored information ("ESI") responsive to plaintiffs' discovery requests and to provide plaintiffs with information concerning SCI's protocol for preserving, identifying, and producing relevant ESI in connection with this litigation.

With respect to SCI's ESI protocol, plaintiffs asked SCI by way of a letter dated May 7, 2010 to provide them with information concerning: (1) "each potential source of ESI that would contain information relevant to this litigation"; (2) for each source of ESI, whether a litigation hold was imposed, whether a protocol for retrieving and preserving relevant ESI was established, whether SCI's 12-month auto-delete policy for company emails was suspended,[1] and what SCI did to ensure employees

---

[1] SCI has agreed to investigate the auto-delete issue.

were complying with litigation-related procedures; (3) the databases which store the ESI and the information these databases contain; (4) the format in which the ESI is stored; (5) any data SCI claimed is inaccessible; and (6) the ESI SCI intended to produce. The Court agrees with SCI that it need not provide plaintiffs with such detailed information concerning its ESI protocol. First, plaintiffs do not refute that the parties have already discussed and acknowledged their obligation to maintain and produce ESI. Second, plaintiffs do not explain why they require this information in preparation for their class certification motion, nor why they requested this extensive information by way of an informal letter from counsel, rather than through formal discovery. To the extent plaintiffs wish to learn more about SCI's ESI protocol, they may serve formal discovery or depose an SCI representative during post-certification discovery, rather than requesting a rapid production of the information immediately before the certification motion is due to be filed.

With respect to plaintiffs' request for supplemental production of ESI in response to plaintiffs' document requests, it appears that SCI has already produced emails reflecting any nationwide or company-wide policies in connection with the *Prise* litigation. As the Court has already stated in its order denying plaintiffs' motion to compel production of regional and local policy documents, forcing SCI to search emails from all of its locations nationwide would impose too great a burden at this stage in the litigation. Accordingly, plaintiffs' motion to compel information regarding and production of ESI is DENIED.

**II.    Docket No. 283:**

Plaintiffs also seek an order directing SCI to identify all persons from whom it has obtained oral or written statements regarding the claims in this lawsuit and to produce all such statements, affidavits, or declarations. The information plaintiffs seek, including both the identities of the witnesses and the contents of their statements, constitutes protected attorney work product. *See In re MTI Tech. Corp. Sec. Litig. II*, No. 00-0745, 2002 WL 32344347, at *3 (C.D. Cal. June 13, 2002) ("[I]f the identity of interviewed witnesses is disclosed, opposing counsel can infer which witnesses counsel considers important, revealing mental impressions and trial strategy. Such evaluations, impressions, and strategy are at the heart of the work product rule."); *Tierno v. Rite Aid Corp.*, No. 05-2502, 2008 WL 2705089,

2

at * (N.D. Cal. July 8, 2008) ("A declaration drafted by an attorney is clearly work product right up until the moment it [is] filed, and could easily reveal the same thought processes as a summary or memorandum of a statement") (internal citation and quotation marks omitted). Plaintiffs have not shown a substantial need for this information which might override its work product protection.

The cases plaintiffs cite to support their contrary position are not on point. As SCI points out, disclosure of the information plaintiffs seek would allow plaintiffs to preview the precise contents of the evidence SCI intends to file in support of its opposition before plaintiffs have filed their opening brief.[2] The discovery rules do not contemplate this sort of production. Plaintiffs' motion to compel production of the identities and statements of witnesses is therefore DENIED.

**IT IS SO ORDERED.**

Dated: July 1, 2010

SUSAN ILLSTON
United States District Judge

---

[2] The Court also observes that certain declarations have already been filed by SCI and/or Alderwoods in the related *Prise*, *Stickle*, and *Helm* actions and need not be produced separately in connection with this case.

3