IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE BRYANT, *et al.* | No. C 08-01190 SI |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL ARBITRATION; GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO SEVER AND DISMISS; AND GRANTING PLAINTIFF BRYANT'S REQUEST FOR DISMISSAL OF HIS CLAIMS WITH PREJUDICE** |
| v. | |
| SERVICE CORPORATION INTERNATIONAL, *et al.* | |
| Defendants. | |

Plaintiffs' motion to compel arbitration, and defendants' motion to sever and dismiss, are currently scheduled for hearing on July 15, 2011. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Plaintiff Bryant also requests that his remaining claims be dismissed with prejudice. Having considered the papers submitted, and for good cause shown, the Court hereby rules as follows.

**BACKGROUND**

This litigation concerns a wage and hour dispute brought by current and former hourly employees of Service Corporation International ("SCI"), a nationwide provider of funerary services.[1] Plaintiffs allege that, contrary to SCI's verbal and written assurances, they were not compensated at the legally required rate of pay for all hours worked, in particular hours spent performing community

---

[1] The other defendants in this action are SCI Funeral and Cemetery Purchasing Cooperative, Inc., SCI Western Market Support Center, L.P., Jane D. Jones (SCI's VP of Human Resources), Gwen Petteway (SCI's Human Resources Director), Thomas Ryan (SCI's President and CEO), and Curtis Briggs (President or VP of various SCI entities). All defendants are referred to collectively as "SCI."

1  service work on behalf of SCI and hours during which plaintiffs were "on call."

2  This action is related to another case currently pending in this Court, *Helm, et al. v. Alderwoods Group, Inc.*, No. 08-1184 SI. Both the *Helm* action and this case originated with a complaint filed in the United States District Court for the Western District of Pennsylvania, *Prise, et al. v. Alderwoods Group, Inc.*, No. 06-1641. The *Prise* action originally included state and federal wage and hour claims against SCI and Alderwoods Group, Inc., which was acquired by SCI in 2006. The district court in *Prise*, however, declined to exercise supplemental jurisdiction over the state law claims, and as a result, plaintiffs instituted the *Helm* case and the present case by filing class action complaints in the Alameda County Superior Court. The *Helm* action asserts state law wage and hour claim against Alderwoods for the period prior to its 2006 acquisition by SCI, and the present action asserts wage and hour claims against SCI. SCI removed this case to this Court on February 28, 2008. On March 9, 2011, the Court denied plaintiffs' motions for class certification in both this case and in the *Helm* action.[2]

Claude Bryant, Joseph Biernacki, Gordon Farmer, Rhealyn Holland, James Stickle, Eleanor Riggio, Frank Acuna, Richard Lamasters, Kenneth Allen, Craig Fulcher, Sanford Levine and Thomas Thompson are named as plaintiffs in the operative Third Amended Complaint. Plaintiffs Bryant, Biernacki, Farmer, and Holland all worked in the Northern District of California; the other named plaintiffs worked in Arizona, Oregon, North Carolina, Iowa, Florida and Montana.

## LEGAL STANDARD

### I.  Motion to sever

Federal Rule of Civil Procedure 20 provides that multiple plaintiffs may join in a single action if (1) they assert a right to relief that arises "out of the same transaction, occurrence, or series of transactions or occurrences," and (2) they raise "any question of law or fact common to all plaintiffs." Fed. R. Civ. P. 20(a)(1). "If the test for permissive joinder is not satisfied, a court, in its discretion, may

---

[2] The Court retains jurisdiction over these actions. *See United Steel v. Shell Oil Co.*, 602 F.3d 1087, 1089 (9th Cir. 2010) (holding that subsequent denial of class certification does not divest a district court of subject matter jurisdiction under CAFA); *see also Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 806 (7th Cir. 2010) (same); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n. 12 (11th Cir. 2009) (same).

2

sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997); see also Fed. R. Civ. P. 21 ("[T]he court may at any time . . . sever any claim against a party."). Even if the permissive joinder requirements are met, the court may sever to avoid delay, jury confusion, or prejudice to the moving party. Fed. R. Civ. P. 20(b); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000).

