1

2

3

4

5                  IN THE UNITED STATES DISTRICT COURT

6                FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    CLAUDE BRYANT, *et al.*                    No. C 08-01190 SI

9              Plaintiffs,                      **ORDER GRANTING MOTION TO
                                                AMEND JUDGMENT**
10        v.

11   SERVICE CORPORATION
     INTERNATIONAL, *et al.*
12
              Defendants.
13   _____/

14

15

16        On July 12, 2011, the Court granted plaintiffs Biernacki, Farmer, and Holland's motion to

17   compel arbitration and dismissed their claims without prejudice.  *See* Doc. 380.  The Court also

18   dismissed the claims of the remaining plaintiffs in the suit and entered judgment accordingly on July

19   14.  *See* Doc. 381.  On August 11, defendants filed a timely motion to alter or amend the judgment

20   pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[1]  Defendants' motion is currently

21   scheduled for hearing on September 22, 2011.  Pursuant to Civil Local Rule 7-1(b), the Court finds this

22   matter appropriate for resolution without oral argument and hereby VACATES the hearing.  Having

23   considered the papers submitted, and for good cause shown, the Court hereby GRANTS defendants'

24   motion.

25        In opposing plaintiffs' motion to compel arbitration, defendants argued that plaintiffs Biernacki,

26   _____

27        [1]    Although plaintiffs have filed a notice of appeal in this case, the Court retains jurisdiction
     to entertain defendants' timely Rule 59 motion.  *See* Fed. R. App. P. 4(a)(4); *Tripati v. Henman*, 845
28   F.2d 205, 206 (9th Cir. 1988) (per curiam) ; *Trinidad Corp. v. Maru*, 781 F.2d 1360, 1361–62 (9th
     Cir.1986).

United States District Court
For the Northern District of California

1    Farmer, and Holland had waived their right to compel arbitration. Defendants argued that plaintiffs'

2    conduct met all three prongs of the Ninth Circuit's waiver test, which is laid out in *Fisher v. A. G.*

3    *Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986) and *Hoffman Const. Co. of Oregon v. Active*

4    *Erectors and Installers, Inc.*, 969 F.2d 796, 798 (9th Cir. 1992) (quoting *Fisher*). *See* Def. Oppo. to Pl.

5    Mot. to Compel Arbitration (Doc. 363), at 16–17. Neither party addressed the question of whether the

6    recent U.S. Supreme Court decision in *AT&T v. Concepcion*, 131 S. Ct. 1740 (2011), which overruled

7    the California Supreme Court case *Discover Bank v. Superior Court*, 36 Cal. 4th 148 (2005), should

8    have any bearing on the outcome of the motion.

9        The Court agreed that the *Fisher* test applied, but determined that plaintiffs had not waived their

10   right to compel arbitration under the test. The Court explained its reasoning as follows:

> The arbitration agreement that plaintiffs are seeking to enforce in this case appears not
> to permit class action arbitration, and therefore until recently would not have been
> enforceable according to its terms. Defendants do not cite *Concepcion* in their papers
> or explain how it is that plaintiffs acted inconsistently with a known right by not moving
> to compel arbitration before the decision in *Concepcion*. They have failed to meet their
> "heavy burden" to prove waiver. *Fisher*, 791 F.2d at 694.

Doc. 380 at 8.

15       In their Rule 59(e) motion, defendants argue that the Court made a manifest error of law. *See*

16   *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (explaining the possible grounds for

17   granting a Rule 59(e) motion). They argue that while *defendants* could not have enforced the arbitration

18   agreements as written before *Concepcion*, *plaintiffs* could have. Therefore, by litigating their claims

19   for three years, plaintiffs acted inconsistently with a known right, and defendants were prejudiced by

20   plaintiffs' actions.

21       Plaintiffs oppose the motion. Plaintiffs argue that "prior to *Concepcion*, arbitration agreements

22   that d[id] not permit class arbitration [we]re unenforceable" and "[r]egardless of which party sought to

23   compel arbitration, the law would have applied equally to invalidate the arbitration agreement because

24   it did not permit class arbitration." Pl. Oppo. at 2, 7. Finally, they argue that even if defendants are

25   correct legally, they have not carried their burden to prove waiver factually.

26       Prior to *Concepcion*, defendants in certain types of actions could not enforce as written

27   arbitration agreements that did not permit class arbitration. The arbitration agreement itself would

28

2

United States District Court
For the Northern District of California

1   remain enforceable, however, unless the agreement itself prohibited the severing of the unconscionable

2   term, or if the arbitration agreement had an "insidious pattern" of unconscionable terms. *See, e.g.,*

3   *Shroyer v. New Cingular Wireless Services, Inc.*, 498 F.3d 976, 986–87 (9th Cir. 2007) (voiding

4   agreement where it contained "a nonseverability clause, which states that if the 'specific proviso' that

5   'the arbitrator may not . . . preside over any form of a representative or class proceeding,' 'is found to

6   be unenforceable, then the entirety of this arbitration clause shall be null and void'" (omission in

7   *Shroyer*) (emphasis removed)), *overruled by AT&T v. Concepcion*, 131 S.Ct. 1740 (2011); *Ingle v.*

8   *Circuit City Stores, Inc.*, 328 F.3d 1165, 1180 (9th Cir. 2003) (citing seven "unconscionable aspects"

9   of the arbitration agreement to explain why the court was "compelled to find the entire contract

10  unenforceable"), *overruled in part by AT&T v. Concepcion*, 131 S.Ct. 1740 (2011). There is no such

11  non-severance clause in plaintiffs' arbitration provision, and plaintiffs have not argued that there is an

12  "insidious pattern" in this case.