## II. Motion to compel arbitration

Section 4 of the Federal Arbitration Act ("FAA") permits "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States district court . . . for an order directing that . . . arbitration proceed in the manner provided for in [the arbitration] agreement." 9 U.S.C. § 4. Upon a showing that a party has failed to comply with a valid arbitration agreement, the district court must issue an order compelling arbitration. *Id.*

The Supreme Court has stated that the FAA espouses a general policy favoring arbitration agreements. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *see also Hall Street Assoc., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008). Federal courts are required to rigorously enforce an agreement to arbitrate. *See Hall Street Assoc.*, 552 U.S. at 582. In determining whether to issue an order compelling arbitration, the court may not review the merits of the dispute but must limit its inquiry to (1) whether the contract containing the arbitration agreement evidences a transaction involving interstate commerce, (2) whether there exists a valid agreement to arbitrate, and (3) whether the dispute(s) fall within the scope of the agreement to arbitrate. *See Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 477–78 (9th Cir. 1991), *cert denied*, 503 U.S. 919 (1992). If the answer to each of these queries is affirmative, then the court must order the parties to arbitration in accordance with the terms of their agreement. 9 U.S.C. § 4.

The FAA provides that arbitration agreements generally "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Thus, generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening" federal law. *Doctor's Assoc.,*

3

*Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). In interpreting the validity and scope of an arbitration agreement, the courts apply state law principles of contract formation and interpretation. *See id.*; *see also Wolsey, Ltd. v. Foodmaker, Inc.*, 144 F.3d 1205, 1210 (9th Cir. 1998). Accordingly, the Court reviews plaintiff's arbitration agreement in light of the "liberal federal policy favoring arbitration agreements," *Moses H. Cone*, 460 U.S. at 24, and considers the enforceability according to the laws of the state of contract formation. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Ingle v. Circuit City Stores*, 328 F.3d 1165, 1170 (9th Cir. 2003).

## DISCUSSION

Defendants have moved to have the claims of each named plaintiff severed, and all named plaintiffs (other than Claude Bryant) dismissed. Plaintiffs do not oppose defendant's motion to sever. However, they have moved to compel arbitration of the claims of plaintiffs Biernacki, Farmer, and Holland, and they ask the Court to rule on that motion first and then dismiss the claims of those three plaintiffs without prejudice. Plaintiffs also request that Bryant's claims be dismissed with prejudice so that he might appeal the Court's denial of class certification, and they request that the claims of any remaining severed plaintiffs be dismissed without prejudice.[3]

### I.    Motion to sever and dismiss

The Court agrees with the parties that the claims of plaintiffs Stickle, Riggio, Acuna, Lamasters, Allen, Fulcher, Levine, and Thompson should be severed and dismissed. These plaintiffs were employed by SCI outside of California, and they only assert state law claims. Even if joinder is permissible, allowing these plaintiffs to remain in the same lawsuit as the California plaintiffs would likely lead to jury confusion were this case to be resolved in its merits. *See* Fed. R. Civ. P. 20(b);

---

[3] In plaintiffs' response to defendants' motion to sever, they requested that Mr. Bryant's claims be dismissed without prejudice. In their reply in support of their motion to compel arbitration, however, which was filed seven days later, they explain that Mr. Bryant will not be pursuing claims in arbitration and request that his claims be dismissed with prejudice.

Additionally, in plaintiffs' motion to compel arbitration, they request that the Court stay proceedings after doing so. In their reply papers, however, they have requested that the Court order the arbitration of the claims of plaintiffs Biernacki, Farmer, and Holland, and then dismiss their claims without prejudice.