13        The *Discover Bank* rule evolved out of California's laws regarding unconscionability. The rule

14  only applied where the arbitration provision was "imposed and drafted by the party of superior

15  bargaining strength." 36 Cal. 4th at 160. Thus, it protected the party of lesser bargaining strength: the

16  plaintiff/consumer. The *Discover Bank* Court based its decision in part on the fact that it was "difficult

17  to envision the circumstances under which the provision might negatively impact" the defendant-drafter

18  of the provision. *See* 36 Cal. 4th at 161. The California Supreme Court announced a similar RULE IN

19  the area of employment law in *Gentry v. Superior Court*, 42 Cal. 4th 443 (2007). The Supreme Court

20  explained that "under some circumstances such a provision would lead to a de facto waiver [of

21  unwaivable statutory rights] and would impermissibly interfere with employees' ability to vindicate

22  unwaivable rights and to enforce the overtime laws." *Id.* at 457.

23        It is not at all clear that a defendant—the party of the greater bargaining strength—could have

24  utilized the protections afforded by *Discover Bank* and *Genrty* to compel one or more individual

25  plaintiffs to arbitrate their claims as a class. Plaintiffs have not cited, and the Court is not aware of, any

26  case where a defendant attempted to do so. Nor, as a practical matter, is it easy to envision a situation

27  in which a defendant would wish to do so or could try to do so.

28        The cases cited by plaintiffs in opposition to defendants' motion involve *defendants* moving to

United States District Court
For the Northern District of California

1   compel arbitration. *See, e.g., Swift v. Zynga Game Network, Inc.*, --- F. Supp. 2d ----, 2011 WL 3419499

2   (N.D. Cal. 2011) (defendant's motion); *In re Cal. Title Ins. Antitrust Litig.*, No. 08-01341, 2011 WL

3   2566449, at *3 (N.D. Cal. June 27, 2011) (defendants' motion); *Villegas v. US Bancorp*, No. C 10-1762

4   RS, 2011 WL 2679610, (N.D. Cal. June 20, 2011) (defendants' motion); *Estrella v. Freedom Fin.*, No.

5   C. 09-03156, 2011 WL 2633643 (N.D. Cal. July 5, 2011) (defendants' motion).  Plaintiffs have not

6   successfully explained how those cases can be analogized to this case, where it is plaintiffs who are

7   moving to compel arbitration, and where it appears that plaintiffs could have arbitrated their claims on

8   an individual basis when they filed suit in 2008.

9       Defendants successfully met their burden to show that plaintiffs acted inconsistently with a

10  known right when they litigated this case for over three years:  filing this case in federal court, filing an

11  amended complaint, undertaking considerable discovery including filing a motion to compel, and filing

12  a motion for class certification.  Defendants have also successfully met their burden to show that they

13  were prejudiced by the time and expense of litigating this case for the past three years.

14      For the foregoing reasons, and for good cause shown, the Court hereby GRANTS defendants'

15  motion and WITHDRAWS the Judgment entered in this case on July 14, 2011.  (Doc. 385.)

16  Additionally, the Court AMENDS its Order of July 12, 2011 as follows:

17      The Court previously granted defendants' motion to sever the claims of plaintiffs Stickle, Riggio,

18  Acuna, Lamasters, Allen, Fulcher, Levine, and Thompson, and dismissed them "'without prejudice to

19  the institution of new, separate lawsuits by the dropped plaintiffs against some or all of the present

20  defendants based on the claim or claims attempted to be set forth in the present complaint.'"  Order

21  (Doc. 380) at 5 (quoting *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (internal quotation

22  marks omitted)).  For the reasons stated in the July 12 Order, that part of the Order remains unchanged.

23      The Court previously denied defendants' motion to sever the claims of plaintiffs Biernacki,

24  Farmer, and Holland, finding that the permissive joinder test was satisfied.  For the reasons stated in the

25  July 12 Order, that part of the Order remains unchanged.

26      The Court previously found that plaintiffs Biernacki, Farmer, and Holland had carried their

27  burden to establish the existence of enforceable arbitration agreements.  For the reasons stated in the

28  July 12 Order, that part of the Order remains unchanged.

The Court previously found that plaintiffs Biernacki, Farmer, and Holland had not waived their right to arbitration and granted in part plaintiffs' motion to compel arbitration. For the above reasons, the Court AMENDS its Order, finds that plaintiffs Biernacki, Farmer, and Holland did waive their right to arbitration, and DENIES their motion to compel arbitration.

Finally, in the July 12 Order, the Court GRANTED plaintiff Bryant's unopposed request for his claims to be dismissed with prejudice. Because the request was made in order to permit the Court to enter judgment in this case, so that plaintiff Bryant might appeal the Court's denial of class certification, the Court AMENDS its Order and DENIES plaintiff Bryant's request for his claims to be dismissed at this point.

Plaintiffs Bryant, Biernacki, Farmer, and Holland are hereby ORDERED to file a statement to the Court by **5:00 p.m. on Friday, September 16, 2011**, informing the Court whether plaintiffs wish to pursue their claims individually, or whether they would like their claims to be dismissed with prejudice in order to facilitate appeal.

Because the judgment in this case has been withdrawn, plaintiffs' objections to defendants' bill of costs is OVERRULED without prejudice. (Doc. 383.)

**IT IS SO ORDERED.**

Dated: September 12, 2011

_____
SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

5