*Coleman*, 232 F.3d at 1296. The Court therefore GRANTS IN PART defendants' motion, SEVERS the claims of plaintiffs Stickle, Riggio, Acuna, Lamasters, Allen, Fulcher, Levine, and Thompson, and DISMISSES them "without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs against some or all of the present defendants based on the claim or claims attempted to be set forth in the present complaint." *See Coughlin*, 130 F.3d at 1350 (internal quotation marks omitted) (explaining that, after severing the claims of all named plaintiffs, a "court can generally dismiss all but the first named plaintiff without prejudice" for this purpose).

Plaintiffs Bryant, Biernacki, Farmer, and Holland all worked in California. The first prong of the permissive joinder test is satisfied, as they "allege that their claims arise out of a systematic pattern of events." *See id.* In the Court's order denying plaintiff's motion for class certification, the Court determined that plaintiffs "presented an overarching common question of fact." *See* Doc. 353 at 7. Moreover, all of their claims are governed by California labor law. The parties have not argued that the facts or law have changed since the Court's initial assessment of commonality, and therefore the Court's findings stand and the second prong of the permissive joinder test is satisfied. The Court declines to exercise its discretion under *Coughlin* to sever these plaintiffs at this point, and instead reaches plaintiff's motion to compel arbitration. Thus, defendants' motion is DENIED IN PART.[4]

## II. Motion to compel arbitration

Plaintiffs Biernacki, Farmer, and Holland have moved to compel arbitration.[5] Defendants oppose the motion, arguing that plaintiffs have not met their burden to compel arbitration, and that plaintiffs have waived any right to arbitrate.

---

[4] Even if the test for permissive joinder were not satisfied, the Court would exercise its discretion not to sever these plaintiffs before reaching their motion to compel arbitration, lest the Court prejudice the California plaintiffs who signed arbitration agreements. *See Coughlin*, 130 F.3d at 1350.

[5] Initially, all plaintiffs moved to compel arbitration. Plaintiffs have now conceded that Mr. Bryant did not sign an arbitration agreement and have withdrawn their motion with regard to the out-of-state plaintiffs.

5

### A.     Plaintiffs have met their burden

Defendants argue that plaintiffs have presented no evidence that any of the defendants agreed to arbitrate plaintiffs' claims. This is incorrect. Plaintiffs Biernacki, Farmer, and Holland have presented sufficient evidence that they signed arbitration agreements with SCI.

Plaintiffs offer in support of their motion an agreement that defendants produced during the course of this litigation, signed by Mr. Biernacki and a representative of the "company," and including the SCI logo. Decl. of Sarah Cressman in Supp. of Mot. to Compel Arbitration (Doc. 361), Ex. 1 ("Biernacki Agreement"). The agreement says that "Employee and the Company agree that [except for in certain circumstances not relevant to this motion], all disputes relating to any aspect of Employee's employment with the Company shall be resolved by binding arbitration." *Id.*

The agreement appears to be complete, and it is essentially identical to arbitration agreements that SCI has sought to enforce in other actions, either by filing a motion to compel arbitration or by filing a motion to dismiss for lack of jurisdiction based on the existence of an arbitration agreement. *See id.*, Exs. B & E. Plaintiffs assert that SCI, as a matter of course, required employees, upon hiring, to execute agreements identical in substance to that signed by Mr. Biernacki, and they have presented an affidavit of an SCI human resources administrator, apparently submitted in another civil action, explaining that "[i]t was the regular course of business for an employee or representative of SCI and/or its subsidiary or affiliated companies . . . to make the attached [arbitration] Agreement." *See id.* Ex. E. Defendants do not aver or present any evidence (such as a declaration) that plaintiffs Farmer and Holland did not sign identical agreements, or even that defendants are not in possession of any such arbitration agreements.[6]

On the record presented to the Court, plaintiffs have carried their burden to establish the existence of enforceable arbitration agreements.

---

[6] In contrast, defendants present evidence that Mr. Bryant did not execute such an agreement, a point conceded by plaintiffs. The reasons for this failure have to do with the particular circumstances and timing of Mr. Bryant's employment, and Mr. Bryant's lack of an arbitration agreement is not probative of the question of whether plaintiffs Farmer and Holland signed agreements.

6

### B. Plaintiffs have not waived their right to arbitrate

Defendants argue that plaintiffs have waived their right to arbitrate by prosecuting this case and several other related cases around the country, but they have not carried their heavy burden to establish waiver.

In *Fisher v. A.G. Becker Paribas, Inc.*, 791 F.2d 691 (9th Cir. 1986), the Ninth Circuit held that a party seeking to prove waiver of a right to arbitration must show: "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Id.* at 694. Because waiver of a contractual right to arbitration is not favored, "any party arguing waiver of arbitration bears a heavy burden of proof." *Id.*

In *Fisher*, the Ninth Circuit examined whether a defendant's decision not to file a motion to compel arbitration prior to the Supreme Court's rejection of the intertwining doctrine—which held that when it was impractical or impossible to separate nonarbitrable from arbitrable contract claims, a court should deny arbitration in order to preserve its exclusive jurisdiction over federal securities claims—constituted wavier. *See id.* at 695. Prior to the Supreme Court's decision, the Ninth Circuit had approved of the intertwining doctrine and had said in *De Lancie v. Birr, Wilson & Co.*, 648 F.2d 1255 (9th Cir. 1981), that arbitration should be denied where common law claims are intertwined with securities law violations. *Id.* at 693. The defendant relied on the doctrine and the Ninth Circuit's decision in *De Lancie* in deciding not to file a motion to compel arbitration, because it would have been "futile" prior to the Supreme Court's ruling. *Id.* The Ninth Circuit concluded that there was no waiver because the defendant was entitled to rely on the intertwining doctrine and that court's prior decisions in deciding that it would be futile to file a motion to compel arbitration. *Id.* Because the arbitration agreement was unenforceable before the Supreme Court's decision, the Ninth Circuit held that the defendant did not act inconsistently with a known existing right to compel arbitration and had not waived the right to arbitration. *Id.* at 697.

A similar change in the law with regard to arbitration agreements has just occurred. In *Discover Bank v. Superior Court*, 36 Cal. 4th 148 (Cal. 2005), the California Supreme Court held that certain class-action arbitration waivers were unconscionable under California law and should not be enforced.

7

*Id.* at 162 (quoting Cal. Civil Code § 1668). The Supreme Court has recently disagreed, in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011). The *Concepcion* Court abrogated the holding in *Discover Bank*, explaining that the "overarching purpose" of the FAA is to "ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings" and that requiring the availability of classwide arbitration "interferes with fundamental attributes of arbitration." *Id.* at 1748.

The arbitration agreement that plaintiffs are seeking to enforce in this case appears not to permit class action arbitration, and therefore until recently would not have been enforceable according to its terms. Defendants do not cite *Concepcion* in their papers or explain how it is that plaintiffs acted inconsistently with a known right by not moving to compel arbitration before the decision in *Concepcion*. They have failed to meet their "heavy burden" to prove waiver. *Fisher*, 791 F.2d at 694.

The Court GRANTS plaintiffs Biernacki, Farmer, and Holland's motion to compel arbitration, and DISMISSES their claims WITHOUT PREJUDICE to pursuing them in arbitration.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART and DENIES IN PART defendants' motion, SEVERS the claims of plaintiffs Stickle, Riggio, Acuna, Lamasters, Allen, Fulcher, Levine, and Thompson, and DISMISSES those claims WITHOUT PREJUDICE to the institution of new, separate lawsuits by the dropped plaintiffs against some or all of the present defendants based on the claim or claims attempted to be set forth in the present complaint.

The Court GRANTS plaintiffs Biernacki, Farmer, and Holland's motion to compel arbitration and DISMISSES their claims WITHOUT PREJUDICE to pursuing them in arbitration.

The Court GRANTS plaintiff Bryant's unopposed request, and his claims are DISMISSED WITH PREJUDICE. (Docs. 356, 360.)

**IT IS SO ORDERED.**

Dated: July 12, 2011

SUSAN ILLSTON
United States District Judge